UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION

PATRICIA KAMMEYER, et al.,    :    NO. C-1-01-649
                              :
                              :
        Plaintiffs,           :
                              :    **ORDER**
     v.                       :
                              :
                              :
CITY OF SHARONVILLE,          :
          et al.,             :
                              :
                              :
        Defendants.           :


       This matter is before the Court on Motion of Defendants Mike Schappa and the City of Sharonville for Reconsideration of the Court's Order Certifying Its Intention to Grant Plaintiffs' Motion to File Third Amended Complaint (doc. 112), and Plaintiffs' Memorandum in Opposition (doc. 114). Although the Court had been divested of jurisdiction over this case pending appeals before the Sixth Circuit, the case has now been remanded and the Court has proper jurisdiction over this matter (docs. 115 & 116). Defendants' present motion is arguably irrelevant in light of the fact that the case is remanded to this Court. However, the Court shall accord such motion and Plaintiffs' Response its consideration.

       Defendants request that the Court reconsider its May 20, 2003 Order (doc. 109) certifying its intention to grant Plaintiffs' Motion to File Third Amended Complaint if jurisdiction were vested before it by the Sixth Circuit Court of Appeals (doc. 112).

Defendants argue that they were deprived of an opportunity to oppose Plaintiffs' Motion (doc. 106) requesting such certification. Defendants argue that they were entitled under Local Rule 7.2 to a response (doc. 112). They further argue that simple fairness entitles them to reconsideration (Id.). Finally, Defendants request the Court to consider their Motion in Opposition filed May 20, 2003 (Id.).

Plaintiffs respond that the Court's May 20, 2003 Order actually denied Plaintiffs' Motion for certification on the basis that the Court had been divested of jurisdiction (doc. 114). Plaintiffs further respond that the Court's Order was premised upon the Sixth Circuit's invitation to signal whether the Court would grant the requested relief if jurisdiction were returned to it (Id.). Plaintiffs argue that the Court has broad discretion to manage its own docket under Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962), that Defendants suffered no prejudice by the Court's expeditious issuance of the certification order without benefit of Defendants' briefing, and that the Court's decision to certify its intent to grant Plaintiff's Motion was substantively correct (Id.). Plaintiffs further argue that the Court should not impose Defendants' suggested conditions on its certification order, proposed in Defendants' Motion in Opposition (Id.). Finally, Plaintiffs effectively renew their Motion to File Third Amended Complaint, arguing that the elimination of individual capacity claims eliminates the need for lengthy appellate review of interlocutory orders (Id.).

Having reviewed this matter, the Court does not find Defendants' Motion well-taken.  The Court's May 20, 2003 Order was issued in response to a request from the Sixth Circuit, that stated this Court "should indicate in a written order" whether it would "grant the motion if jurisdiction were vested before it." <u>Kammeyer v. Sharonville</u>, Nos. 03-3291/3415, 6th Cir., May 8, 2003. Defendants are essentially asking the Court to reconsider its response to a Sixth Circuit request.  Defendants ground their request on the basis that they were not afforded an opportunity to object to Plaintiff's Motion that the Court denied for lack of jurisdiction.  Defendants' request lacks merit procedurally and substantively.

Plaintiffs are correct in signaling that the Court operated well within its discretion in issuing the May 20, 2003 Order.  Such Order indicated that, consonant with Fed. R. Civ. P. 15(a), Plaintiffs' Motion to File Third Amended Complaint was not brought in bad faith, would not cause undue delay, be futile, or unfairly prejudice the Defendants (doc. 109).  The Court found that Plaintiffs' proposed amendment would likely expedite the resolution of this matter by eliminating the basis an appeal on the issue of qualified immunity (<u>Id</u>.).  The Court noted, and repeats again that Plaintiffs' proposed amendment merely dismisses Defendants in their individual capacities only (<u>Id</u>.). Under Rule 41(a)(2), Plaintiffs' action against these Defendants may be dismissed "upon such terms and conditions as the Court deems proper."  Fed. R. Civ. P. 41(a)(2) (<u>Id</u>.).  The Court finds nothing improper in the dismissal

3

of Defendants in their individual capacities only, and as such, now grants Plaintiff's renewed Motion to Amend, found in Section D of their Memorandum in Opposition (doc. 114).

Accordingly, the Court DENIES the Motion of Defendants Mike Schappa and the City of Sharonville for Reconsideration of the Court's Order Certifying Its Intention to Grant Plaintiffs' Motion to File Third Amended Complaint (doc. 112), and GRANTS Plaintiffs' Renewed Motion to File Third Amended Complaint (doc. 114). Plaintiffs shall file such Complaint forthwith.

SO ORDERED.

Date: _____          /s/_____
                        S. Arthur Spiegel
                        United States Senior District Judge