UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA KAMMEYER** | : | Case No. C-1-01-649 |
| c/o Alphonse A. Gerhardstein | | |
| 617 Vine Street, Suite 1409 | : | Spiegel, J. |
| Cincinnati, Oh 45202 | | |
| | : | |
| **Individually and as the** | | **THIRD AMENDED** |
| **Representative of the** | : | **COMPLAINT** |
| **Estate of Marie Wright Schuholz** | | |
| | : | **JURY DEMAND** |
| and | | |
| | : | |
| **JAMES WRIGHT** | | |
| c/o Alphonse A. Gerhardstein | : | |
| 617 Vine Street, Suite 1409 | | |
| Cincinnati, Oh 45202 | : | |
| | | |
| and | : | |
| | | |
| **JAN LORAINE MILLER** | : | |
| c/o Alphonse A. Gerhardstein | | |
| 617 Vine Street, Suite 1409 | : | |
| Cincinnati, Oh 45202 | | |
| | : | |
| **Individually and as the** | | |
| **Representative of the** | : | |
| **Estate of Starla Burns** | | |
| | : | |
| and | | |
| | : | |
| **SUE RANIELLE BAKER** | | |
| c/o Alphonse A. Gerhardstein | : | |
| 617 Vine Street, Suite 1409 | | |
| Cincinnati, Oh 45202 | : | |
| | | |
| Plaintiffs | : | |
| | | |
| vs. | : | |
| | | |
| **CITY OF SHARONVILLE, OHIO** | : | |
| 10900 Reading Road | | |
| Sharonville, Ohio 45241 | : | |

| | |
|---|---|
| and | : |
| **JAMES CRAMER** | : |
| **128 S. Crowder Steet** | |
| **Sullivan, IN  47882** | : |
| **In his individual capacity as to state law claims and in his official capacity as an employee of the City of Sharonville, Ohio as to the federal civil rights claim** | : : : |
| and | : |
| **WILLIAM NUSS** | : |
| **MIKE SCHAPPA** | |
| **JOHN DOE(S)** | : |
| **In their individual capacities as to state law claims and in their official capacities as employees of the City of Sharonville, Ohio as to the federal civil rights claim** | : : : |
| **c/o City of Sharonville,** | : |
| **10900 Reading Road** | |
| **Sharonville, Ohio 45241** | : |
| **Defendants** | : |
| | : |

## I.      PRELIMINARY STATEMENT

1.      This is a civil rights action against police officers who have destroyed evidence of a murder and conspired for over twenty years to cover up facts crucial to solving the murder.  Plaintiffs are the adult children of victims Marie Wright Schuholz and Starla Burns, who were both murdered on May 8, 1981.  These women were murdered by either Albert Schuholz or someone he hired to commit the murders. Schuholz has been previously dismissed from this action. (Doc. 75).  Defendants include

2

former Sharonville detective James I. Cramer, who before the murder, was employed by Schuholz collecting loan payments from loan shark victims. After the murder James Cramer was assigned as the detective to investigate the murder of Marie and her roommate Starla.

2. Defendants have covered up evidence linking Albert J. Schuholz to the murders, covered up the conflict of interest of Cramer, covered up the fact that evidence has been destroyed, covered up the fact that Cramer lied to the Wright family for many years, and covered up other facts crucial to a timely solution to the murder case. As a result of the actions of defendants, the indictment of Albert J. Schuholz was delayed for eighteen years with plaintiffs living in fear of him during that entire time; the actual murderer remains at large; the Wright plaintiffs were defrauded of much of their inheritance; and plaintiffs were denied the knowledge of the facts known to defendants about the murders of their mothers, including who did the acts and how much their mothers suffered. In 1999, Albert J. Schuholz plead guilty to the attempted murder of Norma Schuholz, a wife he married subsequent to Marie. The horror of seeing Albert J. Schuholz strike again has severely harmed these plaintiffs. This action seeks damages and seeks to unmask the police corruption that has caused justice to be delayed to these families for more than twenty years.

3. Plaintiff's file this third amended complaint to remove all federal civil rights claims plead against any defendant *in their individual capacity only*. This is done to clarify the nature of this action in light of the premature appeal filed by defendants Shappa and the City of Sharonville. (Doc. 81). This third amended complaint further removes as defendants Albert Schuholz, Audrey Stevens, and Bruce Wright all of whom

3

were previously dismissed from this action. (Doc. 75). A motion has been filed contemporaneous to this third amended complaint clarifying the court's continuing jurisdiction to accept this complaint and dismiss the individual civil rights claims.

## II.   JURISDICTION

4.   Jurisdiction over the federal civil rights claims is conferred on this Court by 28 U.S.C. § 1343(3) and (4). Jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a). Venue is proper in this Division.

## III.   PARTIES

**A. Plaintiffs**

5.   Patricia Kammeyer is the daughter of Marie Wright Schuholz. Marie Wright Schuholz was murdered on May 8, 1981. Ms. Kammeyer is the executrix of the estate of Marie Wright Schuholz. The next of kin include the deceased's children, her mother, her siblings, and her grandchildren.

6.   James Wright is the son of Marie Wright Schuholz.

7.   Jan Lorraine Miller is a daughter of Starla Burns. Starla Burns was murdered on May 8, 1981. Ms. Miller is the executrix of the estate of Starla Burns. The next of kin include the deceased's children and grandchildren.

8.   Sue Ranielle Baker is the daughter of Starla Burns.

**B. Defendants**

9.   Defendant City of Sharonville, Ohio is a unit of government organized under the laws of the State of Ohio.

10.   Defendant James I. Cramer is a former employee of the City of Sharonville, Ohio. He was, for approximately eight years, the detective responsible for

the investigation into the murder of Marie Wright Schuholz. He is the brother-in-law of defendant William Nuss. He is sued in his official capacity as a policy maker for the City of Sharonville.

11.  Defendant William Nuss is the former Chief of Police for the City of Sharonville, Ohio. He served as Chief for nine years following the murder of Marie Wright Schuholz. Defendant Nuss is the brother-in-law of defendant James Cramer. He is sued in his official capacity as a policy maker for the City of Sharonville.

12.  Defendant Mike Schappa has been the Chief of Police for the City of Sharonville since 1990. He has been a member of the Sharonville Police Department at all times since the murder of Marie Wright Schuholz. He is sued in his official capacity as a policy maker for the City of Sharonville.

13.  Defendant John Doe(s) are employees and former employees of the City of Sharonville who knew about and did not disclose the misconduct of James Cramer and/or otherwise participated in the conspiracy and cover-up in this case. Their identities are not yet known to plaintiffs. They are sued in their his official capacities as a policy makers for the City of Sharonville.

## IV.   STATEMENT OF FACTS

**A. Marie Wright's Life Before Albert J. Schuholz**

14.  Marie Wright Schuholz was first married to Orville Wright. Plaintiffs James Wright and Patti Kammeyer were born during that marriage.

15.  During that marriage Marie cared for the children and did not work outside the home.

16. Orville Wright died of cancer in 1959.

17. Marie started a career in real estate sales after the death of her husband. She became quite successful. She also was very active in Cincinnati area charities.

**B. Marie Wright Schuholz Was Abused By Albert J. Schuholz During their Marriage**

18. Marie married Albert J. Schuholz in 1965. Albert quickly established control over all of her business income and other aspects of her life. Albert used her money in his loanshark business. He would loan money to individuals and then charge them exorbitant interest as he collected on the loans. Marie did not participate in or know the details of Albert's improper loans.

19. Early in the marriage, Albert J. Schuholz became physically abusive toward Marie. He kept a gun in the home and threatened her with it. On occasion Albert was also physically abusive to Plaintiff Patti Kammeyer, including several blows that permanently damaged her hearing.

20. The City of Sharonville was aware of the physical abuse of Marie by Albert J. Schuholz. Marie would call the police during episodes of battery.

21. Though she was opposed to divorce on religious grounds, the ongoing abuse caused Marie to initiate divorce proceedings on three separate occasions. Albert would respond to her request for a divorce by threatening the safety of Marie's mother and father and plaintiffs, James Wright and Patti Kammeyer. On each occasion, Schuholz caused Marie to drop her divorce proceedings.

22. Marie suffered from breast cancer in 1977, which greatly reduced the income she could earn. Afterwards Albert increased his abuse of Marie.

6

23. Late in 1980 or early 1981 a loan shark victim warned Marie that Albert was seeking to hire someone to murder Marie.

24. Marie promptly moved from the home and filed again for divorce.

25. In January, 1981, Marie advised the Sharonville Police that Al was keeping her under surveillance at her apartment at 4089 Sharon Park Lane. She also advised the police that Al had attempted to hire someone to kill her.

26. On March 3, 1981, Marie advised the Sharonville Police that Al had made phone calls to her apartment, threatening to kill her.

27. Marie contacted her daughter plaintiff Patricia Kammeyer and informed her that she was frightened that something might happen to her. As a precaution, Marie executed a Last Will and Testament on March 23, 1981. Marie's will bequeathed her entire estate to her children (Patricia Kammeyer and James Wright) and grandchildren.

**C. Pending Fraud by Al Schuholz at the Time of the Murder**

28. On March 6, 1981, Marie was granted a divorce by the Hamilton County Court of Common Pleas, pending the division of marital property.

29. At that time Albert J. Schuholz was engaged in a plot to defraud Marie of her rightful share of the marital estate by presenting to the Common Pleas Court documents with Marie's forged name rather than authentic documents. Albert Schuholz presented a purported separation agreement which gave Marie $95,000.00 in cash payments over time, interest in a $10,000.00 note, various bank accounts, a car, and some household items. Albert Schuholz was to retain the remainder (and the vast majority) of the marital assets. The Schuholz family had marital assets of between one and three million dollars at the time this purported agreement was presented.

30. The first of three expert reports on the forged documents was disclosed in early May, 1981. The report concluded that the document presented by Albert was indeed a forgery. Marie Wright Schuholz was murdered before the remaining expert reports were completed.

**D. Murder of Marie Wright Schuholz and Starla Burns**

31. Starla Burns was a friend of Marie Wright's. In May 1981, she was staying with Marie Wright at the apartment on Sharon Park Lane.

32. On May 8, 1981, Marie Wright was in her apartment with Starla Burns. On information and belief, Bruce Wright gained access to the apartment unit and brutally murdered both women, beating them and slitting their throats in a most gruesome manner. The murder was committed by Bruce Wright upon the request of defendant Al Schuholz.

33. Marie's sister discovered the bodies and reported the murders to the Sharonville Police Department.

**E. Cover-up and Conspiracy to Destroy Evidence and Protect Schuholz**

34. On information and belief, in the period preceding the murders of Marie Wright and Starla Burns, defendant James Cramer worked for Albert J. Schuholz collecting loan payments.

35. On information and belief, even though he was not on police duty, Cramer would wear his uniform when collecting debts for Al Schuholz. Most payments were made in cash and were not evidenced by a receipt.

36. On information and belief, in the period preceding the murders of Marie Wright and Starla Burns, James Cramer was not the only Sharonville Police officer who

collected loan payments for Albert J. Schuholz. It was the policy, practice and custom for off-duty officers of the Sharonville Police Department to collect loan payments for Albert J. Schuholz.

37. On information and belief, in the period preceding the murders of Marie Wright and Starla Burns, James Cramer himself borrowed money from Albert J. Schuholz.

38. On May 8, 1981, James Cramer was assigned by defendant Nuss toinvestigate the murders of Marie Schuholz and Starla Burns. Albert J. Schuholz was a suspect in the murder. James Cramer was the lead detective on the case and set policy for the City of Sharonville in regard to how the investigation was handled.

39. At no time has James Cramer or the other defendants advised plaintiffs of James Cramer's conflict of interest as both an employee of Schuholz and a detective investigating Schuholz in the murders of Marie Wright Schuholz and Starla Burns.

40. On information and belief, James Cramer removed evidence from the murder scene and from the automobile of Marie and that evidence has since been destroyed.

41. Early in the investigation James Cramer was advised by an informant that Albert J. Schuholz had attempted to hire the informant to murder Marie.

42. Shortly after the murder, Albert J. Schuholz warned plaintiff James Wright that he, "got her and would get the rest of them." James Wright reported this statement to defendant Cramer.

43. For months after the murder, plaintiffs James Wright and Patti Kammeyer would write and call the Sharonville Police Department seeking progress on the case.

9

They were advised by Cramer that contacting Sharonville too often would hurt the investigation.

44. Defendant Cramer repeatedly misled the plaintiffs by stating that there was insufficient evidence to charge Schuholz with the murder of their mother. Upon information and belief, Cramer acted to cover-up his own illegal conduct and improper association with Mr. Schuholz and to assist Mr. Schuholz in avoiding prosecution for the murder of Marie Wright Schuholz.

45. At all times relevant to this case defendant Cramer, acting in concert with the other defendants, was covering up facts that could lead to the indictment and conviction of Albert J. Schuholz for the murders of Marie Schuholz and Starla Burns.

F. Schuholz Attempts to Murder a Subsequent Wife

46. In or about June, 1998, Albert J. Schuholz was married to his third wife, Norma Schuholz, who was a successful real estate agent. At that time, Mr. Schuholz had become increasingly violent and abusive toward his wife Norma. He had also filed four lawsuits against her claiming she had attempted to defraud him of money.

47. Mr. Schuholz was so violent that restraining orders were issued by the Circuit Court in Kentucky requiring that he stay away from his wife.

48. In or about July, 1998, Albert J. Schuholz attempted to hire a person to murder Norma Schuholz and her sister, Martha Schomaker, who was then residing with Norma. The person solicited to commit the murder reported the conversations to law enforcement officers.

49. The law enforcement authorities pursued the matter and eventually facilitated more meetings between Albert J. Schuholz and the person he was attempting

to hire. The authorities also staged a murder of the two women. When Mr. Schuholz attempted to pay the person he had hired to kill the women, he was arrested for attempted murder. He eventually plead guilty to that crime.

**G.  Reopening of the 1981 Murder Case**

50.    Plaintiffs learned of the attempted murder of Norma Schuholz and Martha Schomaker and were horrified that Albert J. Schuholz had nearly succeeded in killing another wife under such similar circumstances. Jim Wright and Patti Kammeyer renewed their contact with the City of Sharonville and insisted that new energy be applied to the investigation of the murders of Marie Wright Schuholz and Starla Burns.

51.    In November 1999, Albert J. Schuholz was finally indicted for the murders of Marie Wright Schuholz and Starla Burns. When he announced the indictment the Hamilton County Prosecutor stated that a third person, not yet charged, committed the actual murder.

52.     To this day, the actual murderer of Marie Wright Schuholz and Starla Burns has not been charged.

53.    The indictment of Albert J. Schuholz has not proceeded to an active prosecution because of the alleged mental incompetence of Albert J. Schuholz. Albert Schuholz was originally sentenced to ten years in federal prison for the attempted murder of his new wife. During the sentencing process his attorney filed a motion requesting a psychological evaluation. The court granted the request and Albert Schuholz was ordered committed to a medical prison for four months of evaluation. Following the evaluation, he appeared before the court in November, 2001. The court was advised that Albert Schuholz was mentally incompetent and was not likely to return to competency.

11

The court therefore ordered that Albert Schuholz be returned to the psychological hospital until the conclusion of his ten year sentence. Albert Schuholz was never formally sentenced as a result of his alleged incompetence. He can not be tried for the murder of Marie Schuholz and Starla Burns until the conclusion of his entire ten year sentence.

54.     Plaintiffs have reason to believe that the prosecution of Albert J. Schuholz will never go forward. By the time Albert Schuholz is available for prosecution the case will be nearly thirty years old. Yet it is the pendency of the prosecution that has been cited by the City of Sharonville as the basis for failing to share the results of the murder investigation. Without this lawsuit the plaintiffs will never discover the truth about their mothers' murders and the cover-up of facts relating to the murders.

**H. Continuation of the Cover-Up by Defendants**

55.     Shortly after a press conference announcing the indictment in November, 1999 defendant Schappa stated to plaintiff Patti Kammeyer that he "had learned in the past few years about a crooked cop" and that the Marie Wright Schuholz murder investigation was delayed by a "cover-up." This was the first reliable information that plaintiffs Jim Wright and Patti Kammeyer received about the misconduct of any Sharonville police officer.

56.     In April, 2000 defendant Schappa stated to plaintiff Kammeyer that the investigation of her mother's murder was delayed by an officer who "acted with criminal intent and a police chief that covered it up."

57.     The actions of the defendants Cramer, Nuss, Schappa and Doe(s) have been pursuant to a policy and custom of the City of Sharonville.

58. The actions of the defendants have been taken pursuant to an agreement or conspiracy to injure the person or property of the plaintiffs.

59. Defendants City of Sharonville, Schappa, Cramer, and Nuss, through the custom, policy or practice as set by City policy-makers, have intentionally treated plaintiffs differently from others similarly situated and there is no rational basis for the difference in treatment.

60. Defendants City of Sharonville, Schappa, Cramer, and Nuss, through the custom policy or practice of the City, have intentionally increased the risk of harm to the property of the plaintiffs and limited the ability of the plaintiffs to use self-help and civil litigation to recover assets through the administration of the Wright estate in probate court, completion of the divorce lawsuit between Al Schuholz and Marie Schuholz, and through filing wrongful death and other tort actions.

61. Defendants City of Sharonville, Schappa, Cramer, and Nuss, through the custom policy or practice of the City, have acted intentionally, recklessly, and with deliberate indifference to the property and other federally protected rights and physical safety of the plaintiffs. These actions reflect an arbitrary abuse of government power, which shocks the conscience.

**I. Injuries and Damages**

62. As a result of the wrongful actions of defendants, plaintiffs have sustained great pain and suffering, loss of inheritance, severe emotional distress, fear for their own safety and their children's safety, and interference with their access to courts by destroying evidence.

63. As a result of the wrongful actions of defendants, plaintiffs Patricia Kammeyer and James Wright specifically lost the inheritance which would have rightfully passed to them. Because Marie was murdered before the domestic relations court could equally divide the marital property, Albert Schuholz held the position of "surviving spouse" when Marie's will was probated. As "surviving spouse" Albert Schuholz was permitted to "elect against the will" through which he would have received nothing. Ohio law therefore granted him the first $10,000 of Marie's estate. He further received one half of her estate as his marital share. Finally, Ohio law provided that he receive one-third of the remaining half based upon his status as "surviving spouse." This inheritance properly belonged to Marie's children.

64. As a result of the delay caused by the wrongful actions of defendants, plaintiffs have lost the ability to recover for the murder of their mothers. At the time of the murders, Albert Schuholz had assets of approximately three million dollars. Now, twenty years later, Albert Schuholz is an inmate in a federal psychological hospital who claims to be indigent.

65. The beneficiaries of Marie Wright Schuholz and of Starla Burns have suffered damages for loss of society over their life expectancies, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training and education.

66. Both Decedent's beneficiaries suffered damages from mental anguish caused by her death.

67. Plaintiffs have incurred reasonable memorial service expenses.

## V.     FIRST CLAIM – 42 U.S.C. §1983

68. Defendant City of Sharonville, Cramer, Nuss, Shappa and Doe(s) have, under color of law, deprived plaintiffs of rights, privileges and immunities secured by the First and Fourteenth Amendment to the United States Constitution, including but not limited to rights of access to courts, equal protection and to due process of law.

## VI.     SECOND CLAIM – STATE LAW CONSPIRACY TO COVER-UP EVIDENCE

69. Defendants have engaged in a conspiracy that continues to this day to destroy evidence and cover-up the role of Albert J. Schuholz in the murder of Marie Wright Schuholz and Starla Burns, and cover-up the role of defendant Cramer who aided Schuholz avoid prosecution, all thereby causing injury to the plaintiffs.

## VII.     THIRD CLAIM - SPOLIATION OF EVIDENCE

70. Defendants Cramer, Nuss, Schappa, and Doe(s) have willfully destroyed evidence related to the investigation of the death of Marie Schuholz thereby disrupting plaintiffs' ability to pursue and present their claims in probate and in other litigation regarding her death.

## VIII.     FOURTH CLAIM - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71. Defendants Cramer, Nuss, Schappa, and Doe(s) have acted intentionally and with malice toward the plaintiffs causing severe emotional distress.

## IX.     PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that this Court:

A.  Award plaintiffs compensatory damages against the defendants in an amount to be shown at trial;

    B.  Award plaintiffs punitive damages against defendants Cramer, Nuss, Schappa, and Doe(s) in an amount to be shown at trial;

    C.  Award plaintiffs reasonable attorney fees;

    D.  Award plaintiffs such other and further relief as the Court deems appropriate.

**Respectfully submitted,**

 s/ Alphonse A. Gerhardstein
Alphonse A. Gerhardstein # 0032053
Trial Attorney for Plaintiffs
Paul Laufman  #0066667
Attorney for the Plaintiff
617 Vine Street, Suite 1409
Cincinnati, Ohio 45202
(513) 621-9100
(513) 345-5543 fax
agerhardstein@laufgerhard.com

### Jury Demand

Plaintiffs hereby demand trial by jury

 s/ Alphonse A. Gerhardstein
Alphonse A. Gerhardstein # 0032053

### Certificate of Service

I here by certify that on September 5, 2003, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon the following counsel who are not yet registered with the electronic filing system:

| | |
|---|---|
| Thomas T. Keating<br>Attorney for Defendants James I. Cramer<br>and William Nuss<br>8050 Hosbrook Road, Suite 200<br>Cincinnati, OH  45236 | Michael E. Maudrell<br>Attorney for Defendants Mike Schappa and<br>City of Sharonville<br>11935 Mason Road, Suite 110<br>Cincinnati, OH 45249 |

                                              _s/ Alphonse A. Gerhardstein_
                                              Alphonse A. Gerhardstein