UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA KAMMEYER, et al.,** | : | CASE NO. 1:01cv00649 |
| | : | (J. Spiegel) |
| **Plaintiffs** | : | |
| | : | |
| vs. | : | |
| | : | |
| CITY OF SHARONVILLE, OHIO, et al.,: | | |
| | : | |
| **Defendants** | : | |

**REPLY MEMORANDUM OF DEFENDANTS MIKE SCHAPPA
AND THE CITY OF SHARONVILLE, OHIO, IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**

**I.    INTRODUCTION.**

These defendants set forth the procedural posture in their Motion to Dismiss. Since plaintiffs are arguing certain issues have been decided by this Court by virtue of the law of the case, it is necessary to expand upon the procedural posture in this introduction.

Although this Court denied qualified immunity to defendant Schappa in its Order of 2/13/03, the Court did not rule upon these defendants' second Motion to Dismiss. In fact, the Court specifically deferred its ruling. Since the denial of qualified immunity with respect to Schappa was a final, appealable order, these defendants appealed that decision to the United States Court of Appeals for the Sixth Circuit. Plaintiffs then sought and were granted leave to amend their Complaint to withdraw all federal claims against the individual defendants. As a result, the Sixth Circuit dismissed the appeal for denial of qualified immunity.

Although plaintiffs characterize the Third Amended Complaint, to which this Motion to Dismiss is directed, as "essentially identical to the Second Amended Complaint", that is not the case. The Third Amended Complaint contains no federal civil rights claims against defendant Schappa in his individual capacity.

Further, Plaintiffs have dismissed the alleged murderers, Schuholz and Wright, from the case completely. As a result, the City of Sharonville is the only Defendant against which Federal Civil Rights claims are made. The only claims against the individual Defendants are State Law claims. This Court has never ruled on the Federal claims as they relate to the City of Sharonville, nor has it ruled on the State Law claims as they relate to any of the Defendants.

This Reply Memorandum will respond to the arguments in Plaintiffs' Memorandum in Opposition to the Motion to Dismiss. Although the arguments contained in these Defendants' Memorandum in Support of Motion to Dismiss are not repeated, they are specifically incorporated herein by reference.

## II.     ARGUMENT OF LAW

### A. Standard for Motion to Dismiss

Plaintiffs argue that in ruling on a motion to dismiss, the Court must accept as true all factual allegations in the Complaint. What Plaintiffs ignore is their obligation to plead specific, particular facts and not simply conclusory allegations. *Scheid v. Fannie Farmer Candy Shops, Inc.*, 859 F2d 434 (6th Cir. 1988). The court is not bound to accept as true unwarranted, factual inferences or legal conclusions unsupported by well-pleaded facts. *Morgan v. Church's Fried Chicken*, 829 F2d 10 (6th Cir. 1987); *Teegardner v. Republic-Franklin, Inc. Pension Plan*, 909 F2d 947 (6th Cir. 1990).

Plaintiffs do not make any factual allegations regarding Defendant Schappa except that he gave them their first reliable information about police misconduct in November, 1999. At that time, Defendant Schappa was the police chief. However, when the alleged murder occurred in 1981, Schappa was not the chief of police but was a police officer employed by the City of

Sharonville. The Complaint contains no specific, factual allegations regarding any conduct of Defendant Schappa which could possibly give rise to liability on his part. Similarly, the Complaint contains no allegation of any fact relating to the City of Sharonville which could give rise to liability other than a general conclusory claim that Defendants' conduct has been "pursuant to a policy and custom of the City of Sharonville." Those bare assertions are not sufficient to withstand a motion to dismiss. Plaintiffs must allege some conduct on the part of the Defendants which give rise to those claims. Many factual allegations relate to the action of Defendant Cramer in allegedly covering up the murder. However, no such allegations are directed toward Defendant Schappa or the City of Sharonville.

      B.      **The Doctrine of Law of the Case is Inapplicable**

The only ruling by the Court to date was a ruling denying the individual Defendants qualified immunity on the Federal Civil Rights claims. No ruling was made on the Federal Civil Rights claims as they relate to the City of Sharonville. At this point, by virtue of the filing of the Third Amended Complaint, the Federal Civil Rights claims against the individual Defendants have been dismissed. As a result, the only claims which this Court has ruled upon are no longer a part of the case.

It is axiomatic that liability cannot be imposed upon the City of Sharonville based upon *respondeat superior*. *Taylor v. Michigan Dept. of Corrections*, 69 F3d 76, 80-81 (6th Cir. 1995). Rather, Plaintiffs must identify a municipal policy or custom that caused the injury. Plaintiffs must demonstrate that through its deliberate conduct, the municipality was the moving force behind the injury alleged. *Board of County Commissioners of Brian County, Oklahoma v. Brown*, 520 U.S. 397, 117 Sup. Ct. 1382 (1997). This Court has made no ruling with respect to

any of the motions to dismiss touching upon the issue of whether the City of Sharonville had a custom or policy which was somehow the driving force behind the alleged constitutional deprivations. Since, at this point, the alleged murderers have been dismissed from the case entirely and all the claims upon which the Court has ruled have been dismissed, no basis whatsoever exists to apply the law of the case doctrine to this motion to dismiss.

The law of the case doctrine does not require a Judge to follow a prior ruling which was not a final order as if the issue is *res judicata*. <u>Cale v. Johnson</u>, 861 F2d 943, 947 (6th Cir. 1988); <u>Schachner v. Blue Cross and Blue Shield of Ohio</u>, 77 F3d 889 (6th Cir. 1996). This Court made quite clear in its ruling denying qualified immunity that it was not ruling on the motion to dismiss. Although that was a final order which was appealed by the Defendants, all those claims were dismissed by Plaintiffs and the Sixth Circuit therefore dismissed the appeals. Consequently, at this point there is no order which could constitute law of the case let alone a final order.

C. **Plaintiffs Have Not Alleged and Cannot Prove Facts That Would Entitle Them to Relief on Their Equal Protection Claim Against the City of Sharonville**

Plaintiffs allegations relating to the alleged coverup and conspiracy are contained in Paragraphs 34 through 45 of the Complaint. In those allegations, Plaintiffs claim that James Cramer, a former City of Sharonville police officer, was involved in a coverup and misled Plaintiffs about the investigation. No allegations are made about any conduct of any other Defendant other than conclusory allegations in Paragraphs 45 and 57-61 that Cramer acted in concert with the other Defendants. No factual allegation is made that Defendant Schappa knew of the alleged coverup by Cramer or that any City of Sharonville official or policy maker was

aware of such conduct. In Paragraphs 59 and 60 of the Third Amended Complaint, Plaintiffs make conclusory allegations relating to a conspiracy and coverup. Again, the Complaint contains no factual allegations to support a finding that any Sharonville official knew of Cramer's alleged misconduct. Similarly, the Third Amended Complaint contains no allegations of what custom or policy supposedly gave rise to this constitutional deprivation. Plaintiffs have pleaded numerous and specific factual allegations as they relate to Defendant Cramer. Their allegations with respect to Defendants Schappa and the City of Sharonville are merely conclusory and bare legal assertions. As such, they do not state a claim for relief. In fact, the only allegations with respect to Defendant Schappa lead to the conclusion that Schappa was not involved in the coverup and only learned of the alleged misconduct 15 to 18 years after the murders.

   These Defendants have argued that to prove a claim for equal protection under a "class of one" theory, Plaintiffs must prove an extra factor of illegitimate animus or ill will. This Court rejected that position in its decision denying qualified immunity based, in part, upon *Jackson v. Burke*, 256 F3d 93 (2d Cir. 2001), which this Court reasoned set forth the Second Circuit's view that the extra factor was not required.. Plaintiffs reiterate that argument in their memorandum opposing these Defendants' motion to dismiss the third amended complaint. However, Plaintiffs have ignored a case decided by the Second Circuit after this Court's ruling which makes clear that the Second Circuit has not rejected the proposition that the extra element of "ill will" may be necessary to make a "class of one" equal protection claim. In *Harlen Associates v. Incorporated Village of Mineola*, 273 F3d 494, 500 (2d Cir. 2001), the Second Circuit specifically stated that it was not deciding whether the extra element was necessary but noted that the District Court and a number of "our sister circuits have read *Olech* differently, holding that it did not remove the

requirement that a plaintiff alleging an equal protection violation based on selective enforcement show that the governmental action at issue was motivated by personal animus."

It is the position of Defendants that Plaintiffs must show an extra factor of vindictiveness, malice or animus in order to state a claim for violation of equal protection. Plaintiffs argue, alternatively, that they have done so by accusing Defendants of outrageous behavior. However, as stated above, the only conduct factually alleged in the Complaint is the conduct of Cramer in allegedly covering up the murder because of his relationship with Schuholz. If the motive was as alleged in the Complaint, the conduct was not even directed at Plaintiff but was rather an effort by Cramer to help his friend or associate Schuholz. Regardless of whether that conduct is outrageous, it cannot be attributed to these Defendants and it was not directed at Plaintiffs. Therefore, Plaintiffs' equal protection argument must fail as a matter of law and that claim should be dismissed from the Complaint.

### D.   Plaintiffs' Claim for Denial of Access to Courts Should be Dismissed

These Defendants have cited this Court to the decision of the United States Court of Appeals for the Sixth Circuit in <u>Swekel v. City of River Rouge</u>, 119 F3d 1259, 1260 (6th Cir. 1997), that a Plaintiff must allege an attempt to go to State Court before making a Federal claim for denial of access to courts. It is the law of the Sixth Circuit, and Plaintiffs have alleged no such attempt. In fact, an analysis of the factual allegations in the Third Amended Complaint reveals the total lack of allegations sufficient to support such a claim. The alleged murderers, Schuholz and Wright, have not been tried or convicted of the murders of Starla Burns or Marie Wright. Plaintiffs are not naming either Wright or Schuholz defendants in this litigation. No allegation in the Complaint suggests the City of Sharonville or Defendant Schappa did anything to in any way to hinder the ability of Plaintiffs to sue Schuholz in the State Court.

Plaintiffs' Complaint is fatally defective because Plaintiffs have not and cannot allege that they attempted to file a State Court action against Schuholz and were somehow barred or hindered by these Defendants. The claim for denial of access to the Courts in the Third Amended Complaint should be dismissed.

### E.     The Claim for Denial of Substantive Due Process Should Be Dismissed

The gravamen of Plaintiffs' Complaint is that James Cramer did an inadequate investigation and covered up the murder of Starla Burns and Marie Schuholz. No facts are alleged that Defendant Schappa had any role in the coverup or that any City of Sharonville official played any role or knew of the coverup. Those allegations do not support a claim against Defendants Schappa and the City of Sharonville of a violation of substantive due process. Attached hereto is a decision of the Sixth Circuit in <u>Callihan v. Sudimack</u>, 117 F3d 1420 (6th Cir. 1997). In that case, Sharon Callihan's body was delivered to the Trumbull County coroner to determine the cause of death. The coroner determined simply by performing a blood test that the decedent died from a self-induced drug and alcohol overdose. However, the blood test which the coroner performed did not support his conclusion. The family of Callihan questioned that conclusion and asked Sudimack to perform a complete autopsy. The coroner refused to perform a complete autopsy. Approximately 16 years later, the body was exhumed and it was learned that Callihan had been killed by strangulation. The Callihans sued the coroner claiming a violation of substantive due process.

In affirming the granting of a motion to dismiss, the Sixth Circuit discussed the law in relation to substantive due process. First, the Court concluded that the Callihans did not "have a fundamental or explicit right under the Constitution" to know the cause of Callihan's death. That

also is applicable to this case because Plaintiffs have no fundamental right under the Constitution to know the identity of their mother's murderer.

Second, the Court noted that the Sixth Circuit has resisted application of the "shocks the conscience" standard to Section 1983 cases not involving physical force. Again, that finding is pertinent to this case in which no physical force or intrusion is alleged. Finally, the Court ruled that even assuming the "shocks the conscience" standard was applicable to that case, the actions of defendants, while disturbing, were not the type of brutal and inhumane acts that have shocked the conscience of courts in the past.

The allegations in the Third Amended Complaint as they relate to these Defendants do not support a claim for substantive due process. These Defendants did not physically assault Plaintiffs and did not in any way intrude into their physical integrity. These Defendants did not commit any brutal or inhumane acts. On the contrary, Plaintiffs allege that Defendant Schappa gave them their first reliable information. For those reasons, Plaintiffs' claims for substantive due process should be dismissed.

### F. The Third Amended Complaint Does Not State a Claim Against the City of Sharonville

Plaintiffs argue in their memorandum opposing the motion to dismiss that policy makers, including the former and current police chief, are alleged to have participated in the coverup. They further make the statement that the current police chief even admits to this fact. There is no allegation in the Third Amended Complaint that Defendant Schappa (the current police chief) admitted that he engaged in some sort of coverup. The only allegation is that Schappa told Plaintiffs the murder investigation was delayed by a coverup. He did not say that he covered up

the murder investigation. Further, the Third Amended Complaint makes no factual allegation to support a finding that the City of Sharonville, its policy makers or officials, participated in a coverup. The allegation that a custom or policy existed such that members of the police department collected loans for Schuholz hardly gives rise to a cause of action for alleged coverup of a murder. No other custom or policy is identified which could possibly create liability on the part of the City of Sharonville for any claim in the Third Amended Complaint.

      **G.**     **Plaintiffs' State Law Claims Against Defendants Schappa and the City of Sharonville Should be Dismissed**

These Defendants have argued based upon the immunities set forth in Chapter 2744 of the Ohio Revised Code that both the City of Sharonville and Schappa are immune from the State Law claims set forth in Plaintiffs' Complaint. This immunity applies to all State Law claims including the allegations of the State Law conspiracy, spoilation of evidence, intentional infliction of emotional distress and punitive damages. Plaintiffs argue that the sovereign immunity statute in Ohio is unconstitutional. However, Plaintiffs have not served the Attorney General with a copy of the Complaint and have not properly raised the issue. In addition, numerous Ohio decisions have ruled that the statute is constitutional. See, e.g., *Fabrey Police Department v. McDonald Village Police Department* (1994), 70 Ohio St.3d 351; and *Fahnbulleh v. Strahm* (1995), 73 Ohio St.3d 666. As a result, Plaintiffs argument that Chapter 2744 is unconstitutional should be rejected and Plaintiffs' State Law claims should be dismissed for the reasons set forth in the motion to dismiss the Third Amended Complaint. Additionally, these Defendants would reiterate that Plaintiffs have made no allegations that either Defendant Schappa or the City of Sharonville was involved in the spoilation of evidence or that they engaged in any conduct which could constitute a State Law conspiracy or intentional infliction of emotional distress.

### III.  CONCLUSION

Based on the arguments in the Reply Memorandum and the arguments in the memorandum in support of these Defendants' Motion to Dismiss the Third Amended Complaint, Defendants, Mike Schappa and the City of Sharonville, respectfully request that the Court dismiss Plaintiffs' Third Amended Complaint with prejudice and enter final judgment in their favor in this action.

                                                 **s/Lawrence E. Barbiere**
                                                 Lawrence E. Barbiere
                                                 Ohio Bar Number: 0027106
                                                 Attorney for Defendants, City of Sharonville, Ohio, and Mike Schappa
                                                 SCHROEDER, MAUNDRELL, BARBIERE & POWERS
                                                 11935 Mason Road, Suite 110
                                                 Cincinnati, OH  45249
                                                 (513) 583-4200
                                                 (513) 583-4203 (fax)
                                                 Email:  lbarbiere@schroederlaw.com

OF COUNSEL:

Michael E. Maundrell (0027110)
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
11935 Mason Road, Suite 110
Cincinnati, OH  45249
(513) 583-4200

### CERTIFICATE OF SERVICE

I hereby certify that on **October 20th , 2003,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECFF system which will send notification to the following: Alphonse A. Gerhardstein, Esq., *Attorney for plaintiffs*, and ***Thomas T. Keating, Esq., Attorney for Defendant, James I. Cramer***.

                                                 **s/ Lawrence E. Barbiere**
                                                 Lawrence E. Barbiere