**U.S. DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| PATRICIA KAMMEYER, et al. : | CASE NO. C-1-01-649 |
| Plaintiffs, : | SPEIGEL, J. |
| : | SHERMAN, J. |
| vs. : | |
| : | **REPLY MEMORANDUM OF** |
| CITY OF SHARONVILLE, OHIO, et al. : | **DEFENDANTS, JAMES CRAMER** |
| : | **AND WILLIAM NUSS, IN** |
| Defendants. : | **IN SUPPORT OF MOTION TO** |
| : | **DISMISS PLAINTIFFS' THIRD** |
| : | **AMENDED COMPLAINT** |

Now come Defendants Cramer and Nuss and hereby reply to the Memorandum of Plaintiffs in Opposition to the Motion to Dismiss Third Amended Complaint. Plaintiffs improperly claim that Defendants have denied rights to the Plaintiffs, yet they have identified no specific duty owing to them from either Defendant Cramer or Defendant Nuss which gives rise to corresponding rights. Without standing, no cause of action is stated.

Plaintiffs claim that the Third Amended Complaint is similar to the Second Amended Complaint. The Court is reminded that the fourth version of the Complaint does not allege that either Defendant Cramer or Defendant Nuss violated federal civil rights of the Plaintiffs in their individual capacities. This represents a complete change in the duties, responsibilities and relationships of the Plaintiffs and the Defendants. For the first time, each of the constitutional claims involving Defendants Cramer and Nuss must be evaluated only in light of their capacities as employees of the City of Sharonville. This represents a significant change in that the constitutional claims are only being pursued against the employer, the City of Sharonville. It cannot be bound on the basis of mere respondeat superior estoppel by any ultra vires actions of its

employees. *Mertik v. Blalock*, 983 F. 2d 1353 (6th Cir. 1993). The City may only be subjected to liability for its own policies, customs and laws. Further actual knowledge of a clear and persistent pattern of unconstitutional conduct must be shown on the part of an actual policymaker in order to attach liability to the municipal corporation. *Gregory v. Shelby Co.*, 220 F. 3d 433, 442 (6th Cir. 2000).

## LAW OF THE CASE

Plaintiffs' claim that the "Law of the Case" doctrine applies to preclude evaluation by the Court of the Motion to Dismiss. This concept is incorrect because the newest version of the Complaint alleges that the federal civil rights violations were committed *only* by the City of Sharonville acting through its employees, Cramer, Nuss and Schappa, whose individual conduct is *not* under scrutiny. This is a different allegation than the Court has ever seen.

Plaintiffs misconstrue the decision of the Sixth Circuit in *United States v. Moored*, 38 F.3d 1419 (6th Cir. 1994). *Moored* held that when a case has been decided by a superior or reviewing court, the decisions which are expressly or impliedly made by the superior court are binding upon the inferior court. This applies only when the superior court has ruled on a specific issue. In the case at bar, Plaintiffs' dismissal of the Second Amended Complaint denied these Defendants of the opportunity to have appellate review over the issues of these Defendants' immunity and the Plaintiffs' failure to state a cause of action. Therefore, no superior court has ever reviewed any finding in this case.

## CONSTITUTIONAL ISSUES: EQUAL PROTECTION, SUBSTANTIVE DUE PROCESS AND ACCESS TO COURTS

At no point in any of the numerous versions of the Complaint have the Plaintiffs alleged that either Defendant Cramer or Defendant Nuss:

- Had any involvement in the murders of Starla Burns or Marie Schuholz.

- Knew who committed the murders of Starla Burns and Marie Schuholz.

- Believed by reasonable certainty that Albert Schuholz paid someone else to commit the murders of Starla Burns and Marie Schuholz.

- Participated as witnesses and deceived the Probate Court concerning the status of the murder investigation during the probate litigation involving Albert Schuholz during the 1980's.

Plaintiffs completely ignore the concept of *duty*, which is necessary to create rights, which are necessary to provide standing to pursue these claims. Defendants ask the Court to evaluate the following constitutional law cases which are all cited by Plaintiffs. In doing so, the Court will see that Plaintiffs cannot allege any recognized duty on the part of any Defendant in his official capacity as an employee of the City of Sharonville which gives rise to any constitutional rights held by these Plaintiffs.

The following table identifies the cases cited by Plaintiffs, a brief factual summary of the cases, and a suggestion concerning whether the case involved a duty owed to the claimant in that case.

| CASE | FACTS | DUTY |
|---|---|---|
| *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) | Appropriation of thirty-three foot easement from Plaintiff while other similarly-situated property owners only had fifteen foot easements appropriated. | Yes. State mandated eminent domain law. Village had to deal with property owner. |

3

| | | |
|---|---|---|
| *Anderson v. Anderson*, 2000 WL 33126582, ND Ohio (December 21, 2000) | Plaintiff claims vindictive prosecution and selective enforcement against prosecutor and police who filed second criminal charge against him to induce him to plead guilty. Case dismissed per rational basis to bring additional criminal charges. | Yes. Plaintiff was a criminal defendant against whom the prosecutor and police were pursuing criminal case. |
| *Bower v. Village of Mt. Sterling*, 44 Fed. Appx. 470 (6th Cir. 2002, unreported, copy attached). | Three police job candidates. Two hired, third sues claiming political bias per father's prior political actions. | Yes. Civil Service law as applied to villages, specific duty to all employment applicants to consider them. |
| *Swekel v. City of River Rouge*, 119 F.3d 1259 (6th Cir. 1997) | One of two cars which struck and killed decedent was driven by son of high-ranking police officer. Investigating police officer was removed from case and daily log sheets were removed. Plaintiff sued first car driver, but ignored second car. Actions were "reprehensible." Case dismissed per no denial of access to courts. | Yes, Defendants were covering up evidence of a collision involving one of their protected individuals. Police official's son was actually involved in the crash. |
| *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984) | Racial conspiracy claim under Fourteenth Amendment for concealed police shooting of Plaintiff's decedent many years prior. | Yes. The victim was actually shot by police officer and several police officers conspired to conceal the identity and facts relating to the killing. |
| *Claybrook v. Birchwell*, 199 F.3d 350 (6th Cir. 2000) | Excessive force claim per police shooting and killing of unidentified store guard holding shotgun outside of store. "Unreasonable" actions by police in approaching and shooting suspect. | Yes. Police were specifically approaching armed decedent and shot him in scope of their employment. |

4

| | | |
|---|---|---|
| *Culberson v. Doan*, 125 F. Supp.2d 252 (SD Ohio 2000) | Police Chief negligently abandoned lagoon containing murder victim's remains. | Yes. Police chief had physical control of the site where victim was located, and existence of murder had not been established. |
| *Collins v. City of Harker Heights*, 112 S.Ct. 1061 (1992) | Sewer Department employee died of asphyxia in sewer line. Widow claimed City failed to train and Texas state statute was violated. Case dismissed per no due process violation. | Yes. City was the employer of the victim who died in City's sewer. |
| *Coon v. Heron* (1999), WL 357779 (6th Cir. May 19, 1999, unreported, copy attached) | Police dispatcher sues road patrol officer who accidentally discharged gun in police station, injuring dispatcher. Dispatcher later claimed that patrol officer fired gun on purpose. | Yes. Patrol officer was handling gun and had a duty to avoid intentionally shooting a fellow officer in same room. |
| *Mertik v. Blalock*, 983 F.2d 1353 (6th Cir. 1993) | Ice skating coach sues City per contract claim that coach had rink time made available to her and her students who purchased rink time. Section 1983 claim of due process violation of contract right. Allegation also included that city recreation director claimed that coach had sexually abused minors and coach was banned from rink without opportunity to respond. The Court dismissed substantive due process claim since allegation of sexual impropriety did not "shock the conscience." | Yes. City owned the skating rink and had contractual relationship with Plaintiff, the only basis for Plaintiff's claim. |
| *Rochin v. California*, 342 U.S. 165 (1952) | Arrested criminal defendant sued because police forced doctor to pump the defendant's stomach. | Yes. Arrested individual was in custody of police. |

Therefore, every case cited above contains a factual scenario where a specific duty is owed from the government to the plaintiff. Without such a duty, Plaintiff cannot claim standing to allege a constitutional violation. Fellow Defendants Schappa and City of Sharonville have appropriately cited the Sixth Circuit case of *Callihan v. Sudimack*, 117 F.3d 1420, 1997 WL 397212 (6th Cir. July 10, 1997 – unreported, copy attached). The Plaintiffs in *Callihan* claimed that they possessed a fundamental right under the Constitution and under an Ohio statute to know the cause of their son's death through a proper autopsy and criminal investigation. The Court stated that it does not doubt the importance of the interest claimed by those plaintiffs, but the right to know the true cause of death through an autopsy and a criminal investigation is *not* a fundamental interest which involves substantive due process protection. The coroner and police did not owe that *duty* to the family. The *Callihan* Court contrasted the conscience shocking actions in *Rochin v. California* (cited in the table above) where the defendant police officers had physical custody of the petitioner and caused his stomach to be pumped. The Court stated that the "shocks the conscience" standard should *not* generally apply when physical abuse and injury is not alleged.

The *Callihan* court also found that a specific state statute does not create a property interest subject to protection under the Fourteenth Amendment unless the statute explicitly required a particular outcome when the "substantive predicates are present." (*Id.* at p. 4.) The statute in question dealt with the obligations of a county coroner to determine the cause of death. The Court concluded that the statute does not create a property interest protected by the Fourteenth Amendment's due process clause. Similarly, in the case at bar, there is no state statute or City of Sharonville ordinance which creates a property interest in the Plaintiffs entitling them to any

particular inheritance which was infringed by the actions of Officers Cramer or Nuss. The two reasons that the Schuholz family "lost their inheritance" were: (1) Al Schuholz and Marie Schuholz were *not* divorced when she died; and (2) Plaintiffs could not prove in Probate Court by a preponderance of evidence that Al Schuholz killed Marie Schuholz.

In *Berridge v. Heiser*, 993 F. Supp. 1136, 1143 SD Ohio, December 4, 1997, this Court held that plaintiffs who allege substantive due process violations must provide specific instances where the defendants' actions violate the Fourteenth Amendment. A plaintiff may not make allegations which are highly conclusory and devoid of allegations of sufficient facts. A plaintiff in a civil rights action is required to set forth alleged conduct and resultant harm in a way which will permit an informed ruling whether the wrong complained of is of federal cognizance. For example, claimants who allege deprivation of property interest by improper state garnishment proceedings fail to allege a constitutional claim. In the pending case, no specific facts are alleged concerning how the City of Sharonville adopted or followed an unconstitutional policy which harmed these Plaintiffs.

## **STATE CONSPIRACY CLAIM**

Plaintiffs fail to state a cause of action for conspiracy in that they have not identified an underlying unlawful act, which is mandated in order to state a claim for a state law conspiracy. The actions of Defendant Cramer, as alleged, sound reprehensible, but they do not constitute an unlawful act. The Complaint does not allege that Defendants Cramer or Nuss conspired with any other individual in that no specifics of a conspiracy are alleged. Plaintiffs may not merely allege that there was a "cover up" because a "cover up" is not a recognized cause of action, nor has it ever

been identified as a cause of action. Specific data may be "covered up," or concealed, or ignored by an investigating police officer. No matter which term is used to describe the action, it never constitutes a cause of action.

## SPOLIATION OF EVIDENCE

Plaintiffs fail to identify what evidence has been destroyed or any other specifics concerning the claim for spoliation of evidence. As above, Plaintiffs cannot properly allege standing to assert this claim because there is no *duty* owed toward Plaintiffs concerning preservation of evidence or a successful criminal investigation. This duty is owed by the investigating police officers and the governmental entity for whom they work.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Again, Plaintiffs' alleged cause of action must fail because there is no duty owed to the Plaintiffs, and hence, they have no standing to bring such a claim. In Plaintiffs cited case of *Carney v. Knollwood Cemetery Association*, 33 Ohio App. 3d 31 (1986), the government defendants had physical possession of the decedent's remains, and improperly mishandled the dead body. There was clearly a duty on the part of the Cemetery Association and standing by the relatives of the decedent to bring the action. None of those circumstances are present in the pending litigation.

## CONCLUSION

Therefore these Defendants request that the Plaintiffs' Third Amended Complaint be dismissed as to all counts contained therein.

Respectfully submitted,

KEATING, RITCHIE & SWICK
A Legal Professional Association

**s/ Thomas T. Keating**
_____
Thomas T. Keating, 0011359
Attorney for Defendants Cramer and Nuss
8050 Hosbrook Road, Suite 200
Cincinnati, Ohio 45236
Phone: (513) 891-1530
Fax: (513) 891-1537

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2003, I electronically filed the foregoing with the Clerk of Court using CM/ECFF system which will send notification to the following: Lawrence E. Barbiere, Trial Attorney for Defendants Mike Schappa and City of Sharonville and Alphonse A. Gerhardstein, Trial Attorney for Plaintiffs.

**s/ Thomas T. Keating**
_____
Thomas T. Keating