UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA KAMMEYER, et al.,** | : | CASE NO. C-1-01-649 |
| | : | (J. Spiegel) |
| **Plaintiffs** | : | |
| | : | |
| vs. | : | |
| | : | |
| **CITY OF SHARONVILLE, OHIO, et al.,**: | | |
| | : | |
| **Defendants** | : | |

## ANSWER OF DEFENDANTS, JAMES CRAMER AND WILLIAM NUSS, TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Come now defendants, James Cramer and William Nuss, in all capacities named, and for their Answer to the Third Amended Complaint of plaintiffs filed herein, state as follows:

### FIRST DEFENSE

1.  These defendants deny the allegations in paragraph 1 of plaintiffs' Third Amended Complaint.

2.  These defendants deny the allegations in paragraph 2 of plaintiffs' Third Amended Complaint.

3.  These defendants deny the allegations in paragraph 3 of plaintiffs' Third Amended Complaint.

4.  These defendants deny the allegations in paragraph 4 of plaintiffs' Third Amended Complaint.

5.  These defendants deny, for want of knowledge, the allegations in paragraph 5 of plaintiffs' Third Amended Complaint.

6.    These defendants deny, for want of knowledge, the allegations in paragraph 6 of plaintiffs' Third Amended Complaint.

7.    These defendants deny, want of knowledge, the allegations in paragraph 7 of plaintiffs' Third Amended Complaint.

8.    These defendants deny, for want of knowledge, the allegations in paragraph 8 of plaintiffs' Third Amended Complaint.

9.    Theses defendants admit the allegations in paragraph 9 of the plaintiffs' Third Amended Complaint.

10.    Theses defendants admit James I. Cramer is a former employee of the City of Sharonville, Ohio and deny the remaining allegations in paragraph 10 of plaintiffs' Third Amended Complaint, for want of knowledge.

11.    These defendants admit William Nuss is the former Chief of Police for the City of Sharonville, Ohio and deny the remaining allegations in paragraph 11 of plaintiffs' Third Amended Complaint for want of knowledge.

12.    These defendants admit Mike Shappa has been the Chief of Police for the City of Sharonville since 1990 and deny the remaining allegations in paragraph 12 of plaintiffs' Third Amended Complaint.

13.    These defendants deny the allegations in paragraph 13 of plaintiffs' Third Amended Complaint.

14.    These defendants deny, for want of knowledge, the allegations in paragraph 14 of plaintiffs' Third Amended Complaint.

15. These defendants deny, for want of knowledge, the allegations in paragraph 15 of plaintiffs' Third Amended Complaint.

16. These defendants deny, for want of knowledge, the allegations in paragraph 16 of plaintiffs' Third Amended Complaint.

17. These defendants deny, for want of knowledge, the allegations in paragraph 17 of plaintiffs' Third Amended Complaint.

18. These defendants deny, for want of knowledge, the allegations in paragraph 18 of plaintiffs' Third Amended Complaint.

19. These defendants deny, for want of knowledge, the allegations in paragraph 19 of plaintiffs' Third Amended Complaint.

20. These defendants deny the allegations in paragraph 20 of plaintiffs' Third Amended Complaint.

21. These defendants deny, for want of knowledge, the allegations in paragraph 21 of plaintiffs' Third Amended Complaint.

22. These defendants deny, for want of knowledge, the allegations in paragraph 22 of plaintiffs' Third Amended Complaint.

23. These defendants deny, for want of knowledge, the allegations in paragraph 23 of plaintiffs' Third Amended Complaint.

24. These defendants deny, for want of knowledge, the allegations in paragraph 24 of plaintiffs' Third Amended Complaint.

25. These defendants deny, for want of knowledge, the allegations in paragraph 25 of plaintiffs'

Third Amended Complaint.

26. These defendants deny, for want of knowledge, the allegations in paragraph 26 of plaintiffs' Third Amended Complaint.

27. These defendants deny, for want of knowledge, the allegations in paragraph 27 of plaintiffs' Third Amended Complaint.

28. These defendants deny, for want of knowledge, the allegations in paragraph 28 of plaintiffs' Third Amended Complaint.

29. These defendants deny, for want of knowledge, the allegations in paragraph 29 of plaintiffs' Third Amended Complaint.

30. These defendants deny, for want of knowledge, the allegations in paragraph 30 of plaintiffs' Third Amended Complaint.

31. These defendants deny, for want of knowledge, the allegations in paragraph 31 of plaintiffs' Third Amended Complaint.

32. These defendants deny, for want of knowledge, the allegations in paragraph 32 of plaintiffs' Third Amended Complaint.

33. These defendants deny, for want of knowledge, the allegations in paragraph 33 of plaintiffs' Third Amended Complaint.

34. These defendants deny the allegations in paragraph 34 of plaintiffs' Third Amended Complaint.

35. These defendants deny the allegations in paragraph 35 of plaintiffs' Third Amended Complaint.

36. These defendants deny the allegations in paragraph 36 of plaintiffs' Third Amended Complaint.

37. These defendants deny, for want of knowledge, the allegations in paragraph 37 of plaintiffs' Third Amended Complaint.

38. These defendants admit James Cramer was assigned to investigate the murders of Marie Schuholz and Starla Burns and deny the remaining allegations in paragraph 38 of plaintiffs' Third Amended Complaint.

39. These defendants deny each and every allegation in paragraph 39 of the Third Amended Complaint.

40. These defendants deny the allegations in paragraph 40 of plaintiffs' Third Amended Complaint.

41. These defendants deny, for want of knowledge, the allegations in paragraph 41 of plaintiffs' Third Amended Complaint.

42. These defendants deny, or want of knowledge, the allegations in paragraph 42 of plaintiffs' Third Amended Complaint.

43. These defendants deny, for want of knowledge, the allegations in paragraph 43 of plaintiffs' Third Amended Complaint.

44. These defendants deny the allegations in paragraph 44 of plaintiffs' Third Amended Complaint.

45. These defendants deny the allegations in paragraph 45 of plaintiffs' Third Amended Complaint.

46. These defendants deny, for want of knowledge, the allegations in paragraph 46 of plaintiffs' Third Amended Complaint.

47. These defendants deny, for want of knowledge, the allegations in paragraph 47 of plaintiffs' Third Amended Complaint.

48. These defendants deny, for want of knowledge, the allegations in paragraph 48 of plaintiffs' Third Amended Complaint.

49. These defendants deny, for want of knowledge, the allegations in paragraph 49 of plaintiffs' Third Amended Complaint.

50. These defendants deny, for want of knowledge, the allegations in paragraph 50 of plaintiffs' Third Amended Complaint.

51. These defendants admit Albert J. Schuholz was indicted for the murders of Marie Wright Schuholz and Starla Burns. These defendants deny the remaining allegations in paragraph 51 of plaintiffs' Complaint for want of knowledge.

52. These defendants deny, for want of knowledge, the allegations in paragraph 52 of the plaintiffs' Third Amended Complaint.

53. These defendants deny, for want of knowledge, the allegations in paragraph 53 of plaintiffs' Third Amended Complaint.

54. These defendants deny, for want of knowledge, the allegations in paragraph 54 of plaintiffs' Third Amended Complaint.

55. These defendants deny the allegations in paragraph 55 of plaintiffs' Third Amended Complaint.

56. These defendants deny the allegations in paragraph 56 of plaintiffs' Third Amended Complaint.

57. These defendants deny the allegations in paragraph 57 of plaintiffs' Third Amended Complaint.

58. These defendants deny the allegations in paragraph 58 of plaintiffs' Third Amended Complaint.

59. These defendants deny the allegations in paragraph 59 of plaintiffs' Third Amended Complaint.

60. These defendants deny the allegations in paragraph 60 of plaintiffs' Third Amended Complaint.

61. These defendants deny the allegations in paragraph 61 of plaintiffs' Third Amended Complaint.

62. These defendants deny the allegations in paragraph 62 of plaintiffs' Third Amended Complaint.

63. These defendants deny the allegations in paragraph 63 of plaintiffs' Third Amended Complaint.

64. These defendants deny the allegations in paragraph 64 of plaintiffs' Third Amended Complaint.

65. These defendants deny the allegations in paragraph 65 of plaintiffs' Third Amended Complaint.

66. These defendants deny the allegations in paragraph 66 of plaintiffs' Third Amended

Complaint.

67. These defendants deny the allegations in paragraph 67 of plaintiffs' Third Amended Complaint.

### Answer to First Claim

68. These defendants deny the allegations in paragraph 68 of plaintiffs' Third Amended Complaint.

### Answer to Second Claim

69. These defendants deny the allegations in paragraph 69 of plaintiffs' Third Amended Complaint.

### Answer to Third Claim

70. These defendants deny the allegations in paragraph 70 of plaintiffs' Third Amended Complaint.

### Answer to Fourth Claim

71. These defendants deny the allegations in paragraph 71 of plaintiffs' Third Amended Complaint.

72. Further answering, these defendants deny each and every allegation in plaintiffs' Third Amended Complaint save such as are herein specifically admitted to be true.

### SECOND DEFENSE

73. For their second further defense herein, these defendants state that the Third Amended Complaint of plaintiffs fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

74.     For their third and further defense these defendants incorporate their responses as above set forth and further state plaintiffs' claims are barred because they have failed to join an indispensable party or parties.

### FOURTH DEFENSE

75.     For their fourth and further defense herein, these defendants incorporate their responses as above set forth and further state they cannot be held liable pursuant to 42 U.S.C. '1983 on the theory of respondeat superior and the actions complained of in the Complaint do not constitute a constitutional violation on the part of these defendants.

### FIFTH DEFENSE

76.     For their fifth and further defense herein, these defendants incorporate their responses as above set forth and further state that they are entitled to all the defenses, immunities and setoffs contained within Ohio Revised Code Chapter 2744.

### SIXTH DEFENSE

77.     For their sixth and further defense herein, these defendants incorporate their responses as above set forth and further states the actions of these defendants were reasonable, in good faith, based upon probable cause, totally without actual or implied malice, and upon advice of counsel.

### SEVENTH DEFENSE

78.     For their seventh and further defense herein, these defendants incorporate their responses as above set forth and further states that they are immune pursuant to Ohio and federal law from plaintiffs' claim for punitive damages.

## EIGHTH DEFENSE

79. For their eighth and further defense herein, these defendants incorporate their responses as above set forth and further state plaintiffs' claims are barred by the public duty doctrine.

## NINTH DEFENSE

80. For their ninth and further defense herein, these defendants incorporate their responses as above set forth and further state that all or part of plaintiffs' claims are barred by the applicable statute of limitations.

## TENTH DEFENSE

81. For their tenth and further defense herein, these defendants incorporate their responses as above set forth and further state the injuries, and damages complained of in the complaint resulted from the negligent acts and/or omissions of decedents and/or decedents' beneficiaries or from the intervening negligence or intentional acts of some third party over which theses defendants had no control.

## ELEVENTH DEFENSE

82. For their eleventh and further defense herein, these defendants incorporate their responses as above set forth and further state that the City of Sharonville, Ohio and Mike Shappa are entitled to immunity with respect to all claims set forth in plaintiffs' Complaint pursuant to Federal Law, Ohio Law, and Chapter 2744 of the Ohio Revised Code.

## TWELFTH DEFENSE

83. For their twelfth and further defense herein, these defendants incorporate their responses as above set forth and further state defendant, Mike Shappa, is entitled to qualified immunity with respect to

their claims set forth in the plaintiffs' Third Amended Complaint.

## THIRTEENTH DEFENSE

84.     For their thirteenth further defense herein, these defendants incorporate their responses as above set forth and further state plaintiffs have failed to mitigate their damages.

## FOURTEENTH DEFENSE

85.     For their fourteenth further defense herein, these defendants incorporate their responses as above set forth and further state they breached no duty to plaintiffs and committed no constitutional violations.

## FIFTEENTH DEFENSE

86.     For their fifteenth and further defense these defendants incorporate their responses as above set forth and further state plaintiffs' claims are barred by virtue of collateral estoppel, res judicata, issue preclusion and/or claim preclusion.

WHEREFORE, having fully answered, defendants, James Cramer and William Nuss, pray that the Third Amended Complaint of plaintiffs be dismissed at their costs and that they take nothing thereby.

                                                                     s/Thomas T. Keating
                                              Thomas T. Keating
                                              Ohio Bar Number: 0011359
                                              Attorney for Defendants, James Cramer
                                              and William Nuss
                                              **KEATING, RITCHIE & SWICK**
                                              8050 Hosbrook, Suite 200
                                              Cincinnati, OH  45236
                                              (513) 891-1530
                                              (513) 891-1537 (fax)
                                              Email:  tkeating@krslawyers.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on **December 29, 2003**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECFF system which will send notification to the following: **Alphonse A. Gerhardstein, Esq.**, Attorney for Plaintiffs, and **Lawrence E. Barbiere**, Esq., Attorney for Defendants, City of Sharonville, Ohio and Mike Schappa.


              s/ Thomas T. Keating
              Thomas T. Keating