Randolph H. Freking (0009158)
Leslie E. Ghiz (0063781)
Trial Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA KAMMEYER, et al. | : | Case No. C-1-01-649 |
| | : | J. Spiegel |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF SHARONVILLE, OHIO, et al. | : | **DEFENDANT JAMES CRAMER'S** |
| | : | **MOTION TO COMPEL DISCOVERY** |
| Defendants. | : | **AND REQUEST FOR SANCTIONS** |

Now comes Defendant James Cramer who, pursuant to the Federal Rules of Civil Procedure, moves this Court for an Order compelling Plaintiffs Patricia Kammeyer, et al., to fully comply with production of document requests and interrogatories served by Defendant in discovery. Specifically, Defendant requests that Plainitffs be compelled to produce the documents requested in Defendant's First Request for Production of Documents, and that they be compelled to respond to Defendant's First Set of Interrogatories. The information sought by Defendant is relevant to the underlying action, reasonably calculated to lead to the discovery of admissible evidence, and properly discoverable. Defendant further seeks costs and fees associated with compelling this discovery. Defendant's extrajudicial efforts to resolve the dispute have failed. The reasons for this Motion are more fully contained in the attached Memorandum in Support.

Respectfully submitted,


\_\_/s/Leslie E. Ghiz_____
Randolph H. Freking (0009158)
Leslie E. Ghiz (0063781)
Trial Attorneys for Plaintiff
FREKING & BETZ
215 East Ninth Street, Fifth Floor
Cincinnati, OH  45202
(513) 721-1975
lghiz@frekingandbetz.com
randy@frekingandbetz.com

<u>**MEMORANDUM IN SUPPORT**</u>

**I.    <u>INTRODUCTION</u>**

Plaintiffs filed this action on September 20, 2001.  This Court's scheduling order set the

deadline for completing discovery on July 1, 2004.  Trial is set for November 16, 2004.

**II.    <u>STANDARD OF LAW APPLICABLE TO DISCOVERABLE INFORMATION</u>**

Federal Rule of Civil Procedure 26(b)(1) allows parties to discover information

"reasonably calculated to lead to the discovery of admissible evidence."  This standard is more

liberal than a requirement to demonstrate that the information sought is directly relevant to and

admissible at the trial of the claims in the lawsuit because "[a]dmissibility and relevance are not

at issue at this stage of the lawsuit."  *Willis v. Golden Rule Ins. Co.,* 56 FEP Cas. (BNA) 1451,

1454 (E.D. Tenn, 1991).  Furthermore, the burden is on the party opposing the production of

evidence to establish that the requested evidence does not fall within the broad scope of

Fed.R.Civ.P. 26(b)(1) or that its relevance is so marginal that it is outweighed by the harm that

may come from such disclosure.  *Trevino v. Celanese Corp.*, 701 F.2d 397, 405-06 (5th Cir.

1983).

The whole purpose of discovery is to allow both parties a chance to gather evidence that

is in the exclusive control of the other party.  *See, Hickman v. Taylor*, 329 U.S. 495, 507 (1947)

("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper

litigation."); *Goff v. Kroger Co.*, 121 F.R.D. 61 (S.D. Ohio 1988) (Weber, J.) ("this Court's

paramount pupose is to determine the truth, and the broad rules of discovery are essential tools to

facilitate the truth-finding process.").

III.    **ATTEMPTED DISCOVERY TO DATE AND EXTRAJUDICIAL EFFORTS TO OBTAIN THE DISCOVERY**

On January 27, 2004, Defendant served upon Plaintiffs his First Set of Interrogatories and Request for Production of Documents, to which Plaintiffs have not responded.  Plaintiffs' responses would have been due 30 days upon receipt.

On or about March 22, 2004, Defendant's counsel requested Plaintiffs' responses by telephone.  (Affidavit Leslie E. Ghiz, attached as Exhibit A at ¶ 2.)  Plaintiffs promised production of these responses by March 26, 2004.  (Exhibit A at ¶ 3.)  Defendant nonetheless failed to produce responses by that date.  (Exhibit A at ¶ 4.)   Plaintiffs subsequently promised production of responses to Defendant's interrogatories and document requests by March 29, 2004.  (Exhibit A at ¶ 4.)  However, Plaintiffs again failed to produce its responses.  (Exhibit A at ¶ 5.)  On March 29, 2004, Defendant again requested Plaintiffs' repsonses.  (Exhibit A at ¶ 6.)  Plaintiffs then promised production by March 31, 2004.  (Exhibit A at ¶ 6.)  To date, Defendant has not received a response.  (Exhibit A at  ¶ 7.)

IV.    **THE REQUESTED INFORMATION AND  DOCUMENTS COULD CLEARLY LEAD TO THE DISCOVERY OF RELEVANT INFORMATION**

The requested information is relatively routine in such cases.  Defendant is seeking information that may lead to the discovery of relevant evidence concerning Plaintiffs' allegation.

V.    **CONCLUSION**

Defendant is filing this Motion to Compel because of Plaintiffs' complete disregard of Defendant's discovery requests.  Defendant hereby respectfully requests this Court to order responses to interrogatories and the production of the documents, and to order that if the

2

documents are not produced within 10 days, default judgment will be entered against the

Plaintiffs.  Defendant further requests this Court award Defendant costs and fees associated with

compelling this discovery.


Respectfully submitted,


_/s/Leslie E. Ghiz_____
Randolph H. Freking (0009158)
Leslie E. Ghiz (0063781)
Trial Attorneys for Plaintiffs
FREKING & BETZ
215 East Ninth Street, Fifth Floor
Cincinnati, OH  45202
(513) 721-1975

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6th, 2004, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system.  Parties may access this filing through the Court's system.


                                        /s/ Leslie E. Ghiz