UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA KAMMEYER, et al.** | : | **CASE NO.: C-1-01-649** |
| **Plaintiffs,** | : | **Judge Spiegel** |
| | | **(Magistrate Perelman)** |
| **vs.** | : | |
| **CITY OF SHARONVILLE, OHIO, et al.** | : | |
| **Defendants.** | : | |

**REPLY MEMORANDUM OF DEFENDANT NUSS TO
PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO MOTION TO COMPEL**

In their Memorandum In Opposition To Defendant Nuss's Motion To Compel ("Memorandum") Plaintiffs devote almost all of their attention to the contention interrogatories served by Defendant Nuss. For that reason, Defendant Nuss will first briefly discuss those parts of the Motion Plaintiffs have chosen to completely ignore, and thereafter address Plaintiffs' argument relating to contention interrogatories.

**I.    INTRODUCTION**

With one exception,[1] Plaintiffs do not claim that the information/documents sought by Defendant Nuss are not discoverable. The reason for this is that, not only are they discoverable, they are directly relevant to Plaintiffs' claims and/or Defendants' defenses. (Indeed, in the contention interrogatories Defendant Nuss quotes Plaintiffs' allegations verbatim, and merely asks for the <u>facts</u> supporting those allegations.) What Plaintiffs complain about is the form of discovery chosen by Defendants, which will force them to disclose the facts or, more likely, the

---

[1] Plaintiffs assert that certain documents are protected by some sort of privilege. Some clearly are not protected, and Plaintiffs have failed to provide a privilege log for the other documents. (p. 19 of the motion.)

absence of facts, relating to their claims.

Plaintiffs assert that it is too early in this litigation for them to respond to this discovery. That, quite frankly, is not true. The murders that are the subject of this lawsuit occurred almost 25 years ago, and Plaintiffs have been close to the criminal investigation that entire time. Plaintiffs have had access to the criminal investigation file since 1997, and their counsel has had access to it for over a year. This lawsuit was commenced in September, 2001, when Plaintiffs first made allegations that are the subject of the discovery requests, and the discovery cut-off is July 1, 2004. As such, Plaintiffs have had ample time and access to the information necessary to fully respond to the discovery requests, and the discovery cut-off is less than 3 months away. Unless Plaintiffs are forced to meet their discovery obligations, Defendants will not be able to complete their discovery and fully prepare their defenses.

II.  **PLAINTIFFS COMPLETELY IGNORE AND DO NOT DISCUSS THE WAIVER OF THEIR RIGHT TO ASSERT ANY OBJECTIONS**.

As explicitly discussed in the Motion, the law is clear: unless a timely objection has been made to a discovery request, the objection is waived. For the reasons stated in the Motion, all of Plaintiffs' objections have been waived. (pp. 11-13 of the Motion.)

III. **PLAINTIFFS COMPLETELY IGNORE AND DO NOT DISCUSS THEIR FAILURE TO PROPERLY RESPOND TO A LARGE NUMBER OF THE DISCOVERY REQUESTS**

The following are the legitimate discovery requests that are subjects of the Motion that Plaintiffs completely ignore in their Memorandum:

1. The identities of the individuals with whom Plaintiffs have communicated about any aspect of their claims and information about those contacts. (pp. 14 and 15 of Motion.)

2. The identity of the employees and ex-employees of the City of Sharonville Police Department and information about those contacts.  (pp. 15 and 16 of the Motion.)

      3.     The City's policies, customs and practices that allegedly caused Plaintiffs' injuries. (p. 15 of the Motion.)

      4.     The facts directly related to Plaintiffs' denial of access to courts claim. (p. 16 of the Motion.)

      5.     The identities of the persons who were treated differently than Plaintiffs and the information about how they were treated differently, which relate directly to Plaintiffs' equal protection claim. (pp. 16 and 17 of the Motion.)

      6.     The identity of Plaintiffs' expert witnesses, their reports and their files. (pp. 17 and 18 of the Motion.)

      7.     The alleged privilege attached to "e-mail among family." (p. 19 of the Motion.)

      8.     The failure to provide a privilege log for the other allegedly privileged documents. (p. 19 of the Motion.)

In short, Plaintiffs have not even attempted to make an argument with respect to the above-referenced discovery requests. There is a good reason for this - no good faith argument can be made.

**IV.    RULE 34 <u>REQUIRES</u> PLAINTIFFS TO PROVIDE SEPARATE RESPONSES TO EACH DOCUMENT REQUEST**

Defendant Nuss does not contend, and has never contended, that Plaintiffs have not produced a large number of documents. Indeed, it is the fact that such a large number of documents have been produced in bulk and with no attempt to organize them in a manner corresponding with the specific discovery requests that is the problem.

Rule 34 and the interpretive case law <u>require</u> a party producing documents to organize and label them to correspond to the categories in the requests. (pp. 18 and 19 of the Motion.) It is particularly important that this requirement be strictly complied with where: (1) a large number of documents is involved; (2) Plaintiffs refuse to respond to contention interrogatories; (3) the discovery period is extremely short; and (4) it was Plaintiffs who insisted upon a short

discovery period.

The "searchable disc" to which Plaintiffs refer is a red herring. Defendant Nuss has no ability to search the disc to even come close to duplicating the separate responses required of Plaintiffs. Rather, such a search would be nothing but guess-work on the part of Defendant Nuss. The result of that search would, at best, be very incomplete, and, in all likelihood, inaccurate.

Finally, Plaintiffs cite no legal authority for their refusal to provide the separate responses required by Rule 34. Rather, they make the assertion that Defendants Nuss's motivation for insisting that Plaintiffs meet their discovery obligations in this regard is to "distract plaintiffs" and "further delay the proceedings." That statement is both unfounded and inaccurate. The simple truth is Plaintiffs have refused to meet these discovery obligations, and it is that conduct that is causing the distraction and delay.

## V.     PLAINTIFFS' ALLEGED MONETARY DAMAGES

If Plaintiffs suffered any monetary damages, they did so almost twenty-five years ago. Moreover, this lawsuit has been pending for over 2½ years, and, when the action was commenced, Plaintiffs were claiming that they had suffered those same monetary damages. Yet, with a discovery cut-off of July 1, 2004, Plaintiffs still do not commit to when this information will be provided. Instead, they state that "reports are in process," with no commitment about when they will be produced.

## VI.    PLAINTIFFS' ALLEGED PSYCHOLOGICAL INJURIES

Each of the Plaintiffs was explicitly asked about the pain, suffering, emotional distress and mental anguish they are alleged to have suffered. (See Interrogatory #6.) In response to the

interrogatory, Plaintiffs responded that "[n]o treatment was sought in 1998 or thereafter regarding this matter" and "Plaintiffs will be available for deposition to explain why it was so distressing to see [Albert Schuholz] almost kill his subsequent wife." This response is improper because, once again, Plaintiffs do not provide a substantive response, but rather direct Defendant Nuss to take their depositions. It is now clear that it is also improper for another reason. In their memorandum Plaintiffs for the first time state that they "have been evaluated by an expert psychologist . . ." Plaintiffs do not identify the psychologist, do not provide his file, and, while asserting that a report is in process, do not commit to when the report will be produced.

### VII.   THE SIXTH CIRCUIT HAS MADE CLEAR THAT CONTENTION INTERROGATORIES ARE APPROPRIATE, AND THEY ARE PARTICULARLY APPROPRIATE IN THIS CASE

Defendant Nuss has fully set forth why Plaintiffs' responses to his contention interrogatories are improper and incomplete. For that reason he will not repeat his arguments here. However, it is important that he briefly respond to certain of the arguments made by Plaintiffs.

1. The Sixth Circuit in *Starcher* explicitly held that contention interrogatories are appropriate. Because Plaintiffs cannot dispute that this is precisely what the Sixth Circuit held, they attempt to minimize its significance by stating the relevant holding in *Starcher* is found in a "cryptic footnote." With all due respect to Plaintiffs, the fact that the holding is in a footnote, cryptic or otherwise, does not mean that the Sixth Circuit did not mean what it said.

2. The aggressive scheduling order issued in this case was issued at Plaintiffs' insistence and only after Plaintiffs' counsel committed that full and timely responses to Defendant Nuss's discovery requests would be made. It would be unfair and prejudicial to Defendants to now permit Plaintiffs to renege on that commitment.

3. By these interrogatoreis Defendant Nuss merely asks that Plaintiffs state the facts supporting the allegations made in the Complaint and the amended complaints. Defendant Nuss has an absolute right to know these facts. Moreover, neither Plaintiffs nor their counsel should have made these serious allegations unless they knew the facts that support them.

4.     Plaintiffs assert that "the answers propounded by Plaintiffs are a good faith list of facts that support the allegations as they are known at this time." That assertion is inaccurate. The responses to the interrogatories provide virtually <u>no</u> facts, and are even more general than the conclusory allegations to which the interrogatories are directed.

5.     When Plaintiffs have reviewed the additional documents, tapes, etc., they <u>must supplement</u> their responses based upon what they have learned. However, that does not relieve them of the duty to make full responses at this time.

6.     As stated above, the disc provided by Plaintiffs is in no way a comparable to or legitimate substitute for full responses to these interrogatories. Not only does Defendant Nuss have to guess at which facts are responsive to which interrogatory; Plaintiffs do not even state which of the documents on the disc apply to the specific interrogatories and document requests.

7.     Defendant Nuss does not seek <u>any</u> work product. What he seeks is the disclosure of <u>facts</u>. Plaintiffs confuse "case theories" with facts. While the former may not be discoverable, the latter certainly are. Attorneys with knowledge of facts not covered by attorney-client privilege or work product protection are subject to discovery, and that is precisely what Defendant Nuss seeks here. (pp. 9-11 of the Motion.)

8.     Plaintiffs' assertion that they have had access to all of this [the investigation file] material . . . for a short time" is inaccurate. Plaintiff Wright had full access to the criminal investigation file for over seven years, and all of the plaintiffs and their counsel have had full access to the file for more than one year. (p. 4 of the Motion.)

9.     At Plaintiffs' insistence, this case was set for trial in November of 2004 and the discovery cut-off of July 1, 2004 was established. For these reasons, Plaintiffs' assertion that these types of interrogatories are premature is inaccurate. It is precisely because of the fast track that Plaintiffs insisted upon that makes the use of contention interrogatories particularly necessary in this case.

## VIII. <u>SANCTIONS</u>

Plaintiffs have refused, and continue to refuse, to meet their discovery obligations and fulfill the commitment they made to respond in full and in a timely manner to Defendant Nuss's discovery requests. Under these circumstances, sanctions should be imposed. (p. 21 of the Motion.)

## IX. <u>CONCLUSION</u>

For the reasons stated in his Motion and above, the Motion should be granted.

Respectfully submitted,

CRABBE, BROWN & JAMES LLP


s/Brian E. Hurley
Brian E. Hurley (0007827)
Robert J. Gehring (0019329)
30 Garfield Place, Suite 740
Cincinnati, Ohio 45202-4359
(513) 784-1525 - telephone
(513) 784-1250 - facsimile
Bhurley@cbjlawyers.com
Rgehring@cblawyers.com

Attorneys For Defendant William Nuss

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2004, a copy of the forgoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties my access this filing through the Court's system.


s/Brian E. Hurley
Brian E. Hurley


\\theserver\FirmDocs\NUSS\replymemotomotiontocompel.beh.wpd