### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA  KAMMEYER, et al. | : | Case No. C-1-01-649 |
| Plaintiffs | : | Spiegel, J. |
| vs. | : | |
| | | PLAINTIFF'S MOTION TO QUASH |
| CITY OF SHARONVILLE, et al. | : | SUBPOENAS TO PLAINTIFFS' FORMER ATTORNEY, MOTION FOR PROTECTIVE |
| Defendants | : | ORDER, MOTION FOR SANCTIONS AND MEMORANDUM IN SUPPORT |
| | : | |

## MOTION

Pursuant to Fed. R. Civ. Proc. 45 and 30 (d) (4) Plaintiffs move to quash two improper subpoenas and the notice of deposition of Plaintiffs.  Plaintiffs further move for a protective order to protect from disclosure the privileged contents of the improperly obtained subpoenaed materials.  Finally, Plaintiffs move for sanctions against Defendants Cramer and Nuss for their abuse of their subpoena powers.

## MEMORANDUM

Defendants have secretly served two subpoenas upon Ravert ("Jay") Clark, former counsel for the plaintiffs in violation of Fed. R. Civ. Proc. 45.  The first subpoena was issued January 28, 2004 by the attorney for Defendant Cramer.  (Exhibit A attached)  It commanded that he produce "all documentation referring, concerning or relating to your clients Patricia Kammeyer and James Wright."  This subpoena was never served on Plaintiff's counsel. Defendant Cramer received the contents of attorney Clark's file pursuant to this subpoena. Defendant Cramer never produced a copy of attorney Clark's file to Plaintiff's counsel. Plaintiff's counsel was finally provided with the contents of the produced file yesterday

prompting this motion.  The contents of this file contain attorney-client privileged information

and attorney work product information.

The second subpoena was issued to attorney Clark by Defendant Nuss on March 30,

2004.  It commanded his attendance at a deposition April 26, 2004.  It also commanded him to

bring with him "all documents/files that in any way relate to" the Plaintiffs.[1]  (Exhibit B

attached)  This subpoena was also never served on Plaintiff's counsel.  Instead, plaintiffs'

counsel was served with a notice of deposition which made no reference to either the subpoena

which had been issued or the protected documents which had been sought and already obtained.

(Exhibit C Attached).

Defendants have noticed Plaintiffs Patricia Kammeyer, James Wright, Lori Miller, and

Sue Baker for their depositions wherein Defendants will seek to question the Plaintiffs about

their former attorney's privileged file.  Therefore, Plaintiffs' depositions must be postponed until

the Court rules on this motion.

Plaintiffs now move:

1.      to quash Cramer's subpoena and Nuss's subpoena issued to attorney Clark;

2.      to prohibit the deposition of attorney Clark;

3.      for an order requiring the return of all copies of attorney Clark's files and
        prohibiting use of the information obtained by subpoena for any purpose at trial;

4.      for an order requiring defendants to produce all subpoenas, documents obtained
        by subpoena, and any other evidence not previously disclosed to plaintiffs and to
        order defendants to follow Fed. R. Civ. Proc. 45 in the future;

5.      to suspend the depositions of all plaintiffs pending order of this Court; and

6.      for sanctions against defendants Nuss and Cramer in the amount of reasonable
        attorney fees to plaintiff's counsel in litigating this matter.

---

[1] Unlike the prior subpoena, the subpoena issued by Defendant Nuss regarding the deposition provides that a
privilege log should be provided for any documents protected from discovery.  The documents have already been
produced to the defendants.  A privilege log is ineffectual at this point.

**A.    The Court Should Quash the Subpoenas and Issue a Protective Order Prohibiting the Use of the Privileged Documents**

Both secret subpoenas are unenforceable because they were not served on plaintiffs prior to their issuance in violation of Fed. R. Civ. Proc. 45 (b)(1). Rule 45 makes clear that "Prior notice of any commanded production of documents . . . before trial shall be served on each party . . ." Fed. R. Civ. Pro. 45(b)(1). "Prior notice" means prior to the service of the subpoena rather than prior to production. *Biocore Medical Technologies, Inc. v. Khosrowshahi*, 181 F.R.D. 660 (D. Kan. 1998). *See also, Schweizer v. Mulvehill*, 93 F. Supp.2d 376 (S.D. NY 2000); *Anderson v. Government of Virgin Islands*, 180 F.R.D. 284 (Virgin Islands 1998) (mere notice not sufficient; notice must be prior to service); *Spencer v. Steinman*, 179 F.R.D. 484 (PA 1998) (paralegal's issuance of subpoena without prior notice to all parties violated Rule 45 and because supervising attorney signed the subpoenas and directed them to be issued, he was directly liable for the violation). The purpose of prior notice is to "'afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents.'" *Spencer* at 488, quoting Fed. R. Civ P. 45 committee note to 1991 amendments.

Both subpoenas seek documents protected by the attorney-client privilege. This privilege has long been recognized as necessary to promote justice by encouraging a client to communicate completely and honestly with his attorney. *In re Antitrust Grand Jury*, 805 F.2d 155, 162 (6th Cir.1986). This allows a client to assist in the preparation of his defense without fear that his own admissions can be used against him through the compelled testimony of his attorney, including his former attorney. *See In re Grand Jury Subpoena Dated Oct. 22, 2001*, 282 F.3d 156, 160 (2nd Cir. 2002) (quashing subpoena requesting attorney to testify about statements made by former client). Therefore, both subpoenas should be quashed.

Both subpoenas further seek documents protected under the attorney-work product doctrine.  The work product privilege is "distinct from and broader than the attorney-client privilege." *In re Antitrust Grand Jury*, 805 F.2d at 163.  The attorney-work product doctrine is designed to prevent disclosure of the attorney's legal theories, research, and certain factual material gathered in preparation for proper representation of the client.  *See Hickman v. Taylor*, 329 U.S. 495, 508-13 (1947).  Moreover, while only the client may assert the attorney-client privilege, either the attorney or the client may invoke the work product doctrine. *In re Special September 1978 Grand Jury*, 640 F.2d 49 (7th Cir. 1980).

Federal Rule of Civil Procedure 26(b)(3) which covers the scope of the attorney-work product privilege states that in requiring the discovery of certain materials, the court "shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of a party concerning the litigation."  The Supreme Court has concluded that work product consists of the tangible and intangible material which reflects an attorney's efforts at investigating and preparing a case, including one's pattern of investigation, assembling of information, and determination of the relevant facts, preparation of legal theories, planning of strategy, and recording of mental impressions. *Hickman v. Taylor*, 329 U.S. 495, 511 (1947).  The documents sought fall squarely within the attorney-work product doctrine. Therefore, both subpoenas should be quashed.

Quashing the subpoenas is only half the solution.  At present, the defendants remain in possession of privileged material.  Defendants are not entitled to remain in possession of privileged documents which were obtained in violation of the civil rules.  The documents obtained subpoena should not be admitted as evidence nor used for any other purpose.

**B.      The Court Should Prohibit the Deposition of Attorney Jay Clark**

The deposition of Jay Clark should not proceed.  The deposition of Jay Clark will clearly involve questioning about information protected by either the attorney-client privilege or the attorney-work product doctrines and the documents obtained in violation of the civil rules.  If such a deposition were to occur, plaintiffs would invoke Federal Rule of Civil Procedure 30(d)(1) and instruct their former attorney "not to answer . . .when necessary to preserve a privilege."  Fed. Rule Civ. Pro. 30(d)(1).  Every question defendants may pose to Jay Clark could lead to information protected by a privilege.  In the alternative, attorney Clark's deposition should at least be suspended until the Court rules on this motion.  *See e.g. Ken's Foods, Inc. v. Ken's Steak House, Inc.*, 213 F.R.D. 89, 92 (D.Mass.,2002) (recognizing the suspension of a deposition so that opposing parties could seek a protective order).

**C.      The Court Should Suspend the Depositions of the Plaintiffs**

The defendants are currently in possession of material covered by both the attorney-client privilege and the work product doctrine.  These privileged materials were obtained in violation of the civil rules.  The plaintiffs would be subjected to questions regarding both the privileged documents and their prior relationship with their former attorney.  Defendants have noticed Plaintiffs for deposition on April 19, 20, 21, and 22, 2004.  While the filing of this motion automatically suspends the depositions pursuant to Fed. R. Civ. Proc. 30 (d) (4), the plaintiffs seek a court order protecting them from being deposed until this motion is ruled on.

**D.      The Court Should Impose Sanctions Against Defendants Cramer and Nuss**

The harm of issuing subpoenas without prior notice is not cured by an apology or eventual disclosure of the records in part because the failure to give prior notice "compromised

5

the integrity of the court's processes." *Spencer v. Steinman* 179 F.R.D. 484 (E.D. PA 1998).

The *Spencer* court was concerned with the attorney's abuse of power:

> The risks attached to the misuse of the subpoena power are great.  Under this delegation of public power, an attorney is licensed to access, through a non-party with no interest to object, the most personal and sensitive information about a party.  By failing to receive prior notice of the information sought from the non-party, a party is deprived of its greatest safeguard under the Rule, i.e., the ability to object to the release of the information *prior* to its disclosure.  Therefore, the loss of the opportunity to object prior to the release of the information caused injury to Steinman regardless of whether the information ultimately was turned over to his counsel.
>
> Moreover, the injury resulting from attorney misuse of the subpoena power is not limited to the harm it inflicts upon the parties.  Rather, misuse of the subpoena power also compromises the integrity of the court's processes. Under Rule 45, an attorney, as an officer of the court, is delegated the power to command a non-litigant to produce documents in a lawsuit to which he or she is a stranger.  With the power to coerce production goes the "increased responsibility and liability for the misuse of the power."  *Id.*  When the power is misused, public confidence in the integrity of the judicial process is eroded.  Therefore, the failure to provide prior notice to Steinman of the subpoenas to non-parties also caused injury to the public.

*Spencer* at 489.  Therefore, the *Spencer* Court ordered as sanctions that the attorney be admonished against issuing future subpoenas *duces tecum* to non-parties without prior notice and ordered the attorney to file an affidavit that all documents produced pursuant to subpoena have been produced.  Additionally, the attorney was ordered to pay attorney fees to the attorney bringing the violation to the attention of the Court.  *Id*. at 489.

In a similar case counsel for the University of Cincinnati ("UC") issued a subpoena and gave seven days prior notice to plaintiff's counsel before the due date for answering the subpoena. *Mann v. University of Cincinnati*, 152 F.R.D. 119 (S.D. Ohio 1993), *aff'd* 1997 WL 280188 (6th Cir. 1997)(Exhibit D Attached).  However, defense counsel secretly obtained the requested medical records prior to the subpoena due date thereby giving plaintiff's counsel no time to object prior to the disclosure.  UC's counsel also hid from the court during a hearing that she had already copied parts of the medical file.  The court held that the court had wide

6

discretion in sanctioning the attorney's behavior. *Id*. at 126. The Court noted it had "inherent

power to impose a variety of sanctions on both litigants and attorneys." *Id*. The sanctions could

be imposed for the purpose of deterrence of future litigants and for compensatory and punitive

purposes. *Id*. The Court ordered as sanctions that UC and its attorney were jointly liable for

paying damages to plaintiff in the amount of $2,500 and for paying fees of $3,300 to her

attorney. Additionally, the Court prohibited UC from using any of the subpoenaed documents.

Furthermore, the Court ordered:

> As required by Rule 45 and the general practices of this Court, defendants and their
> counsel must provide at least fourteen days notice to opposing counsel on all future
> subpoenas . . . .

While the sanctions in *Mann* were broad, the Court found them appropriate, especially since

defendants showed no remorse, since the Court wanted to deter defendants and others from

violating Rule 45.

Most recently, this Court issued sanctions against the Commonwealth of Virginia for its

improper use of its Fed. R. Civ. Proc. 45 subpoena power and ordered sanctions of attorney fees

to the improperly subpoenaed witness. See *Richmond Medical Center for Women v. Hicks*, S.D.

OH. Case No. 1:03-MC-46, Doc. 14 (Exhibit E Attached).

In light of these precedents, Plaintiffs respectfully requests that the Court impose the

following sanctions in order to deter further violations of Rule 45:

1. order defendants to produce all subpoenas, documents obtained by subpoena, and any
   other evidence not previously disclosed to plaintiff;

2. order defendants not to issue subpoenas under Federal Rule of Civil Procedure in the
   future without giving 14 days prior notice to the other parties in the case;

3. order all defendants who have received attorney Clark's case file to return all copies
   and not use any information derived from those files for any purpose;

7

4.  order defendants to pay reasonable attorney fees to Plaintiff's counsel for litigating this matter.

**E.      Conclusion**

For these reasons, Plaintiffs respectfully request that the subpoenas be quashed, the notice

of plaintiffs deposition be quashed, a protective order issue prohibiting the use of attorney

Clark's files and sanctions be issued.

**Respectfully submitted,**

 s/ Alphonse A. Gerhardstein
Alphonse A. Gerhardstein # 0032053
Trial Attorney for Plaintiffs
Paul Laufman  #0066667
Attorney for the Plaintiff
617 Vine Street, Suite 1409
Cincinnati, Ohio 45202
(513) 621-9100
(513) 345-5543 fax
agerhardstein@laufgerhard.com
plaufman@laufgerhard.com

**Certificate of Service**

I here by certify that on April 14, 2004, a copy of the foregoing pleading was filed

electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an

appearance by operation of the Court's electronic filing system.  Parties may access this filing

through the Court's system.

 s/ Alphonse A. Gerhardstein
Alphonse A. Gerhardstein