## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA  KAMMEYER, et al.** | : | **Case No. C-1-01-649** |
| **Plaintiffs** | : | **Spiegel, J.** |
| **vs.** | : | |
| **CITY OF SHARONVILLE, et al.** | : | **PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENAS TO** |
| **Defendants** | : | **PLAINTIFFS' FORMER ATTORNEY, MOTION FOR PROTECTIVE ORDER,** |
| | : | **AND MOTION FOR SANCTIONS (DOC. 145)** |

## <u>Introduction</u>

Plaintiffs filed a motion pursuant to Fed. R. Civ. Proc. 45 and 30(d)(4) seeking to quash two subpoenas which had been served by defendants Cramer and Nuss upon Ravert ("Jay") Clark, the plaintiffs' former attorney.  (Doc. 145).  The subpoenas in question sought privileged material which has apparently already been disclosed to the defendants.  Plaintiffs also moved for a protective order to protect from disclosure the privileged contents of the improperly obtained subpoenaed materials.  Finally, Plaintiffs moved for sanctions against defendants Cramer and Nuss on the grounds that they had abused the subpoena power by failing to serve copies of the subpoenas upon plaintiffs' counsel prior to their service as required by Fed. R. Civ. Proc. 45.  Plaintiffs now file this supplemental memorandum to clarify the facts and to withdraw their request for sanctions against defendant Nuss.  All other aspects of plaintiffs' motion remain in effect as the defendants' access to attorney Clark's file and his ultimate deposition remain in dispute and require the court's intervention.

**Supplemental Memorandum**

Plaintiffs' initial motion addressed two subpoenas which had been served upon attorney Clark. This supplemental memorandum addresses the subpoena issued to attorney Clark by Defendant Nuss on March 30, 2004. Plaintiffs' motion asserted that this subpoena had never been served upon plaintiffs' counsel. While this subpoena was not properly served upon plaintiffs' counsel prior to issuance to attorney Clark as required by Fed. R. Civ. Proc. 45, a copy was in fact served upon plaintiffs' counsel five days after it was served on attorney Clark.

Plaintiff faxed a letter to all defense counsel on April 5, 2004 requesting an explanation for the improper subpoenas to attorney Clark and demanding that any documents produced be returned immediately. Later that day, counsel for defendant Nuss faxed a copy of the subpoena which had previously been served subpoena to attorney Clark. (Exhibit A, attached). Federal Rule of Civil Procedure 45(b)(1) requires that subpoenas be served upon opposing counsel prior to their service. While defendant Nuss failed to comply with this rule prior to service upon attorney Clark and not until plaintiffs' request for information, plaintiffs withdraw their request for sanctions against defendant Nuss.

**Conclusion**

Plaintiffs' motion remains ripe for decision. Plaintiffs respectfully request that the subpoenas be quashed, a protective order issue prohibiting the use of attorney Clark's files and sanctions be issued against defendant Cramer.

**Respectfully submitted,**

  s/ Alphonse A. Gerhardstein
Alphonse A. Gerhardstein # 0032053
Trial Attorney for Plaintiffs
Paul Laufman  #0066667
Attorney for the Plaintiff

2

617 Vine Street, Suite 1409
Cincinnati, Ohio 45202
(513) 621-9100
(513) 345-5543 fax
agerhardstein@laufgerhard.com
plaufman@laufgerhard.com

**Certificate of Service**

I here by certify that on April 21, 2004, a copy of the foregoing pleading was filed

electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an

appearance by operation of the Court's electronic filing system.  Parties may access this filing

through the Court's system.


 _s/ Paul M. Laufman_____
Attorney for Plaintiffs