UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA KAMMEYER, et al., | : | Case No. C-1-01-649 |
| | : | J. Spiegel |
| Plaintiffs, | : | |
| | : | **DEFENDANT JAMES CRAMER'S** |
| v. | : | **MEMORANDUM IN OPPOSITION** |
| | : | **TO PLAINTIFFS' MOTION FOR** |
| CITY OF SHARONVILLE, OHIO, et al., | : | **SANCTIONS** |
| | : | |
| Defendants. | : | |

On April 14, 2004, Plaintiffs served their Motion to Quash Subpoenas to Plaintiffs' Former Attorney, Motion for Protective Order against Defendants City of Sharonville, Schappa, Nuss and Cramer, and a Motion for Sanctions against Defendants Nuss and Cramer. On April 21, 2004, Plaintiffs filed a Supplemental Memorandum withdrawing their request for sanctions against Defendant Nuss. On April 26, 2004, a Joint Memorandum of Defendants in Opposition to Plaintiffs' Motion to Quash Subpoenas and Motion for Protective Order was filed by counsel for Defendant Nuss. This Joint Memorandum did not address the Plaintiffs' Motion for Sanctions against Defendant Cramer.

For the following reasons, Defendant Cramer asks that Plaintiffs' Motion for Sanctions against him be dismissed.

**I.   INTRODUCTION**

On May 8, 1981, two women, Marie Wright Schuholz and Stara Burns, were murdered in an apartment in the City of Sharonville ("City"), Ohio. At that time, Defendant William Nuss was the Police Chief of the City, and two other Defendants James Cramer and Mike Schappa, were police officers employed by the City. Cramer was in charge of the investigation of the

murders. Both Cramer and Nuss retired from the City in the early 1990's, more than 10 years before this lawsuit was filed.

On September 25, 2001, the Plaintiffs, children of the two women who had been killed, filed the Complaint in this litigation. Thereafter, Plaintiffs filed First and Second Amended Complaints.

A scheduling conference was held on January 22, 2004 regarding the above-referenced case. Defendants' counsel, two of whom were new to the case, stated that their personal and professional commitments would make such an aggressive schedule very difficult for them to meet and suggested a trial date of early 2005. However, this was unacceptable to Plaintiffs' counsel who said that the other attorneys in their respective firms and Defendants' counsel could attend deposition in hearings, etc. The Court agreed with Plaintiffs' counsel and issued a Scheduling Order by which a July 1, 2004 discovery cut-off and a November 16, 2004 trial were set. The Court imposed upon the parties a period of five months to complete discovery in a case that involves 20-year old facts, dozens of potential witnesses, thousands of documents, and damage claims in the millions of dollars. Out of necessity, Defendants were forced to fast-track discovery, and Plaintiffs almost immediately deposed Defendants Schappa and Cramer.

Prior to filing the Complaint, in early 1999, Plaintiffs contacted attorney Jay Clark ("Clark") for the purpose of retaining him in connection with the claims they may have had against the City and/or its employees. During the summer of 1999, Mr. Clark, then counsel for the Plaintiffs, made contact with the City's legal counsel to discuss the murder investigation, as well as to discuss how Cramer had conducted and had overseen that investigation. Later in 1999, Mr. Clark made a settlement demand on behalf of Plaintiffs to the City. (See Clark letter, 3/14/04, attached hereto as Ex. A.) Eventually, Mr. Clark was unable to handle Plaintiffs' case and Plaintiffs retained current counsel.

After the scheduling conference in January 2004, counsel for Defendant Cramer subpoenaed Mr. Clark's documents with regard to this matter and his representation in particular of Patricia Kammeyer and James Wright. This subpoena was filed on January 28, 2004. When the subpoena was issued to Mr. Clark, service to current counsel for the Plaintiffs was inadvertently left out. As a result, Plaintiffs filed a Motion for Sanctions against Defendant Cramer on April 14, 2004, nearly two and one-half months after the subpoena had been issued.

## II.  ARGUMENT

As noted in the files, a dispute has arisen between the parties as to whether the Plaintiffs were served with a copy of a subpoena to compel documents from Mr. Clark, and whether Plaintiffs' had notice of the subpoena.

On January 28, 2004, counsel for Defendant Cramer had a subpoena *duces tecum* served on attorney Clark. Service to Plaintiffs' counsel was inadvertently left out. However, Plaintiffs' counsel was aware no later than mid-February 2004, that a subpoena had been served on Attorney Clark. (See Clark letter, 3/12/04, as Ex. B). Mr. Clark did not produce any documents in response to the subpoena until March 14, 2004 (See Ex. A).

Between mid-February 2004 and March 14, 2004, Plaintiffs took none of the required steps, including filing a motion for protective order or motion to quash to stop Mr. Clark from complying with the subpoena. Additionally, Ex. B states that Mr. Clark had already provided counsel for the Plaintiffs with all documents relating to the Plaintiffs. (See Ex. B).

Counsel for Defendant Cramer made it clear to Mr. Clark that no privileged documents should be produced, and Mr. Clark complied with that directive. (See Freking letter, 3/4/04, as Ex. C). Mr. Clark reiterated in his March 14, 2004 letter to Counsel for Cramer, that no privileged documents were produced by him: "[a]s you directed in your letter of March 4, 2004,

3

I have not produced anything I believe to be privileged."

Finally, the documents produced by Mr. Clark had no protection from discovery, and any work product protection provided the other documents has been waived.

**A. Plaintiffs' Counsel Was on Notice That a Subpoena Had Been Issued to Mr. Clark.**

In spite of the fact that Plaintiffs' Counsel was not served with a copy of the subpoena to Mr. Clark, Plaintiffs' Counsel knew that the documents had been subpoenaed, yet chose not to act on this knowledge. (See Ex. B). Mr. Clark was served in late January 2004, and within a few weeks, had notified Plaintiffs' Counsel that the documents had been subpoenaed, and that Mr. Clark was preparing to turn them over to Counsel for Cramer. (See Ex. A.). However, Plaintiffs' Counsel waited until over a month later to file a Motion for Sanctions against Defendant Cramer. By failing to act, Plaintiffs' Counsel has essentially waived any right they may have to object to the subpoena.

**B. Plaintiffs' Counsel Had Access to the Same Files Before They Were Subpoenaed.**

Prior to the subpoena being issued by Defendant Cramer, Plaintiffs had full access to the very same documents and file as demanded in the subpoena. (See Ex. A). Mr. Clark stated in a letter to Plaintiff's counsel on March 12, 2004, "[d]uring a telephone conversation in mid-February, I requested you make copies of any documents I had provided to you on behalf of my former, and your current clients, Patti Kammeyer and Jim Wright." Mr. Clark had clearly provided the file to Plaintiffs' counsel at that time. However, one month later, Plaintiffs' counsel chose to file a Motion for Sanctions because they had not been served with a copy of the subpoena. The purpose of serving counsel with a copy of a subpoena is to put them on notice that documents have been requested. Plaintiffs' counsel was clearly already on notice, as Mr. Clark had let them know he was under a federal subpoena.

4

### III.  CONCLUSION

For the reasons stated above, Plaintiffs' notice of the subpoena and subsequent delay in acting on this knowledge should cause their Motion for Sanctions to be null and void.  Defendant Cramer respectfully requests this Court to deny Plaintiffs' Motion for Sanctions.

Finally, with respect to this Motion for Sanctions, any additional expenses and attorneys' fees incurred in connection with the filing of Plaintiffs' motion are self-imposed due to Plaintiffs' counsel's failure to exhaust extra-judicial attempts to address the issue with Defendant Cramer's counsel, and should therefore be absolutely denied.

Respectfully submitted,

   /s/ Leslie E. Ghiz
Leslie E. Ghiz (0063781)
Randolph H. Freking (0009158)
Trial Attorneys for Defendant
FREKING & BETZ
215 East Ninth Street, Fifth Floor
Cincinnati, OH  45202
Phone:  (513) 721-1975
Fax:  (513) 651-2570
E-mails:  lghiz@frekingandbetz.com
              randy@frekingandbetz.com

## CERTIFICATE OF SERVICE

    I hereby certify that on May 13, 2004, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                                /s/ Leslie E. Ghiz