Leslie E. Ghiz (0063781)
Randolph H. Freking (0009158)
Trial Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA KAMMEYER, et al., | : | Case No. C-1-01-649 |
| | : | J. Spiegel |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF SHARONVILLE, OHIO, et al., | : | **DEFENDANT JAMES CRAMER'S** |
| | : | **AMENDED MOTION TO COMPEL** |
| | : | **DISCOVERY AND REQUEST FOR** |
| Defendants. | : | **SANCTIONS** |

Defendant James Cramer, pursuant to the Federal Rules of Civil Procedure, moves this Court for an Order compelling Plaintiffs Patricia Kammeyer, et al., to fully comply with document requests and interrogatories served by Defendant in discovery. Specifically, Defendant requests that Plaintiffs be compelled to produce certain documents requested in Defendants' First Request for Production of Documents, and that they be compelled to respond to certain interrogatories contained in Defendant's First Set of Interrogatories. The information sought by Defendant is relevant to the underlying action, reasonably calculated to lead to the discovery of admissible evidence, and properly discoverable. Defendant further seeks costs and fees associated with compelling this discovery. The reasons for this Motion are more fully contained in the attached Memorandum in Support.

Respectfully submitted,


    /s/ Leslie E. Ghiz
Leslie E. Ghiz (0063781)
Randolph H. Freking (0009158)
Trial Attorneys for Defendant
FREKING & BETZ
215 East Ninth Street, Fifth Floor
Cincinnati, OH  45202
(513) 721-1975
(513) 651-2570 (fax)
lghiz@frekingandbetz.com
randy@frekingandbetz.com

**MEMORANDUM IN SUPPORT**

I.  **INTRODUCTION**

Defendant Cramer filed a Motion to Compel Discovery on April 6, 2004 because Plaintiffs had failed to respond to Defendant's Interrogatories and Request for Production of Documents. After the Motion to Compel was filed, on April 14, 2004, Plaintiffs finally responded to the Interrogatories and Request for Production of Documents, but failed to answer legitimate and necessary "contention interrogatories," or produce documents noted by Plaintiffs in their response, but not contained on the discs provided to Defendant.

II.  **STANDARD OF LAW APPLICABLE TO DISCOVERABLE INFORMATION**

Federal Rule of Civil Procedure 26(b)(1) allows parties to discover information "reasonably calculated to lead to the discovery of admissible evidence." This standard is more liberal than a requirement to demonstrate that the information sought is directly relevant to and admissible at the trial of the claims in the lawsuit because "[a]dmissibility and relevance are not at issue at this stage of the lawsuit." *Willis v. Golden Rule Ins. Co.,* 56 FEP Cas. (BNA) 1451, 1454 (E.D. Tenn, 1991). Furthermore, the burden is on the party opposing the production of evidence to establish that the requested evidence does not fall within the broad scope of Fed.R.Civ.P. 26(b)(1) or that its relevance is so marginal that it is outweighed by the harm that may come from such disclosure. *Trevino v. Celanese Corp.*, 701 F.2d 397, 405-06 (5th Cir. 1983).

The whole purpose of discovery is to allow both parties a chance to gather evidence that is in the exclusive control of the other party. *See, Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper

litigation."); *Goff v. Kroger Co.*, 121 F.R.D. 61 (S.D. Ohio 1988) (Weber, J.) ("this Court's paramount purpose is to determine the truth, and the broad rules of discovery are essential tools to facilitate the truth-finding process.").

The party who opposes discovery carries a "heavy burden" of showing why discovery should not be allowed. See *Hickman* at 507. This permits a party to obtain from another party all relevant, non-privileged information merely by asking.

All non-privileged information relevant to the subject matter[1] involved in the pending case is discoverable. The term "relevant" encompasses any matter "that bears on or that reasonably could lead to the other matter that could bear on any issue that is or may be in the case." See, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Oil Chemical & Atomic Workers Local Union v. N.L.R.B.,* 711 F.2d 348, 360 (D.C. Cir. 1983). Requests for discovery are proper if there is any possibility that the information sought may be relevant to any issue (e.g., matters relating to a claim or defense and/or credibility of a witness) in the action, even if it is already known to the discovering party. See, Wright & Miller, Federal Practice and Procedure, §2015 at 113-121 (1970). Finally, a request seeking any information which provides any sources or leads about potential trial evidence is proper. See Wright & Miller, Federal Practice and Procedure §2015 at 113-121 1970.)

**III.    PLAINTIFFS' OBJECTIONS ARE WITHOUT MERIT AS "CONTENTION INTERROGATORIES" ARE LEGITIMATE FORMS OF DISCOVERY AND**

---

[1] The term "subject matter" relates to any matter in the case, including the credibility of a witness and the merits and the case. 4 Moore's Federal Practice §26.56[1], at 26-117 (2d Ed. 1988).

2

**PLAINTIFFS DO NOT DETERMINE WHEN DISCOVERY IS APPROPRIATE.**

The Sixth Circuit has held that contention interrogatories are legitimate interrogatories. See *Starcher v. Correctional Medical Systems, Inc.* 144 F.3d 418, 421-22 (6th Circuit 1998). Contention interrogatories are those that seek to clarify the basis for or the scope of an adversary's legal claims. *Id.* citing *Taylor v. FDIC*, 328 U.S. App. D.C. 52, 132 F.3d 753, 762 (D.C. Cir. 1997); *Vidimos, Inc. v. Laser Lab Ltd.*, 99 F.3d 217, 222 (7th Cir. 1997).

IV. **THE REQUESTED INFORMATION AND DOCUMENTS COULD CLEARLY LEAD TO THE DISCOVERY OF RELEVANT INFORMATION.**

The requested information is relatively routine in such cases. Defendant is seeking information that may lead to the discovery of relevant evidence concerning Plaintiffs' allegations.

    A.    **The Answers to Defendant's Interrogatories Were Incomplete**

In his Interrogatory Requests, Defendant asked Plaintiffs Kammeyer and Wright the same Interrogatories as Plaintiffs Miller and Baker.

Interrogatory 1 simply requested that Plaintiffs provide the factual basis for their allegation in paragraph one of the Third Amended Complaint that "police officers...destroyed evidence of a murder and conspired for over twenty years to cover up facts crucial to solving the murders...," and asked for the facts giving rise to this conclusion. Plaintiffs objected to all contention interrogatories, cited to documents under seal and answered "[a]dditional acts by Cramer and others await review of material in evidence room [City of Sharonville], the twelve boxes in Mr. Barbiere's [Defendant Schappa's attorney] possession, and depositions." Plaintiffs have had months to review the evidence in the evidence room at the City of Sharonville and the

boxes of documents at counsel's office, and thus must produce more specific answers to this interrogatory.

Interrogatory 3 requested that Plaintiffs provide the factual basis for their allegation in paragraph two of the Third Amended Complaint, where Plaintiffs allege Defendant "covered up evidence linking Albert J. Schuholtz to the murders...." and that the Defendant "acted in concert with all other defendants..." and asked for all the facts supporting these allegations. Plaintiffs cited to documents under seal and answered "[a]dditional acts by Nuss await review of material in evidence room [City of Sharonville], the twelve boxes in Mr. Barbiere's [Defendant Schappa's attorney] possession, and depositions." Plaintiffs have had months to review the evidence in the evidence room at the City of Sharonville and the boxes of documents at counsel's office, and thus must produce more specific answers to this interrogatory.

Interrogatory 4 requested that Plaintiffs provide the factual basis for their allegation in paragraph two of the Third Amended Complaint, where Plaintiffs allege Defendant "covered up evidence that has been destroyed..." and asked for the source and evidence to support the contention. Plaintiffs cited to documents under seal and answered "[a]dditional acts by Cramer await review of material in evidence room [City of Sharonville], the twelve boxes in Mr. Barbiere's [Defendant Schappa's attorney] possession, and depositions." Plaintiffs have had months to review the evidence in the evidence room at the City of Sharonville and the boxes of documents at counsel's office, and thus must produce more specific answers to this interrogatory.

Interrogatory 5 requested that Plaintiffs provide the factual basis for their allegation in paragraph two of the Third Amended Complaint, where Plaintiffs allege Defendant "covered up other facts crucial to the timely solution of the murder case..." and asked for the source and

evidence to support this contention. Plaintiffs cited to documents under seal and answered "[a]dditional acts by Cramer await review of material in evidence room [City of Sharonville], the twelve boxes in Mr. Barbiere's [Defendant Schappa's attorney] possession, and depositions." Plaintiffs have had months to review the evidence in the evidence room at the City of Sharonville and the boxes of documents at counsel's office, and thus must produce more specific answers to this interrogatory.

Interrogatory 9 requested that Plaintiffs provide the factual basis for their allegation in paragraph 40 of the Third Amended Complaint, where Plaintiffs allege Defendant "...removed evidence from the murder scene and from the automobile of Marie and that evidence has since been destroyed..." and asked for the source and facts supporting this contention. Plaintiffs cited to documents under seal and answered "[a]dditional acts by Cramer await review of material in evidence room [City of Sharonville], the twelve boxes in Mr. Barbiere's [Defendant Schappa's attorney] possession, and depositions."  Plaintiffs have had months to review the evidence in the evidence room at the City of Sharonville and the boxes of documents at counsel's office, and thus must produce more specific answers to this interrogatory.

Interrogatory 10 requested that Plaintiffs provide the factual basis for their allegation in paragraph 41 of the Third Amended Complaint, where Plaintiffs allege Defendant "...was advised by an informant that Albert J. Schuholtz had attempted to hire the informant to murder Marie..." and asked for the source and facts supporting this contention. Plaintiffs cited to documents under seal and answered "[a]dditional acts by Cramer await review of material in evidence room [City of Sharonville], the twelve boxes in Mr. Barbiere's [Defendant Schappa's attorney] possession, and depositions."  Plaintiffs have had months to review the evidence in the

5

evidence room at the City of Sharonville and the boxes of documents at counsel's office, and thus must produce more specific answers to this interrogatory.

Interrogatory 11 requested that Plaintiffs provide the factual basis for their allegation in paragraph 45 of the Third Amended Complaint, where Plaintiffs allege Defendant acted pursuant to an agreement or conspiracy to injure Plaintiffs, and asked for the source and facts supporting this contention. Plaintiff's cited to documents under seal and answered "[s]ee also inaction by Nuss given other misconduct by Cramer as documented in Cramer personnel file. Additional acts by Cramer await review of material in evidence room [City of Sharonville], the twelve boxes in Mr. Barbiere's [Defendant Schappa's attorney] possession, and depositions." Plaintiffs have had months to review the evidence in the evidence room at the City of Sharonville and the boxes of documents at counsel's office, and thus must produce more specific answers to this interrogatory. Plaintiffs failed to even cite the Bates numbers relevant to Cramer's personnel file.

The Plaintiffs wrongly object to all contention interrogatories stating that they are "premature at this stage of discovery and would be more appropriate after sealed documents and other documents responsive to Plaintiffs' discovery are under control of Plaintiffs." The Plaintiffs have been given access to all documents under seal by this Court. Their objection to contention interrogatories based upon their lack of knowledge of sealed documents is a smoke screen to cover the Plaintiffs' own failure to have or produce answers to the Defendant's interrogatories.

Furthermore, Plaintiffs give few facts that they maintain support their allegations and then direct Defendant to discern any and all other facts by searching computer discs. When Plaintiffs did reference the computer discs in their responses (Cramer personnel file), Plaintiffs did not cite

Bates numbers for reference.  Defendant's personnel file contains nearly 200 documents.

Cramer's interrogatories simply restated the Plaintiffs' Third-Amended Complaint and then asked to have all the facts supporting the specific allegations made by Plaintiff and Plaintiff's sources of information of those facts to be disclosed.  Cramer is only trying to determine the factual basis of Plaintiff's claims in order to defend himself.

**B.    The Plaintiffs Failed to Produce Documents That Are Available to Them**

Defendant asked in his Request for Production of Documents for each and every document that supports the Plaintiff's answers to Defendant's Interrogatories.  Some documents were cited by Plaintiffs, but a number of documents were not produced, even when these documents are not under seal, privileged and have been readily available to Plaintiffs.

Defendant' Request for Production of Documents numbers 1, 3, 4, 5, 9, 10, and 11 all ask for each and every document that supports the corresponding Interrogatory.  Plaintiff's did not produce many of the documents cited in their answers to Defendants' Interrogatories, including documents contained in boxes at Defendant Schappa's attorney's office.  A description of any such documents is not even attempted.  Additionally, in Plaintiffs answer to Interrogatory 11 (Defendant's Request for Production of Documents 11 asked for all supporting documentation for Interrogatory 11), they state specifically, "[s]ee also inaction by Nuss given other misconduct by Cramer as documented in Cramer personnel file..." but fail to cite to the Bates numbers given to the documents on the computer discs provided. Defendant is expected to fish through nearly 200 documents and guess which documents to which Plaintiffs refers.

**C.    The Privilege Log Provided by Plaintiffs Is Inadequate**

Plaintiffs withheld a number of documents based upon the attorney-client privilege or as

7

"e-mail among family." The attorney-client privileged documents must be shown in a privilege log, with more than the vague description produced by Plaintiffs. <u>See</u> Rule 26(b)(6). Additionally, e-mail among family is not privileged communication. Plaintiffs' assertion that e-mail between family members (Bates no. 300013-17; 300024-25; 300139-143; 300144-45; and 300101) is privileged, is wrong.

The privilege log provided states that all documents described as "Jay Clark letter" (Bates No. 30003-4), "Jay Clark File" (Bates No. 180001-67), and "Notes from attorney contact" (Bates No. 300154) are protected by the attorney-client privilege. However, these descriptions do not provide Defendant with enough information to assess the claim of privilege, and Plaintiffs' refusal to do so should result in either a rejection of the privilege claim, or in the alternative, an order directing Plaintiffs to provide enough information about each document that Defendant can assess whether it is privileged.

Defendant Cramer gave the Plaintiffs ample time to answer the interrogatories and the request for production of documents, yet, Plaintiffs continued to ignore the requests, and when Plaintiffs did provide answers to the discovery requests, they were incomplete.

## V. **CONCLUSION**

Defendant is filing this Amended Motion to Compel because of Plaintiffs' disregard of discovery rules. Defendant hereby respectfully requests this Court to order complete responses to interrogatories and the production of the documents, and to order that if the responses/documents are not produced within 10 days, default judgment will be entered against the Plaintiffs. Defendant further requests this Court award Defendant costs and fees associated with compelling this discovery.

Respectfully submitted,

/s/ Leslie E. Ghiz
Randolph H. Freking (0009158)
Leslie E. Ghiz (0063781)
Trial Attorneys for Defendant
FREKING & BETZ
215 East Ninth Street, Fifth Floor
Cincinnati, OH  45202
(513) 721-1975
(513) 651-2570 (fax)
lghiz@frekingandbetz.com
randy@frekingandbetz.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 14, 2004, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

                                          /s/ Leslie E. Ghiz