# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

PATRICIA KAMMEYER, *et al.*,

      Plaintiffs,

vs.

                                   Case No.  1:01-cv-649
                                   (Spiegel, J.; Black, M.J.)

CITY OF SHARONVILLE, *et al.*,

      Defendants.

**ORDER THAT: (1) MOTION OF DEFENDANT NUSS TO COMPEL AND FOR SANCTIONS (Doc. 136) IS GRANTED IN PART AND DENIED IN PART; (2) DEFENDANT JAMES CRAMER'S MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS (Doc. 137) IS GRANTED IN PART AND DENIED IN PART; AND (3) EXHIBITS 2 AND 3, FILED IN SUPPORT OF DEFENDANT NUSS'S MOTION (Doc. 136, exs. 2, 3) SHALL BE SEALED**

       This is a civil rights action against the City of Sharonville ("City") and police officers who allegedly destroyed evidence of a 1981 murder and conspired to cover up facts crucial to solving the murder.  (*See* doc. 119, "Third Amended Complaint"). Defendants William Nuss ("Nuss") and James Cramer ("Cramer"), by counsel, have separately filed motions to compel discovery and for sanctions. (*See* docs. 136, 137). Plaintiffs have filed a sealed memorandum in opposition to Nuss's motion with a request that Exhibits 2 and 3, attached to Nuss's motion (doc. 136), also be sealed.  (*See* doc. 143).  Cramer's motion is unopposed.

       In support of his motion to compel discovery, Nuss contends that plaintiffs did not respond to his discovery requests in a timely manner, that they refused to respond in full

to contention interrogatories,[1] and that they failed to respond to damages interrogatories.

In response to Nuss's requests for documents, plaintiffs scanned certain materials and created a computer disk that they served with their responses. They also provided a privilege log identifying documents which they sought to protect.  Plaintiffs admit that their responses were served late but maintain that their answers were made in good faith and based on the information known to them at the time.  They contend that the information to which Nuss is entitled can be found on the searchable disk and that it would be unduly burdensome to provide detailed responses to each discovery request. They object to the contention interrogatories as improper requests for information protected by the work product doctrine.

Plaintiffs also state that they have responded "as best they could at this stage of discovery;" that they are "not yet in a position to provide specific direction;" that they are "still learning the scope of the problem;" and that "after the full criminal investigation has been produced ... then more will be available."  (*See* doc. 43, pp. 4-6).  Plaintiffs further suggest that even if some of the contention interrogatories were appropriate, they need

---

[1]    The Sixth Circuit has provided the following explanation:

"Contention" interrogatories are interrogatories that seek to clarify the basis for or scope of an adversary's legal claims.  The general view is that contention interrogatories are a perfectly permissible form of discovery, to which a response ordinarily would be required.

*Starcher v. Correctional Medical Sys., Inc.,* 144 F.3d 418, 421 n.2 (6th Cir. 1998) (citations omitted).

not be answered until the end of discovery.  (*Id.* at 8).

Finally, with respect to damages interrogatories, plaintiffs acknowledge that defendants are entitled to know what losses have been incurred and the extent of plaintiffs' psychological injuries. They state that an expert report has been prepared and will be released to defendants "any day." (*Id.* at 9).

Cramer alleges in his motion to compel that plaintiffs have completely disregarded his requests for discovery.  Plaintiffs' counsel allegedly promised to produce responses by March 26, 2004, then by March 29, 2004, and finally by March 31, 2004.  As of April 6, 2004, the date that Cramer filed his motion, plaintiffs had not yet responded.

Plaintiffs' objections to Nuss's discovery requests are not well-taken.

It is well established that "[p]arties may obtain discovery on any matter, not privileged which is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1).  While plaintiffs correctly state that the work product doctrine protects "mental impressions, conclusions, opinions, or legal theories ... concerning the litigation," *see Toledo Edison Co. v. G.A. Technologies, Inc.,* 847 F.2d 335, 339-40 (6th Cir. 1988), they may still be required to provide factual responses to contention interrogatories.  *See Starcher v. Correctional Med. Sys. Inc.,* 144 F.3d 418, 421-22 & n.2 (6th Cir. 1998).

> Discovery of a party's alleged work product involves a burden shifting process. The party seeking discovery must show that the documents are relevant. The resisting party then must show that it or its agent prepared the document in anticipation of litigation. The discovering party must then

show that it (1) has a substantial need for the information, but (2) is unable to obtain the substantial equivalent of the materials without undue hardship.

*Toledo Edison Co.,* 847 F.2d at 339-40.

This Court finds that Nuss has met his burden of showing that the information he seeks through the so-called "contention interrogatories" is relevant and necessary and that he is unable to obtain the substantial equivalent by other means.

The Court being sufficiently advised, and for good cause shown, **IT IS THEREFORE ORDERED THAT**:

1. The motion of defendant Nuss to compel and for sanctions (doc. 136) is **GRANTED IN PART** as follows: plaintiffs are hereby **ORDERED** (a) to provide, **within fifteen (15) days** of the date of this Order, supplemental responses to defendant Nuss's First Set of Interrogatories, including information concerning alleged monetary losses and the extent of plaintiff's psychological injuries; and (b) to produce, to the extent that such documents have not already been produced or logged, specific documents responsive to defendant Nuss's Request for Production of Documents.

2. The motion of defendant Nuss to compel and for sanctions (doc. 136) is **DENIED IN PART** as follows: the record does not, at the present time, support the imposition of any discovery sanction against plaintiffs. However, in the event of a failure on the part of plaintiffs to comply with this Order, the request for sanctions may be renewed.

4

3.      Defendant Cramer's unopposed motion to compel discovery and request for

sanctions is **GRANTED IN PART** and **DENIED IN PART**, as follows:

(a) plaintiffs are **ORDERED** to produce their responses to defendant

Cramer's discovery requests **within fifteen (15) days** of the date of this

Order; and (b) defendant Cramer may renew his request for sanctions in the

event plaintiffs fail to comply with this Order.

This Court also finds, in light of the Court's prior Orders concerning confidential

materials, that plaintiffs' request to seal the exhibit copies of their responses to Nuss's

discovery requests has merit.

Therefore, **IT IS FURTHER ORDERED THAT** Exhibits 2 and 3 of the motion

of defendant Nuss to compel and for sanctions (*see* doc. 136, exs. 2, 3) be **SEALED**.  *See*

S.D. Ohio Civ. R. 79.3.

**IT IS SO ORDERED**.


Date:   5/11/04                              s/Timothy S. Black
                                            Timothy S. Black
                                            United States Magistrate Judge