UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA KAMMEYER, et al.** | : | Case No. 1:01-CV-649 |
| **Plaintiffs** | : | Spiegel, J. |
| | | Black, MJ. |
| vs. | : | |
| | | PLAINTIFFS' OBJECTIONS TO |
| **CITY OF SHARONVILLE, et al.** | : | MAGISTRATE'S ORDER (DOC. |
| | | 158) GRANTING MOTIONS TO |
| **Defendants** | : | COMPEL DISCOVERY FILED |
| | | BY DEFENDANTS NUSS (DOC. |
| | : | 136) AND CRAMER (DOC. 137) |

Plaintiffs respectfully submit these objections to the magistrate judge's order of May 11, 2004 ("the May 11 order") granting motions to compel discovery filed by defendants Nuss (Doc. 136) and Cramer (Doc. 137) on the grounds that the magistrate judge's order is clearly erroneous and contrary to law. (Doc. 158).[1] Plaintiffs request that the court issue an order setting aside the May 11 order or, in the alternative, modify the order to require responses to the contention interrogatories after the plaintiffs have secured access to the documents and tapes held by defendants and after depositions of defendants have been concluded.

**I.     Introduction**

Defendants Nuss and Cramer each served interrogatories and requests for production of documents upon plaintiffs Wright, Kammeyer, Miller, and Baker. The vast majority of the interrogatories propounded were "contention" interrogatories which quoted language from the third amended complaint and demanded that plaintiffs "state each and every fact, and identify the

---

[1] Defendant Cramer's motion to compel was filed on April 6, 2004 and claimed only that their interrogatories had not yet been answered. (Doc. 137). Plaintiffs forwarded their response to defendant Cramer's interrogatories on April 14, 2004. Defendant Cramer subsequently filed an amended motion to compel on May 14, 2004 taking issue

source thereof, that you maintain supports these allegations." Defendants used that approach to parse the complaint apart paragraph by paragraph.

Plaintiffs responded to defendants' interrogatories and provided good faith answers given the early stage of discovery and the large quantity of evidence still in the possession of the defendants. (See Doc. 136, Exs. 2 and 3). Wherever possible, plaintiffs have directed defendants to specific facts and documents which are responsive to the interrogatories. Plaintiffs additionally had all of their documents scanned and placed upon a searchable disk which has been provided to the defendants. The disk can be searched by any word so it is easy to access and any combination of queries may be made. The disk has the results of the plaintiffs' investigation to date. Wherever possible, plaintiffs' interrogatory responses directed defendants to specific documents contained upon the disk. The vast majority of the records in this case are sealed, however, and are either held by the court or at the defendants' police station. With respect to these sealed records, plaintiffs are not yet in a position to provide much specific direction. Plaintiffs' counsel have gone to chambers and studied the sealed material as best they can but no copies are permitted and the conditions are very difficult within which to work. (See Orders, Doc. 40, 64, 135). New video and audio tape evidence is only now being made available by the defendants. Plaintiff have responded to defendants discovery requests as best they could at this stage of the discovery. No more is required at this stage of discovery.

Plaintiffs therefore objected to the use of contention interrogatories at these early stages of discovery beyond the responses described above. (See. Doc. 136, Exs. 2 and 3 at p. 5-6). Defendants Nuss and Cramer subsequently filed motions to compel plaintiffs' response to these interrogatories. (Docs. 136, 137). Plaintiffs filed their memorandum in opposition to these

---

with plaintiffs' responses for the same reasons raised by Nuss. (Doc. 157). That amended motion was therefore not addressed by Magistrate Black in the May 11 order.

motions (Doc. 143) and a reply was filed by defendant Nuss (Doc. 144). The May 11 order was subsequently issued by Magistrate Black requiring plaintiffs supplement their responses to the contention interrogatories within fifteen days. (Doc. 158).[2] Since that time, the court has issued a revised scheduling order extending discovery. (Doc. 160). Plaintiffs contend that their responses were adequate given the status of the development of discovery. No supplemental responses at this state would be productive. Plaintiffs propose to supplement their responses after depositions have been completed and all documents have been produced by the defendants and seek a modification of the magistrate's order to that effect.

## II.     Standard of review

Ruling on all motions was originally reserved by the District Court given the complicated nature of this case. (Doc. 22). All matters relating to discovery were subsequently referred to the magistrate judge. (Doc. 134). Congress has vested magistrate judges with authority to determine pretrial matters subject to final determination by the district court. 28 U.S.C. § 6363(b)(1)(A) and Fed. R. Civ. Proc. 72(a). A party may then file objections to the magistrate's resolution of the matter. Civil Rule 72(a) states that "the district judge to which whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Given the unique nature of this case, the May 11 order is clearly erroneous and contrary to law.

## III.    Plaintiffs object to the May 11 order because it improperly orders plaintiffs to respond to contention interrogatories during early stages of discovery and completely failed to analyze the timing of discovery

---

[2] Many of the issues addressed by the May 11 order have been addressed by plaintiffs. Specifically, full discovery has been provided as to plaintiffs' economic losses and the associated expert witness. A privilege log has also been provided regarding the file of attorney Jay Clark. Plaintiffs have been evaluated in regard to psychological damage and an expert report is forthcoming.

Defendants have propounded contention interrogatories during the early stages of discovery. The May 11 order completely fails to analyze the timing of these contention interrogatories. When contention interrogatories have been held to be appropriate, courts have emphasized that they are most appropriate at the end of discovery. "The interests of judicial economy and efficiency for the litigants dictate that 'contention interrogatories are more appropriate after a substantial amount of discovery has been conducted.'" *Fischer and Porter Co. v. Tolson*, 143 F.R.D. 93, 95 (E.D. Pa., 1992)(quoting *Nestle Foods Corp. v. Aetna Casualty and Surety Co.*, 135 F.R.D. 101, 110-111 (D.N.J.1990); *In re Convergent Technologies Securities Litigation,* 108 F.R.D. 328, 338 (N.D.Cal. 1985). In fact, courts have stated that, "…there is substantial reason to believe that the early ... filing of sets of contention interrogatories that *systematically track all of the allegations in an opposing party's pleadings* is a serious form of discovery abuse." *Fischer*, 143 F.R.D. at 97 (quoting *Convergent Technologies*, 108 F.R.D. at 337). Courts may defer any contention interrogatory to a later stage of discovery, and the obligation to respond to them is postponed. *B.Braun Medical Inc. v. Abbott Laboratories*, 155 F.R.D. 525 (E.D. Pa., 1994); *Everett v. USAir Group, Inc.*, 165 F.R.D. 1 (D.D.C., 1995).

Here, Plaintiff has provided all defense counsel with a searchable database that holds all of the plaintiffs' investigation to date. That is a good balance of all of the interests at stake at this stage of the litigation. Requiring more detailed responses to defendants' contention interrogatories is overly burdensome at this stage of the litigation. The May 11 order commands that plaintiffs provide supplemental responses to defendants' interrogatories within 15 days. That is overly burdensome upon plaintiffs given the nature of this case. The evidence in this matter is still being discovered and plaintiffs are being asked to hit a moving target. Just as

4

recently as the status conference held on May 18, 2004, plaintiffs were granted access to audio and video tape material which had previously been denied to them.

This court has recently issued a revised scheduling order in this matter. (Doc. 160). This order was not available to Magistrate Black at the time the May 11 order was issued. Discovery has been extended until January 1, 2005. There is much discovery which still remains in this matter. Plaintiffs' responses to defendants' interrogatories should be permitted upon a time frame which acknowledges the new discovery schedule. (Doc. 160).

## IV. Conclusion

The court should therefore issue an order setting aside the May 11 order or, in the alternative, modify it to permit the completion of discovery before requiring plaintiffs to respond with such specificity. Plaintiffs therefore request that the court issue an order setting aside the May 11 order or, in the alternative, modify the order to require responses to the contention interrogatories after the plaintiffs have secured access to the documents and tapes held by defendants and after depositions of defendants have been concluded.

**Respectfully submitted,**

_s/ Alphonse A. Gerhardstein_
Alphonse A. Gerhardstein # 0032053
Trial Attorney for Plaintiffs
Paul Laufman  #0066667
Attorney for the Plaintiff
617 Vine Street, Suite 1409
Cincinnati, Ohio 45202
(513) 621-9100
(513) 345-5543 fax
agerhardstein@laufgerhard.com
plaufman@laufgerhard.com

**Certificate of Service**

I here by certify a copy of the foregoing pleading was filed electronically on the 28th day of May, 2004. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                       s/ Alphonse A. Gerhardstein
                                                      Alphonse A. Gerhardstein