**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **PATRICIA KAMMEYER, et al.** | : | **CASE NO.: C-1-01-649** |
| **Plaintiffs,** | : | **Judge Spiegel** |
| vs. | : | |
| **CITY OF SHARONVILLE, OHIO, et al.** | : | **RESPONSE OF DEFENDANT NUSS TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER** |
| **Defendants.** | : | **(D0C. 158) GRANTING MOTIONS TO COMPEL** |

## I.    INTRODUCTION.

Plaintiffs object to the magistrate judge's Order of May 11, 2004 (Order), ostensibly on the basis that it is "clearly erroneous and contrary to law." In reality, Plaintiffs barely give lip service to that standard, and then ask this Court to ignore it and use a *de novo* standard to review Defendant Nuss's Motion To Compel. However, when the correct standard of review is used, Plaintiffs' objections must be overruled for two reasons. First, Plaintiffs do not even mention in their objections most of Defendant Nuss's discovery requests that are the subject of the Order.[1] As such, with respect to the Other Discovery Requests, Plaintiffs have not even bothered to attempt to argue that the magistrate judge's rulings on those requests are clearly erroneous and contrary to law. Second, using the correct standard of review, there is no question what the judge's ruling on the "contention" interrogatories is reasonable, and they must be upheld.

## II.    THE MAGISTRATE JUDGE'S DECISION IS OWED GREAT DEFERENCE.

Pursuant to Fed. R. Civ. P. 72(a), a magistrate judge's decision on a non-dispositive motion may be set aside only if it is "clearly erroneous or contrary to law." Numerous courts

---

[1]These are the discovery requests that are not the "contention" interrogatories, and will hereinafter be referred to as the "Other Discovery Requests."

have explained that the deference required by Rule 72(a) assumes particular significance in the discovery context: "Under this deferential standard of review, magistrate judges are considered to have broad discretion over discovery matters, and a party seeking to overturn a magistrate judge's discovery ruling bears a heavy burden." *Hudson v. General Dynamics* 186 F.R.D. 271 at 273 (D. Conn. 1999) (internal quotations omitted). See also *Doe v. Marsh*, 899 F.Supp. 933, 934 (N.D.N.Y. 1995) ("Pursuant to this highly deferential standard of review, magistrate judges are afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if the discretion is abused."); *Schrag v. Dinges*, 144 F.R.D. 121, 123 (D. Kan. 1992) ("Because a magistrate is afforded broad discretion in the resolution of nondispositive discovery disputes, the court will overrule the magistrate's determination only if this discretion is clearly abused.") Further, this standard of review applies to all factual determinations made by the magistrate judge, as well as to all *inferences* the magistrate judge has drawn from facts. *Franklin County Convention Facilities Auth. v. American Premier Underwriters, Inc.*, 240 F.3d 534, 541 (6th Cir. 2001). The Sixth Circuit set forth just how difficult it is for a party to meet this burden when it held that clear error means an error so obvious that it "strike[s] us as wrong with the force of a five-week old, unrefrigerated dead fish." *United States v. Perry*, 908 F.2d 56, 58 (6th Cir. 1990).

Plaintiffs acknowledge the correct standard that this Court must apply, and then completely ignore it in making their arguments. Indeed, what Plaintiffs are really asking this Court to do is apply a *de novo* standard, construe all evidence in a light most favorable to them, and substitute its own conclusion for that of the magistrate judge. That approach is the opposite of the approach that Rule 72 and the interpretive case law dictate that this Court must take. Further, Plaintiffs do not meet their burden by showing that the magistrate judge's decision was

not the best one or that another reasonable decision could have been made. If there is evidence

to support the magistrate judge's decision and the decision is reasonable, the Objections must be

overruled. See e.g. *Tri-Star Airlines, Inc. V. Willis Careen Corp.*, 75 F.Supp.2d 835, 839 (W.D.

Tenn. 1999). Here, the Order is not only reasonable; it is correct.

## III.    THERE IS NO DISPUTE THAT THE INFORMATION AND DOCUMENTS SOUGHT ARE DISCOVERABLE.

Unlike many discovery disputes, this is not a dispute about whether the

information/documents sought by Defendant Nuss are discoverable.[2] The reason for this is that,

not only are the information/documents discoverable, they are directly relevant to Plaintiffs'

claims and/or Defendants' defenses. (Indeed, in the "contention" interrogatories Defendant Nuss

quotes Plaintiffs' allegations verbatim, and merely asks for the facts supporting those

allegations.)   What Plaintiffs complain about, at least with respect to the "contention"

interrogatories, is the form of discovery chosen by Defendants, which will force them to disclose

the facts or, more likely, the absence of facts, that will defeat their claims.

## IV.    PLAINTIFFS DO NOT EVEN MENTION, LET ALONE ADDRESS, THE OTHER DISCOVERY REQUESTS.  FOR THAT REASON, THE ORDER CANNOT BE OVERRULED WITH RESPECT TO THOSE REQUESTS.

Many of the discovery requests of Defendant Nuss are not "contention" interrogatories.

Yet Plaintiffs completely ignore this in their Objections, and do not even attempt to argue that,

with respect to these Other Discovery Requests, the Order was clearly erroneous and contrary to

law. Accordingly, the Order as it relates to those requests cannot be overruled.

Even if this Court should choose to ignore the fact that Plaintiffs have not objected to the

_____

[2]The only exception to this is the information/documents sought from Attorney Jay Clark, and that dispute is the subject of a separate motion.

rulings on the Other Discovery Requests, the Order must still stand because it is not clearly erroneous and contrary to law.  Indeed, it is correct.

### A.      The Non "Contention" Interrogatories

Many of Defendant Nuss's discovery requests are not "contention" interrogatories, and, by these, he has sought the production of relevant and non-privileged information.  In response to these interrogatories, Plaintiffs have done little more than regurgitate the conclusary allegations of the Third Amended Complaint and direct Defendant Nuss to try to find the information he seeks in the thousands of documents that are part of this case.  The magistrate judge correctly found that these responses were not appropriate.

Defendant Nuss has in his Motion To Compel fully set forth his arguments with respect to these interrogatories.  For that reason, he will not repeat them here.  However, he will identify and briefly address them.

### 1.      The Identity Of People With Whom Plaintiffs Have Communicated About Any Aspect Of Their Claims (K&W and M&B Interrogatory Number 7.

Plaintiffs did not provide the identity of even <u>one</u> of these persons.  Rather, they directed Defendant Nuss to certain documents and their responses to the discovery requests of other defendants (which are, at best, only partially responsive to these interrogatories.)  The magistrate judge found this response to be both incomplete and improper, and that ruling is not only <u>not</u> clearly erroneous and contrary to law - it is correct.

2.    **Pecuniary Damages Allegedly Suffered By Plaintiffs** (M&B Interrogatory Numbers 5, 8 and 10 and KW Interrogatory Number 10).

This litigation was commenced more than two and one-half years ago, and, in each of the four complaints filed by Plaintiffs, they make allegations about the economic damage (loss of inheritance) they have allegedly suffered as a result of what happened in the early 1980's. As such, this information has been available to Plaintiffs for almost twenty-five years. Yet Plaintiffs in response to these interrogatories provide nothing more than a report that states their pecuniary loss is somewhere between $189,750 and $2 million. Nowhere in their response is the most important information - the information necessary for Defendant Nuss to determine exactly how Plaintiffs calculated those figures. The magistrate judge found this response to be both incomplete and improper, and that ruling is not only <u>not</u> clearly erroneous and contrary to law - it is correct.

3.    **Plaintiffs' Contacts With/Knowledge About Sharonville Police** (M&B Interrogatory Numbers 9, 12 and 14 and K&W Interrogatory Numbers 9, 12 and 14).

By these interrogatories Defendant Nuss seeks information about contacts Plaintiffs claim to have had with the Sharonville police department, contacts specifically referred to in the Third Amended Complaint. This information relates directly to a number of relevant issues, including, but not limited to, what, if anything, a member of the Sharonville police department said about the investigation and the statute of limitations/laches defenses. As they did in response to interrogatory number 7, Plaintiffs referred Defendant Nuss to certain documents and their responses to the discovery requests of other defendants (which are, at best, only partially responsive to these interrogatories) and certain documents. The magistrate judge found this

response to be both incomplete and inappropriate, and that ruling is not only <u>not</u> clearly erroneous and contrary to law - it is correct.

      **4.     <u>The City's Policies, Customs And Practices</u> (M&B Interrogatory Number 15 and K&W Interrogatory number 15).**

In the Third Amended Complaint Plaintiffs explicitly allege that their injuries were caused, in whole or in part, by the City's policies, customs and practices. Defendant Nuss certainly has the right to know which policies, customs, and practices to which Plaintiff refer in that pleading, as well as all other information Plaintiffs have relating to those matters. Plaintiffs, despite having made specific allegations about the City's policies, customs and practices, stated that "identification of policies and practices must await further discovery." The magistrate judge found this response to be both incomplete and improper, and that ruling is not only <u>not</u> clearly erroneous and contrary to law - it is correct.

      **5.     <u>Denial Of Access To Courts</u> (M&B Interrogatory Number 18 and K&W Interrogatory Number 18).**

One of Plaintiffs' claims is that they were denied access to the courts. These interrogatories go directly to that claim, and by them Defendant Nuss sought the disclosure of facts that Plaintiffs as a matter of law <u>must</u> introduce at trial to successfully prosecute this claim. Plaintiffs responded by stating that "[e]fforts to recover are set out in the probate file," apparently directing Defendant Nuss to figure them out for himself. The magistrate judge found this response to be both incomplete and improper, and that ruling is not only <u>not</u> clearly erroneous and contrary to law - it is correct.

      **6.     <u>Unequal/Different Treatment</u> (M&B Interrogatory Number 17 and K&W Interrogatory Number 17).**

One of Plaintiffs' claims is that the defendants treated them differently than they did

other individuals.  Defendant Nuss clearly has the right to know the factual basis of that claim, including the identities of <u>each</u> person treated differently and how they were treated differently. Yet Plaintiffs' response is the uninformative statement of "other crime victims and families of other crime victims."  The magistrate judge found this response to be incomplete and improper, and that ruling is not only <u>not</u> clearly erroneous and contrary to law - it is correct.

### B.      The Document Requests

Like the information sought by the interrogatories, all of the documents sought by Defendant Nuss are discoverable.  In fact, they contain relevant and admissible information, and they are not privileged.  What is at issue here is the refusal on the part of Plaintiffs to: (1) take the time, as they are required to do, to make <u>separate</u> and <u>complete</u> responses to each request; and (2) produce documents that Plaintiffs incorrectly claim are protected because they are nothing more than unprivileged communications among and between family members.  Neither position has any merit, and the magistrate judge so found.

### 1.      Rule 34 <u>Requires</u> Plaintiffs To Provide Separate Responses To Each <u>Document Request</u>

Defendant Nuss does not contend, and has never contended, that Plaintiffs have not produced a large number of document.  Indeed, it is the fact that such a large number of documents have been produced in bulk and with no attempt to organize them in a manner corresponding with the specific discovery requests that is the problem.

Rule 34 and the interpretive case law <u>require</u> a party producing documents to organize and label them to correspond to the categories in the requests.  It is particularly important that this requirement be strictly complied with where, as here, such a large number of documents is involved.  Moreover, Plaintiffs again cite no legal authority for their refusal to provide the

separate responses required by Rule 34.  Rather, they made the assertion that Defendants Nuss's

motivation for insisting that Plaintiffs merely meet their discovery obligations in this regard is to

"distract plaintiffs" and "further delay the proceedings."  That statement is both unfounded and

inaccurate.  The simple truth is that Plaintiffs have refused to meet these discovery obligations,

and it is that conduct that is causing the distraction and delay.

The magistrate judge's ruling that Plaintiffs must provide separate responses to each of

Defendant Nuss's document requests was not only not clearly erroneous and contrary to law - it

is correct.

### 2.     Plaintiffs Are Required To Produce The Files Of The "Expert Psychologist" Who Has Evaluated Them.

Each of the Plaintiffs was explicitly asked about the pain, suffering, emotional distress

and mental anguish they are alleged to have suffered.  (See Response to Interrogatory #6.)  In

response to that interrogatory, Plaintiffs responded that "[n]o treatment was sought in 1998 or

thereafter regarding this matter" and "Plaintiffs will be available for deposition to explain why it

was so distressing to see [Albert Schuholz] almost kill his subsequent wife."  This response is

improper because, once again, Plaintiffs did not provide a substantive response, but rather

directed Defendant Nuss to take their depositions.  It is also improper for another reason.  In

their memorandum in opposition to the Motion To Compel, Plaintiffs for the first time stated that

they "have been evaluated by an expert psychologist . . ."  Plaintiffs did not identify the

psychologist, did not provide his or her file, and, while asserting that a report is in process, did

not commit to when the report will be produced.

The magistrate judge's ruling that Plaintiffs must produce the psychologist's file is not

only not clearly erroneous and contrary to law - it is correct.

### 3.    The Inter-Family Communications Are Not Privileged.

Plaintiffs have withheld a number of documents on the basis of some claim of privilege. However, those documents are merely communications between and among Plaintiffs, and possibly other members of their families. (These are described as "e-mail among family." Bates Nos. 300013-17, 300024-25, 3000139-143, and 300101.) These documents may be "private," as Plaintiffs described them. However, they are not privileged or protected.

Defendant Nuss has repeatedly asked Plaintiffs to identify <u>any</u> legal authority for their position that these documents are protected. Plaintiffs were unable to do so then or in response to the Motion To Compel, and they are still unable to do so. That is why the magistrate judge ordered them to be produced. That ruling is not only <u>not</u> clearly erroneous and contrary to law - it is correct.

## IV.    THE MAGISTRATE JUDGE'S RULING THAT PLAINTIFFS MUST RESPOND IN FULL TO THE "CONTENTION" INTERROGATORIES IS NOT CLEARLY ERRONEOUS AND CONTRARY TO LAW.

Plaintiffs' initial refusal to respond to the "contention" interrogatories was based on their argument that these types of interrogatories are not appropriate. Plaintiffs took this position despite their knowledge that the Sixth Circuit had directly and explicitly held that "contention" interrogatories "are a perfectly permissible form of discovery . . ." *Starcher v. Correctional Medical Systems, Inc.*, 144 F.3d 418, 421, n. 2 (6th Cir. 1998). Citing *Starcher*, the magistrate judge correctly found that Plaintiffs' argument was not well taken.

Having lost their legal argument, Plaintiffs next argued, and in their objections continue to argue, that they should not be required to respond to the "contention" interrogatories until the end of discovery. Plaintiffs made precisely the same argument to the magistrate judge.

> Plaintiffs also state that they have responded "as best they could at this stage of discovery;" that they are "not yet in a position to provide specific direction;" that they are "still learning the scope of the problem;" and that "after the full criminal investigation has been produced . . . then more will be available." (See doc. 43, pp. 4-6). Plaintiffs further suggest that even if some of the contention interrogatories were appropriate, they need not be answered until the end of discovery. (Id. at 8).

(See pp. 2 and 3 of Order.) The magistrate judge addressed this argument head on, and ruled that it was "not well taken." (Id., p. 3.) In short, Plaintiffs' statement that "[t]he May 11 order completely fails to analyze the timing of these contention interrogatories" is both inaccurate and is in direct conflict with the explicit terms of the Order. In fact, that is the same analysis done by the magistrate judge, and Plaintiffs have not even come close to showing that the ruling in this regard was clearly erroneous and contrary to law.

The facts that were provided to the magistrate judge make clear that he had a reasonable basis to make the decision he made. Those facts include the following:

1.    On the day of the murders, May 8, 1981, Plaintiffs had already concluded that Albert Schuholz was responsible for the murders.

2.    All of the Plaintiffs' claims against the City of Sharonville, Ohio (City) and the employees and former employees of the City are based on a theory of a coverup by the Defendants, a coverup Plaintiffs state they have known about for more than 23 years.

3.    Between 1981 and 1997 Plaintiffs remained very close to the investigation of the murders.

4.    In 1997 and 1998 Plaintiffs had full knowledge of the City's investigation into how Defendant Cramer, who led the subject murder investigation from 1981 through 1988, for the City.

5.    In 1997 Plaintiff Jim Wright was given access to the City's entire criminal investigation file of the murders.

6.    In early 1999 Plaintiffs had sufficient knowledge of the facts allegedly supporting their claims that they hired an attorney, Jay Clark, to represent them in connection with those

claims.

7.      On September 25, 2001, Plaintiffs had sufficient knowledge of the facts allegedly supporting their claims to draft and file the Complaint in this lawsuit.  Plaintiffs have subsequently filed First, Second and Third Amended Complaints in this lawsuit, and Rule 11 requires that they and their counsel knew of facts to support what for the most part are conclusory allegations when those pleadings were filed.

8.      With the possible exception of a few documents and tapes,[3] Plaintiffs have had access in this litigation to the City's entire criminal investigation file on the murders for almost 1 ½ years.

9.      In January, 2004 Plaintiffs had a sufficient knowledge of the facts that they insisted upon a trial date in November, 2004.  Since that time, Plaintiffs have taken the deposition of Defendants Cramer and Schappa, who was initially involved as a detective in the investigation and became the City's Chief of Police in 1990.

As such, in terms of the information and documents available to Plaintiffs, this case is hardly at the early stages of discovery.  It was for that reason that the magistrate judge correctly held that Defendant "Nuss has met his burden of showing that the information he seeks through the so-called "contention interrogatories" is relevant and necessary and that he is able to obtain the substantial equivalent by other means." (Order , p. 4.)  Plaintiffs does not come close to showing that this holding was clearly erroneous.

## V.     CONCLUSION

Plaintiffs cannot show that the magistrate judge's rulings are wrong, let alone meet their burden of showing that they are using the language of the Sixth Circuit, so wrong that they "strike [the Court] . . . with a force of a five-week old, unrefrigerated dead fish."  For these reasons, the Objections must be overruled.

---

[3]Plaintiffs' reference to these items is a red herring.  First, they represent a tiny fraction of the City's files etc.  Second, not having them is not a legitimate reason for Plaintiffs' to refuse to make full responses.  Plaintiffs must make full responses now, and, if necessary, supplement those responses based upon what is later learned from those documents and tapes.

Respectfully submitted,

CRABBE, BROWN & JAMES LLP


s/Brian E. Hurley
Brian E. Hurley (0007827)
Robert J. Gehring (0019329)
30 Garfield Place, Suite 940
Cincinnati, Ohio 45202-4359
(513) 784-1525 - telephone
(513) 784-1250 - facsimile
Bhurley@cbjlawyers.com
Rgehring@cblawyers.com

Attorneys For Defendant William Nuss


## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2004, a copy of the forgoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties my access this filing through the Court's system.


s/Brian E. Hurley


\\theserver\firmdocs\NUSS\resptoPlobjects.wpd