UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA KAMMEYER, *et al.*,

    Plaintiffs,

vs.

CITY OF SHARONVILLE, *et al.*,

    Defendants.

Case No.  1:01-cv-649
(Spiegel, J.; Black, M.J.)

**ORDER THAT: (1) PLAINTIFFS' MOTION FOR PROTECTIVE ORDER, MOTION TO QUASH, AND MOTION FOR SANCTIONS (Doc. 145) IS DENIED; AND (2) DEFENDANT CRAMER'S AMENDED MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS (Doc. 157) IS DENIED AS MOOT**

This matter is before the Court on a motion by plaintiffs for a protective order, to quash subpoenas served on their former attorney, and for sanctions (doc. 145), and an amended motion by defendant James Cramer to compel discovery and for sanctions (doc. 157).

**Plaintiffs' Motion for a Protective Order, to Quash, and for Sanctions (Doc. 145)**

Plaintiffs allege that defendants Nuss and Cramer "secretly" served subpoenas on their former attorney, Ravert J. Clark, without serving copies on plaintiffs or plaintiffs' counsel as required by Fed. R. Civ. P. 45.  They contend that as a result of the subpoenas, defendants obtained documents and files protected by the attorney-client privilege and by the attorney work product doctrine.  They request an order granting the following relief:

(1) quashing the subpoenas issued to attorney Clark; (2) prohibiting defendants from taking the deposition of Clark; (3) requiring the return of Clark's files and prohibiting use of the information at trial; (4) requiring defendants to produce all subpoenas, documents obtained by subpoena, and other evidence not previously disclosed and to order defendants to follow Fed. R. Civ. P. 45 in the future; (5) suspending the depositions of all plaintiffs; and (6) imposing sanctions against defendants Nuss and Cramer and awarding attorney's fees to plaintiff's counsel in litigating this matter. (*See* doc. 145). Plaintiffs' motion is not well taken.

In general, a party may obtain discovery of any non-privileged matter that is relevant to a claim or defense of any party. Fed. R. Civ. P. 26(b)(1). The court, however, may limit discovery, even of relevant evidence, when justice requires "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Additionally, a court may quash or modify a subpoena directed to a non-party if it subjects the person to an undue burden. Fed. R. Civ. P. 45(c). Nonetheless, the burden of persuasion on a motion to quash a subpoena and for a protective order is borne by the movant. *Jones v. Hirschfeld,* 219 F.R.D. 71, 74-75 (S.D.N.Y. 2003) (citations omitted).

Plaintiffs have not demonstrated that permitting discovery to go forward will subject them to an undue burden.

First, while the Court does not condone a party's failure to comply with the

2

Federal Rules of Civil Procedure, the alleged failure of defendants to serve plaintiffs with the copies of the subpoenas issued to Clark did not result in any undue prejudice. Defendants have shown that plaintiffs otherwise had notice of defendants' intentions to take Clark's deposition and of their requests for documents and files. (*See* doc. 150, exs. E, F).

Second, plaintiffs have not shown that any of the materials requested or obtained by defendants as a result of the subpoenas issued to Clark were protected by any privilege, *see In re Grand Jury Investigation No. 83-2-35,* 723 F.2d 447, 454-55 (6th Cir. 1983), *cert. denied sub nom., Durant v. United States,* 467 U.S. 1246 (1984), or if protected, that the privilege had not been waived.

Third, plaintiffs have presented no grounds for requiring the return of materials obtained through discovery or for suspending further discovery.

Fourth, plaintiffs have not shown that the imposition of sanctions is warranted.

### Defendant Cramer's Amended Motion to Compel Discovery and Request for Sanctions (Doc. 157)

In the motion filed on May 14, 2004, defendant Cramer seeks an order compelling plaintiffs to produce certain documents requested in defendant's First Request For Production of Documents and to respond to certain interrogatories contained in defendant's First Set of Interrogatories. He also asks the Court to impose sanctions for plainitffs' failure to respond. The motion to compel is unopposed.

Previously, on April 6, 2004, defendant filed a motion in which he also sought an

order compelling responses to the same discovery requests. (*See* doc. 137).

In an Order issued on May 18, 2004, this Court granted defendant Cramer's first motion to compel, denied his request for sanctions, and ordered plaintiffs to comply with the outstanding discovery requests within 15 days of the date of that Order. (*See* doc. 158). The Court also granted defendant Cramer leave to renew his request for sanctions in the event that plaintiffs failed to comply with the Order. (*See id.*)

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiffs' motion for a protective order, to quash subpoenas served on their former attorney, and for sanctions (doc. 145) is **DENIED**; and

2. Defendant Cramer's motion to compel and for sanctions (doc. 157) is **DENIED AS MOOT.**

**IT IS SO ORDERED**.

Date:  6/14/04                                              s/Timothy S. Black
                                                            Timothy S. Black
                                                            United States Magistrate Judge