## LAUFMAN & GERHARDSTEIN
ATTORNEYS AT LAW

1409 ENQUIRER BUILDING
617 VINE STREET
CINCINNATI, OHIO 45202
(513) 621-9100
FAX (513) 345-5543

ROBERT F. LAUFMAN
ALPHONSE A. GERHARDSTEIN
JENNIFER L. BRANCH
PAUL M. LAUFMAN

April 5, 2004

*Via facsimile to (513) 583-4203*

Lawrence E. Barbiere
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, OH 45249

*Via facsimile to (513) 891-1537*

Thomas T. Keating
Keating, Ritchie & Swick
8050 Hosbrook Road, Suite 200
Cincinnati, OH 45236

*Via facsimile to (513) 784-1250*

Brian E. Hurley
Crabbe, Brown & James
30 Garfield Place, Suite 940
Cincinnati, OH 45202

*Via facsimile to (513) 651-2570*

Randolph H. Freking
Freking & Betz
215 E. Ninth St.
Cincinnati, OH 45202

Re:   *Kammeyer, et al. v. Sharonville, et al.*
      S.D. Ohio Case No. C-1-01-649

Dear Counsel:

This letter will address several matters.

**1. Memo opposing Nuss motion to compel.**

I am faxing my memo to you. I have not yet filed it because I want to file it under seal and simply do not know how to do that with electronic filing. I will try to figure that out later today. Note that I think it appropriate for Brian Hurley to put the discovery responses to Nuss under seal as well as they have information that should not be public.

**2. Time for Conference with Magistrate**

Brian Hurley set a telephone conference with Magistrate Perelman for 11:00 a.m. on April 8, 2004. I am in town that day but in another engagement that cannot be interrupted. I can be

April 5, 2004
Page 2 of 4

available by 11:45 a.m. Can Brian check and see if the Magistrate can hear from us at that time? Thank you.

**3. Subpoena to Jay Clark**

I just received a copy of a subpoena issued to Jay Clark on January 28, 2004 by Randy Freking. Plaintiffs' counsel was not served with either the subpoena or any response made to the subpoena. Jay Clark was the former attorney for the plaintiffs. They have not waived the attorney client privilege. We had no opportunity to move to quash. Before moving to quash I must learn what happened. Please provide a complete copy of everything that was produced in response to the subpoena, who received copies of this material, and an explanation as to why we were not served with the subpoena or the response. Once we have your response we will decide whether to seek exclusion of the material from use at trial or in discovery or some other consequence.

The subpoena was unenforceable because it was not served on Plaintiff prior to its issuance. That violates Federal Rule of Civil Procedure 45 (b) (1). Rule 45 makes clear that "Prior notice of any commanded production of documents . . . before trial shall be served on each party . . ." Fed. R. Civ. Pro. 45(b)(1). "Prior notice" means prior to the service of the subpoena rather than prior to production. *Biocore Medical Technologies, Inc. v. Khosrowshahi*, 181 F.R.D. 660 (D. Kan. 1998). See also, *Schweizer v. Mulvehill*, 93 F. Supp.2d 376 (S.D. NY 2000); *Anderson v. Government of Virgin Islands*, 180 F.R.D. 284 (Virgin Islands 1998) (mere notice not sufficient; notice must be prior to service); *Spencer v. Steinman*, 179 F.R.D. 484 (PA 1998) (paralegal's issuance of subpoena without prior notice to all parties violated Rule 45 and because supervising attorney signed the subpoenas and directed them to be issued, he was directly liable for the violation). The purpose of prior notice is to "'afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents.'" *Spencer* at 488, quoting Fed. R. Civ P. 45 committee note to 1991 amendments.

Furthermore, the subpoena sought documents protected by the attorney-client privilege. This privilege is basic to our work and is necessary to promote justice by encouraging a client to communicate completely and honestly with his attorney. *In re Antitrust Grand Jury*, 805 F.2d 155, 162 (6th Cir.1986). This allows a client to assist in the preparation of his defense without fear that his own admissions can be used against him through the compelled testimony of his attorney, including his former attorney. *See In re Grand Jury Subpoena Dated Oct. 22, 2001*, 282 F.3d 156, 160 (2nd Cir. 2002) (quashing subpoena requesting attorney to testify about statements made by former client). Without notice of the subpoena, Plaintiffs were unable to object on the basis that the subpoena violated the attorney-client privilege that existed between Plaintiff and his former attorney.

Defendants are not entitled to remain in possession of documents that have already been produced. It may be appropriate to also require that the documents obtained by the subpoena should not be admitted as evidence nor used for any other purpose in the case.

The abuse of subpoena power is a serious problem. In *Spencer v. Steinman*, the Court found the harm of issuing subpoenas without prior notice was not cured by an apology or eventual

disclosure of the records in part because the failure to give prior notice "compromised the integrity of the court's processes." 179 F.R.D. 484, 489. The Spencer court was concerned with the attorney's abuse of power:

> The risks attached to the misuse of the subpoena power are great. Under this delegation of public power, an attorney is licensed to access, through a non-party with no interest to object, the most personal and sensitive information about a party. By failing to receive prior notice of the information sought from the non-party, a party is deprived of its greatest safeguard under the Rule, i.e., the ability to object to the release of the information *prior* to its disclosure. Therefore, the loss of the opportunity to object prior to the release of the information caused injury to Steinman regardless of whether the information ultimately was turned over to his counsel.
>
> Moreover, the injury resulting from attorney misuse of the subpoena power is not limited to the harm it inflicts upon the parties. Rather, misuse of the subpoena power also compromises the integrity of the court's processes. Under Rule 45, an attorney, as an officer of the court, is delegated the power to command a non-litigant to produce documents in a lawsuit to which he or she is a stranger. With the power to coerce production goes the "increased responsibility and liability for the misuse of the power." *Id.* When the power is misused, public confidence in the integrity of the judicial process is eroded. Therefore, the failure to provide prior notice to Steinman of the subpoenas to non-parties also caused injury to the public.

Therefore, the Spencer Court ordered as sanctions that the attorney be admonished against issuing future subpoenas *duces tecum* to non-parties without prior notice and ordered the attorney to file an affidavit that all documents produced pursuant to subpoena have been produced. Additionally, the attorney was ordered to pay attorney fees to the attorney bringing the violation to the attention of the Court. *Id.* at 489.

In *Mann v. University of Cincinnati*, 152 F.R.D. 119 (S.D. Ohio 1993) counsel for UC issued a subpoena and gave 7 days prior notice to plaintiff's counsel before the due date for answering the subpoena. However, defense counsel secretly obtained the requested medical records prior to the subpoena due date thereby giving plaintiff's counsel no time to object prior to the disclosure. UC's counsel also hid from the court during a hearing that she had already copied parts of the medical file. The court held that the court had wide discretion in sanctioning the attorney's behavior. *Id.* at 126. The Court noted it had "inherent power to impose a variety of sanctions on both litigants and attorneys." *Id.* The sanctions could be imposed for the purpose of deterrence of future litigants and for compensatory and punitive purposes. *Id.* The Court ordered as sanctions UC and its attorney were jointly liable for paying damages to plaintiff in the amount of $2,500 and for paying fees of $3,300 to her attorney. Additionally, the Court prohibited UC from using any of the subpoenaed documents. Furthermore, the Court ordered: "As required by Rule 45 and the general practices of this Court, defendants and their counsel must provide at least fourteen days notice to opposing counsel on all future subpoenas . . . ."

Please produce whatever you received from Jay Clark immediately, provide a complete list of everyone who has had access to these documents, and explain why the subpoena was issued and any return received without notice to plaintiffs.

April 5, 2004
Page 4 of 4

### 4. Plaintiff Access to Entire Criminal Investigation

Are defendants opposing access by plaintiffs to audiotapes, videotapes etc? We do not seek to disturb any evidence in a way that would compromise its use at the criminal trial and will certainly work with you to avoid that. What is the issue raised by Mr. Keating in his letter of April 1? When I met with him in the property room at the police department I was led to believe that the only problem with access to tapes was making copies. What is the basis for providing transcripts but not the tapes from which the transcripts are made? We all have an interest in knowing whether all of the evidence in the criminal case still exists or not. Do we need a court order to finish what we started? Please explain.

Sincerely,

*Alphonse A. Gerhardstein*

Alphonse A. Gerhardstein