```
                   UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION


PATRICIA KAMMEYER, et al.,    :    NO. 1:01-CV-00649
                              :
        Plaintiffs,            :
                              :    ORDER
    v.                        :
                              :
                              :
CITY OF SHARONVILLE,          :
            et al.,           :
                              :
        Defendants.           :
```

This matter is before the Court on Plaintiffs' Objections to Magistrate Judge's Order Granting Motions to Compel Discovery Filed by Defendants Nuss and Cramer (doc. 161), and Defendants' Response (doc. 162). Also before the Court are Plaintiffs' Objections to Magistrate Judge's Order Denying Plaintiffs' Motion for Protective Order and Motion to Quash Subpoenas Served on Plaintiffs' Former Attorney (doc. 164), and Defendants' Response (doc. 168). The Court will also address Plaintiffs' Motion to File Privileged Documents under seal (doc. 165).

This case involves allegations that Sharonville police detective James I. Cramer covered up evidence implicating Albert Schuholz in the May 8, 1981 murders of Plaintiffs' mothers, Marie Wright and Starla Burns, thus depriving the Wright Plaintiffs of their inheritance, and thus precluding an effective wrongful death claim by the Wright and Burns Plaintiffs (doc. 1). In a Complaint filed September 25, 2001, Plaintiffs brought a wrongful death and civil rights action alleging that Albert Schuholz was responsible

for the murders, and that Sharonville police conspired to cover up facts crucial to solving the murders (Id.).  Plaintiffs allege that Sharonville police detective, Defendant Cramer, the lead detective in the murder investigation, had a conflict of interest in that he allegedly worked privately for Albert Schuholz in "loan shark" collections.  Plaintiffs allege that Cramer, in his capacity with the Sharonville police, impeded the investigation into the murders of Marie Schuholz and Starla Burns (Id.).  Plaintiffs also allege that the former Chief of Police for the City of Sharonville, William Nuss, who is related by marriage to James Cramer, the current Police Chief Mike Schappa, and several John Doe employees of the City of Sharonville, knew about and did not disclose the misconduct of James Cramer, or otherwise participated in the conspiracy and cover-up in this case (Id.).  The Plaintiffs argue that the cover-up precluded them from their right to challenge Albert Schuholz's inheritance from his murdered wife, and as such, the public officials breached their duty to protect this interest of the family (Id.).

As the case involves confidential police files, the Court has already provided for a limited in camera review of sealed documents to Plaintiffs (doc. 64).  At a status conference on May 18, 2004, Plaintiffs expressed that in their view, it would be a huge problem to handle sealed documents at trial, because Plaintiffs would not want to reveal government information that could help Schuholz in his defense of an eventual criminal prosecution.  This case clearly presents sensitive discovery and

evidentiary issues.

In both the initial preliminary pretrial order (doc. 38), and the most recent scheduling order (doc. 160), the Court referred matters pertaining to discovery to the Magistrate Judge. At issue before the Court are two of the Magistrate Judge's Orders relating to discovery, which Plaintiffs challenge.

**I. The Magistrate Judge's May 11, 2004 Order (doc. 158)**

The Court first addresses Plaintiffs' Objections to the Magistrate Judge's May 11, 2004 Order (doc. 158). The Magistrate Judge granted in part Defendant Nuss' Motion to Compel and for Sanctions (doc. 136), granted in part Defendant Cramer's Motion to Compel Discovery and Request for Sanctions (doc. 137), and sealed exhibits 2 and 3 filed in Support of Nuss' Motion (doc. 136). The Magistrate Judge found that Plaintiffs should have responded to Nuss' contention interrogatories because the information sought is relevant and necessary, and Defendant Nuss could not obtain the substantial equivalent by other means (doc. 158). The Magistrate Judge did not find the imposition of discovery sanctions against Plaintiffs supported by the record (Id.). As for Cramer's requests for discovery, which Cramer alleged Plaintiffs had completely disregarded, the Magistrate Judge ordered production, while declining to impose sanctions (Id.).

Plaintiffs objected, arguing the Magistrate Judge's Order was clearly erroneous, because discovery has been extended and Plaintiffs will be better placed to respond to contention interrogatories after discovery is completed (doc. 161).

Plaintiffs argue that as recently as May 18, 2004, they were granted access to audio and videotape materials that had previously been denied to them, and they have provided Defense counsel with a searchable database of all information available to Plaintiffs (Id.). Plaintiffs further contend that the vast majority of records in this case are sealed and are held either by the Court or at the Defendants' police station (Id.). Consequently, Plaintiffs argue, they are doing the best they can to cooperate at this stage of discovery (Id.).[1]

      Defendant Nuss responded to Plaintiffs' Objections, arguing that under the correct standard of review, the Magistrate Judge's ruling on contention interrogatories is not clearly erroneous and contrary to law (doc. 162). Defendant argues there is no dispute that the information and documents sought are discoverable, and Plaintiffs ignore many of the discovery requests which are not contention interrogatories (Id.). Defendant argues that Plaintiffs have refused to provide the names of people with whom Plaintiffs have communicated about any aspect of their claims, and have refused to provide information as to how Plaintiffs are calculating their damages. Defendant further contends that Plaintiffs refuse to provide information about contacts Plaintiffs claim to have had with the Sharonville police department, to

---

[1] Plaintiffs note that they responded to Cramer's interrogatories on April 14, 2004. Defendant Cramer subsequently filed an Amended Motion to Compel (doc. 157), taking issue with Plaintiffs' responses for the same reasons raised by Nuss. Such Motion to Compel was dismissed as moot by the Magistrate Judge, on June 14, 2004.

identify the specific policies causing their injuries, or to disclose facts supporting their claim for denial of access to courts (Id.). Defendant argues he is entitled to know the identities of each person whom Plaintiffs allege received differential treatment from Plaintiffs (Id.). As for their document requests, Defendant argues Plaintiffs failed to provide separate responses, but rather provided documents in bulk with no attempt to organize them in a manner corresponding with specific discovery requests (Id.). Defendant further argues that Plaintiffs have failed to produce the files of, or even disclose the identity of, the expert psychologist whom Plaintiffs stated evaluated them (Id.). Defendant argues that inter-family communications may be "private," but are not necessarily privileged, and should be produced (Id.). Finally, Defendant argues that Plaintiffs cannot argue discovery is at its beginning phases in an attempt to avoid answering contention interrogatories (Id.). Defendant argues Plaintiffs have known about the alleged coverup for more than twenty-three years, and that in 1997 Plaintiff Jim Wright was given access to the City's entire criminal investigation file of the murders (Id.). Consequently, Defendant argues, Plaintiffs cannot argue discovery is at the beginning stages (Id.).

  Having reviewed this matter, the Court finds the Magistrate Judge issued his May 18, 2004 Order with the understanding that the discovery cut-off would lapse on July 1, 2004. However, the very same day the Magistrate Judge issued his Order, this Court held a status conference with the parties and

5

extended discovery six months until January 1, 2005. Consequently, although the Magistrate Judge's Order was correct in view of his understanding of the then-looming discovery cut-off, it should be modified now in light of the new discovery cut-off, of which the Magistrate Judge was unaware. The Court finds it incorrect to force Plaintiffs to respond to contention interrogatories before depositions have been completed. Consequently, the Court modifies the Magistrate Judge's Order such that responses to contention interrogatories are not due Defendants until after depositions are complete.

      The Court is not interested in discovery wars and expects counsel to cooperate in providing relevant discovery. However, it is also difficult for Plaintiffs to obtain evidence when so much of it is held under seal. In attempting to balance these competing considerations, the Court finds it appropriate to affirm the Magistrate Judge's Order to the extent that relevant evidence within Plaintiffs' possession should be produced to Defendants. It is not unusual for Defendants to ask Plaintiffs for evidence in Plaintiffs' possession at the time Plaintiffs raised the allegations in their Amended Complaint. To be clear, Plaintiffs should, of course, disclose the name of their expert psychologist, and any expert report or medical finding. Plaintiffs' "private" emails are discoverable to the extent they are relevant. It is only fair for Plaintiffs to provide Defendants with damages calculations. Defendants' Motions to Compel as to non-contention interrogatories and other evidence are well-taken, and Plaintiffs

should comply forthwith.

**II. The Magistrate Judge's June 14, 2004 Order (doc. 163)**

The Magistrate Judge issued an Order denying Plaintiffs' Motion for a Protective Order, Motion to Quash, and Motion for Sanctions (doc. 163). The Magistrate Judge similarly denied Defendant Cramer's Motion to Compel discovery as moot in light of the Magistrate Judge's May 11, 2004 Order that Plaintiffs comply with Cramer's discovery requests (Id.).

In his holding, the Magistrate Judge found that Plaintiffs were not prejudiced by their allegation that Defendants Nuss and Cramer "secretly" served subpoenas on their former attorney, Ravert J. Clark, ("Clark") without serving notice on Plaintiffs as required by Fed. R. Civ. P. 45 (Id.). The Magistrate Judge found facts showing that Plaintiffs otherwise had notice of Defendants' intentions to take Clark's deposition and Defendants' requests for documents and files. The Magistrate Judge further rejected the argument that as a result of such subpoenas, Defendants obtained documents and files protected by the attorney-client privilege and work product doctrine (Id.). He found that Plaintiffs failed to show that any privilege protected the materials requested or obtained, or to show that any such privilege had not been waived (Id.). Finally, the Magistrate Judge found Plaintiffs failed to present grounds for requiring return of materials obtained through discovery, for suspending discovery, or to warrant the imposition of sanctions (Id.).

Plaintiffs objected to the Magistrate Judge's ruling,

requesting the Court quash the subpoenas issued to Clark, prohibit the deposition of Clark, order the return of all copies of Clark's files, and prohibit the use of the information obtained by subpoena for any purpose at trial (doc. 164).  Plaintiffs contend that the Court should review the Magistrate Judge's Order de novo, citing In re Columbia/HCA Healthcare Corp. Billing Practices Litigation, 293 F.3d 289, 293-294 (6th Cir. 2002), because questions of attorney-client privilege and work product doctrine are mixed questions of law and fact (Id.).  Plaintiffs then proceed to introduce facts about the subpoenas in dispute, that were not presented to the Magistrate Judge (Id.).  Plaintiffs reiterate their position that the subpoenas were pursued in violation of Rule 45, that the targeted material was protected by either the attorney-client privilege or work product doctrine, and that there has been no waiver of any such privilege (Id.).

     Defendants responded that Plaintiffs' assertion that the Court should review the Magistrate Judge's Order de novo is incorrect, and the correct standard is whether such Order was clearly erroneous or contrary to law (doc. 168).  Defendants argue that Plaintiffs' reliance on In re Columbia HCA, 293 F.3d 289, is misplaced, as that case did not involve review of a Magistrate Judge's ruling (Id.).  Defendants argue that the Magistrate Judge's findings supporting the Order are not clearly erroneous or contrary to law, and thus the Order should be upheld (Id.).

     Defendants protest that Plaintiffs improperly introduce facts not presented to the Magistrate Judge in an attempt to

incorrectly frame the issue before the Court (Id.).  Defendants argue the real issue is the timing and the scope of the conduct of Clark, as such conduct relates to whether the statute of limitations bars Plaintiffs' claims (Id.).  Defendants argue under Haines v. Liggett Group, Inc., 975 F.2d 81, 92 (3rd Cir. 1992), that it would be error for the Court to consider new evidence--here, statements contained in the declaration of Attorney Paul Laufman (Id.).

Defendants argue Plaintiffs were aware of the first subpoena at least thirty days before Clark produced any documents (Id.).  Having considered that fact, the Magistrate Judge found that Plaintiffs were therefore not prejudiced by lack of service of the subpoena upon them (Id.).  Defendants argue that Plaintiffs' attempt to challenge the Magistrate Judge's finding, by introducing new "facts" to explain why they took no steps to prevent Clark from disclosing information, is improper and would subject this Court to mandamus review (Id.).

Defendants next argue that they did not request and Clark did not produce any document protected by the attorney-client privilege (Id.).  Defendants further argue that as no documents have been produced in response to the second subpoena, and Plaintiffs had notice of it, the second subpoena is irrelevant to any issue before this Court (Id.).

Defendants argue the Magistrate Judge was not clearly erroneous when he held that Plaintiffs had not met their burden (Id.).  Defendants contend that Plaintiffs merely make conclusory

9

assertions about how the documents and information at issue are protected by the attorney-client privilege and work product doctrine (Id.).  Defendants argue that though Plaintiffs are aware of 534 pages that Defendants received from Clark, Plaintiffs have not made an attempt to show for even one of those pages how the Magistrate Judge's decision was clearly erroneous (Id.).

Defendants contend the Court must affirm the Magistrate Judge because his determination was not clearly erroneous that Defendants' reasons for seeking the documents and information were legitimate and compelling (Id.).  Defendants further contend that many of the documents were never protected, because they were public records, documents merely setting forth when and why Plaintiffs retained Clark, or were non-privileged emails between family members (Id.).  Defendants argue the Magistrate Judge's finding was correct that even if some of the documents were protected, the privilege has been waived (Id.).  Defendants argue that Plaintiffs waived any privilege by filing this lawsuit and putting the information directly in issue, by failing to do anything to protect the documents before Clark produced them, and by Clark's voluntary production of the documents (Id.).  Defendants also argue that Clark's prior settlement discussions with the City resulted in waiver of any protection attaching to his representation of Plaintiffs and the content of settlement negotiations (Id.).

Having reviewed this matter, the Court finds Defendants' position well-taken.  The proper standard of review for this Court

is whether the Magistrate Judge's ruling was clearly erroneous. 28 U.S.C. § 636(b)(1)(A)(A district court may reconsider any pretrial matter ruled upon by a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). The Magistrate Judge did not clearly err in finding that Defendants' lack of service of the Clark subpoena on Plaintiffs was not prejudicial because Plaintiffs otherwise knew about the subpoena through their discussions with Clark. Neither did the Magistrate Judge clearly err in his determination that Plaintiffs failed to meet their burden in demonstrating that the documents and information at issue are protected from disclosure or use at trial. Despite Plaintiffs' general invocation of the attorney-client privilege and the work product doctrine, Plaintiffs have not shown how such protections apply to the documents and information at issue. The Court cannot review "new" facts that were not previously presented to the Magistrate Judge; Plaintiffs had the burden to proffer such facts to the Magistrate Judge in the first instance. Documents pertaining to when and why Plaintiffs retained Clark are directly relevant to Defendants' statute of limitations defense, and otherwise are not protected by the attorney-client privilege. Evans v. Atwood, 177 F.R.D. 1,4 (D.D.C. 1997)("The attorney-client privilege has never been construed to prevent the disclosure that a person obtained the attorney for a particular purpose. . . Learning the purpose does not necessarily disclose what the client might have told the attorney in confidence once the attorney had been retained"). Moreover, Clark reviewed

11

the documents he produced, and represented that he did not produce any documents protected by attorney-client privilege. Any work product protection was waived by Clark, as he was free to waive the benefit of work-product protection. <u>Carte Blanche v. Diners Club International, Inc.</u>, 130 F.R.D. 28, 32 (S.D.N.Y. 1990). For all of these reasons, the Court denies Plaintiffs' Objections (doc. 164), and affirms the Magistrate Judge's June 14, 2004 Order (doc. 163).

**III. Plaintiffs' Motion to File Privileged Documents Under Seal (doc. 165).**

On July 2, 2004, Plaintiffs filed a motion to place the case file of their former attorney Clark under seal pending this Court's ultimate decision on the Magistrate Judge's June 14, 2004 Order. As the Court has found no clear error in the Magistrate Judge's ruling that the documents in question are not protected, the Court finds Plaintiffs' Motion moot.

**IV. CONCLUSION**

The Court finds Plaintiffs' Objections to the Magistrate Judge's May 11, 2004 Order well-taken in part. The Magistrate Judge was not aware, through no fault of his own, that the same day that he issued his Order, this Court extended the discovery deadline by six months. In such circumstances, the Court does not find it correct to Order Plaintiffs to respond to contention interrogatories until after depositions are complete. However, Plaintiffs are required to produce all other relevant discovery, in accordance with the rules.

The Court does not find Plaintiffs' Objections to the

Magistrate Judge's June 14, 2004 Order well-taken.  The Magistrate Judge did not clearly err in finding that Plaintiffs had failed to meet their burden in showing the documents and information at issue were protected.  Finally, in light of the above, the Court does not find well-taken Plaintiffs' Motion to File Privileged Documents Under Seal, as such documents are not considered privileged.

   Accordingly, the Court FINDS Plaintiffs' Objections to Magistrate Judge's Order Granting Motions to Compel Discovery Filed by Defendants Nuss and Cramer (doc. 161), well-taken in part, and as such REVERSES IN PART the Magistrate Judge's Order that Plaintiffs respond to Defendants' contention interrogatories at this time (doc. 158).  The Court AFFIRMS the balance of the Magistrate Judge's Order (<u>Id</u>.).  The Court further DENIES Plaintiffs' Objections to the Magistrate Judge's Order Denying Plaintiffs' Motion for Protective Order and Motion to Quash Subpoenas Served on Plaintiffs' Former Attorney (doc. 164), and AFFIRMS the Magistrate Judge's June 14, 2004 Order (doc. 163).  Finally, the Court DENIES AS MOOT Plaintiffs' Motion to File Privileged Documents Under Seal (doc. 165).

   SO ORDERED.

Date: August 5, 2004            s/S. Arthur Spiegel            
                                S. Arthur Spiegel
                                United States Senior District Judge