8  (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

By _____

_Southern_ _____ DISTRICT OF _____

Patricia Kammeyer, et al.

**SUBPOENA IN A CIVIL CASE**

V.

AUG 1 7 2004

City of Sharonville, et al.

Case Number:[1]  **1:01-cv-649**

TO: **Michael K. Allen**
**Hamilton County Prosecuting Attorney**
230 East 9th Street, Suite 4000
Cincinnati, OH  45202

**Southern District of Ohio, Western Division**
**Judge Arthur S. Spiegel**

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects place, date, and time specified below (list documents or objects):

**See attached description of documents requested.**

| PLACE   **Laufman & Gerhardstein**<br>617 Vine Street - 1409 Enquirer Building<br>Cincinnati. Oh 45202 | DATE AND TIME<br>**August 31, 2004**<br>**12:00 p.m.** |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(signature)_ | _8/10/04_ |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT
A

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME)                  MANNER OF SERVICE

SERVED BY (PRINT NAME)                  TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

              DATE                             SIGNATURE OF SERVER

                                                    ADDRESS OF SERVER

15, Federal Rules of Civil Procedure, Parts C & D:

## (c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B) If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## (d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Attachment to subpoena to Hamilton County Prosecutor:

**Preliminary Note: All material responsive to this subpoena will be subject to a strict order on confidentiality consistent with prior orders (Docs. 79, 135) regarding the criminal investigation of the murders of Marie Schuholz and Starla Burns. A copy of the current protective orders are attached. Please call Attorney Alphonse Gerhardstein at 513-621-9100 to discuss the terms of a protective order prior to the return date on this subpoena.**

Items to be Produced:

1. Produce the complete file of all documents except for privileged attorney records referring or relating to the criminal investigation of the homicides of Marie Schuholz (Wright) and Starla Burns (Case No. B-9805045) which occurred on or about May 8, 1981 in Sharonville, Ohio, including but not limited to all investigative notes, audiotapes and documents made by Rick Gibson, John Jay, Henry Dreschler, Russell Jackson, John Esther and others;

2. Produce a transcript of the complete grand jury proceeding in Case No. B-9805045 and any other grand jury activity involving the murders of Marie Schuholz and Starla Burns.

As used in this subpoena document means: written, printed, typed, recorded, magnetic, punched, copied, graphic or tangible thing, through or from which information may be embodied, translated, conveyed, or stored including, but not limited to, correspondence, memoranda, notes, notebooks, telephone messages, records, books, papers, telegrams, telexes, facsimiles, dictation recordings, video recordings, computer tapes and recordings, electronic records, electronic recordings, electronic mail or e-mail, computer discs, computer printouts, microfilm, microfiche, work sheets, diaries, calendars, photographs, charts, drawings, sketches, and other writings or draft thereof.

If any document is withheld under claim of privilege or work product, furnish a list identifying each document for which the privilege or work product is claimed, together with the following information for each such document: date, sender, recipient, persons to whom copies were furnished, job titles of each of these persons, subject matter

of the documents, number of pages in the document, the bases on which the privilege or

work product is claimed, the paragraph or paragraphs of this Request to which the

document responds, the subject matter of the document and the person in whose custody

the document is presently located, and whether any matter that is not privileged or not

work product is discussed or mentioned in that document.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**FILED**

JAN 1 6 2003

Kenneth J. Murphy, Clerk
CINCINNATI, OHIO

PATRICIA KAMMEYER, et al.,          :       NO. C-1-01-649
                                    :
                                    :
          Plaintiffs,               :
                                    :       **ORDER**
          v.                        :
                                    :
CITY OF SHARONVILLE, et al.,        :
                                    :
          Defendants.               :

Pursuant to this Court's Order of December 26, 2002 (doc. 75), the Parties attempted to draft a joint protective order to govern the use of the Sealed documents (doc. 51). As the Parties informed the Court that they were unable to reach an agreement on a protective order, they submitted their respective proposals to the Court for its review. Plaintiffs' Motion for Protective Order and Production of Documents Pursuant to Court Order, includes as exhibits the proposed versions of all of the Parties (doc. 78). The essential dispute between the Parties at this point concerns whether Plaintiffs' Counsel may obtain copies of the Sealed documents or whether their review should be limited to that conducted within the Court's chambers. Plaintiffs' Counsel argue that it is unduly burdensome to require them to conduct such review within chambers (doc. 78).

Having reviewed the proposals of the Parties, the Court finds that it would not be burdensome for Plaintiffs' Counsel to

review the Sealed documents in chambers.  As such, the Court shall make available the Sealed documents (doc. 51) under the terms set out herein.

At this time the Defendants in this case are the City of Sharonville and Defendants Schappa, Cramer, and Nuss.  There are no named John Doe Defendants.  The Court recently granted Plaintiff's Motion to Dismiss Albert Schuholz, Audrey Stevens, and Bruce Wright as Defendants.  The documents submitted to the Court for in-camera inspection (doc. 51) shall be available for review and note-taking in the Court's chambers by Counsel for the Parties only, for use in this litigation only.  The documents shall be held confidential, and their contents shall not be used for any purpose other than the pursuit of this pending federal civil litigation, except pursuant to further order of the Court. The Court will address access to these documents by counsel for any John Doe defendants or counsel for any other defendants to be named later when and if such defendants are added to this lawsuit.  This Order does not affect any position taken by the City of Sharonville regarding access to these records under the Ohio Public Records Act or other provisions or precedent under Ohio law.  This Order is based on federal law rather than state law.

This Order does not apply to law enforcement personnel who otherwise have access to the records due to their involvement in the criminal prosecution of Albert Schuholz, including but not limited to the City of Sharonville police officials and members of the Hamilton County Prosecutor's Office.

If any of the contents of the documents that are subject of this Order are used in discovery or briefing, those portions of any record or filing shall be sealed until further order of this Court.

~~Accordingly, the Court hereby GRANTS in part~~ Plaintiff's Motion for a Protective Order and Production of Documents (doc. 78) as indicated herein, and DENIES in part ~~Plaintiff's Motion to the extent that it requests review of such~~ documents outside of the Court's chambers.

SO ORDERED.

Date: 1/16/03

S. Arthur Spiegel
United States Senior District Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

PATRICIA KAMMEYER, et al.       :     Case No. C-1-01-649

                                   :     J. Spiegel

      Plaintiffs,                    :

                                   :

      v.                             :     ORDER PERMITTING SUBSTITUTION

                                   :     OF COUNSEL FOR DEFENDANTS

CITY OF SHARONVILLE, OHIO, et al.    :     <u>CRAMER AND NUSS</u>

                                   :

      Defendants.                  :

This matter came before the Court on the motions of Defendants Cramer and Nuss that Randolph H. Freking and the law firm of Freking & Betz be substituted as trial counsel for Defendant Cramer and Brian E. Hurley and Robert J. Gehring and the law firm of Crabbe, Brown & James LLP be substituted as trial counsel for Defendant Nuss. The Court finds the motions to be well taken, and orders that Attorney Freking and Freking & Betz are substituted as trial counsel for Defendant Cramer and Attorneys Hurley, Gehring and Crabbe, Brown & James are substituted as trial counsel for Defendant Nuss. Further, because Defendants Cramer and Nuss are sued in part in their official capacities, they and their counsel shall have access to documents of Defendant City of Sharonville, Ohio in the possession of the Court and the copies of those documents in the possession of the City and its trial counsel. Plaintiffs and their counsel shall also have access to the documents of the City of Sharonville at the offices of Schroeder, Maundrell, Barbiere & Powers on the same basis as counsel for Defendants Cramer and Nuss.

IT IS SO ORDERED.

Judge S. Arthur Spiegel



Lawrence E. Barbiere (0027106)
Schroeder, Maundrell, Barbiere & Powers
Counsel for Defenants Schappa and City
 of Sharonville
119 Mason Road, Suite 110
Cincinnati, OH 45249-3703
(513) 583-4210 - telephone
(513 ) 583-4203 - facsimile
*lbarbiere@schroederlaw.com*

Randolph H. Freking (0009158)
Counsel for Defendant Cramer
FREKING & BETZ
215 East Ninth Street, Fifth Floor
Cincinnati, OH 45202
(513) 721-1975 - telephone
(513) 651-2570 - facsimile
*randy@frekingandbetz.com*

Brian E. Hurley (0007827)
Robert J. Gehring (0019329)
Counsel for Defendant Nuss
CRABBE, BROWN & JAMES
30 Garfield Place, Suite 940
Cincinnati, OH 45202-4359
(513) 784-1525 - telephone
(513) 784-1250 - facsimile
*bhurley@cbjlawyers.com*

Thomas T. Keating (0011359)
Keating, Ritchie & Swick
Counsel for Defendants Schappa and City
 of Sharonville
8050 Hosbrook Road, Suite 200
Cincinnati, OH 45236
(513) 891-1530 - telephone
(513) 891-1537 - facsimile
*tkeating@krslawyers.com*

Alphonse A. Gerhardstein (0032053)
Paul Laufman (0066667)
Counsel for Plaintiffs
617 Vine Street, Suite 1409
Cincinnati, OH 45202
(513) 621-9100 - telephone
(513) 345-5543 - facsimile
*agerhardstein@laufgerhard.com*

· AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

SEP 1 5 2004

__Southern__ DISTRICT OF __Ohio__

Patricia Kammeyer, et al.

### SUBPOENA IN A CIVIL CASE

V.

City of Sharonville, et al.

Case Number:[1]   **1:01-cv-649**

TO:   John Jay
C/o Hamilton County Prosecutors Office
230 East 9th Street, Suite 4000
Cincinnati, OH 45202

**Southern District of Ohio, Western Division
Judge Arthur S. Spiegel**

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

**x**   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Schroeder, Maundrell, Barbiere & Powers  11935 Mason Road, Suite 110  Cincinnati, OH 45249 | DATE AND TIME  Mon, Sept. 20, 2004  1:00 p.m. |
|---|---|

**x**   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects place, date, and time specified below (list documents or objects):

All files and documents in your possession regarding the investigation into the 1981 murders of Marie Schuholz (Wright) and Starla Burns

| PLACE | DATE AND TIME |
|---|---|

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)     **Attorney for Plaintiff** | DATE  **September 14, 2004** |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

617 Vine Street, Suite 1409     (513) 621-9100
Cincinnati, OH 45202

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT**

B

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____

DATE                                                SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

SEP 1 5 2004

**Southern** DISTRICT OF **Ohio**

Patricia Kammeyer, et al.

**SUBPOENA IN A CIVIL CASE**

V.

City of Sharonville, et al.

Case Number:[1]  **1:01-cv-649**

TO:  **Terry Gaines**
**C/o Hamilton County Prosecutors Office**
**230 East 9th Street, Suite 4000**
**Cincinnati, OH 45202**

**Southern District of Ohio, Western Division**
**Judge Arthur S. Spiegel**

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

**x**  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Schroeder, Maundrell, Barbiere & Powers 11935 Mason Road, Suite 110 Cincinnati, OH 45249 | DATE AND TIME  Mon, Sept. 20, 2004 9:00 a.m. |
|---|---|

**x**  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects place, date, and time specified below (list documents or objects):

All files and documents in your possession regarding the investigation into the 1981 murders of Marie Schuholz (Wright) and Starla Burns

| PLACE  Schroeder, Maundrell, Barbiere & Powers 11935 Mason Road, Suite 110 Cincinnati, OH 45249 | DATE AND TIME  Mon, Sept. 20, 2004 9:00 a.m. |
|---|---|

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| **Attorney for Plaintiff** | **September 14, 2004** |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

**617 Vine Street, Suite 1409    (513) 621-9100**
**Cincinnati, OH  45202**

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT**

C

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

_____

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA KAMMEYER, et, al.,        :        NO. C-1-01-649
                                   :
          Plaintiffs,              :
                                   :        **ORDER**
     v.                            :
                                   :
CITY OF SHARONVILLE, et al.,       :
                                   :
          Defendants.              :

Judge 4812
Mag.
Journal
Issue CMTC
Docketed (W)

This matter is before the Court on Plaintiffs' Motion to Compel Production of Criminal Investigation Records (doc. 17), Defendants Mike Schappa and the City of Sharonville's Memorandum in Opposition to Motion to Compel (doc. 23), and Plaintiffs' Reply (doc. 29).

### BACKGROUND

This is a wrongful death and civil rights case brought by the families of victims of Marie Schuholz and Starla Burns, who were murdered on May 8, 1981 (doc. 1). Plaintiffs allege that Defendant Albert Schuholz was responsible for the murders, and that Sharonville police conspired to cover up facts crucial to solving the murder (Id.). Plaintiffs allege that Sharonville police detective James I. Cramer, the lead detective in the murder investigation, had a conflict of interest in that he allegedly worked privately for Albert Schuholz in "loan shark" collections. Plaintiffs allege that James Cramer, in his capacity with the Sharonville police, impeded the investigation into the murders of

**EXHIBIT**
D              4()

Marie Schuholz and Starla Burns (Id.). Plaintiffs also allege that the former Chief of Police for the City of Sharonville, William Nuss, who is related by marriage to James Cramer, the current Police Chief Mike Schappa, and several John Doe employees of the City of Sharonville knew about and did not disclose the misconduct of James Cramer, or otherwise participated in the conspiracy and cover-up in this case (Id.). The Plaintiffs argue that the cover-up precluded them from their right to challenge Albert Schuholz's inheritance from his murdered wife, and as such, the public officials breached their duty to protect this interest of the family (Id.)

Albert Schuholz pled guilty in the United States District Court for the Eastern District of Kentucky in 1998 for the attempted murder of Norma Schuholz, a wife he married subsequent to Marie Schuholz (Id.). However, at the time of sentencing, he was found incompetent by Judge William O. Bertelsman of said Court, and thus is currently in custody of the Attorney General. The Hamilton County Prosecuting Attorney has a holder lodged against Albert Schuholz and has indicated that when Schuholz is ultimately restored to competency, after being sentenced on the federal charge and completing that sentence, the County will have him returned to Hamilton County for trial (doc. 23).

**ANALYSIS**

On March 8, 2002, Plaintiffs filed a Motion to Compel pursuant to Fed. R. Civ. P. 26, seeking access to the criminal investigation file of the Sharonville Police Department regarding the murder of Marie Schuholz and Starla Burns (hereinafter,

Schuholz/Burns Murder Investigation), the file of the Sharonville Police Department regarding the investigation into the conduct of James Cramer (hereinafter, Cramer Cover-up Investigation), and the 1981 date book of Plaintiff Patti Kammeyer (doc. 17). Plaintiffs state that they are in a Catch-22 because Defendants are denying Plaintiffs access to the very files Plaintiffs need to resist Defendants' Motion to Dismiss (Id.). That motion argues in part that the facts are not sufficiently specifically alleged to state a claim (Id.).

Defendants objected to the production of the documents on the basis that all of the documents are contained in the criminal investigation file regarding the murders of Marie Schuholz and Starla Burns (doc. 23). Defendants' position is that the information contained in the criminal investigation file is specifically exempted from production under Ohio Revised Code § 149.43(A)(1)(g) and (A)(2)(c) as trial preparation records and investigative work product (Id.). Defendants argue that the appropriate procedure for Plaintiffs under Ohio law is to file a mandamus action, citing Speckman v. Jackson, 639 N.E. 2d 83 (1994). Plaintiffs respond that none of the requested material is exempt from disclosure, and that any privilege was waived when Plaintiffs James Wright and Patricia Kammeyer were given open access to the entire file in the late 1990's (doc. 29). Plaintiffs argue that the Cramer Investigation documents were compiled for reasons beyond the criminal prosecution of Albert Shuholz, and as such are not "trial preparation materials" within the language of O.R.C. § 149.43(A)(4) and must be disclosed (Id.).

Having reviewed the arguments of the parties, the Court finds that universe of documents sought by Plaintiffs' Motion to Compel can be divided into two classes, as argued by Plaintiffs. The first class of documents contains material that relates to the Schuholz/Burns Murder Investigation, including the twenty-six page investigative report prepared by Dale Dorning. The second class of documents contains material relating to the Cramer Cover-up Investigation.

The Court notes that Plaintiffs' ability to ever prosecute their claims will be frustrated because, practically speaking, the likelihood of the Hamilton County Prosecutor pursuing its criminal charges against Albert Schuholz under the circumstances are extremely remote. Albert Schuholz is currently in federal custody, having pled guilty but being found incompetent at the time of sentencing, for the attempted murder of his subsequent wife, Norma Schuholz. If and when Albert Schuholz is ever found competent to be sentenced, the probability is that he will be sentenced to prison and will probably be in federal custody for the rest of his life. These facts militate in favor of granting the Plaintiffs the right to review so much of the file in the possession of the Hamilton County Prosecutor which relates to the Cramer Cover-up Investigation documents. Therefore the Court is disposed to order the production of so much of the file in the Prosecutor's possession that relates to the Cramer Cover-up Investigation documents.

The Court recognizes that it is not bound by state evidentiary rules in a Section 1983 case and thus can order the

production of information contained within police investigative files. Pearson v. Miller, 211 F. 3d 57 (3d Cir. 2000); Farley v. Farley, 952 F. Supp 1232, 1236 (M.D. Tenn. 1997) citing Burka v. New York City Transit Authority, 110 F.R.D. 660, 666 (S.D.N.Y. 1986)("Because the [federal] civil rights laws are in part designed to protect individuals against illegal state action, it would be anomalous to permit state law privileges to interfere with their enforcement.")  Statutory provisions providing for duties of confidentiality do not automatically imply the creation of evidentiary privileges binding on courts. Pearson, 211 F. 3d 57, 67-8. Merely asserting that a state statute declares that the records in question are "confidential" does not make out a sufficient claim that the records are "privileged" within the meaning of Fed. R. Civ. P. 26(b)(1) and Fed R. Evid. 501. Id. In light of the fact that federal courts are not bound by state court evidentiary law, thus this Court is not bound by Ohio Revised Code § 149.43(A)(1)(g) and (A)(2)(c).

CONCLUSION

The dispute in this case is not between criminal defendant Albert Schuholz and the Hamilton County murder prosecution but between the families of the victims, Marie Schuholz and Starla Burns, in civil litigation against an alleged cover-up of a criminal investigation. The Court does not believe that the Hamilton County Prosecutor's Office would ever want to find itself in the position of an unwitting party to the alleged cover-up. We conclude that the material pertaining to the Schuholz/Burns murder investigation in possession of the Hamilton County Prosecutor's

Office no doubt would be work product exempt from discovery by the defendant in the murder prosecution. However, the issue here is not between the criminal defendant Schuholz in said murder prosecution but between the families of the murder victims and those in the employ of Sharonville responsible for the alleged cover-up. Thus there is a question whether the documents pertinent to the murder investigation in the instant situation should be exempt from disclosure to the Plaintiffs. At this time we conclude that the materials relating to the Cramer Cover-up Investigation in the possession of the Hamilton County Prosecutor must be disclosed to the Plaintiffs. The Court will review the balance of the documents in the murder investigation in camera to determine if there is any other material that may be relevant to Plaintiffs' Complaint that should be disclosed to Plaintiff for any reason. Accordingly, the Court hereby GRANTS Plaintiffs' Motion to Compel as to the Cramer Cover-up Investigation documents. The Court further ORDERS that the balance of the documents in the Schuholz/Burns murder investigation be filed by the Defendants under seal for in camera investigation by the Court.

SO ORDERED.

Dated: 9/5/02

_____

S. Arthur Spiegel
United States Senior District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA KAMMEYER, et al.                :        NO. 1:01-CV-649

              Plaintiff                :        (Judge Spiegel)

           vs.                          :

CITY OF SHARONVILLE, et al.              :        **AFFIDAVIT OF RICHARD J. GIBSON, ASSISTANT PROSECUTING ATTORNEY**

           Defendants                :

STATE OF OHIO       )
                      )SS:
COUNTY OF HAMILTON  )

Now comes the undersigned Richard Gibson Hamilton County Assistant Prosecuting Attorney and after being first duly cautioned and sworn deposes as follows:

1.        That he is currently an attorney-at-law licensed to practice in the State of Ohio and is employed by the Hamilton County Prosecutor's Office and is an Assistant Prosecuting Attorney. He has held that position since 1983.

2.        That in1998 he was assigned as the trial prosecutor on the case of *State of Ohio v. Albert Schuholz*, Case No. B-9805045 Hamilton County Common Pleas Court.

3.        The aforesaid case involves a pending indictment against Albert Schuholz for (4) four counts of Aggravated Murder.  In the pending murder case in Hamilton County there has been no written request made upon Hamilton County by Albert Schuholz or his counsel pursuant to Ohio Criminal Rule 16.

4.        Currently the Defendant Albert Schuholz is incarcerated in federal custody in the Federal Medical Center, in Springfield, Missouri awaiting sentencing on an attempted murder charge of which he was convicted in the federal jurisdiction in the State of Kentucky.  He has been declared



EXHIBIT

E

incompetent in the federal case and will be sentenced upon his restoration to competency and returned to Hamilton County for prosecution in the aforesaid indictment.

5.    Hamilton County has a holder on Albert Schuholz and upon his restoration to competency and sentencing on the federal charge he will be immediately transferred to Hamilton County and tried for the aforesaid murder indictment pursuant to the aforesaid holder.

6.    That there is maintained in the Office of the Hamilton County Prosecutor a file relating to the prosecution of Albert Schuholz on the aforesaid indictment on (4) four counts of Aggravated Murder.

7.    Contained in that file are information and materials that relate to the investigation that resulted in the murder indictment and prosecution of Albert Schuholz.

8.    All of the information and materials in that file relate to how to successfully prosecute the aforesaid case against Albert Schuholz and said information and materials were considered by me in forming my decision about the theory of the case and my judgment on what steps to take in successfully prosecuting the case.

9.    The disclosure of the materials and information as requested in the subpoena duces issued to Michael K. Allen and the subpoena issued to Terry Gaines (former Assistant Prosecutor) and John Jay (investigator) would greatly compromise my ability to successfully prosecute the criminal murder case against Albert Schuholz and others that might be determined to be involved.

10.    None of documents in the file have been disclosed to third parties.

11.    All the materials and information was prepared and/or compiled either by me or for me in anticipation of preparing for and then successfully prosecuting the aforesaid murder case against Albert Schuholz and comprise my work product and are protected from disclosure by both

2

the work-product privilege and the attorney-client privilege.

12.    All of the information and materials in the file were considered and/or relied upon by me in forming the decisions about the strategy I would employ to successfully prosecute the case.

13.    All of the information and materials in the file have been acquired and maintained in the file based on my judgment that such are relevant and necessary to the successful prosecution of the case.

FURTHER AFFIANT SAYETH NAUGHT.

Richard J. Gibson
Assistant Prosecuting Attorney

Sworn to and subscribed before me a Notary Public this _11_ day of _October_, 2004.

Notary Public

CAROLYN D. BLOCKSOM
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES 05-18-05

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served by  upon each party or attorney of record  in the proceedings by ordinary U.S. mail or electronically on this ____ th day of October, 2004.

/s/Mark C. Vollman 0007040
Assistant Prosecuting Attorney

3