UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA KAMMEYER, et al. | : | NO. 1:01-CV-649 |
| Plaintiff | : | (Judge Spiegel) |
| | | (Magistrate Judge Black) |
| vs. | : | |
| CITY OF SHARONVILLE, et al. | : | **REPLY MEMORANDUM BY NON-PARTIES MICHAEL K. ALLEN HAMILTON COUNTY PROSECUTOR, JOHN JAY, INVESTIGATOR AND TERRY GAINES (FORMER ASST. PROSECUTOR) SUPPORTING MOTION TO QUASH** |
| Defendants | : | |
| | | **(HEARING REQUESTED)** |

**MEMORANDUM**

**I.     INTRODUCTION**

This is a civil case in federal court that has been pending for over 3 years in which the Hamilton Prosecuting Attorney is not nor has ever been a party. Plaintiffs' attorneys, issued subpoenas for the work-product of present and former assistant prosecuting attorneys, the grand jury transcript, and information from an investigator employed by the Hamilton County Prosecuting Attorney (collectively, "prosecutors"). Counsel for non-party prosecutors have filed a Motion to Quash the Subpoenas and Supporting Memorandum. Plaintiffs filed a Memorandum in Opposition to Prosecutors' Motion to Quash. This Reply is in response to the Plaintiffs' Memorandum in Opposition to Prosecutors' Motion to Quash.

**II.    SUBPOENAS**

The subject of the Subpoenas was limited by Plaintiffs' Memorandum in Opposition to prosecutors' Motion to Quash. Plaintiffs no longer are seeking the Grand Jury material. (Pl. Memorandum, pg 1).

**III.   BACKGROUND**

Plaintiffs' Memorandum begins by explaining that they "fervently hope that Albert Schuholz will be tried and convicted." (Pl. Memorandum, pg 2). The best course for Plaintiffs to help the prosecutors achieve that goal is to stop trying to interfere in the state criminal prosecution and to respect the principles of "comity" discussed in *Juidice v. Vail*, 430 U.S. 327, 334, 97 S. Ct. 1211, 1217 (1977).

Rather than respect the principles of "comity," Plaintiffs now list what they want: (2) the entire prosecutors' file to be examined under seal; (3) all records and notes predating December 31, 1998; (4) all records relating to any investigation of James Cramer for his work on the Schuholz/Burns murder; and (5) a privilege log.[1] (Pl. Memorandum, pg 1, 2). Plaintiffs assert that the Defendants in the case will "blame the prosecutor" as their defense and that prior to January, 1983 the prosecutor advised "that there was not 'sufficient evidence to go forward'" (Pl. Memorandum, pg 3).

Rick Gibson, the assistant prosecuting attorney assigned to the State Murder case has the custody and control of the Schuholz murder file and, to his knowledge, it has no writings describing any contact between the Hamilton County Prosecutors' office and James Cramer concerning the murders of Marie Wright (Schuholz) and Starla Burns which predate January,

---

[1] Item (1) for the list is the abandonment of the request for Grand Jury material.

1983. (See Supplemental Affidavit of Rick Gibson). Indeed, the Hamilton County Prosecutor's Office did not maintain a file concerning the murders of Marie Wright (Schuholz) and Starla Burns until Detective Dorning of the Sharonville Police Department contacted the Office in late 1997 or in 1998 concerning this old murder case. Following the contact by Detective Dorning, the prosecutor's office, the case was presented to the grand jury and, with the return of an indictment, a case file opened. (See Supplemental Affidavit of Richard Gibson).

In short, Plaintiffs are on a fishing expedition for material that does not exist. Plaintiffs are interested more in the success in their civil case than a conviction of Albert Schuholz in the state murder prosecution and are unconcerned about jeopardizing the prosecutors' single opportunity to pursue criminal charges of murder against Albert Schuholz to pursue this fishing expedition.

IV.    ARGUMENT

   A.    **Abstention Doctrine Considerations**

The United States Supreme Court established the abstention doctrine to protect state criminal proceedings from interference by the federal judiciary. The principles behind the abstention doctrine were discussed in <u>Juidice v. Vail</u>, 430 U.S. 327, 334, 97 S. Ct. 1211, 1217 (1977). That doctrine is based upon the notion of "comity," that is, a proper respect for state functions. While the abstention doctrine does not directly apply because the Plaintiffs are not parties to the State Criminal case, the principles behind the abstention doctrine — the notion of comity and respect for state governmental functions — must be considered in determining this motion to quash the subpoenas. If both proceedings, under the test from *Younger v. Harris,* 401 U.S. 37, 27 L. Ed. 2d 669, 91 S. Ct. 746 (1971), can continue simultaneously because they are independent, they should proceed in an independent fashion.

Plaintiffs have invited this Court to ignore the notion of comity and to trade the State of Ohio's one opportunity to prosecute Albert Schuholz for the potential of a money judgment in their civil case. The Plaintiffs do not need additional evidence linking Albert Schuholz to the murder based upon the extensive list of evidence available to them. (Pl. Memorandum, pg 8 to 21). It is unknown to prosecutors why the Plaintiffs herein waited twenty years to commence civil legal action against Albert Schuholz with the evidence they have connecting Albert Schuholz to the murders.

What, then, are Plaintiffs' legal bases for rummaging through the Prosecutors' work-product in the Albert Schuholz murder file?

**B.    Discovery From Closed Cases**

Plaintiffs cite <u>Spurlock v. Satterfield</u>, 167 F.3d 995 (6th Cir. 1999); <u>Newsome v. McCabe</u>, 319 F. 3d 301 (7th Cir. 2003); <u>Velaquez v. City of Chicopee</u>, USDC D. Mass No. 03-30249-MAP (10/14/04, Ponsor, J.); and, <u>Miller v. City of Boston</u>, USDC D. Mass No. 03-10805-JLT (6/14/04, Tauro, J.). These cases have one common thread. In every one of the cases plaintiffs cite, the criminal prosecution was completed at the time the Court ordered disclosure of the prosecutor's file. That is not the case here.

Here, the prosecutors have not had the opportunity to bring the case to trial. All of these cases are inapposite to the issue before this Court. Because of the double jeopardy clause, the State of Ohio will have only one opportunity to try Albert Schuholz. If the discovery of the prosecutors' file is allowed, the balance of rights in the criminal trial provided in the Ohio Criminal Rules will be tilted against the prosecutors and handicap the prosecutors' ability to try the criminal case against Albert Schuholz. The potential of pre-trial publicity of a civil verdict after review of the prosecutors' file by Plaintiffs will necessarily imply either guilt or innocence

of Albert Schuholz (although on a lesser standard) and will jeopardize the ability of the criminal prosecution to fairly try the criminal case.

Finally, quizzing the prosecutors about their file and/or rummaging through their work-product is likely to reveal elements of trial strategy either directly, or indirectly as the civil case is tried. The items of work-product created by the criminal prosecutor, the "intangible things, the results of the [prosecutors] use of his tongue, his pen, and his hand" are the only tools to offset the advantage our system gives to the accused in a heightened burden of proof and permitted element of surprise.  Revelation of those items will be highly prejudicial to a successful prosecution and again belies to Plaintiffs' statement in their memorandum brief that they "fervently hope" for a criminal conviction.

If Plaintiffs' would wait until after conviction to pursue their fishing expedition as happened in the four cases they cite in support of their position, these immediate concerns could perhaps be addressed.  At this stage of the criminal prosecution, they cannot.

**C.**     **Decisions Without Notice And Opportunity to Be Heard**

Plaintiffs first argue that this Court issued orders prior to the time that the prosecutors were served with the subject subpoenas and that this Court should follow orders it issued prior to the time the prosecutors had notice and opportunity to be heard.  Plaintiffs' first proposal to resolve this dispute, perhaps *sub silento* alluding to a perverted "law of the case" argument violates the basic concept of due process.  This Court certainly did not intend to bind itself by orders determining the prosecutors' rights without giving them notice and a full opportunity to be heard.

**D.**     **Comity Concerns Cannot be Accommodated**

Because a public trial and decision are required in federal civil cases, it is not possible to address the comity concerns. Plaintiffs already have been given access to the Sharonville investigative files. If the prosecutors' files are also required to be given to the parties in this civil case, Albert Schuholz, after a public civil trial, will be able to have certain knowledge of every aspect of the prosecutor's case. All the witnesses, exhibits, theory or prosecution, and expert opinions will be known in advance. The prosecutors will not be able to obtain any reciprocal discovery.

Albert Schuholz will be able to anticipate every decision and argument of the prosecutor and concoct or create an argument to counter every decision and argument of the prosecution. Even if this case is decided by a written opinion of this Court or the Sixth Circuit, it would be necessary for either court to describe the basis for finding that Schuholz was responsible for the murders. Those opinions, written after the review of the prosecutor's file by the Court and Plaintiffs, will jeopardize some aspect of the prosecutors' ability to prosecute the case. If either Court recites that Schuholz committed the murder or did not commit the murder, (which is likely) the decision will necessarily change or taint the perception of evidence and/or witnesses, potential jurors, the criminal defense attorney, the state judge, and even the other witnesses.

Unless this Court intends to conduct all proceedings in private, issue private decisions, hold a private trial, and the Sixth Circuit will hold its files, arguments and decisions in private, insulation of the future criminal prosecution of Schuholz is impossible.

In short, nothing this Court is able to do will address the issues of comity to protect the criminal prosecution. While the *Younger* abstention doctrine as currently formulated does not appear to apply, it should either be reformulated to apply, or the issues of comity should require

that Plaintiffs' proceed completely separate from the criminal prosecution without nosing about through the prosecutors' work-product.

Also, Albert Schuholz was previously a party to this action. There would be nothing to preclude his intervention into this case pursuant to Fed.Civ.R. 24(a), especially in light of the fact that one of the issues to be determined in this case is whether he is involved in the murders.

### E.    Waiver of Privilege by Prosecutors

Plaintiffs next claim that at one point Sharonville Chief Schappa testified that the Prosecutors had agreed to provide some or all of the investigative file to James Wright, a Plaintiff, in 1997. Plaintiffs, could, but have not, cited any evidence that Plaintiff James Wright actually was granted access to the prosecutors office file. Nothing cited by Plaintiffs appears to be a waiver of the attorney client privilege that protects the prosecutors file.

Plaintiffs appear to be intentionally vague about this issue. They do not attach Schappa's testimony to their memorandum. It is likely, if anything was examined, it was the Sharonville file which this Court has already granted Plaintiffs the right to examine. The Supplemental Affidavit of Rick Gibson states that, other than the Sharonville materials to which Plaintiffs already have had access by order of this Court, he has not shared his file with James Wright or anyone else outside the Prosecutors' office.

It appears that Plaintiffs are alleging, without supporting evidentiary documentation, that the prosecutors transferred some unspecified item received from Sharonville back to Sharonville so that Sharonville could comply with this Court's prior order. Plaintiffs argue, that notwithstanding this Court's protective orders, the privilege in the entire prosecutor's file must now be made public, so that plaintiffs' attorneys and Albert Schuholz's attorneys, or anyone else, for that matter, can see the prosecutors' file.

From this argument, it is clear that Plaintiffs are not concerned about jeopardizing the prosecution of Albert Schuholz. It is also clear that the concept of waiver of privilege is misunderstood by Plaintiffs. Voluntary disclosure of privileged communications is inconsistent with assertion of the privilege. *In re Grand Jury Proceedings*, 78 F.3d 251, 255 (6th Cir. 1996); *United States v. Skeddle*, 989 F. Supp. 905, 908 (N.D. Ohio 1997). Such disclosure waives any subsequent claim of privilege with regard to communications on the same subject matter. *In re Grand Jury Proceedings*, 78 F.3d at 255. The "same subject matter" standard is, however, to be applied narrowly, rather than expansively. *In re Grand Jury Proceedings*, 78 F.3d at 255-56. Returning to Sharonville what was given by Sharonville so Sharonville can comply with a court order is not disclosure of the entirety of the prosecutor's file nor does it amount to voluntary disclosure.

This argument of Plaintiffs is feckless. It also demonstrates that the protective order will not protect the murder prosecution in all instances. Under Plaintiffs' theory, compliance with any order this Court may issue by the prosecutor will result in the waiver of the privilege with regard to the entire file of the prosecutor. If that file is no longer protected, Albert Schuholz can rummage through it to prepare for his murder trial.

E.  **The Work Product Doctrine Protects the Prosecutors' File From Disclosure**

Plaintiff's final argument shows the disingenuous nature the protestations of Plaintiffs that they ". . .fervently hope that Albert Schuholz will be tried and convicted for the murders of their mother." They recite that they have evidence from innumerable sources that they believe makes their civil case. Now what they want from the prosecutors' information they think will

explain what was different between 1981 and 1997 in the murder investigation.  If this Court or the Sixth Circuit write that distinction in a decision, Albert Schuholz will certainly have the entire theory of the prosecutors' case just in time to prepare his defense.

The irony of this is that Plaintiffs, in 1982 and 1983 could have sued Schuholz for wrongful death of their mothers if the evidence they had was so strong.  Inexplicably, they waited for Detective Dorning to reopen the case in 1997 and for the prosecutors to seek and obtain an indictment before proceeding with their quest for civil remedies.  The recital of all of the evidence disclosed to date demonstrates no need for further discovery.

Plaintiffs can go about and obtain statements from the same witnesses which they allege Jackson, Jay, and Gibson took.  As far as any notes Shappa took, they have Shappa to testify about those notes.  Finally, there is no reason that Plaintiffs cannot investigate Cramer themselves.  It seems as though Plaintiffs would interpret the "work product" rule as holding that, if after two years discovery, a Plaintiff cannot prove his case, he can then review the files of all other attorneys having any information on the matter to see if those attorneys can do that which Plaintiff could not do.

In order to adjudicate a claim of work product immunity under Fed.R.Civ.P.26(b)(3), a court must follow this sequence of steps:

1. The objecting party must make the claim that the materials have been prepared in anticipation of litigation or for trial; [Done herein.] (See Affidavit of Richard Gibson)

2. The party requesting the materials must then show and the court must find that they are (1) relevant to the subject matter of the litigation and (2) not privileged; [<u>Not</u> done herein.]

3. The burden then shifts to the objector to show (1) that the materials were in fact prepared in anticipation of litigation or for trial, (2) that the material was prepared by or for the party or the party's representative, including attorney, consultant, surety, indemnitor insurer, or agent; [Done herein.]

4. The burden then shifts to the requester to show (1) he has a substantial need of the materials to prepare his case and (2) he is unable without substantial hardship to obtain the substantial equivalent of the materials by other means; [<u>Not</u> done herein.]

5. Even if step four is met, the objector can still prevent disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the party concerning the litigation.

Everything that Plaintiffs want is clearly trial preparation materials as defined in F.Civ.26(b)(3). Plaintiffs do not show hardship. Instead, Plaintiffs merely allege that the witnesses already deposed do not demonstrate facts to support their theory of the case. The Plaintiffs are only seeking the mental impressions, conclusions, opinions, or legal theories of Prosecutors' Simon L. Leis and Terry D. Gaines. These are in all instances protected as work-product.

Finally, the mental impressions, conclusions, opinions, or legal theories of Prosecutors' Simon L. Leis and Terry D. Gaines are unnecessary to prove Plaintiffs' theory that Sharonville "covered-up" the involvement of Albert Schuholz in the Schuholz/Burns murders. Ohio Criminal Rule 4(A) describes the manner in which a Criminal Case begins in Ohio. It provides:

> (1) Upon complaint. If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause to believe that an offense has been committed, and that the defendant has committed it, a warrant for the arrest of the defendant, or a summons in lieu of a warrant, shall be issued by a judge, magistrate, clerk of court, or officer of the court designated by the

> judge, to any law enforcement officer authorized by law to execute or serve it.
>
> The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished. Before ruling on a request for a warrant, the issuing authority may require the complainant to appear personally and may examine under oath the complainant and any witnesses. The testimony shall be admissible at a hearing on a motion to suppress, if it was taken down by a court reporter or recording equipment.
>
> The issuing authority shall issue a summons instead of a warrant upon the request of the prosecuting attorney, or when issuance of a summons appears reasonably calculated to ensure the defendant's appearance.

Under this Criminal Rule 5, a Judge of the Municipal Court decides whether to bind the defendant over to the Court of Common Pleas which supervises the Grand Jury. Any of the Plaintiffs, any Defendant, or attorneys representing Plaintiffs or Defendants could have filed a Criminal Complaint beginning the murder case against Albert Schuholz. This could have been done without any consultation with the Prosecuting Attorney.

The mental impressions, conclusions, opinions, or legal theories of Prosecutors' Simon L. Leis and Terry D. Gaines in 1981, are not material to any issue in the dispute between the parties to the pending litigation. If expert testimony is needed to determine whether the facts known to Defendants in 1981 would have required Defendants to act, Plaintiffs can secure that testimony without interfering in the prosecutors' ability to try Albert Schuholz for murder. Plaintiffs, if they have a valid civil cause of action, can pursue it without disturbing the principles of comity or rummaging through the work product of the prosecution.

### V.    CONCLUSION

Based upon the foregoing, this Court should quash the subpoenas issued for Michael K. Allen, Hamilton County Prosecutor, (*duces tecum*) John Jay, Investigator and Terry Gaines

(Former Assistant. Prosecutor).  The Hamilton County Prosecutor respectfully requests an order under Fed. Ci. R. 26(c)(1) that the discovery sought should not be allowed.

    Respectfully submitted,

    MICHAEL K. ALLEN
    PROSECUTING ATTORNEY
    HAMILTON COUNTY, OHIO


    /s/Mark C. Vollman, 0007040P
    /s/ Christian J. Schaefer 0015494P
    Assistant Prosecuting Attorneys
    230 East Ninth Street, Suite 4000
    Cincinnati, Ohio 45202
    513/946-3144


### CERTIFICATE OF SERVICE

    I hereby certify that a copy of this document was served upon each party or attorney of record in the proceedings by ordinary U.S. mail or electronically on this 29th day of October, 2004.

    /s/Mark C. Vollman 0007040
    Assistant Prosecuting Attorney