UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA KAMMEYER, <u>et al</u>.,  :
                           :   NO. 1:01-CV-00649
     Plaintiffs,      :
                           :
                           :   **ORDER**
   v.                       :
                           :
                           :
CITY OF SHARONVILLE, <u>et al</u>.,  :
                           :
     Defendants.      :

This matter is before the Court on the Motion to Quash Subpoena Directed to Non-Parties Michael K. Allen, Hamilton County Prosecutor, John Jay, Investigator, and Terry Gaines, Former Assistant Prosecutor (doc. 174), Plaintiffs' Memorandum in Opposition to Motion to Quash by Non-Parties Mike Allen, John Jay and Terry Gaines (doc. 177), and Reply Memorandum by Non-Parties Michael K. Allen, Hamilton County Prosecutor, John Jay, Investigator, and Terry Gaines, Former Assistant Prosecuting, Supporting Motion to Quash (doc. 181). A hearing was held on this matter on December 7, 2004. Also, before the Court is the Notice by Plaintiffs' of Filing Under Seal Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment and Plaintiffs' Motion Pursuant to Rule 56(f) to Permit Discovery Before a Ruling on Summary Judgment (doc. 186) and Joint Memorandum of Defendants in Opposition to Plaintiffs' Motion Pursuant to Rule 56(f) to Permit Discovery Before a Ruling on Summary Judgment (doc. 190).

Non-Parties, Michael K. Allen, John Jay, and Terry Gaines (hereinafter "Non-Parties"), were served with subpoena's in the above captioned case (doc. 174). The subpoena directed to Michael Allen seeks disclosure of:

> (1) The complete file of all documents except for privileged attorney records referring or relating to the criminal investigation of the homicides of Marie Schuholz (Wright) and Starla Burns (Case No. B-9805045) which occurred on or about May 8, 1981 in Sharonville, Ohio, included but not limited to all investigative notes, audiotapes and documents made by Rick Gibson, John Jay, Henry Dreschler, Russell Jackson, John Esther and others;

> (2) Produce a transcript of the complete grand jury proceeding in Case No. B-9805045 and any other grand jury activity involving the murders of Marie Schuholz and Starla Burns.

(Id.). John Jay's subpoena seeks testimony in the form of a deposition and disclosure of "all files and documents in your possession regarding the investigation into the 1981 murders of Marie Schuholz (Wright) and Starla Burns" (Id.). The subpoena directed towards Terry Gaines seeks testimony in the form of a deposition and disclosure of "all files and documents in your possession regarding the investigation into the 1981 murders of Marie Schuholz (Wright) and Starla Burns" (Id.). It should be noted that Plaintiffs have, at this time, withdrawn their request seeking production of the grand jury transcript (doc. 177).

At the hearing the Court ordered that the subpoenas be complied with. Specifically, the Court Ordered the following. First, Hamilton County prosecutors, past and present,

as well as investigators may be deposed concerning dealings they had with individuals from the City of Sharonville Police Department and any other City of Sharonville authority which led the Hamilton County Prosecutor's Office not to press charges against Albert Schuholz.  Second, Hamilton County shall produce any documentary evidence available that shows what evidence, if any, was available in the 1980s that also led to the Hamilton County Prosecutor's decision not to pursue criminal charges against Albert Schuholz. Third, compliance, as indicated in the subpoenas, does not require disclosure of privileged attorney records or work-product.  Lastly, Hamilton County shall provide to the Plaintiffs a privilege log of material withheld as attorney mental impressions, conclusions, opinions, or legal theories.  All of this material shall be produced under seal.

Hamilton County objects to the production of the requested evidence as well as the Court's decision allowing individuals to be deposed (doc. 174).  Hamilton County maintains that production of such evidence and permission to take said depositions will result in the denigration, "for all time, the roll of state prosecutors and make them subservient to parties litigating issues of money in Federal Court" (Id.).  Hamilton County specifically objects to the Court ordering any disclosure of work-product (Id.).

According to the Federal Rules of Civil Procedure, a deposition may be taken of a non-party (Fed. R. Civ.

Pro. 30(a)(1)). Additionally, according to the rules "a person not a party to the action may be compelled to produce documents and things or to submit to an inspection (Fed. R. Civ. Pro. 34(c)). Rule 34(c) is limited by the restrictions of Rule 45 (<u>Id</u>.). Rule 45(d)(2) states:

> When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(Fed. R. Civ. Pro. 45(d)(2)). The Court is not "denigrating for all time" the role and function of state prosecutions. Nor is it, as Hamilton County asserts, running afoul of the holding in <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947) (discussing the work-product doctrine). The Court is simply Ordering that Hamilton County produce the requested documentary evidence, permit the requested depositions to be taken, and provide a privilege log for any information Hamilton County claims can not be discovered pursuant to Rule 45(d)(2) of the Federal Rules of Civil Procedure.

Plaintiffs, in their Motion Pursuant to Rule 56(f) to Permit Discovery Before a Ruling on Summary Judgment (doc. 186), request an opportunity pursuant to Rule 56(f) to complete discovery prior to completing their Response to the Motion for Summary Judgment based upon the statute of limitations defense filed by the Defendants (<u>Id</u>.). Defendants argue that none of the

-4-

discovery Plaintiffs intend to conduct will have any impact on the issue of whether their claims are barred by the statutes of limitations (doc. 190). "Rule 56(f) provides that a party opposing a motion for summary judgment is allowed to claim an inability to present facts essential to justify its opposition to summary judgment, and in certain cases the district court may postpone the motion and permit further discovery" (Jefferson v. Chattanooga Pub. Co., 375 F.3d 461 (6th Cir. 2004)).

The Court is just now, in this Order, denying a Motion to Quash and permitting Plaintiffs an opportunity to conduct their requested discovery. The permitted discovery may provide Plaintiffs with ammunition to combat Defendants' Motion for Summary Judgment. Plaintiffs have requested a postponement pursuant to Rule 56(f) and the Court finds that it is in the best interests of justice to postpone Plaintiffs' required Response to Defendants' Motion for Summary Judgment until discovery has been completed. Plaintiffs are Ordered to complete the discovery sought no later than January 14, 2005. Plaintiffs are then Ordered to submit, no later than January 21, 2005 their Response to Defendants' Motion for Summary Judgment. Defendants will have until January 31, 2005 to Reply to Plaintiffs' Response.

The Court, therefore, DENIES Hamilton County's Motion to Quash Subpoena Directed to Non-Parties Michael K. Allen, Hamilton County Prosecutor, John Jay, Investigator, and Terry Gaines, Former Assistant Prosecutor (doc 174) and ORDERS that the

-5-

requested discovery of Plaintiffs be permitted, limited to the restrictions set forth in this Order including all said discovery be under seal.  Furthermore, the Court hereby GRANTS Plaintiffs' Motion Pursuant to Rule 56(f) to Permit Discovery Before a Ruling on Summary Judgment.


       SO ORDERED.


Dated: December 20, 2004     /s/ S. Arthur Spiegel

                               S. Arthur Spiegel
                               United States Senior District Judge