UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA KAMMEYER, et al. | : | Case No. C-1-01-649 |
| Plaintiffs | : | Spiegel, J. |
| | | Black, M.J. |
| vs. | : | |
| | | PLAINTIFFS' MOTION TO QUASH |
| CITY OF SHARONVILLE, et al. | : | SUBPOENAS TO PLAINTIFFS' |
| | | ATTORNEYS WITH MEMORANDUM |
| Defendants | : | IN SUPPORT |
| | : | |

**MOTION**

Pursuant to Fed. R. Civ. Proc. 45 Plaintiffs move to quash two improper subpoenas and the associated notices of deposition served upon counsel for plaintiffs themselves.

**MEMORANDUM**

Defendant Nuss, on behalf of all of the defendants, has served subpoenas commanding the appearance at deposition upon counsel for plaintiffs, Alphonse Gerhardstein and Paul Laufman. The depositions of counsel for plaintiffs will clearly delve into subjects covered by both the attorney client privilege and the work product doctrine. These improper subpoenas must be quashed.

**I.    Procedural Background**

This matter is pending before the court on a defense motion for summary judgment based upon statute of limitations. (Doc. 180). Before retaining current counsel plaintiffs were represented by a different attorney, Ravert ("Jay") Clark. In their memorandum in opposition to the motion for summary judgment (Doc. 187) plaintiffs submitted a declaration from Jay Clark stating *inter alia*:

3. I had no access to the actual Sharonville investigation file in this matter and, consistent with my professional obligations under Rule 11, had insufficient evidence with which to proceed prior to the criminal trial and conviction. Moreover, the families wanted a criminal conviction of Schuholz first and foremost. We never intended to pursue a civil remedy against Schuholz, the City of Sharonville or any Sharonville employee until a conviction of Schuholz had been accomplished because there was not sufficient evidence to proceed on these claims and the families did not want any civil action to interfere with the criminal prosecution of Schuholz.

Declaration of Clark, ¶3. On December 2, 2004, Brian Hurley, counsel for defendant Nuss, wrote to plaintiff's counsel seeking to depose them in order to "help determine if Mr. Clark's Rule 11 argument has any credibility." (See Hurley letter of December 2, 2004, attached Exhibit "A"). Plaintiffs' counsel declined to submit to deposition. (See Gerhardstein letter of December 6, 2004, attached Exhibit "B"). Counsel for defendant Nuss responded by indicating that dates for the depositions would be unilaterally selected and subpoenas issued. (See Hurley letter of December 8, 2004 at ¶3, attached Exhibit "C"). Subpoenas were subsequently issued.

In essence, therefore, defendants seek evidence that there was sufficient evidence available to sue them while Clark represented them and they seek to use plaintiffs' current counsel as their expert witnesses on the issue of the facts necessary to support a lawsuit against defendants. They seek to accomplish this inappropriate goal by completely ignoring the attorney client privilege and the work product privilege. The only way plaintiffs' counsel could possibly answer these questions is by describing their legal reasoning regarding the claims available against the defendants, the elements of those claims, and the facts available to apply to those elements prior to filing this action from the plaintiffs and from counsels' investigation. Those matters are the core of the privileges. Moreover, plaintiffs have already turned over all documents and fact witnesses known to them so defendants are free to determine for themselves whether there was sufficient factual information available upon which to base a lawsuit against them before the instant case was filed.

What may be going on is retaliation and harassment. This court has ordered that the deposition of Brian Hurley may be taken in *Chesher v. Neyer*, USDC, No. C-1-01-566. (See Order, Doc. 149). In that case, the plaintiffs allege that various persons covered up the involvement of Hamilton County officials in the morgue photography scandal. Brian Hurley was not an attorney for the parties in the case but he was a Hamilton County Assistant Prosecuting attorney. His deposition was permitted under the crime-fraud exception to the privilege. That matter is on appeal. The undersigned is one of the attorneys seeking to depose Mr. Hurley in *Chesher*. The undersigned hopes this is not a case of retaliation but the basis for the subpoenas to counsel in this matter is so strained and so inappropriate that it may well represent harassment.

## II. This Court Should Quash the Subpoenas Which Seek Information Covered by the Attorney-Client Privilege and the Work Product Doctrine

### A. Attorney Client Privilege and the Work Product Doctrine

Defendants seek to take the depositions of plaintiffs' counsel. These depositions will clearly delve into areas covered by the attorney client privilege. This privilege has long been recognized as necessary to promote justice by encouraging a client to communicate completely and honestly with his attorney. *In re Antitrust Grand Jury*, 805 F.2d 155, 162 (6th Cir.1986). This allows a client to assist in the preparation of his defense without fear that his own admissions can be used against him through the compelled testimony of his attorney, including his former attorney. *See In re Grand Jury Subpoena Dated Oct. 22, 2001*, 282 F.3d 156, 160 (2nd Cir. 2002) (quashing subpoena requesting attorney to testify about statements made by former client). Therefore, both subpoenas should be quashed.

The requested depositions will similarly delve into areas covered by the attorney-work product doctrine. The work product privilege is "distinct from and broader than the attorney-client privilege." *In re Antitrust Grand Jury*, 805 F.2d at 163. The attorney-work product

3

doctrine is designed to prevent disclosure of the attorney's legal theories, research, and certain factual material gathered in preparation for proper representation of the client. *See Hickman v. Taylor*, 329 U.S. 495, 508-13 (1947). Moreover, while only the client may assert the attorney-client privilege, both the attorney any the client may invoke the work product doctrine. *In re Special September 1978 Grand Jury*, 640 F.2d 49 (7th Cir. 1980). Counsel for plaintiffs invokes this privilege on behalf of their clients.

Federal Rule of Civil Procedure 26(b)(3) which covers the scope of the attorney-work product privilege states that in requiring the discovery of certain materials, the court "shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of a party concerning the litigation." The Supreme Court has concluded that work product consists of the tangible and intangible material which reflects an attorney's efforts at investigating and preparing a case, including one's pattern of investigation, assembling of information, and determination of the relevant facts, preparation of legal theories, planning of strategy, and recording of mental impressions. *Hickman v. Taylor*, 329 U.S. 495, 511 (1947). The requested depositions clearly conflict with the attorney-work product doctrine. Therefore, both subpoenas should be quashed.

> B.  Defendants are Improperly Seeking to Use Plaintiffs' Current Counsel as Expert Witnesses on the Issue of Whether There was Sufficient Evidence Available to Sue Defendants at the time Plaintiffs' Were Represented by Attorney Clark.

Defendants hunt for a basis to call Mr. Clark a liar with respect to his assessment of his Rule 11 obligations is irrelevant to this case. Defendants should hire their own experts if they feel that they can properly put in issue Mr. Clark's assertion that he did not have sufficient information to file a lawsuit while he was representing the plaintiffs. The opinion of current counsel on this issue is not relevant and inappropriate to request.

4

Defendants must not be permitted to depose current counsel in an attempt to use them as expert witnesses as to the issue of whether Clark actually had sufficient evidence to bring a lawsuit against the defendants. Federal Rule 26(b)(4)(B) only allows a party to discover through depositions or interrogatories facts held by an expert "specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial only as provided in Rule 35(b) or upon a showing of exceptional circumstances..." The Sixth Circuit has interpreted 26(b)(4) to exclude discovery of experts who are consulted informally in anticipation of litigation. *USM Corp. v. American Aerosols, Inc.*, 631 F.2d 420, 424 (6th Cir. 1980); Wright & Miller: Federal Practice and Procedure § 2033.

Defendant's subpoena attempts to compel deposition testimony from an expert not retained or specially employed. Plaintiffs have not named counsel as experts. Therefore, without a showing of exceptional circumstances by the defendants, the expert opinion of counsel is outside the scope of discovery under rule 26(b)(4).

### C. The Form of the Subpoenas Fails to Comply with Civil Rule 45

Federal Rule of Civil Procedure 45(a)(1)(D) dictates the form of a subpoena and requires that, "Every subpoena shall . . . set forth the text of subdivisions (c) and (d) of this rule." As amended in 1991, 45(a)(1)(D) ensures that the rights and duties of the witness are made clear and asserts that the subpoena "must set forth the full text of subdivision (c) and (d)." *See* Wright and Miller: Federal Practice and Procedure §§ 2453, 2463, 2464. The subpoenas served upon counsel for plaintiffs failed to set forth the required text as dictated by Civil Rule 45. The subpoenas are therefore void and unenforceable against counsel for plaintiffs. *Id*. at §§ 2463, 2464.

### III. This Court Should Prohibit the Deposition of Attorneys Gerhardstein and Laufman

The depositions of attorneys Gerhardstein and Laufman should not proceed. The depositions of Gerhardstein and Laufman will clearly involve questioning about information protected by either the attorney-client privilege or the attorney-work product doctrines. If such depositions were to occur, counsel for plaintiffs would invoke Federal Rule of Civil Procedure 30(d)(1) and refuse to answer whenever "necessary to preserve a privilege." Fed. Rule Civ. Pro. 30(d)(1). Every question defendants would pose to Gerhardstein and Laufman would likely implicate information protected by a privilege. Attorneys Gerhardstein and Laufman will not proceed to deposition until this court rules on this matter.

### IV. Conclusion

For these reasons, Plaintiffs respectfully request that the subpoenas be quashed.

**Respectfully submitted,**

_s/ Alphonse A. Gerhardstein_
Alphonse A. Gerhardstein # 0032053
Trial Attorney for Plaintiffs
Paul Laufman  #0066667
Attorney for the Plaintiff
617 Vine Street, Suite 1409
Cincinnati, Ohio 45202
(513) 621-9100
(513) 345-5543 fax
agerhardstein@laufgerhard.com
plaufman@laufgerhard.com

### Certificate of Service

I here by certify that on December 28, 2004, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an

6

appearance by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

    _s/ Alphonse A. Gerhardstein_____
    Alphonse A. Gerhardstein