UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA KAMMEYER, et al. | : | NO. 1:01-CV-649 |
| Plaintiff | : | (Judge Spiegel) |
| | | (Magistrate Judge Black) |
| vs. | : | |
| | | **MOTION FOR STAY OF ORDER** |
| CITY OF SHARONVILLE, et al. | : | **DOC. 195 PENDING APPEAL** |
| | | **FILED BY NON-PARTIES** |
| Defendants | : | **MICHAEL K. ALLEN HAMILTON** |
| | | **COUNTY PROSECUTOR, JOHN** |
| | | **JAY, INVESTIGATOR AND TERRY** |
| | | **GAINES (FORMER ASST.** |
| | | **PROSECUTOR)** |

Now come non-parties Michael K. Allen (former) Hamilton County Prosecutor, John Jay, (investigator) and Terry Gaines (former asst. Prosecutor) who move that this Court grant a stay of Order Doc. 195 which denied their Motion to Quash. Non-parties Michael K. Allen (former) Hamilton County Prosecutor, John Jay (Investigator) and Terry Gaines (Former Assistant Prosecuting Attorney) on December 28, 2004 filed an appeal of the denial of their Motion to Quash to the Sixth Circuit Court of Appeals. The reasons for this Motion are set forth in the accompanying memorandum.

## **MEMORANDUM**

Deciding a motion for a stay requires balancing four factors: (1) the likelihood that the party seeking the stay will prevail on the merits on appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *DeLorean*, 755 F.2d 1223, 1228 (6th Cir. 1985).

1.  **Likelihood of success on the merits**

Without rearguing the entire motion, there is no case relied upon by the Plaintiffs or the Court which directly holds that the state prosecutor's file in a pending murder trial can be accessed by parties in a Federal civil case. The principles behind the abstention doctrine — the notion of comity and respect for state governmental functions — dictate that this type of interference should not be permitted. *Juidice v. Vail*, 430 U.S. 327, 334, 97 S. Ct. 1211, 1217 (1977).

Further, the subpoenas seek the prosecutors' work product. The work product doctrine arises out of the need to provide an attorney with a "certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947). It protects"intangible things, the results of the lawyer's use of his tongue, his pen and his head, for his client." *Hickman v. Taylor*, 153 F.2d 212, 223 (3d Cir. 1945), aff'd, 329 U.S. 495 (1947). It provides an attorney with a "zone of privacy" within which to think, plan, weigh facts and legal theories, and prepare a case. *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138, 142-43 (D. Del. 1982) (citing *Costal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 864 (D.C. Cir. 1980)); *Hercules, Inc. v. Exxon Corp.*, 434 F. Supp. 136 (D. Del. 1977). Furthermore, as explained by the Ohio Supreme Court in State ex rel. Steckman v. Jackson, (1994) 70 Ohio St.3d 420, "It is difficult to conceive of anything in a prosecutor's file, in a pending criminal matter, that would not be either material compiled in anticipation of litigation of a specific criminal proceeding or personal trial preparation of the prosecutor."

This Court's order interferes with the work product of the prosecutors and limits the privilege that prosecutors enjoy in representing the people of Ohio. The work product rule exempting the prosecutors from discovery absent a showing that Plaintiffs have substantial need and that they are

unable without undue hardship to obtain the substantial equivalent of the materials by other means was not addressed in an evidentiary fashion by Plaintiffs or this Court.

Based upon the above there is substantial case law supporting the position of the appeal creating a likelihood of success on the merits.

**2.     The moving party will be irreparably harmed absent a stay**

If the work product is revealed prior to the trial of Mr. Schuholz, the one full fair opportunity to try him for murder will be lost.  As explained in the Motion to Quash, the balance struck in the Ohio Rules of Criminal Procedure will be lost once this Civil case is tried and ruled upon.  Without subjecting himself to reciprocal discovery in the state murder prosecution, the names of witnesses, their potential trial testimony, expert reports and test results will become available to Schuholz.  This Court's order did not require a secret trial and/or a secret ruling in the Civil case.  Failure to stay the order will irreparably sacrifice the prosecutor's ability to try the criminal case.  (See, Affidavit of Richard Gibson attached to the Motion to Quash).

**3.     The prospect that others will be harmed if the court grants the stay**

There is no prospect of harm to plaintiffs or others should the stay be granted.  The alleged harm to plaintiffs leading to this suit occurred more than two decades ago.  Waiting a several months for this issue to be decided by the Court of Appeals will not harm the plaintiffs ability to pursue the remedies.[1]  Various other issues and dispositive motions are pending before this Court.  Those need to be resolved before a trial could occur anyway.  The delay the appeal necessitates does not harm anyone.

---

[1] Already pending in the Sixth Circuit Court of Appeals is the case of Chesher et al., v. Neyer, et al., Case No. 04-3179 which involves very similar issues and a decision in that case could be instructive in the instant case.

**4.   The public interest in granting the stay.**

The public interest is to have Mr. Schuholz tried for the double murders with which he is charged. The public interest is for that case to be tried without interference from the Plaintiffs in this civil case. In fact, the Plaintiffs have themselves expressed a desire to have Mr. Schuholz tried and successfully prosecuted. The delay may allow the Federal authorities to finish their pending criminal case against Mr. Schuholz so that the State of Ohio can proceed with its double murder case. The stay is in the public interest.

## CONCLUSION

Non-Parties Michael K. Allen respectfully request the Motion to Stay Order, Doc. 195 Pending Appeal be granted.

> Respectfully submitted,
>
> JOSEPH T. DETERS
> PROSECUTING ATTORNEY
> HAMILTON COUNTY, OHIO
>
>
> /s/Mark C. Vollman, 0007040P
> Mark C. Vollman, 0007040P
> Assistant Prosecuting Attorneys
> 230 East Ninth Street, Suite 4000
> Cincinnati, Ohio 45202
> 513/946-3144

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2005, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to the following, and I hereby certify that I have mailed by United States Postal service the document to non CM/ECF participants.

Lawrence E. Barbiere, Esq.
Schroeder, Mundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, Ohio  45249

Thomas T. Keating, Esq.
Keating, Ritchie & Swick
8050 Hosbrook Road, Suite 200
Cincinnati, Ohio 45236

Randolph H. Freking, Esq.
Freking & Betz
215 East Ninth Street, Fifth Floor
Cincinnati, Ohio 45202

Alphonse A. Gerhardstein, Esq.
Paul Laufman, Esq.
617 Vine Street, Suite 1409
Cincinnati, Ohio 45202

Brian E. Hurley, Esq.
Robert J. Gehring, Esq.
Crabbe, Brown & James
30 Garfield Place, Suite 940
Cincinnati, Ohio 45202

/s/Mark C. Vollman 0007040P
Mark C. Vollman, 0007040P
Assistant Prosecuting Attorney