NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 04-3158/3179/3284

**FILED**
JAN 0 6 2005
LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| JACQUELINE CHESHER, et al. ) | |
| ) | |
| Plaintiffs-Appellees, ) | |
| ) | |
| v. ) | ON APPEAL FROM THE UNITED |
| ) | STATES DISTRICT COURT FOR THE |
| MICHAEL ALLEN, BRIAN HURLEY, ) | SOUTHERN DISTRICT OF OHIO at |
| and THOMAS LONGANO, ) | CINCINNATI |
| ) | |
| Objectors-Appellants, ) | |
| ) | |
| TOM NEYER, et al., ) | |
| ) | |
| Defendants-Appellants, ) | |
| ) | |
| CARL L. PARROTT, JR., et al. ) | |
| ) | |
| Defendants-Appellants. ) | |

BEFORE: BOGGS and DAUGHTREY, Circuit Judges, and WISEMAN[1], District Judge.

**PER CURIAM.** Plaintiffs-Appellants bring this writ of Mandamus seeking relief from an order of the district court reversing Magistrate Judge's decision to quash subpoenas issued to nonparty attorneys and compelling depositions. For the reasons that follow, we REVERSE the decision of the district court and REMAND for further consideration.

## FACTUAL AND PROCEDURAL BACKGROUND

The only issue before this court is whether the United States District Court for the Southern District of Ohio at Cincinnati properly reversed the Magistrate Judge's decision to quash the subpoenas served upon Michael Allen, Brian Hurley, and Thomas Longano. While appalling, the well publicized facts of this case are irrelevant to that determination. As such, this court will not

---

[1]The Hon. Thomas A. Wiseman, Jr., Senior United States District Judge for the Middle District of Tennessee, sitting by designation.

1

delve into a summary of those facts. Instead, this court will focus on the discovery dispute that is before it.

The Plaintiffs in this case sought discovery through the issuance of subpoenas for depositions from four attorneys: Michael Allen, the Hamilton County Prosecutor; Brian Hurley, First Assistant to the Prosecutor in the Civil Division; Thomas Longano, First Assistant to the Prosecutor in the Criminal Division; and David Stevenson, Assistant Prosecutor, ("Attorneys"). The Plaintiffs based these subpoenas on evidence obtained in prior discovery that Plaintiffs claimed demonstrated the possibility of a coverup to protect the County from liability.[2] Plaintiffs sought to take depositions from the above named attorneys to further explore any such coverup.

Attorneys moved to quash the subpoenas, or in the alternative, for a protective order limiting the Plaintiffs' inquiry. Attorneys claimed that the subpoenas sought information protected by attorney-client privilege and work product privilege. Attorneys also argued that they were opposing counsel and, as such, a heightened standard must be met in the issuance of any subpoenas upon them.

The Magistrate Judge issued an order granting the motion to quash in part and compelled discovery in part. The Magistrate Judge began his analysis by stating, "it is beyond doubt that the non-party attorneys who have been subpoenaed in this case are opposing counsel." Joint App. vol. 1, page 57. Given this, the Magistrate Judge applied the *Shelton* test to determine if it was proper to compel discovery depositions of Attorneys. *See Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); *Nationwide Mutual Ins. Co. v. Home Ins. Co.*, 276 F.3d 621, 628 (6th

---

[2]The evidence of a coverup that Plaintiffs referred to included: 1) a letter from a Hamilton County Commissioner to the sentencing judge that asserted that members of the Coroner's Office were aware of Thomas Condon's activity; 2) an opinion letter (referred to as the "Stevenson Letter") written by Assistant Prosecutor Stevenson and signed by Prosecutor Allen referring to the use of photography for a training film; 3) an audiotape of a conversation between Dr. Utz and morgue employees implying that people at the Coroner's Office were aware of Condon's activity; 4) finally, the Plaintiff's allege that there was some circumstantial evidence pointing to the possibility that, at a Sunday morning meeting, the County agreed to defend Dr. Tobias in the action brought against him in exchange for favorable testimony in the instant action.

Cir. 2002) (Sixth Circuit adopted the Eighth Circuit test in *Shelton*). The three-part test requires that: 1) other than deposing opposing counsel, no other means exists to obtain the information; 2) the information sought is nonprivileged and relevant; 3) the information is crucial to the preparation of the case. *Nationwide*, 276 F.3d at 628.

Applying this test, the Magistrate Judge ruled that Plaintiffs could not carry their burden and quashed the subpoenas as to all claims except the Stevenson Letter, ruling that any privilege as to that letter had been waived. Joint App. vol. 1, page 57. Specifically, the Magistrate Judge held that Plaintiffs could not satisfy the second prong of the *Shelton* test as to all claims other than the "Stevenson Letter," and the Plaintiffs could not satisfy the first prong as to some of the claims. It is also important to note that the Magistrate Judge explicitly rejected the idea that Attorneys should be subject to depositions because of the possibility of a coverup. *Id.* at 59. The Magistrate Judge did allow that there may have been a coverup, but stated that Attorneys were not the proper parties to depose as to any alleged coverup. *Id.* at 59-60. While the Magistrate Judge never mentions the crime-fraud exception to the attorney-client privilege, this statement seems to implicitly reject any arguments related thereto.

Plaintiffs objected to and appealed the Magistrate Judge's ruling to the United States District Court for the Southern District of Ohio at Cincinnati, Judge Arthur Spiegel presiding. Judge Spiegel reversed the Magistrate Judge's ruling, and ordered Attorneys to submit to depositions. Judge Spiegel primarily based his decision on the crime-fraud exception to the attorney-client privilege. *Id.* at 76-81. Judge Spiegel goes to some lengths to explain the origins of and operation of the crime-fraud exception and finds that, "[t]aken together, the Court finds that a reasonable person could find that the evidence supports Plaintiffs' theory of a cover-up. THE COURT DOES NOT FIND THAT THERE WAS INDEED A COVER-UP, but merely that there is enough evidence to support Plaintiffs' theory, and thus to permit the depositions to go forward." *Id.* at 79 (emphasis in original).

**ANALYSIS**

3

## JURISDICTION

There is some question whether this court has jurisdiction to consider a direct appeal of Judge Spiegel's ruling. Because there seems to be some conflicting precedent within the circuit as to that question, and it is not necessary to the resolution of this case, this court declines to answer that question at this time. Instead, this court finds that it does have jurisdiction to consider the Petition for Writ of Mandamus and/or Prohibition filed by Attorneys.

Petitions for relief in mandamus are generally only considered after evaluating them under five guidelines:

> (1) The party seeking the writ has no other adequate means, such as direct appeal, to attain the relief desired.
> (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal.
> (3) The district court's order is clearly erroneous as a matter of law.
> (4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules.
> (5) The district court's order raises new and important problems, or issues of law of first impression.

*In re Perrigo Co.*, 128 F.3d 430, 435 (6th Cir. 1997).

It is also important to note that this court has a more flexible approach to mandamus than other circuits. *Id.* at 437. Finally, we have said that mandamus is particularly appropriate to review discovery decisions that would not be appealable until final judgment, especially decisions related to privileges. *See In re Perrigo Co.*, 128 F.3d 430 (6th Cir. 1997); *In re Bankers Trust Company*, 61 F.3d 465 (6th Cir. 1995); *Federal Deposit Insurance Corp. v. Ernst & Whinney*, 921 F.2d 83 (6th Cir. 1990); *EEOC v. K-Mart Corp.*, 694 F.2d 1055 (6th Cir. 1982).

Here, after balancing the guidelines, this court finds that mandamus is appropriate.

## THE STANDARD THE DISTRICT COURT APPLIED

Rule 72(a) of the Federal Rules of Civil Procedure requires that a district court judge find a magistrate judge's decisions concerning nondispositive matters "clearly erroneous" before reversing any such decisions. The discovery matter that was before the district court in the instant case is clearly a nondispositive matter. While the quashing of a subpoena may affect a case, it clearly

FROM SQUIRE SANDERS   (FRI) 1. 7' 05 16:12/ST. 16:08/NO. 4864364820 P 5

does not dispose of one. As such, the district court would have had to find the magistrate's decision clearly erroneous in the instant case before reversing the decision to quash the subpoenas.

Since it does not appear that Judge Spiegel applied the clearly erroneous standard, the case is remanded for consideration under that standard. It seems that Judge Spiegel weighed the evidence *de novo* and decided that a reasonable person could conclude that there was a coverup. Joint App., vol. 1, page 79. Whether a reasonable person could find evidence of a coverup that may support a finding of the crime-fraud exception to the attorney-client privilege is irrelevant for the purposes of Judge Spiegel's decision. What is relevant for Judge Spiegel to consider is whether the Magistrate Judge was clearly erroneous when he found that no crime-fraud exception could be found.[3] Therefore, we remand this case to the district court for determination of whether the Magistrate Judge clearly erred in his rejection of the crime-fraud exception.

## APPLICATION OF THE *SHELTON* TEST

Finally, this court finds that even had the district court correctly concluded that the Magistrate Judge clearly erred in not finding a crime-fraud exception, the district court also erred by not then applying the *Shelton* test. The finding of the crime-fraud exception only satisfied the second prong of the *Shelton* test. See *Shelton*, 805 F.2d at 1327. The first and third prongs must also be proven to compel discovery from Attorneys. On remand, in addition to applying the correct, "clearly erroneous" standard, the district court should also complete the *Shelton* analysis required to compel discovery in the instant case.

## CONCLUSION

This case is REMANDED to the United States District Court for the Southern District of Ohio at Cincinnati for consideration in accordance with this opinion.

---

[3] Again, while the Magistrate Judge never names the crime-fraud exception in his order, he implicitly rejected any such claim when he wrote that Attorneys were not the proper parties to depose as to any alleged coverup. Furthermore, Plaintiffs did not explicitly raise the crime-fraud exception before the Magistrate Judge.