UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA KAMMEYER, et al.** | : | Case No. C-1-01-649 |
| Plaintiffs | : | Spiegel, J. |
| vs. | : | **MEMORANDUM IN OPPOSITION TO NON-PARTIES MICHAEL K. ALLEN, JOHN JAY, AND TERRY GAINES'S MOTION FOR STAY OF ORDER DOC. 195 PENDING APPEAL** |
| **CITY OF SHARONVILLE, et al.** | : | |
| Defendants | : | |
| | : | |

Pending before the Court is a motion to stay this Court's Order (Doc 195) denying the motion of non-parties Michael K. Allen, Terry Gaines, and John Jay (collectively, "the movants") to quash subpoenas issued to them. Because the movants cannot satisfy the requirements for a stay, their motion should be denied.

## ARGUMENT

Movants have correctly articulated the elements for a stay: in adjudicating their motion, this Court must balance:

  1) the likelihood that the party seeking the stay will prevail on the merits of the appeal;
  2) the likelihood that the moving party will be irreparably harmed absent a stay;
  3) the prospect that others will be harmed if the court grants the stay; and
  4) the public interest in granting the stay.

*Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001) (citing *Mich. Coalition of Radioactive Material Users, Inc.* v. *Griepentrog*, 945 F.2d 150, 153-54 (6th Cir. 1991)). These factors are not "prerequisites that must be met, but are interrelated considerations that must be balanced together." *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000) (quoting *Griepentrog*, 945 F.2d at 153).

In evaluating the potential for irreparable harm, this Court examines "(1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided." *Id*. at 154 (citing *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987)).  "The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other." *Id*. at 153.

A. **The movants have filed a notice of appeal over which the Sixth Circuit lacks jurisdiction, and therefore cannot demonstrate any likelihood of success.**

The Sixth Circuit lacks jurisdiction over the movants' appeal for two reasons.  First, the movants have appealed from a non-final order over which no appellate jurisdiction exists. Second, the movants' notice of appeal was filed while a motion to alter or amend was pending, which renders the notice of appeal a nullity.

1. The movants cannot appeal until they have resisted discovery and been held in contempt.

On February 1, 2005, Plaintiffs filed a motion in the Court of Appeals for the Sixth Circuit seeking dismissal of movants' appeal.  The motion, attached as Exhibit A, sets forth the law regarding the appealability of discovery orders directed at non-parties.  As argued therein, a non-party may only seek immediate review of a discovery order by resisting the order and being cited for contempt.  See *Church of Scientology of California v. United States*, 506 U.S. 9, 18 n.11 (1992); *Dow Chem. Co. v. Taylor*, 519 F.2d 352, 355 (6th Cir. 1975).  In a case involving facts nearly identical to those in the instant case, the Sixth Circuit concluded that it lacked jurisdiction over an interlocutory appeal from a non-party prosecutor's appeal of the denial of a motion to quash a subpoena.  *Bowen v. Zack*, 103 F.3d 128 (6th Cir. 1996) (table), *available at* 1996 WL 668558.  Thus, the court of appeals is likely to dismiss the movants' appeal for want of jurisdiction.

2

2.  The movants filed their notice of appeal prematurely.

Three days after this Court entered its order denying the movants motion to quash, Plaintiffs filed a motion to alter or amend (Doc. 196).  This motion was timely, as Federal Rule of Civil Procedure 59(b) provides a ten-day time frame for the filing of such a motion.  Federal Rule of Appellate Procedure 4(a)(4) provides that the time to file a notice of appeal is stayed pending the filing of certain motions in the district court, including a motion to alter or amend.[1]  The Supreme Court has interpreted this rule to deprive an appellate court of jurisdiction over a notice of appeal that is filed while a motion to alter or amend is pending before the district court.  *See Acosta v. La. Dep't of Health and Human Resources*, 478 U.S. 251, 252 (1986); *see also* Wright et al., 11 *Fed. Prac. & Proc* § 2821 ("If a timely motion under Rule 59 has been made and not disposed of, the case lacks finality.  For that reason, the subsequent filing of a notice of appeal is a nullity and does not deprive the trial court of power to rule on the motion.").  Accordingly, because Movants' appeal will not likely be heard by the Sixth Circuit, much less succeed on its merits, a stay is inappropriate.

**B.        The movants will not be irreparably harmed absent a stay.**

Movants cannot demonstrate any harm absent a stay.  This is true for two reasons.  First, as argued above, their motion is premature.  The movants do not yet face a contempt citation.  There is no evidence that the Court's order, absent additional action by the Court, poses any risk of harm to the movants.

Second, once this Court does act to enforce its order and compels the movants to comply with the subpoenas at issue, Movants will not suffer harm.  Contrary to the parade of horribles

---

[1] Plaintiffs' December 24, 2004 motion references Rule 54(b), which provides the district court authority to revise a ruling prior to the entry of final judgment.  The only method by which a party may seek such alteration, however, is Rule 59; accordingly, the December 24, 2004 motion may only properly be construed as one made pursuant to Rule 59.

3

forecast in the memorandum supporting the motion for stay, the Court carefully crafted its order to protect the State of Ohio's ability to successfully prosecute Albert J. Schuholz.  Specifically, the Court required that all discovery pursuant to its order should occur under seal.  (Doc. 195 at 3.)  Further, the Court has not ordered the disclosure of any privileged materials; instead, it merely ordered the production of a privilege log referencing any purportedly privileged documents.  (*Id*.)  Therefore, Movants at this time face no harm at all absent a stay.  They have not been cited for contempt.  The Court has not jeopardized a criminal prosecution.  And Movants have not been ordered to disclose privileged materials.  This factor, too, weighs against granting their motion.

C.     **If a stay is granted, Plaintiffs will suffer harm.**

Movants take a cavalier approach to the further delay of justice for Plaintiffs.  As this Court is well aware, the plaintiffs in this action have worked for more than two decades to find justice for their murdered mothers.  While the movants believe that being forced to wait for "several months"[2] more is insignificant, Plaintiffs disagree.  As a result of the nearly quarter-century that has elapsed since the murder, witnesses are dying; memories are fading; and evidence is growing stale.  This Court should continue to manage its docket in such a way as to bring this civil action to a close, and should deny the motion for a stay.

D.     **The public interest is not harmed absent a stay.**

The movants' argument regarding a stay of this Court's order assumes that by complying with the order, the Hamilton County Prosecutor's office will jeopardize the prosecution of Albert Schuholz.  As set forth above, however, this is simply not the case.  The Court has taken steps to ensure the continued integrity of the criminal proceedings against Schuholz.  Movants'

---

[2] Movants assert that their appeal will be resolved in "several months."  In Plaintiffs' counsel's experience, an interlocutory appeal often delays the proceedings in the district court for as much as two years.

4

suggestion that the case be stayed pending the resolution of the murder charges against Schuholz is inappropriate: though Plaintiffs fervently desire that Schuholz will stand trial for his brutal crimes, there can be no assurance that this will ever actually happen. Plaintiffs' claims have been delayed long enough; it is time they get answers to their questions about what prosecutors knew, when they knew it, and why they did not time proceed against Schuholz. Requiring the movants to comply with this Court's order does not injure the public interest.

## CONCLUSION

Movants cannot satisfy any of the requirements for a stay of this Court's order pending appeal. Accordingly, Plaintiffs' respectfully request that their motion be denied.

Respectfully submitted,

/s/ Alphonse A. Gerhardstein
Alphonse A. Gerhardstein # 0032053
Trial Attorney for Plaintiffs
Paul Laufman  #0066667
Donald R. Caster #0077413
Attorneys for the Plaintiffs
617 Vine Street, Suite 1409
Cincinnati, Ohio 45202
(513) 621-9100
(513) 345-5543 fax
agerhardstein@gblfirm.com
plaufman@gblfirm.com
dcaster@gblfirm.com

## Certificate of Service

I here by certify that on February 4, 2005, the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        /s/ Alphonse A. Gerhardstein
        Donald R. Caster