RECEIVED
FEB - 1 2005
LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| PATRICIA KAMMEYER, et al., | : | Case No. 05-3057 |
| Plaintiffs-Appellees, | : | **PLAINTIFFS-APPELLEES' MOTION TO DISMISS APPEAL OF THIRD PARTIES-APPELLANTS MICHAEL K. ALLEN, JOHN JAY, AND TERRY GAINES AND MEMORANDUM IN SUPPORT** |
| vs. | : | |
| TOM NEYER, JR., et al., | : | |
| Defendants | : | |
| vs. | : | |
| MICHAEL K. ALLEN, et al., | : | |
| Third Party-Appellants | : | |

---

**ON APPEAL FROM
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
Case No. 1:01-CV-649**

---

Alphonse A. Gerhardstein (0032053)
Paul M. Laufman (0066667)
GERHARDSTEIN BRANCH & LAUFMAN CO., LPA
1409 Enquirer Building
617 Vine Street
Cincinnati, Ohio 45202
(513) 621-9100
Counsel for Plaintiffs-Appellants



## MOTION

Pursuant to Federal Rule of Appellate Procedure 27 and Sixth Circuit Rule 27(e)(1), Plaintiffs-Appellees hereby move this Court to dismiss the appeal of Third Parties-Appellants Michael K. Allen, John Jay, and Terry Gaines, as the Court is without jurisdiction over the subject matter of the appeal.

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION

Appellants are not parties to the underlying lawsuit who seek to challenge an order requiring them to submit to discovery. They have not yet actually defied a discovery order or been held in contempt. This court has no jurisdiction to hear their appeal by these nonparties to the underlying lawsuit. "Without jurisdiction, the court cannot proceed at all in any cause. Jurisdiction is power to declare law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *United States v. Yeager*, 303 F.3d 661, 666 (6th Cir. 2002) (quoting *Ex Parte McCardle*, 74 U.S. 506, 514 (1868)). Because Appellants seek review of a non-final, non-appealable order, Plaintiffs-Appellees respectfully request that this Court dismiss their appeal.

### II. FACTUAL AND PROCEDURAL BACKGROUND

This is a civil rights action brought by the children of two 1981 murder victims. Their primary goal is and always has been the conviction and sentencing

of Albert Schuholz for the murders of plaintiffs' mothers, Marie Wright (Schuholz) and Starla Burns. Seventeen years after Mr. Schuholz murdered Marie Wright and Starla Burns he was convicted of attempting to murder a subsequent wife. He is now in a federal mental hospital allegedly incompetent for sentencing on the attempted murder conviction. In this case, Plaintiffs allege that Defendants, Sharonville, Ohio, police officials, destroyed evidence and covered up facts necessary for solving the 1981 murders of their mothers. Schuholz was finally indicted for the Wright/Burns murders in 1999 but has not been arraigned or tried due to his mental capacity. As a result of the actions by Defendants, Plaintiffs-Appellees were deprived of their inheritance and suffered additional injuries. Plaintiffs raise equal protection, substantive due process, access to courts and state law claims.

During the proceedings in the court below, it has become clear that some of the investigative file and some of the people who participated in this investigation have worked in the office of the Hamilton County, Ohio, Prosecutor. They are not defendants in this case. It appears, however, that the cover-up was pursued in part by misleading the Hamilton County Prosecutor about the evidence collected by the Sharonville Police Department regarding Schuholz. Plaintiffs seek to discover the facts that were shared by the Sharonville defendants with the prosecutor in order to test defendant Cramer's claim that he acted consistently with the prosecutor's

2

advice in not bringing any charges in 1981 and 1982. Plaintiffs have subpoenaed records from the current prosecutor and testimony from a former assistant prosecutor and the former Prosecutor who both spoke with defendant Cramer in 1981 and 1982. Plaintiffs also subpoenaed a prosecutor investigator who interviewed defendant Cramer in this matter. The record below reveals that the prosecutor has provided legal advice from the day this civil case started regarding Plaintiffs' access to the file. It is also clear that defendant Cramer was the subject of a criminal investigation based on his actions in this case. Discovery of the facts that Cramer shared with the prosecutor is therefore very important to this case.

Plaintiffs have conducted their difficult search for the truth without breaching in any manner the confidentiality of the criminal investigation in this case by encouraging the district court to enter extensive protective orders and scrupulously following those orders. (See Docs. 40, 64, 75, 79, 135.) These depositions would be conducted subject to protective orders as well. The civil case is set for trial May 10, 2005.

The precise procedural posture is as follows. Through subpoenas, Plaintiffs sought documentary discovery from Appellant Prosecutor Michael K. Allen[1] of the criminal investigation related to the murders of plaintiffs' mothers on May 8, 1981

---

[1] The subpoena was issued to Michael K. Allen as the current holder of the office of Hamilton County Prosecutor. Since the subpoena was issued, Joe Deters has assumed that post.

3

and deposition testimony from a former assistant prosecutor, Appellant Terry Gaines, and an investigator in the prosecutor's office, Appellant John Jay. These subpoenas specifically excepted privileged attorney records. Enforcement of the subpoenas will help determine how much of the information known to Defendants was accurately relayed to the Prosecutor who delayed an indictment for 18 years. Appellants filed a motion in the court below to quash the subpoenas on the grounds that failing to do so would denigrate "for all time, the role of state prosecutors and make them subservient to parties litigating issues of money in Federal Court." (Doc. 174.) Appellants submitted an affidavit of an assistant prosecutor presently assigned to the case who claims that before 1997, "no file existed at the Hamiltion County Prosecutor's Office." (Doc. 181.) That affidavit actually suggests that plaintiffs are correct and that Cramer never shared his voluminous materials with the prosecutor and that is why the prosecutor did not bring charges during the 1980s. The district court held that Plaintiffs are entitled to the discovery they seek subject to a protective order. The Court ordered that:

> First, Hamilton County prosecutors, past and present, as well as investigators may be deposed concerning dealings they had with individuals from the City of Sharonville Police Department and any other City of Sharonville authority which led the Hamilton County Prosecutor's Office not to press charges against Albert Schuholz. Second, Hamilton County shall produce any documentary evidence available that shows what evidence, if any, was available in the 1980s that also led to the Hamilton County Prosecutor's decision not to pursue criminal charges against Albert Schuholz.

4

(Doc. 195, attached as Exhibit A.) Without awaiting any further order of the court, Appellants filed a notice of appeal.

## II. ARGUMENT

Generally, a discovery order is interlocutory in nature and is not immediately appealable. *See, e.g., Starcher v. Corr. Med. Sys.*, 144 F.3d 418, 422 (6th Cir. 1998) ("Both to ensure the integrity of the trial process and to improve the efficiency of the judicial system, the final judgment rule essentially provides that interlocutory orders entered by a trial court--such as discovery orders entered during pretrial proceedings, or evidentiary rulings made during trial--may not be reviewed by an appellate court until the trial court enters a final judgment disposing of all claims at issue in the case."). Interlocutory appeals may be taken from certain collateral orders, however, when the order conclusively determines a disputed question; the order resolves an important issue; and the order would be effectively unreviewable on appeal from a final judgment. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949).

The Supreme Court has held that where a party wishes to immediately appeal a discovery order, he or she must refuse compliance, be held in contempt, and then appeal the contempt order. *Church of Scientology of California v. United States*, 506 U.S. 9, 18 n.11 (1992); *see also Dow Chem. Co. v. Taylor*, 519 F.2d 352, 355 (6th Cir. 1975). However, a limited exception to this rule exists when a

"disinterested third party" is the subject of a discovery order. *See generally Perlman v. United States*, 247 U.S. 7 (1918). Under the "*Perlman* exception," a party who is the holder of a privilege that purportedly prevents the disclosure of subpoenaed documents or testimony, but not the custodian of the documents to which the privilege applies, may immediately appeal an adverse discovery order. *United States v. James T. Barnes & Co.*, 758 F.2d 146, 146 (6th Cir. 1985). This is because a custodian of documents who has no privileged interest in the documents he possesses may be unwilling to risk a contempt citation in order to protect the privilege of another. *See, e.g., In re Grand Jury Proceedings—Gordon*, 722 F.2d 303, 306 (6th Cir. 1983).

Therefore, the Third Party-Appellants in the instant case may seek immediate review of the decision of the court below without first subjecting themselves to a contempt citation only if they can claim to be asserting a privilege in documents that are in the possession of a disinterested third party that is subject to a discovery order. Obviously, this is not the case: they are, in fact, either the custodians of documents (in the case of Appellant Allen) or themselves subject to deposition subpoenas (in the cases of Appellants Gaines and Jay). As this Court has explained, the *Perlman* exception "was designed to permit the holder of the privilege and not the custodian of the documents to immediately appeal without being subject to contempt." *James T. Barnes*, 758 F.3d at 146.

6

This Court's most recent explication of the *Perlman* exception[2] arose from a case with facts directly analogous to those presented here, and the Court found itself without jurisdiction to entertain an interlocutory appeal. In *Bowen v. Zack*, 103 F.3d 128 (6th Cir. 1996) (table), *available at* 1996 WL 668558, the district court ordered a county prosecutor, a non-party to the underlying civil rights action, to produce portions of grand jury testimony. The prosecutor immediately appealed from this order, and this Court dismissed his appeal for lack of jurisdiction. In doing so, the majority held:

> This court has not interpreted this rule [the *Perlman* exception] as allowing an immediate appeal by every third party that is directed to comply with a discovery order. Rather, if the person with custody of the information has no interest in the right against disclosure that is being asserted, then *Perlman* allows an appeal without the necessary step of submitting to contempt. . . . The fact that the party asserting the privilege and holding the documents is a state party does not lead to a different conclusion.

*Id.* at *1-2. The decision by the *Bowen* court is consonant with the approach taken

---

[2] In a case involving similar issues, this Court recently noted the uncertainty as to its jurisdiction to consider a direct appeal from a discovery order directed to a third party. *See Chesher v. Allen*, 2005 WL 54733 (6th Cir. Jan. 6, 2005). The *Chesher* court did not engage in a discussion of *Perlman*, instead finding jurisdiction to entertain the merits of the appeal because the third parties had filed a petition for a writ of mandamus. In the instant case, Appellants have satisfied none of the procedural requirements set forth for mandamus in Federal Rule of Appellate Procedure 21, so the only possible basis for the exercise of jurisdiction is Appellants' Notice of Appeal.

in other circuits. In *Bennett v. City of Boston*, 54 F.3d 18 (1st Cir. 1995), for instance, the court held that a non-party district attorney's status as an elected official did not exempt him from the requirement that he resist a discovery order and be held in contempt before seeking appellate review requiring the disclosure of documents he claimed were privileged. Similarly, the Court in *In re Sealed Case*, 141 F.3d 337, 340 (D.C. Cir. 1998), held that for a non-party law firm resisting disclosure of documents by asserting the work product doctrine, interlocutory appeal was not an available remedy under *Perlman*.

In the case at bar, Appellants seek to protect their own work-product. The materials (and in the case of Appellants Gaines and Jay, the testimony) subject to the order of the court below are in the possession of Appellants. They do not come within the purview of the *Perlman* exception as it has been construed by this Court, as they are not the holders of a privilege that is subject to the actions of a separate custodian of documents. Instead, as both the custodian of documents and purported holder of a privilege, Appellants may resist the order of the court below, become subject to a contempt citation, and then file an appeal over which this Court might have jurisdiction. The instant appeal, however, is not taken from an appealable order, and this Court is thus without jurisdiction to entertain it.

## III. CONCLUSION

Plaintiffs-Appellees respectfully request that this Court dismiss the appeal.

**Respectfully Submitted,**

*/s/ A. A. Gerhardstein*
Alphonse A. Gerhardstein # 0032053
Paul M. Laufman #0066667
Donald R. Caster #0077413
Counsel for Plaintiffs-Appellees
GERHARDSTEIN BRANCH & LAUFMAN
617 Vine Street, Suite 1409
Cincinnati, Ohio 45202
(513) 621-9100
agerhardstein@gblfirm.com
plaufman@gblfirm.com
dcaster@gblfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2005, a copy of the foregoing was sent via ordinary U.S. mail to the following:

Lawrence E. Barbiere
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, OH 45249
Counsel for Defendants City of Sharonville and Mike Schappa

Randolpf H. Freking
Freking & Betz
215 E. Ninth St.
Cincinnati, OH
Counsel for Defendant James Cramer

Brian E. Hurley
Crabbe, Brown & James
30 Garfield Place, Suite 740
Cincinnati, OH 45202
Counsel for Defendant William Nuss

Mark C. Vollman
Hamilton County Prosecutor's Office
220 E. Ninth Street
Suite 2200
Cincinnati, OH 45202

9

Counsel for Third Party Appellants
Michael K. Allen, John Jay, and Terry
Gaines

_____
Alphonse A. Gerhardstein

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA KAMMEYER, et al.,  :
                                 : NO. 1:01-CV-00649
    Plaintiffs,             :
                                 : **ORDER**
v.                               :
                                 :
CITY OF SHARONVILLE, et al.,  :
    Defendants.            :

        This matter is before the Court on the Motion to Quash Subpoena Directed to Non-Parties Michael K. Allen, Hamilton County Prosecutor, John Jay, Investigator, and Terry Gaines, Former Assistant Prosecutor (doc. 174), Plaintiffs' Memorandum in Opposition to Motion to Quash by Non-Parties Mike Allen, John Jay and Terry Gaines (doc. 177), and Reply Memorandum by Non-Parties Michael K. Allen, Hamilton County Prosecutor, John Jay, Investigator, and Terry Gaines, Former Assistant Prosecuting, Supporting Motion to Quash (doc. 181). A hearing was held on this matter on December 7, 2004. Also, before the Court is the Notice by Plaintiffs' of Filing Under Seal Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment and Plaintiffs' Motion Pursuant to Rule 56(f) to Permit Discovery Before a Ruling on Summary Judgment (doc. 186) and Joint Memorandum of Defendants in Opposition to Plaintiffs' Motion Pursuant to Rule 56(f) to Permit Discovery Before a Ruling on Summary Judgment (doc. 190).



EXHIBIT A

Non-Parties, Michael K. Allen, John Jay, and Terry Gaines (hereinafter "Non-Parties"), were served with subpoena's in the above captioned case (doc. 174). The subpoena directed to Michael Allen seeks disclosure of:

> (1) The complete file of all documents except for privileged attorney records referring or relating to the criminal investigation of the homicides of Marie Schuholz (Wright) and Starla Burns (Case No. B-9805045) which occurred on or about May 8, 1981 in Sharonville, Ohio, included but not limited to all investigative notes, audiotapes and documents made by Rick Gibson, John Jay, Henry Dreschler, Russell Jackson, John Esther and others;
>
> (2) Produce a transcript of the complete grand jury proceeding in Case No. B-9805045 and any other grand jury activity involving the murders of Marie Schuholz and Starla Burns.

(Id.). John Jay's subpoena seeks testimony in the form of a deposition and disclosure of "all files and documents in your possession regarding the investigation into the 1981 murders of Marie Schuholz (Wright) and Starla Burns" (Id.). The subpoena directed towards Terry Gaines seeks testimony in the form of a deposition and disclosure of "all files and documents in your possession regarding the investigation into the 1981 murders of Marie Schuholz (Wright) and Starla Burns" (Id.). It should be noted that Plaintiffs have, at this time, withdrawn their request seeking production of the grand jury transcript (doc. 177).

At the hearing the Court ordered that the subpoenas be complied with. Specifically, the Court Ordered the following. First, Hamilton County prosecutors, past and present,

as well as investigators may be deposed concerning dealings they had with individuals from the City of Sharonville Police Department and any other City of Sharonville authority which led the Hamilton County Prosecutor's Office not to press charges against Albert Schuholz. Second, Hamilton County shall produce any documentary evidence available that shows what evidence, if any, was available in the 1980s that also led to the Hamilton County Prosecutor's decision not to pursue criminal charges against Albert Schuholz. Third, compliance, as indicated in the subpoenas, does not require disclosure of privileged attorney records or work-product. Lastly, Hamilton County shall provide to the Plaintiffs a privilege log of material withheld as attorney mental impressions, conclusions, opinions, or legal theories. All of this material shall be produced under seal.

Hamilton County objects to the production of the requested evidence as well as the Court's decision allowing individuals to be deposed (doc. 174). Hamilton County maintains that production of such evidence and permission to take said depositions will result in the denigration, "for all time, the roll of state prosecutors and make them subservient to parties litigating issues of money in Federal Court" (Id.). Hamilton County specifically objects to the Court ordering any disclosure of work-product (Id.).

According to the Federal Rules of Civil Procedure, a deposition may be taken of a non-party (Fed. R. Civ.

-3-

Pro. 30(a)(1)). Additionally, according to the rules "a person not a party to the action may be compelled to produce documents and things or to submit to an inspection (Fed. R. Civ. Pro. 34(c)). Rule 34(c) is limited by the restrictions of Rule 45 (Id.). Rule 45(d)(2) states:

> When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(Fed. R. Civ. Pro. 45(d)(2)). The Court is not "denigrating for all time" the role and function of state prosecutions. Nor is it, as Hamilton County asserts, running afoul of the holding in Hickman v. Taylor, 329 U.S. 495 (1947) (discussing the work-product doctrine). The Court is simply Ordering that Hamilton County produce the requested documentary evidence, permit the requested depositions to be taken, and provide a privilege log for any information Hamilton County claims can not be discovered pursuant to Rule 45(d)(2) of the Federal Rules of Civil Procedure.

Plaintiffs, in their Motion Pursuant to Rule 56(f) to Permit Discovery Before a Ruling on Summary Judgment (doc. 186), request an opportunity pursuant to Rule 56(f) to complete discovery prior to completing their Response to the Motion for Summary Judgment based upon the statute of limitations defense filed by the Defendants (Id.). Defendants argue that none of the

-4-

discovery Plaintiffs intend to conduct will have any impact on the issue of whether their claims are barred by the statutes of limitations (doc. 190). "Rule 56(f) provides that a party opposing a motion for summary judgment is allowed to claim an inability to present facts essential to justify its opposition to summary judgment, and in certain cases the district court may postpone the motion and permit further discovery" (<u>Jefferson v. Chattanooga Pub. Co.</u>, 375 F.3d 461 (6th Cir. 2004)).

The Court is just now, in this Order, denying a Motion to Quash and permitting Plaintiffs an opportunity to conduct their requested discovery. The permitted discovery may provide Plaintiffs with ammunition to combat Defendants' Motion for Summary Judgment. Plaintiffs have requested a postponement pursuant to Rule 56(f) and the Court finds that it is in the best interests of justice to postpone Plaintiffs' required Response to Defendants' Motion for Summary Judgment until discovery has been completed. Plaintiffs are Ordered to complete the discovery sought no later than January 14, 2005. Plaintiffs are then Ordered to submit, no later than January 21, 2005 their Response to Defendants' Motion for Summary Judgment. Defendants will have until January 31, 2005 to Reply to Plaintiffs' Response.

The Court, therefore, DENIES Hamilton County's Motion to Quash Subpoena Directed to Non-Parties Michael K. Allen, Hamilton County Prosecutor, John Jay, Investigator, and Terry Gaines, Former Assistant Prosecutor (doc 174) and ORDERS that the

requested discovery of Plaintiffs be permitted, limited to the restrictions set forth in this Order including all said discovery be under seal. Furthermore, the Court hereby GRANTS Plaintiffs' Motion Pursuant to Rule 56(f) to Permit Discovery Before a Ruling on Summary Judgment.

    SO ORDERED.

Dated: December 20, 2004    /s/ S. Arthur Spiegel

                                      S. Arthur Spiegel
                                      United States Senior District Judge