UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA KAMMEYER, et al.** | : | CASE NO.: C-1-01-649 |
| **Plaintiffs,** | : | Judge Spiegel |
| | | (Magistrate Black) |
| vs. | : | |
| **CITY OF SHARONVILLE, OHIO, et al.** | : | |
| **Defendants.** | : | |

### JOINT REPLY OF DEFENDANTS TO "PLAINTIFFS' RESPONSE ON SUMMARY JUDGMENT"

Defendants have already set forth their arguments that Plaintiffs' claims must be dismissed because they are time barred. Significantly, Defendants make correct and specific citations to the record and case law to support those arguments. The papers filed by Plaintiff are deficient in this regard. For example, in their most recent filing Plaintiffs make the statement that "sufficient evidence was gleaned from Dale Dorning as cited to the Court to support the contention that Defendant Cramer misled the prosecution in this case." Unfortunately for Plaintiffs, the parts of the record to which they cite could not lead any reasonable person to agree with that contention. Moreover, Plaintiffs do not even attempt to address the fact that there is *no* evidence that any other Defendant was aware or had any reason to believe that Defendant Cramer allegedly misled the prosecutor.

In their Response Plaintiffs also state that " . . . very little new information was generated in this investigation which led to the indictment that was not already available to Cramer in the 1980s." This statement is fatal to Plaintiffs because *all* of that information was available to Plaintiffs no later than April, 1997, which is more than four years before the lawsuit was commenced.

At the end of the Response Plaintiffs state that "[e]quity will not permit Defendants to prevail." That sentence succinctly sets forth what Plaintiffs have asked this Court to do - i.e. ignore the law and facts that require dismissal merely because Plaintiffs are sympathetic parties. In short, Plaintiffs are unabashedly asking this Court to do what the United States Supreme Court and Sixth Circuit have ruled a district court may not do.

For these and the reasons set forth in the other papers they have filed, Defendants' Joint Motion for Summary Judgment should be granted.

Respectfully submitted,

s/Brian E. Hurley
Brian E. Hurley (0007827)
Robert J. Gehring (0019329)
Crabbe, Brown & James LLP
Attorneys For Defendant William Nuss
30 Garfield Place, Suite 740
Cincinnati, Ohio 45202-4359
(513) 784-1525 - telephone
(513) 784-1250 - facsimile
Bhurley@cbjlawyers.com
Rgehring@cblawyers.com


s/Randolph H. Freking
Randolph H. Freking, Esq. 0009158
Freking & Betz
Counsel For Defendant Cramer
215 East Ninth Street, 5th Floor
Cincinnati, Ohio 45202
(513) 721-1975 - telephone
(513) 651-2570 - facsimile
email: rfreking@frekingandbetz.com

    s/Lawrence E. Barbiere
Lawrence E. Barbiere, Esq. 0027106
Schroeder, Maundrell, Barbiere & Powers
Counsel For Defendants Schappa and City
 of Sharonville
119 Mason Road, Suite 110
Cincinnati, Ohio 45249-3703
(513) 583-4210 - telephone
(513) 583-4203 - facsimile
email: lbarbiere@schroederlaw.com

  s/Thomas T. Keating
Thomas T. Keating, Esq. (0011359)
Keating, Richie & Swick
Counsel For Defendants Schappa and City
 of Sharonville
8050 Hosbrook, Suite 200
Cincinnati, Ohio 45236
(513) 891-1530 - telephone
(513) 891-1537 - facsimile
tkeating@krslawyers.com

## CERTIFICATE OF SERVICE

    I hereby certify that on February 8, 2005, a copy of the forgoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties my access this filing through the Court's system.

   s/Brian E. Hurley
Brian E. Hurley

\\theserver\firmdocs\NUSS\jtreplytomfsj.wpd