• AO88  (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

__Southern__ DISTRICT OF __Ohio__

Patricia Kammeyer, et al.

V.

City of Sharonville, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   1:01-cv-649

TO:  John Jay
C/o Hamilton County Prosecutors Office
230 East 9th Street, Suite 4000
Cincinnati, OH 45202

**Southern District of Ohio, Western Division**
**Judge Arthur S. Spiegel**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Gerhardstein, Branch & Laufman<br>617 Vine Street, Suite 1409<br>Cincinnati, OH 45202 | Wed, Feb. 16, 2005<br>1:00 p.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects place, date, and time specified below (list documents or objects):

See attachment.

| PLACE | DATE AND TIME |
| --- | --- |
|  | Wed, Feb. 16, 2005<br>1:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| _(signature)_  Attorney for Plaintiff | February 9, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Alphonse A. Gerhardstein, 617 Vine Street, Suite 1409, Cincinnati, OH 45202
(513) 621-9100

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE 2/9/05 | PLACE 230 E. 94 St., Ste. 4000 |
|---|---|---|
| SERVED | | |
| _Robin Rogg_ | | _Hand delivery_ |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| _Paul M. Laufman_ | | _Attorney for plaintiffs_ |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on      _2/9/05_                      _[signature]_

                          DATE                      SIGNATURE OF SERVER

                                          _617 Vine, Ste. 1404_

ADDRESS OF SERVER _Cinti, OH 45202_

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Attachment to subpoenas issued to Sheriff Simon L. Leis Jr., Terry Gaines, and John Jay on February 9, 2005:

**Preliminary Note: All material responsive to this subpoena will be subject to a strict order on confidentiality consistent with prior orders (Docs. 79, 135) regarding the criminal investigation of the murders of Marie Schuholz and Starla Burns. Further, all discovery pursuant to this subpoena shall be filed with the court under seal as specifically ordered by the court (Doc. 195, attached hereto).**

Items to be Produced:

> Any documents that show what evidence, if any, was available in the 1980s to the Hamilton County Prosecutor's Office regarding the murders of Marie Schuholz (Wright) and Starla Burns. Compliance does not require disclosure of privileged attorney records or work-product. Deponent shall provide to the Plaintiffs a privilege log of material withheld as attorney mental impressions, conclusions, opinions, or legal theories. All of this material shall be produced under seal. (See Order, Doc. 195 at p. 3, attached hereto)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA KAMMEYER, <u>et</u> <u>al</u>.,                 :
                                                  :    NO. 1:01-CV-00649
            Plaintiffs,                           :
                                                  :
                                                  :    **ORDER**
    v.                                            :
                                                  :
                                                  :
CITY OF SHARONVILLE, <u>et</u> <u>al</u>.,            :
                                                  :
            Defendants.                           :

        This matter is before the Court on the Motion
to Quash Subpoena Directed to Non-Parties Michael K. Allen,
Hamilton County Prosecutor, John Jay, Investigator, and Terry
Gaines, Former Assistant Prosecutor (doc. 174), Plaintiffs'
Memorandum in Opposition to Motion to Quash by Non-Parties Mike
Allen, John Jay and Terry Gaines (doc. 177), and Reply Memorandum
by Non-Parties Michael K. Allen, Hamilton County Prosecutor, John
Jay, Investigator, and Terry Gaines, Former Assistant Prosecuting,
Supporting Motion to Quash (doc. 181). A hearing was held on this
matter on December 7, 2004. Also, before the Court is the Notice
by Plaintiffs' of Filing Under Seal Plaintiffs' Memorandum in
Opposition to Defendants' Motion for Summary Judgment and
Plaintiffs' Motion Pursuant to Rule 56(f) to Permit Discovery
Before a Ruling on Summary Judgment (doc. 186) and Joint Memorandum
of Defendants in Opposition to Plaintiffs' Motion Pursuant to Rule
56(f) to Permit Discovery Before a Ruling on Summary Judgment (doc.
190).

Non-Parties, Michael K. Allen, John Jay, and Terry Gaines (hereinafter "Non-Parties"), were served with subpoena's in the above captioned case (doc. 174). The subpoena directed to Michael Allen seeks disclosure of:

> (1) The complete file of all documents except for privileged attorney records referring or relating to the criminal investigation of the homicides of Marie Schuholz (Wright) and Starla Burns (Case No. B-9805045) which occurred on or about May 8, 1981 in Sharonville, Ohio, included but not limited to all investigative notes, audiotapes and documents made by Rick Gibson, John Jay, Henry Dreschler, Russell Jackson, John Esther and others;
>
> (2) Produce a transcript of the complete grand jury proceeding in Case No. B-9805045 and any other grand jury activity involving the murders of Marie Schuholz and Starla Burns.

(Id.). John Jay's subpoena seeks testimony in the form of a deposition and disclosure of "all files and documents in your possession regarding the investigation into the 1981 murders of Marie Schuholz (Wright) and Starla Burns" (Id.). The subpoena directed towards Terry Gaines seeks testimony in the form of a deposition and disclosure of "all files and documents in your possession regarding the investigation into the 1981 murders of Marie Schuholz (Wright) and Starla Burns" (Id.). It should be noted that Plaintiffs have, at this time, withdrawn their request seeking production of the grand jury transcript (doc. 177).

At the hearing the Court ordered that the subpoenas be complied with. Specifically, the Court Ordered the following. First, Hamilton County prosecutors, past and present,

-2-

as well as investigators may be deposed concerning dealings they had with individuals from the City of Sharonville Police Department and any other City of Sharonville authority which led the Hamilton County Prosecutor's Office not to press charges against Albert Schuholz. Second, Hamilton County shall produce any documentary evidence available that shows what evidence, if any, was available in the 1980s that also led to the Hamilton County Prosecutor's decision not to pursue criminal charges against Albert Schuholz. Third, compliance, as indicated in the subpoenas, does not require disclosure of privileged attorney records or work-product. Lastly, Hamilton County shall provide to the Plaintiffs a privilege log of material withheld as attorney mental impressions, conclusions, opinions, or legal theories. All of this material shall be produced under seal.

Hamilton County objects to the production of the requested evidence as well as the Court's decision allowing individuals to be deposed (doc. 174). Hamilton County maintains that production of such evidence and permission to take said depositions will result in the denigration, "for all time, the roll of state prosecutors and make them subservient to parties litigating issues of money in Federal Court" (Id.). Hamilton County specifically objects to the Court ordering any disclosure of work-product (Id.).

According to the Federal Rules of Civil Procedure, a deposition may be taken of a non-party (Fed. R. Civ.

-3-

Pro. 30(a)(1)). Additionally, according to the rules "a person not

a party to the action may be compelled to produce documents and

things or to submit to an inspection (Fed. R. Civ. Pro. 34(c)).

Rule 34(c) is limited by the restrictions of Rule 45 (Id.). Rule

45(d)(2) states:

> When information subject to a subpoena is
> withheld on a claim that it is privileged or
> subject to protection as trial preparation
> materials, the claim shall be made expressly
> and shall be supported by a description of the
> nature of the documents, communications, or
> things not produced that is sufficient to
> enable the demanding party to contest the
> claim.

(Fed. R. Civ. Pro. 45(d)(2)). The Court is not "denigrating for

all time" the role and function of state prosecutions. Nor is it,

as Hamilton County asserts, running afoul of the holding in Hickman

v. Taylor, 329 U.S. 495 (1947) (discussing the work-product

doctrine). The Court is simply Ordering that Hamilton County

produce the requested documentary evidence, permit the requested

depositions to be taken, and provide a privilege log for any

information Hamilton County claims can not be discovered pursuant

to Rule 45(d)(2) of the Federal Rules of Civil Procedure.

Plaintiffs, in their Motion Pursuant to Rule

56(f) to Permit Discovery Before a Ruling on Summary Judgment (doc.

186), request an opportunity pursuant to Rule 56(f) to complete

discovery prior to completing their Response to the Motion for

Summary Judgment based upon the statute of limitations defense

filed by the Defendants (Id.). Defendants argue that none of the

-4-

discovery Plaintiffs intend to conduct will have any impact on the issue of whether their claims are barred by the statutes of limitations (doc. 190). "Rule 56(f) provides that a party opposing a motion for summary judgment is allowed to claim an inability to present facts essential to justify its opposition to summary judgment, and in certain cases the district court may postpone the motion and permit further discovery" (Jefferson v. Chattanooga Pub. Co., 375 F.3d 461 (6th Cir. 2004)).

The Court is just now, in this Order, denying a Motion to Quash and permitting Plaintiffs an opportunity to conduct their requested discovery. The permitted discovery may provide Plaintiffs with ammunition to combat Defendants' Motion for Summary Judgment. Plaintiffs have requested a postponement pursuant to Rule 56(f) and the Court finds that it is in the best interests of justice to postpone Plaintiffs' required Response to Defendants' Motion for Summary Judgment until discovery has been completed. Plaintiffs are Ordered to complete the discovery sought no later than January 14, 2005. Plaintiffs are then Ordered to submit, no later than January 21, 2005 their Response to Defendants' Motion for Summary Judgment. Defendants will have until January 31, 2005 to Reply to Plaintiffs' Response.

The Court, therefore, DENIES Hamilton County's Motion to Quash Subpoena Directed to Non-Parties Michael K. Allen, Hamilton County Prosecutor, John Jay, Investigator, and Terry Gaines, Former Assistant Prosecutor (doc 174) and ORDERS that the

-5-

requested discovery of Plaintiffs be permitted, limited to the restrictions set forth in this Order including all said discovery be under seal.  Furthermore, the Court hereby GRANTS Plaintiffs' Motion Pursuant to Rule 56(f) to Permit Discovery Before a Ruling on Summary Judgment.

      SO ORDERED.

Dated: December 20, 2004    /s/ S. Arthur Spiegel

                      S. Arthur Spiegel
                      United States Senior District Judge