UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA KAMMEYER, et al.** | : | Case No. C-1-01-649 |
| | : | |
| Plaintiffs, | : | Senior Judge Spiegel |
| vs. | : | |
| | : | **Motion for Protective Order** |
| **CITY OF SHARONVILLE, et al.** | : | |
| | : | |
| Defendants | : | |

Dale Dorning, a non-party in this case, through his undersigned counsel, moves this Court pursuant to Civ. R. 26(b)(2) and 30(d)(2), for a Protective Order prohibiting the parties from conducting any further deposition of him.

Pursuant to Federal Rule of Civil Procedure 30(d)(2),. Civ. R. 26(b)(2) allows the court to limit the length of depositions upon oral examination, while Civ. R. 30(d)(2), provides, " unless otherwise stipulated by the parties, a deposition is limited to one day of seven hours." To date Mr. Dorning has made himself available for over 20 hours of deposition time.

### MEMORANDUM

After initially being subpoenaed to appear at a deposition by counsel for Defendant Kramer, Randy Freking and Leslie Ghiz, Mr Dorning with the assistance of counsel rescheduled his appearance for August 18, 2004.  All appearances made by Mr. Dorning referenced in this motion were made at the law office of Mr. Larry Barbiere.

<u>15 Hours of Deposition and 6 Hours of Document Review</u>

As agreed by all counsel, Mr. Dorning appeared at the office of Larry Barbiere on August 18, 2004, and was deposed by Randy Freking, for 5 hours.  Following this 5 hours of questioning, the deposition was continued in progress to September 14, 2004.  On September 14, 2004, Mr.

Dorning again appeared and was deposed by Ms. Leslie Ghiz, for 5 hours.

During the September 14, 2004 questioning, Mr. Dorning was questioned about documents placed under seal by this Court and in the custody of Mr. Barbiere. The documents generally appear to consist of four, four inch binders, of written material. The questioning by Ms. Ghiz demonstrated her lack of familiarity with the contents of the documents, and required Mr. Dorning to look through the documents in order to answer the questions posed by Ms. Ghiz.

Near the end of the questioning on September 14th, Ms. Ghiz told Mr. Dorning if he would agree to review the material on his own, when the deposition was ultimately resumed, it would be the last time he would be required to appear. In addition to this representation by Ms. Ghiz, all counsel agreed to stay as late in the day as necessary in order to complete the deposition once it resumed following Mr. Dorning's review of the material. With this representation, Mr. Dorning agreed to return to Mr. Barbiere's office to review the material with the understanding that after his review, he would be required to appear for only one additional time, staying as late as necessary to complete the deposition. On September 14, 2004, Mr. Doring was deposed for 5 hours.

Pursuant to this agreement Mr. Dorning went to Mr. Barbieres' office and reviewed the subject material on three occasions:

September 23, 2004 for 2 hours,

September 30, 2004, for 1.5 hours,

October 21, 2004, for 2 hours.

Ultimately, Mr. Dorning reviewed the material for 5.5 hours. After completing his review, Mr. Dorning, was scheduled to complete his deposition on January 31, 2005.

Appearing as agreed on January 31, 2005, Mr. Dorning was again questioned by Mr.

Freking. Although questioning continued until 6:30 PM, it became apparent preparations had not been made by several of the counsel involved to stay as long as necessary in order to finish the deposition. In addition, no arrangements had been made for a court reporter to stay late,, past 6:30 PM. All of this despite the agreement the deposition would be finished, regardless of the hour.

At the conclusion of this third, 5-hour day of questioning, the deposition was tentatively continued to February 17, 2005. Following the conclusion of the January 31st proceedings, Mr. Dorning has decided enough is enough and will not consent to any additional deposition time.

Almost 20.5 Hours of Deposition Time for a Non-Party

Mr. Dorning, a non-party, has effectively been subjected to almost 21 hours of deposition time. Mr. Dorning has been subjected to over fifteen hours of deposition time. This time was confirmed by a review of the court reporters notes by Ms. JoEllen Sabrowsky, of Litigation Support Services. In addition, Mr. Dorning spent almost 6 hours of his time outside of the deposition to review materials, which had he not done, would have necessarily been reviewed during the deposition.

The continued deposition of Mr. Dorning is not fair. Mr. Dorning has gone to extraordinary lengths to accommodate counsel involved. A non-party should not be subjected to the inefficient questioning, seemingly designed to harass and embarrass Mr. Doring, beyond that required by rule. Counsel promised, and an agreement reached that Mr. Dorning's appearance for a third time, would be the last time. Counsel should be held to this promise as, Mr. Dorning relied on the promise in reviewing the material outside of the deposition. Counsel benefitted by Mr. Dorning expending almost 6 hours of review, allowing them to make other use of their time such as billing another case or client. There is no reason the deposition could not have been

completed on January 31st, as promised. Failure of counsel to plan and prepare should not further burden Mr. Dorning.

Mr. Dorning is self-employed and has suffered financially by being forced to expend over 20 hours on a case where he is not a party and has no stake in the outcome. Mr. Dorning has also incurred significant legal expense as a result of these inefficient depositions.

Conclusion

Because Mr. Dorning is a non-party, and has been more than cooperative by submitting to over 15 hours of deposition and an additional 5.5 hours of time to reviewing documents, he should not be subjected to the harassment, time, and expense of continued deposition. For these reasons Mr. Dorning ask this Court to enter a protective order, preventing him from being deposed any further.

Respectfully submitted,

/s/ Ravert J. Clark
Ravert J. Clark
Reg. No. 042027
for the Defendant
114 E .8th Street
Suite 400
Cincinnati, Ohio  45202
513-587-2887

**CERTIFICATE OF SERVICE**

I hereby certify a copy of the foregoing Motion was delivered to the partied of record and counsel, via electronic filing, this 15th day of February, 2005.

/s/ Ravert J. Clark
Ravert J. Clark