UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA KAMMEYER, et al., :
: NO. 1:01-CV-00649
    Plaintiffs, :
:
: **ORDER**
  v. :
:
:
CITY OF SHARONVILLE, et al., :
:
    Defendants. :

       This matter is before the Court on the Motion for Stay of Order Doc. 195 Pending Appeal Filed by Non-Parties Michael K. Allen Former Hamilton County Prosecutor, John Jay, Investigator, and Terry Gaines (former Assistant Prosecutor) (doc. 199), Non-Parties Notice of Supplemental Authority (doc. 204), Memorandum in Opposition to Non-Parties Michael K. Allen, John Jay, and Terry Gaines' Motion for Stay of Order Doc. 195 Pending Appeal (doc. 211), and Reply Memorandum in Support of Motion for Stay of Order Doc. 195 Pending Appeal Filed by Non-Parties Michael K. Allen Former Hamilton County Prosecutor, John Jay, Investigator, and Terry Gaines (Former Assistant Prosecutor) (doc. 221).

       Non-Parties, Michael K. Allen, John Jay, and Terry Gaines (hereinafter "Movants"), request the Court grant a stay of Order Doc. 195 pending the appeal of said order to the Sixth Circuit Court of Appeals (doc. 199). Movants note that a court

should balance four factors when deciding a motion for a stay (Id.).  These four factors are: (1) the likelihood that the party seeking the stay will prevail on the merits on appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay (Id. citing Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991)).

Movants recite most of their arguments contained in their original Motion to Quash (doc. 174) which was denied in the Court's Order dated December 21, 2004 (doc. 195).  Among those arguments were: (1) that the principles behind the abstention doctrine - namely, the notion of comity and respect for state governmental functions - dictate that this type of interference should not be permitted (doc. 199 citing Juidice v. Vail, 430 U.S. 327, 334 (1977)) and (2) that the information sought is work product and, subsequently, the work product doctrine is applicable (doc. 199 citing Hickman v. Taylor, 329 U.S. 495 (1947)).  Thus, assert Movants, there is a strong likelihood that they will prevail on the merits on appeal (doc. 199).

Movants also maintain that they will be irreparably harmed absent the stay (Id.).  Movants argue that if work product is revealed prior to the trial of Mr. Schuholz (hereinafter

"Schuholz"), the one opportunity to try him will be forever lost (Id.).  Movants maintain that Schuholz will obtain the names of witnesses, their potential trial testimony, expert records, and tests results without having, himself, to reciprocate in the discovery (Id.).  This, assert Movants, will "irreparably sacrifice the prosecutor's ability to try the criminal case" (Id.).

Movants also maintain that others will not be harmed, if the Court grants the stay (Id.).  Waiting several months for the issue to be resolved by the Court of Appeals, argue Movants, would not harm the Plaintiffs (Id.).  Movants note that other issues and dispositive motions are pending before the Court and, as such, a trial on the merits must await the resolution of these issues and motions (Id.).  Therefore, Movants conclude, waiting for the Court of Appeals to resolve this issue will not delay the actual trial (Id.).  Lastly, Movants maintain that the public interest in having Schuholz tried for the double murders outweighs the Plaintiffs' rights in their federal civil case (Id.). Therefore, argue Movants, the Court should grant their Motion to Stay (doc. 199).

Plaintiffs respond noting that Movants have appropriately delineated the four factors to balance when considering a motion for a stay (doc. 211).  Plaintiffs note, however, that these four factors are to be considered and weighed

together (Id. citing Nader v. Blackwell, 230 F.3d 833, 834 (6th Cir. 2000) quoting Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991)). Additionally, Plaintiffs note that a court, when evaluating the harm that will occur if the stay is granted or denied, should consider "(1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided" (doc. 211 quoting Griepentrog at 154). Furthermore, Plaintiffs quoting Griepentrog note, "[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [Movants] will suffer absent the stay. Simply stated, more of one excuses less of the other" (Griepentrog at 153).

Plaintiffs first argue that the Sixth Circuit lacks jurisdiction over the Movants' appeal (doc. 211). Plaintiffs argue that Movants have appealed from a non-final order over which no appellate jurisdiction exists (Id.). Plaintiffs filed a motion in the Sixth Circuit Court of Appeals on February 1, 2005 seeking a dismissal of the Movants' appeal (Id.). Plaintiffs argue that a non-party may only seek immediate review of a discovery order by resisting the order and, ultimately, being cited for contempt (See e.g., Dow Chem. Co. v. Taylor, 519 F.2d 352, 55 (6th Cir. 1975); Coleman v. American Red Cross, 979 F.2d 1135, 38-39 (6th Cir.

1992)).  Plaintiffs cite an opinion of the Sixth Circuit, with similar facts, in which the court determined that it lacked jurisdiction over an interlocutory appeal from a non-party prosecutor's appeal of the denial of a motion to quash a subpoena (Bowen v. Zack, 103 F.3d 128 (6th Cir. 1996) (table), available at 1996 WL 668558).  Thus, argue Plaintiffs, the Sixth Circuit is likely to dismiss Movants' appeal for want of jurisdiction (doc. 211).  Dismissal for want of jurisdiction removes the opportunity for the Sixth Circuit to conclude whether Movants would have prevailed on the merits.

Additionally, Plaintiffs argue that Movants will not be irreparably harmed absent a stay (Id.).  Plaintiffs first note that until Movants are held in contempt, specific harm to the Movants will not have occurred (Id.).  Second, Plaintiffs urge the Court to weigh lightly Movants' account of the harm they will suffer should this discovery finally be conducted (Id.).  Plaintiffs aptly note that the Court crafted its Order (doc. 195), so as to minimize any harm Movants might endure (doc. 211).  The Court Ordered that all discovery pursuant to this Order be under seal (doc. 195).  Additionally, the Court specifically Ordered that Plaintiffs could not obtain discovery protected by the work-product doctrine or the attorney-client privilege (Id.).  Instead, Movants were Ordered to simply provide Plaintiffs with a privilege log

-5-

which would reference any documents claimed privileged by the Movants (Id.). Thus, Plaintiffs argue that the second factor (the likelihood that the moving party will be irreparably harmed absent a stay) weighs against the Movants (doc. 211).

Plaintiffs also assert that requiring the Movants to comply with the Court's Order (doc. 195) does not injure the public interest (doc. 211). Plaintiffs note they have been waiting over two decades for some type of justice (Id.). Movants presume that compliance with the Court's Order (doc. 195) will jeopardize Hamilton County's prosecution of Schuholz. Yet, the Court took steps in its Order (Id.) to ensure that the interests of Hamilton County in prosecuting Schuholz are not damaged. Movants urge the Court to stay this case until Hamilton County has completed its prosecution against Schuholz, thus requiring Plaintiffs to wait even longer (doc. 199).

The Plaintiffs allege a cover-up is the reason why Schuholz was never prosecuted for the murders of Maria Wright (hereinafter "Wright) and Starla Burns (hereinafter "Burns"). There is a public interest, as well, to be served by determining whether a cover-up did in fact occur. Schuholz was sentenced in the Eastern District of Kentucky to a term of 121 months subsequent to his guilty plea to a charge of traveling in interstate commerce with the intent to commit murder for hire (this attempted murder charge is completely separate from the murders of Wright and Burns)

(See Schuholz v. Ohio, No. 1:-04-CV-00724 (So. Dist. of Ohio) (J. Weber)).  Subsequently, Schuholz was found to be mentally incompetent and ultimately transferred to the Springfield Medical Center for Federal Prisoners (Id.).  Although not punished for the murders of Wright and Burns, he is at least in the custody of the Federal Bureau of Prisons.  Plaintiffs lack faith that Schuholz will be successfully prosecuted for these murders (doc. 211). They have waited a long time for justice and fear that any additional wait will only lead to injustice.  Justice can be meted by also answering the questions Plaintiffs have asked for over two decades - namely, whether a cover-up occurred.

The Court finds that it is time to get to the bottom of this alleged murder cover-up.  The Court fashioned its Order to adequately protect Hamilton County.  Plaintiffs are entitled to know why, during the 1980's around the time of Wright and Burn's murders, Hamilton County did not pursue criminal charges against Schuholz.  If the information sought by Plaintiffs is not forthcoming, the Court is only left with a strong inference that indeed certain Defendants in this case covered-up facts that had they actually been revealed to Hamilton County in the 1980's would have led the County, at that time, to prosecute Schuholz. Discovery as Ordered by the Court (doc. 195), is Plaintiffs' means of supporting or destroying this inference.  In weighing the factors enunciated in Griepentrog, the Court concludes that the

scales tip in Plaintiffs' favor.

The Court also notes that a motion for summary judgment has been filed by Defendants challenging Plaintiffs' Section 1983 claim on statute of limitations grounds (doc. 180). Essentially, Defendants assert that Plaintiffs knew or should have known facts that would have triggered the running of the statute of limitations at a date earlier than Schuholz's eventual indictment by Hamilton County on the Wright and Burns' murders in 1999 (doc. 180). Again, all that Plaintiffs are seeking by their discovery is why the Hamilton County Prosecutor's office did not proceed against Schuholz originally in the early 1980's. If the Hamilton County Prosecutor's Office had no knowledge of Schuholz's actions in the early 1980's, strong evidence would then exist that Plaintiffs had no knowledge as well. Plaintiffs allegedly lacked this knowledge because of the supposed cover-up and Plaintiffs should not be penalized now by a statute of limitations defense which would serve to only prolong this supposed cover-up. The Court cannot believe that the Hamilton County Prosecutor's Office is unable to satisfy Plaintiffs as to why no action was taken originally following the murders of Wright and Burns.

**CONCLUSION**

As such, the Court DENIES the Motion for Stay of Order Doc. 195 Pending Appeal Filed by Non-Parties Michael K. Allen, Former Hamilton County Prosecutor, John Jay, Investigator,

and Terry Gaines, Former Assistant Prosecutor (doc. 199).  The Court's prior Order (doc. 195) remains in full force and effect.

SO ORDERED.


Dated: <u>February 15, 2005</u>     <u>s/S. Arthur Spiegel</u>
                                   S. Arthur Spiegel
                                   United States Senior District Judge