**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **PATRICIA  KAMMEYER, et al.** | : | **Case No. C-1-01-649** |
| **Plaintiffs** | : | **Spiegel, J.** |
| | | **Black, M.J.** |
| **vs.** | : | |
| | | **PLAINTIFFS' REPLY MEMORANDUM IN** |
| **CITY OF SHARONVILLE, et al.** | : | **SUPPORT OF MOTION TO CONTINUE** |
| | | **MOTIONS HEARING** |
| **Defendants** | : | |
| | : | |

     Through a written order (Doc. 216), this Court has scheduled a hearing on February 24, 2005, in order to hear arguments on two motions:  (1) Plaintiffs' motion to quash subpoenas that have been issued to Plaintiffs' counsel (Doc. 197); and (2) Defendants' motion for summary judgment (Doc. 180). Plaintiffs' trial attorney[1] is scheduled to be before Chief Judge Beckwith that day, representing the plaintiff in the final day of the two-week trial in *Cincinnati Women's Services v. Taft*, Case No. C-1-98-289.

     After reviewing the Court's order, Plaintiffs' counsel contacted the Court to inform it of the conflict.  The Court's staff proposed March 23, 2005, as an alternate date, and requested that Plaintiffs' counsel contact opposing counsel to determine whether the new date was acceptable. Plaintiffs' counsel did so, and were informed that Defendants would consent to changing the date of the hearing—a courtesy routinely accorded an opposing attorney who has a preexisting commitment in another courtroom—***only*** if Plaintiffs would agree to either (a) vacate the May

---

[1] Local Rule 83.4(a) requires all parties to designate one trial attorney, and further requires, unless otherwise excused, that the trial attorney "attend all hearings, conferences, and the trial."

10, 2005 trial date entirely, or (b) bifurcate the trial, with the statute of limitations issue being tried first. Defendants no doubt knew that neither option would be acceptable to Plaintiffs.

Plaintiffs' motion to continue should be granted because it is reasonable, and because Defendants have shown no prejudice that would inure as a result of the postponement of the hearing. Contrary to Defendants' assertion, their motion for summary judgment has not "been pending since October 22, 2004." A motion is typically considered "pending" on the Court's docket only after it has been fully briefed. October 22, 2004, is the date Defendants filed the motion, not the date on which it was ready for resolution by the Court. And as the docket reflects, Defendants have filed a memorandum supporting their motion as recently as February 8, 2005 (Doc. 215).

Defendants express concern that holding the hearing on March 23 would leave the Court with "just over one month" before trial to rule on the summary judgment motion. But this is a matter best left to the Court's discretion. The Court knows whether its docket permits it to rule on a dispositive motion in time for trial. Plaintiffs did not unilaterally pose March 23 as a new date for a hearing; that was the date provided to them by the Court.

In an effort to assuage Defendants' fear that continuing the hearing will alter the trial schedule, Plaintiffs suggested holding the hearing at 5:30 pm on February 24. This was a genuine attempt at compromise—after all, Plaintiffs' counsel was offering to argue a dispositive motion after giving another clients' closing argument following a two-week trial. But compromise was unacceptable to Defendants.

The Court's ruling on Defendants' motion for summary judgment is obviously an important one. In addition to the emotional and financial tolls that Defendants' conduct has wrought, Plaintiffs have now borne the costs of almost four years of litigation. The Court's

ruling on summary judgment will determine whether they finally are permitted to present their

case to a jury.  Plaintiffs should have the opportunity to choose which of their attorneys argues

this motion, given the stakes.  Because doing so is reasonable under the circumstances and no

prejudice will accrue to any opposing party as a result, Plaintiffs respectfully request that the

Court reschedule the motions hearing scheduled for February 24, 2004.

**Respectfully submitted,**

/s/ Alphonse A. Gerhardstein
Alphonse A. Gerhardstein # 0032053
Trial Attorney for Plaintiffs
Paul Laufman #0066667
Donald R. Caster #0077413
Attorneys for Plaintiffs
GERHARDSTEIN BRANCH & LAUFMAN
617 Vine Street, Suite 1409
Cincinnati, Ohio 45202
(513) 621-9100
(513) 345-5543 fax
agerhardstein@gblfirm.com
plaufman@gblfirm.com
dcaster@gblfirm.com

**Certificate of Service**

I here by certify that on February 17, 2005, a copy of the foregoing pleading was filed

electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an

appearance by operation of the Court's electronic filing system.  Parties may access this filing

through the Court's system.

/s/ Alphonse A. Gerhardstein
Alphonse A. Gerhardstein