UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA KAMMEYER, et al.,      :
                                :   NO. 1:01-CV-00649
        Plaintiffs,              :
                                :   **ORDER**
                                :
    v.                          :
                                :
                                :
CITY OF SHARONVILLE, et al.,    :
                                :
        Defendants.             :

  This matter is before the Court on the Plaintiffs' Motion to Amend Order, Doc. 195 (doc. 196) and Non-Parties Michael K. Allen, Former Hamilton County Prosecutor, John Jay, Investigator, and Terry Gaines', Former Assistant Prosecutor, Memorandum in Opposition to Plaintiffs' Motion to Amend Order Doc. 195 (doc. 200).

  Plaintiffs request the Court to amend its previous Order (doc. 195) pursuant to Rule 54(b) of the Federal Rules of Civil Procedure to explicitly include former Hamilton County Prosecutor Simon Leis as a person that may be deposed in this matter on the same basis as former assistant prosecutor Terry Gaines (doc. 196). Rule 54(b) permits a court to "revis[e an order] at any time before the entry of judgment adjudicating all of the claims and the rights and liabilities of all of the parties." Fed. R. Civ. P. 54(b). The Order in question states:

> First, Hamilton County prosecutors, *past and present*, as well as investigators may be

> deposed concerning dealing they had with individuals from the City of Sharonville Police Department and any other City of Sharonville authority which led the Hamilton County Prosecutor's Office not press charges against Ablert Schuholz.  Second, Hamilton County shall produce any documentary evidence available that shows what evidence, if any, was available in the 1980s that also led to the Hamilton County Prosecutor's decision not to pursue criminal charges against Albert Schuholz.  Third, compliance, as indicated in the subpoenas, does not require disclosure of privileged attorney records or work-product. Lastly, Hamilton County shall provide to the Plaintiffs a privilege log of material withheld as attorney mental impressions, conclusions, opinions, or legal theories. All of this material shall be produced under seal.

(doc. 195 emphasis added).

The Non-Parties object to the Plaintiffs' Motion arguing that the Court does not have jurisdiction over the matter as its Order (doc. 195) is subject to an interlocutory appeal filed on December 28, 2004 (doc. 200).  The Non-Parties cite NLRB v. Cincinnati Bronze, Inc., 829 F.2d 585 (6th Cir. 1987) for the proposition that the filing of a notice of appeal divests the district court of authority to expand, change or modify the order being appealed (doc. 200 citing Cincinnati Bronze at 587).  The Sixth Circuit in Cincinnati Bronze stated: "Although a district court may not alter or enlarge the scope of its judgment pending appeal, it does retain jurisdiction to enforce the judgment . . ." Cincinnati Bronze at 588.

In light of the Cincinnati Bronze decision, the Court

will not alter or enlarge the scope of its previous Order as requested by the Plaintiffs. However, it will note that a careful reading of the Court's Order clearly specifies that Simon Leis, as a former Hamilton County prosecutor, may be deposed (doc. 195 stating "Hamilton County prosecutors, *past and present*, as well as investigators may be deposed").

SO ORDERED

Dated: March 1, 2005          /s/ S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge