UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA KAMMEYER, et, al., : NO. C-1-01-649
:
Plaintiffs, :
: ORDER
v. :
:
CITY OF SHARONVILLE, et al., :
:
Defendants. :

This matter is before the Court on Plaintiffs' Motion to Compel Production of Criminal Investigation Records (doc. 17), Defendants Mike Schappa and the City of Sharonville's Memorandum in Opposition to Motion to Compel (doc. 23), and Plaintiffs' Reply (doc. 29).

## BACKGROUND

This is a wrongful death and civil rights case brought by the families of victims of Marie Schuholz and Starla Burns, who were murdered on May 8, 1981 (doc. 1). Plaintiffs allege that Defendant Albert Schuholz was responsible for the murders, and that Sharonville police conspired to cover up facts crucial to solving the murder (Id.). Plaintiffs allege that Sharonville police detective James I. Cramer, the lead detective in the murder investigation, had a conflict of interest in that he allegedly worked privately for Albert Schuholz in "loan shark" collections. Plaintiffs allege that James Cramer, in his capacity with the Sharonville police, impeded the investigation into the murders of

Marie Schuholz and Starla Burns (Id.). Plaintiffs also allege that the former Chief of Police for the City of Sharonville, William Nuss, who is related by marriage to James Cramer, the current Police Chief Mike Schappa, and several John Doe employees of the City of Sharonville knew about and did not disclose the misconduct of James Cramer, or otherwise participated in the conspiracy and cover-up in this case (Id.). The Plaintiffs argue that the cover-up precluded them from their right to challenge Albert Schuholz's inheritance from his murdered wife, and as such, the public officials breached their duty to protect this interest of the family (Id.)

Albert Schuholz pled guilty in the United States District Court for the Eastern District of Kentucky in 1998 for the attempted murder of Norma Schuholz, a wife he married subsequent to Marie Schuholz (Id.). However, at the time of sentencing, he was found incompetent by Judge William O. Bertelsman of said Court, and thus is currently in custody of the Attorney General. The Hamilton County Prosecuting Attorney has a holder lodged against Albert Schuholz and has indicated that when Schuholz is ultimately restored to competency, after being sentenced on the federal charge and completing that sentence, the County will have him returned to Hamilton County for trial (doc. 23).

**ANALYSIS**

On March 8, 2002, Plaintiffs filed a Motion to Compel pursuant to Fed. R. Civ. P. 26, seeking access to the criminal investigation file of the Sharonville Police Department regarding the murder of Marie Schuholz and Starla Burns (hereinafter,

Schuholz/Burns Murder Investigation), the file of the Sharonville Police Department regarding the investigation into the conduct of James Cramer (hereinafter, Cramer Cover-up Investigation), and the 1981 date book of Plaintiff Patti Kammeyer (doc. 17). Plaintiffs state that they are in a Catch-22 because Defendants are denying Plaintiffs access to the very files Plaintiffs need to resist Defendants' Motion to Dismiss (Id.). That motion argues in part that the facts are not sufficiently specifically alleged to state a claim (Id.).

Defendants objected to the production of the documents on the basis that all of the documents are contained in the criminal investigation file regarding the murders of Marie Schuholz and Starla Burns (doc. 23). Defendants' position is that the information contained in the criminal investigation file is specifically exempted from production under Ohio Revised Code § 149.43(A)(1)(g) and (A)(2)(c) as trial preparation records and investigative work product (Id.). Defendants argue that the appropriate procedure for Plaintiffs under Ohio law is to file a mandamus action, citing Speckman v. Jackson, 639 N.E. 2d 83 (1994). Plaintiffs respond that none of the requested material is exempt from disclosure, and that any privilege was waived when Plaintiffs James Wright and Patricia Kammeyer were given open access to the entire file in the late 1990's (doc. 29). Plaintiffs argue that the Cramer Investigation documents were compiled for reasons beyond the criminal prosecution of Albert Shuholz, and as such are not "trial preparation materials" within the language of O.R.C. § 149.43(A)(4) and must be disclosed (Id.).

Having reviewed the arguments of the parties, the Court finds that universe of documents sought by Plaintiffs' Motion to Compel can be divided into two classes, as argued by Plaintiffs. The first class of documents contains material that relates to the Schuholz/Burns Murder Investigation, including the twenty-six page investigative report prepared by Dale Dorning. The second class of documents contains material relating to the Cramer Cover-up Investigation.

The Court notes that Plaintiffs' ability to ever prosecute their claims will be frustrated because, practically speaking, the likelihood of the Hamilton County Prosecutor pursuing its criminal charges against Albert Schuholz under the circumstances are extremely remote. Albert Schuholz is currently in federal custody, having pled guilty but being found incompetent at the time of sentencing, for the attempted murder of his subsequent wife, Norma Schuholz. If and when Albert Schuholz is ever found competent to be sentenced, the probability is that he will be sentenced to prison and will probably be in federal custody for the rest of his life. These facts militate in favor of granting the Plaintiffs the right to review so much of the file in the possession of the Hamilton County Prosecutor which relates to the Cramer Cover-up Investigation documents. Therefore the Court is disposed to order the production of so much of the file in the Prosecutor's possession that relates to the Cramer Cover-up Investigation documents.

The Court recognizes that it is not bound by state evidentiary rules in a Section 1983 case and thus can order the

production of information contained within police investigative files. Pearson v. Miller, 211 F. 3d 57 (3d Cir. 2000); Farley v. Farley, 952 F. Supp 1232, 1236 (M.D. Tenn. 1997) citing Burka v. New York City Transit Authority, 110 F.R.D. 660, 666 (S.D.N.Y. 1986)("Eecause the [federal] civil rights laws are in part designed to protect individuals against illegal state action, it would be anomalous to permit state law privileges to interfere with their enforcement.") Statutory provisions providing for duties of confidentiality do not automatically imply the creation of evidentiary privileges binding on courts. Pearson, 211 F. 3d 57, 67-8. Merely asserting that a state statute declares that the records in question are "confidential" does not make out a sufficient claim that the records are "privileged" within the meaning of Fed. R. Civ. P. 26(b)(1) and Fed R. Evid. 501. Id. In light of the fact that federal courts are not bound by state court evidentiary law, thus this Court is not bound by Ohio Revised Code § 149.43(A)(1)(g) and (A)(2)(c).

CONCLUSION

The dispute in this case is not between criminal defendant Albert Schuholz and the Hamilton County murder prosecution but between the families of the victims, Marie Schuholz and Starla Burns, in civil litigation against an alleged cover-up of a criminal investigation. The Court does not believe that the Hamilton County Prosecutor's Office would ever want to find itself in the position of an unwitting party to the alleged cover-up. We conclude that the material pertaining to the Schuholz/Burns murder investigation in possession of the Hamilton County Prosecutor's

Office no doubt would be work product exempt from discovery by the defendant in the murder prosecution. However, the issue here is not between the criminal defendant Schuholz in said murder prosecution but between the families of the murder victims and those in the employ of Sharonville responsible for the alleged cover-up. Thus there is a question whether the documents pertinent to the murder investigation in the instant situation should be exempt from disclosure to the Plaintiffs. At this time we conclude that the materials relating to the Cramer Cover-up Investigation in the possession of the Hamilton County Prosecutor must be disclosed to the Plaintiffs. The Court will review the balance of the documents in the murder investigation *in camera* to determine if there is any other material that may be relevant to Plaintiffs' Complaint that should be disclosed to Plaintiff for any reason. Accordingly, the Court hereby GRANTS Plaintiffs' Motion to Compel as to the Cramer Cover-up Investigation documents. The Court further ORDERS that the balance of the documents in the Schuholz/Burns murder investigation be filed by the Defendants under seal for *in camera* investigation by the Court.

SO ORDERED.

Dated: 9/5/02

S. Arthur Spiegel
United States Senior District Judge