AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

Southern DISTRICT OF Ohio

Patricia Kammeyer, et al.

V.

City of Sharonville, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:01-cv-649

TO: Sheriff Simon L. Leis, Jr.
Hamilton County Sheriff's Office
1000 Sycamore Street, Room 110
Cincinnati, OH 45202

Southern District of Ohio, Western Division
Judge Arthur S. Spiegel

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Gerhardstein, Branch & Laufman<br>617 Vine Street, Suite 1409<br>Cincinnati, OH 45202 | Tues, March. 8, 2005<br>1:00 p.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects place, date, and time specified below (list documents or objects):

See attachment

| PLACE | DATE AND TIME |
| --- | --- |
| Gerhardstein, Branch & Laufman<br>617 Vine Street, Suite 1409<br>Cincinnati, OH 45202 | Mon, March 7, 2005<br>12:00 n.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| _(signature)_  Attorney for Plaintiff | February 25, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Paul M. Laufman, 617 Vine Street, Suite 1409, Cincinnati, OH 45202
(513) 621-9100

[1] If action is pending in district other than district of issuance, state district under case number.



## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

_____

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Attachment to subpoenas issued to Sheriff Simon L. Leis Jr., Terry Gaines, and John Jay on February 26, 2005:

**Preliminary Note:** All material responsive to this subpoena will be subject to a strict order on confidentiality consistent with prior orders (Docs. 79, 135) regarding the criminal investigation of the murders of Marie Schuholz and Starla Burns. Further, all discovery pursuant to this subpoena shall be filed with the court under seal as specifically ordered by the court (Doc. 195, attached hereto).

Items to be Produced:

> Any documents that show what evidence, if any, was available in the 1980s to the Hamilton County Prosecutor's Office regarding the murders of Marie Schuholz (Wright) and Starla Burns. Compliance does not require disclosure of privileged attorney records or work-product. Deponent shall provide to the Plaintiffs a privilege log of material withheld as attorney mental impressions, conclusions, opinions, or legal theories. All of this material shall be produced under seal. (See Order, Doc. 195 at p. 3, attached hereto)

𝕵𝖚𝖉𝖌𝖊'𝖘 𝕮𝖍𝖆𝖒𝖇𝖊𝖗𝖘
𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙
𝕱𝖔𝖗 𝖙𝖍𝖊 𝕾𝖔𝖚𝖙𝖍𝖊𝖗𝖓 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕺𝖍𝖎𝖔
838 𝕻𝖔𝖙𝖙𝖊𝖗 𝕾𝖙𝖊𝖜𝖆𝖗𝖙 𝖀. 𝕾. 𝕮𝖔𝖚𝖗𝖙𝖍𖔘𝖘𝖊
𝕮𝖎𝖓𝖈𝖎𝖓𝖓𝖆𝖙𝖎, 𝕺𝖍𝖎𝖔 45202

S. Arthur Spiegel
Senior Judge

(513) 564-7620
Fax: (513) 564-7627

February 22, 2005

Leonard Green, Esq.
Clerk
United States Court of Appeals
for the Sixth Circuit
100 East Fifth Street, Room 532
Potter Stewart U.S. Courthouse
Cincinnati, OH 45202-3988

Re: <u>In Re: Joseph Deters</u> (Case No. 05-3171)

Dear Mr. Green:

   Pursuant to Rule 21 of the Federal Rules of Appellate Procedure and your letter dated February 14, 2005 inviting a response, I issue the following reply to the Petition now before the Sixth Circuit. As requested, I have attached to this letter a current copy of the docket sheet in this matter, as well as a copy of the Order in dispute (doc. 195). Please let my chambers know if any other materials or information is desired.

   Petitioners, Joseph T. Deters, John Jay, and Terry D. Gaines (hereinafter collectively "Petitioners"), object to my Order, dated December 21, 2004 (doc. 195, Case No. 01-649). In that Order, I stated:

> . . . Hamilton County prosecutors, past and present, as well as investigators may be deposed concerning dealings they had with individuals from the City of Sharonville Police Department and any other City of Sharonville authority which led the Hamilton County Prosecutor's Office not to press charges against Albert Schuholz. Second, Hamilton County shall produce any documentary evidence available that shows what evidence, if any, was available in the 1980s that also led to the Hamilton County Prosecutor's decision not to pursue criminal charges against Albert Schuholz. Third, compliance, as indicated in the subpoenas, does not require disclosure of privileged attorney records or work-product. Lastly, Hamilton County shall provide to the Plaintiffs a privilege log of material withheld as attorney mental impressions, conclusions, opinions, or legal theories. All of this material shall be produced under seal.

(doc. 195, Case No. 01-649 <u>emphasis added</u>). Petitioners have continually objected to this Order based primarily on one argument - that being the information and documents sought by Plaintiffs is work-product and, thus, not discoverable. I explicitly noted in my Order that Petitioners were not required to disclose work-product or privileged attorney records. Rather, Petitioners must provide Plaintiffs with a privilege log for material claimed privileged. This is typical discovery procedure and complies with the Federal Rules of Civil Procedure as discussed in my Order (doc. 195).

I crafted my Order so as to protect the Petitioners' pending investigation of Albert Schuholz. In my Order denying Petitioners' Motion to Stay, I made clear that this earlier Order denying the Petitioners' Motion to Quash remained in full force and effect (doc. 225). In so Ordering, I note that I have not retracted from my earlier stance that Petitioners need not disclose any information they deem work-product or covered by attorney privilege. It is highly possible and clearly contemplated that Petitioners will assert the work-product doctrine and only provide Plaintiffs with a privilege log.

Defendants have raised in the case before my court a statute of limitations defense as to Plaintiffs' claims. What quantity and quality of evidence Petitioners had in the early 1980s that led to their decision, at that time, not to prosecute Albert Schuholz clearly is relevant to whether it can be presumed that Plaintiffs had sufficient knowledge to bring their claims at an earlier date. As such, the requested discovery is crucial in addressing the Defendants' statute of limitations defense.

In closing, I ask the Court to focus on the fact that in no way have I denigrated the work product doctrine and, in fact, I have explicitly kept it intact.

Respectfully Yours,

S. Arthur Spiegel

c:
Alphonse A. Gehardstein, Esq.
Gehardstein Branch & Laufman Co. LPA
617 Vine Street #1409
Cincinnati, OH 45202

Lawrence E. Barbiere, Esq.
Schroeder Mundrell Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, OH 45249

Thomas T. Keating, Esq.
Keating, Ritchie & Norwine
8050 Hosbrook
Cincinnati, OH 45236

Randolph H. Freking, Esq.
Freking & Bets
215 East Ninth Street, 5th Floor
Cincinnati, OH 45202

Brian E. Hurley, Esq.
Crabbe Brown & James
30 Garfield Place, Suite 940
Cincinnati, OH 45202-4359

John T. Deters, Esq.
Hamilton County Prosecuting Attorney
Civil Division
230 East Ninth Street, Suite 4000
Cincinnati, OH 45202-2151