## U.S. DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **PATRICIA KAMMEYER, et al.** | : | Case No. C-1-01-649 |
| | : | |
| Plaintiffs, | : | (Judge Speigel) |
| | : | |
| vs. | : | |
| | : | **MOTION OF NORTH EAST** |
| **CITY OF SHARONVILLE, OHIO, et al.** | : | **INSURANCE COMPANY,** |
| | : | **SCOTTSDALE INSURANCE** |
| Defendants. | : | **COMPANY, FOLKSAMERICA** |
| | : | **REINSURANCE COMPANY, OHIO** |
| | : | **GOVERNMENT RISK** |
| | : | **MANAGEMENT PLAN AND** |
| | : | **UNITED NATIONAL INSURANCE** |
| | : | **COMPANY TO INTERVENE** |

Come now North East Insurance Company, Scottsdale Insurance Company, Folksamerica Reinsurance Company, Ohio Government Risk Management Plan and United National Insurance Company, pursuant to Rules 24(a) and 24(b) of the Federal Rules of Civil Procedure, and move this Court to permit them to intervene in this matter for the limited purpose of submitting jury instructions, jury interrogatories and verdict forms. This Motion is supported by a Memorandum of Law in Support, filed contemporaneously herewith.

Respectfully submitted,

/s/ K. Roger Schoeni
K. Roger Schoeni (0004812)
Kimberly A. Zamary (0072574)
KOHNEN & PATTON LLP
201 East Fifth Street
PNC Center, Suite 800
Cincinnati, OH 45202
(513) 381-0656 or Fax (513) 381-5823
e-mail: rschoeni@kohnenpatton.com
e-mail: kzamary@kohnenpatton.com
Counsel for North East Insurance Co.

/s/ Alan H. Abes_____
Alan H. Abes, Esq. (0062423)
Susan Luken, Esq. (0075267)
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
(513) 977-8200; Fax (513) 977-8141
e-mail: alan.abes@dinslaw.com
e-mail: susan.luken@dinslaw.com
Attorneys for Folksamerica Reinsurance Company

/s/ Holly M. Wilson_____
Clifford C. Masch, Esq. (0015737)
Holly M. Wilson, Esq. (0074291)
Reminger & Reminger LPA
1400 Midland Building
101 Prospect Avenue West
Cleveland, Ohio  44115-1093
(216) 430-2238; Fax (216) 687-1841
e-mail: cmasch@reminger.com
e-mail: hwilson@reminger.com
Attorneys for United National Insurance Company

/s/ Brian Wildermuth_____
Nicholas E. Subashi (0033953)(Counsel of record)
Brian L. Wildermuth  (0066303)
Law Office of Nicholas E. Subashi
The Oakwood Building
2305 Far Hills Avenue
Dayton, Ohio  45419
(937) 534-0500; Fax (937) 534-0505
e-mail: lawoffices@nesubashi.com
e-mail: bwildermuth@nesubashi.com
Attorneys Scottsdale Insurance Company

/s/ Michael Sanderson_____
Michael Sanderson (0008521)
Shumaker, Loop & Kendrick LLP
1000 Jackson Street
Toledo, Ohio  43624
e-mail: msanderson@slk-law.com
Attorney for Ohio Government
   Risk Management Plan

2

**MEMORANDUM OF LAW**

**I.    Introduction**.

North East Insurance Company, Scottsdale Insurance Company, Folksamerica Reinsurance Company, Ohio Government Risk Management Plan and United National Insurance Company (collectively "the Insurers") move this Court to allow them to intervene in the above-captioned matter for the limited purpose of being permitted to submit jury instructions, jury interrogatories and verdict forms to the Court.

Currently pending in the Hamilton County Court of Common Pleas is a declaratory judgment action between the Defendants in this matter, City of Sharonville and its officers, and the Insurers. *See City of Sharonville, Ohio v. American Employers Ins. Co., et al.*, Case No. A0204042. The Court of Appeals has held that the Insurers owe the City of Sharonville and its officers a duty of defense under various insurance policies they issued.[1] The Court of Appeals remanded the matter to the trial court for a determination of whether a duty to indemnify exists.

Any determinations rendered by the jury in this matter may be considered binding precedent in the state court declaratory judgment lawsuit. As such, the Insurers' rights will be severely prejudiced if they are not allowed to participate in this matter for the limited purpose of submitting jury instructions, jury interrogatories and verdict forms.

Moreover, the Insurers do not seek to participate in discovery practice, motion practice or at the trial of this matter. The Insurers simply seek to intervene only to submit issues to the jury, which necessarily must be decided in this matter and which may be determinative in the declaratory judgment action. Therefore, the Insurers' intervention in this matter will not unduly delay or prejudice the rights of the original parties or the previous parties to this action.

---

[1] The Ohio Supreme Court has denied the Insurers' Request for Discretionary Review, but a Motion for Reconsideration is currently pending.

3

Accordingly, pursuant to Rules 24(a) and 24(b) of the Federal Rules of Procedure, the Insurers respectfully request that this Court grant this Joint Motion to Intervene.

## II. Legal Argument.

### A. Intervention As of Right.

Federal Rule of Civil Procedure 24(a) states that a person who is not a party to a lawsuit may intervene as of right when that person "claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Thus, when a party moving to intervene in an action demonstrates that (1) its motion to intervene is timely; (2) it has a substantial legal interest in the subject matter of the case; (3) its ability to protect that interest could be impaired if it is not allowed to intervene; and (4) the existing parties to the action may not adequately represent its interests, the entity seeking intervention is entitled to participate in the action. *See Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).

The Sixth Circuit has held that "Rule 24 is to be broadly construed in favor of potential intervenors." *See e.g., Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000). When intervention is of right, "the analysis does not begin with the question of 'why grant the motion,' but, rather, 'why not grant the motion.'" *HER, Inc. v. Parenteau*, 2003-Ohio-4370; 153 Ohio App.3d 704, 710; 795 N.E.2d 720 (Ohio Ct. App. 10th Dist. 2003).

The Insurers' Motion to Intervene satisfies all four requirements of Civil Rule 24(a). Accordingly, the Insurers are entitled to intervene. First, this Motion to Intervene is timely. In the context of a motion to intervene by right, timeliness must be examined within the entire

context of the matter.  *See e.g., Fouche v. Denihan*, 66 Ohio App.3d 120, 123; 583 N.E.2d 457 (Ohio Ct. App. 10th Dist. 1990); *Midwest Realty Mgmt. Co. v. City of Beavercreek*, 93 Fed. App. 782, 786; 2004 U.S. App. LEXIS 5972 (6th Cir., March 22, 2004)(attached hereto as Exhibit A).  This Motion to Intervene has been filed well before the scheduled trial and before any decisions on any dispositive motions have been rendered.

Moreover, the Insurers seek intervention for the limited purpose of submitting jury instructions, jury interrogatories and verdict forms.  Because the insurers do not seek to participate in discovery, motion practice or actively at trial, this Motion to Intervene is timely.  Ohio courts have held motions to intervene for this limited purpose are timely at times much closer to the trial date than is the case here (two and a half months before trial), even, in one of those cases, just three weeks before trial.  *See e.g., Tomcany v. Range Constr.*, 2004-Ohio-5314 (Ohio Ct. App. 11th Dist., 2004)(attached hereto as Exhibit B); *Alhamid v. Great Amer. Ins. Co.*, 2003-Ohio-4740 (Ohio Ct. App. 7th Dist., 2003)(attached hereto as Exhibit C).

Second, the Insurers have substantial legal interests in the facts that will be determined by the jury.  The Ohio Supreme Court has held that "Where a determination is made in an initial action against a tortfeasor . . ., collateral estoppel precludes relitigation of the determination in a subsequent proceeding brought against the tortfeasor's insurer pursuant to R.C. 3929.06."  *Howell v. Richardson*, 45 Ohio St.3d 365, syllabus 1 (1989).  Collateral estoppel does not apply only to the actual parties to an action; instead it applies to all parties, their privies and <u>"those who could have entered the proceeding but did not avail themselves of the opportunity</u>."  *Id*. at 367.  Thus, "inasmuch as [the insurer] possessed a contractual relationship with [the insured tortfeasor] and, in any event, could have intervened in the prior proceeding, it is precluded from relitigating the issue of [its insured's] mental state."  *Id*. at 367.

5

The *Howell* decision has been cited favorably by the United States District Court for the Northern District of Ohio and numerous Ohio state courts. *See e.g., Toledo Area Constr. Workers Health & Welfare Plan v. Lewis*, 1998 U.S. Dist LEXIS 21759 (N.D. Ohio 1998)(stating that "In *Howell*, collateral estoppel applied because the insurance company failed to intervene on a central issue of the case: whether the insured's acts were negligent or intentional.")(attached hereto as Exhibit D); *Tomcany*, *supra*; *Alhamid, supra*. As a result, since the Insurers' ability to re-litigate any issues determined by the jury in this matter may be abrogated, they have demonstrated that they have substantial legal interests in submitting jury instructions, jury interrogatories and verdict forms in this action.[2]

Third, as set forth more fully above, the case law of this jurisdiction conclusively demonstrates that the Insurers' ability to protect their interests may be impaired without intervention. *See e.g., Howell, supra; Toledo, supra; Tomcany, supra; Alhamid, supra.*

Fourth, Civil Rule 24(a) requires that the Insurers demonstrate that the existing parties may not adequately represent them in the matter. A showing that the existing parties <u>will not</u> adequately represent its interest is not required; instead, the test is only that the existing representation <u>may</u> be inadequate. *See Linton v. Commissioner of Health and Environment*, 973 F.2d 1311, 1319 (6th Cir. 1992). Here, while the Defendants and the Insurers agree that Plaintiffs' claims are without merit, it is highly probable that Defendants will not submit the same jury instructions, jury interrogatories or verdict forms as the Insurers. Indeed, the interests of the Insurers and the Defendants are diametrically opposed in the state court declaratory

---

[2] The facts or issues to which collateral estoppel may apply obviously depends on what is eventually determined in the action before this Court. Therefore, movants reserve the right, as warranted by law and by the events in this action, to contest the application of the collateral estoppel doctrine to any particular fact or issue raised in the state court declaratory judgment action.

judgment action. As such, counsel for the Defendants cannot protect the interests of the Insurers if doing so would harm their clients' positions in the declaratory judgment action.

Likewise, counsel for the Plaintiffs will not submit jury instructions, jury interrogatories or verdict forms that could result in a decision in the state court declaratory judgment action that the Insurers have no duty to indemnify Defendants for any jury award received by the Plaintiffs. Accordingly, the Insurers' interests in this matter will not be adequately protected by the current parties to this litigation.

In sum, because the Insurers' Motion to Intervene has been timely filed, they have a substantial legal interest in the subject matter of the case, their interests will be impaired without intervention and the present parties to the action will not adequately represents their interests, the Insurers are entitled to intervene as of right in this matter.

**B.**      **Permissive Intervention.**

In the alternative, should this Court deem that the Insurers are not entitled to intervention as of right pursuant to Federal Rule 24(a), the Insurers request that they be permitted to intervene pursuant to Federal Rule 24(b). Federal Rule of Procedure 24(b) provides that "upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense in the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

Here, decisions by the jury in this matter may affect the future decision of the state court in the declaratory judgment action between Defendants and the Insurers. Thus, decisions rendered by the jury in this action may have a stare decisis effect on the state court's determination of whether any of the Insurers have a duty to indemnify Defendants for any jury

award to Plaintiffs. Since questions of fact and law relevant to the issue of a duty to indemnify will be resolved in this action, the Insurers' interests in this action are sufficient to permit them to intervene in this action for the limited purpose of submitting jury instructions, jury interrogatories and verdict forms..

Moreover, as set forth above, the Insurers' intervention will not unduly delay these proceedings as the Insurers do not seek to participate in discovery, motion practice or at trial. Finally, the Insurers' participation in this litigation will not prejudice the rights of the original parties as the issues will be fully litigated and adjudicated in a timely manner.

Accordingly, because the Insurers may be prohibited from re-litigating any issues determined by the jury in this matter and because the Insurers' intervention will not unduly delay or prejudice the rights of the original parties to this action, the Insurers should be permitted to intervene in this action.

      C.     **<u>Conclusion</u>**.

As this Motion to Intervene is timely, the Insurers have substantial legal interests in the subject matter of the case, their ability to protect those interests may be impaired without intervention and their interests may not be adequately represented by the present parties to the action, the Insurers are entitled to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a).

In the alternative, the Insurers should be allowed to intervene in this matter, pursuant to Federal Rule of Civil Procedure 24(b), because they may be prohibited from re-litigating any determinations reached by this jury and its intervention will not unduly delay or prejudice the parties to this matter. Accordingly, North East Insurance Company, Scottsdale Insurance Company, Folksamerica Reinsurance Company, Ohio Government Risk Management Plan and

United National Insurance Company respectfully request that this Court allow them to intervene in this matter.

        Respectfully submitted,

        /s/ K. Roger Schoeni_____
        K. Roger Schoeni (0004812)
        Kimberly A. Zamary (0072574)
        KOHNEN & PATTON LLP
        201 East Fifth Street
        PNC Center, Suite 800
        Cincinnati, OH 45202
        (513) 381-0656 or Fax (513) 381-5823
        rschoeni@kohnenpatton.com
        kzamary@kohnenpatton.com
        Counsel for North East Insurance Co.


        /s/ Alan H. Abes_____
        Alan H. Abes, Esq. (0062423)
        Susan Luken, Esq. (0075267)
        Dinsmore & Shohl LLP
        255 East Fifth Street, Suite 1900
        Cincinnati, OH 45202
        (513) 977-8200; Fax (513) 977-8141
        Attorneys for Folksamerica Reinsurance Company


        /s/ Holly M. Wilson_____
        Clifford C. Masch, Esq. (0015737)
        Holly M. Wilson, Esq. (0074291)
        Reminger & Reminger LPA
        1400 Midland Building
        101 Prospect Avenue West
        Cleveland, Ohio  44115-1093
        (216) 430-2238; Fax (216) 687-1841
        Attorneys for United National Insurance Company

/s/ Brian Wildermuth
Nicholas E. Subashi (0033953)(Counsel of record)
Brian L. Wildermuth  (0066303)
Law Office of Nicholas E. Subashi
The Oakwood Building
2305 Far Hills Avenue
Dayton, Ohio  45419
(937) 534-0500; Fax (937) 534-0505
lawoffices@nesubashi.com
bwildermuth@nesubashi.com
Attorneys Scottsdale Insurance Company


/s/ Michael Sanderson
Michael Sanderson (0008521)
Shumaker, Loop & Kendrick LLP
1000 Jackson Street
Toledo, Ohio  43624
Attorney for Ohio Government
  Risk Management Plan

**CERTIFICATE OF SERVICE**

      A true and accurate copy of the foregoing has been served by via electronic mail or regular U.S. mail this 4th day of March, 2005 upon:

Kevin L. Swick, Esq.
Thomas T. Keating, Esq.
Keating, Ritchie & Swick
8050 Hosbrook, Suite 200
Cincinnati, OH 45326
Attorneys for City of Sharonville, Ohio, et al.

Alan H. Abes, Esq.
Susan Luken, Esq.
Dinsmore & Shohl LLP
255 East Fifth Street
Suite 1900
Cincinnati, OH 45202
Attorneys for Folksamerica Reinsurance Company

Nicholas E. Subashi, Esq.
Brian Wildermuth, Esq.
Law Office of Nicholas E. Subashi
The Oakwood Building
2305 Far Hills Avenue
Dayton, OH 45419
Attorneys for Scottsdale Insurance Company

Alphonse A. Gerhardstein, Esq.
Paul Laufman, Esq.
617 Vine Street, Suite 1409
Cincinnati, OH 45202
Attorneys for Plaintiffs

Randolph H. Freking, Esq.
Freking & Betz
215 E. Ninth Street, 5th Floor
Cincinnati, OH 45202
Attorney for Defendant Cramer

Thomas P. Dillon, Esq.
Shumaker, Loop & Kendrick LLP
1000 Jackson Street
Toledo, OH 43624
Attorney for Ohio Government Risk
   Management Plan

Clifford C. Masch, Esq.
Holly M. Wilson, Esq.
Reminger & Reminger LPA
1400 Midland Building
101 Prospect Avenue West
Cleveland, OH 44115-1093
Attorneys for United National
   Insurance Company

Brian E. Hurley, Esq.
Robert J. Gehring, Esq.
Crabbe, Brown & James LLP
30 Garfield Place, Suite 740
Cincinnati, Ohio 45202
Attorneys for Defendant William Nuss

Lawrence E. Barbiere, Esq.
Schroder, Maundrell, Barbiere & Powers
119 Mason Road, Suite 110
Cincinnati, OH 45249-3703
Attorney for Defendants Schappa and City of Sharonville

              /s/ K. Roger Schoeni
              K. Roger Schoeni

.215376.1
02/18/2005