UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA KAMMEYER, et al. | : | Case No. C-1-01-649 |
| | : | |
| Plaintiffs | : | Spiegel, J. |
| | : | |
| vs. | : | **PLAINTIFFS' MEMORANDUM** |
| | : | **IN OPPOSITION TO NONPARTY** |
| CITY OF SHARONVILLE, et al. | : | **SHERIFF SIMON L. LEIS'S** |
| | : | **MOTION TO QUASH** |
| Defendants | : | |
| | : | |

## INTRODUCITON

Nonparty Sheriff Simon L. Leis has filed a motion to quash a subpoena issued to him by Plaintiffs' attorneys. Because this Court has already decided the issues raised in that motion in Plaintiffs' favor, the motion should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

This Court is by now intimately familiar with the facts of this case, and Plaintiffs recount them only as they are relevant to the instant motion.[1] In this action, Plaintiffs allege that the Defendants—the City of Sharonville and present and past members and leaders of its police department—conspired to cover-up the facts that could have led to a successful prosecution of the man who murdered Plaintiffs' mothers, Albert Schuholz. As the litigation has proceeded, Defendant Cramer, who was responsible for the murder investigation, has asserted that he informed the Hamilton County Prosecutor's Office of all of the evidence he had gathered in the case, but that prosecutors declined to seek an indictment.

---

[1] Plaintiffs incorporate by reference both the factual summary and legal arguments provided to the Court in Plaintiffs' Memorandum in Opposition to Motion to Quash by Nonparties Mike Allen, John Jay, and Terry Gaines (Doc. 175).

In an effort to test the veracity of Cramer's defense, Plaintiffs issued subpoenas to John Jay, Terry Gaines, and Michael Allen. Nonparties Jay, Gaines, and Allen moved to quash the subpoenas, arguing that Plaintiffs were seeking to "denigrate, for all time, the role of state prosecutors and make them subservient to parties litigating issues of money in Federal Court." (Doc. 174 at 2.) This Court disagreed, and ordered the nonparties to comply with the subpoenas. (Doc. 195.) The Court's order specifically excluded work-product from disclosure. Nonetheless, without first creating a privilege log or otherwise permitting this Court to decide issues of privilege, Jay, Gaines, and Allen filed a notice of appeal, and subsequently a petition for writ of mandamus. A motion to dismiss the appeal is currently pending before the Sixth Circuit. The appellate court has not yet decided whether to require Plaintiffs to submit a brief in response to the mandamus action.

On February 25, 2005, Plaintiffs served Sheriff Leis, who previously was the elected Hamilton County Prosecutor, with a subpoena similar to those previously issued to other prosecutors. The subpoena exempts from disclosure of privileged attorney records or work product. Sheriff Leis, represented by the current Hamilton County Prosecutor, Joseph Deters, now moves to quash this subpoena.

## ARGUMENT

**A. This Court Has Already Decided The Issues Raised In The Motion To Quash**

Sheriff Leis's motion to quash is nearly identical to that filed by Jay, Gaines, and Allen. This Court has already determined that those subpoenas were proper, and Sheriff Leis has not articulated any distinction between the dispute adjudicated by the Court's prior ruling and the instant motion. As this Court has instructed, "under law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court in

the same case." *Kammeyer v. City of Sharonville*, 311 F. Supp. 2d 653, 658 (S.D. Ohio 2003). This Court has previously ruled on all of the issues raised by Sheriff Leis's motion. In fact, the Court has gone to the extraordinary length of defending its order in a letter-form brief to the Sixth Circuit Court of Appeals. Nothing has changed since the Court ruled that Plaintiffs were entitled to seek discovery from former prosecutors. Thus, this motion to quash should likewise be denied.

**B. Plaintiffs Are Entitled To The Discovery They Seek**

To the extent the Court feels it appropriate to revisit its prior holdings, Sheriff Leis's motion to quash should nevertheless be denied. Plaintiffs do not seek disclosure of privileged matter. The subpoena specifically exempts privileged matter from its purview. This Court has previously ordered other prosecutors to comply with subpoenas without ordering the disclosure of privileged matters. If Sheriff Leis believes that any answer or any document responsive to the subpoena is privileged, he should create a privilege log.[2]

As have the other prosecutors, Sheriff Leis urges this Court to apply the "*Shelton* factors" to Plaintiffs' subpoena. However, the three-part test enunciated by the Eighth Circuit in *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), and adopted in this circuit in *Nationwide Mutual Insurance Co. v. Home Insurance Co.,* 278 F.3d 621,628 (6th Cir. 2002), is inapplicable. The *Shelton* court expressly limited its holding to requests for discovery from opposing counsel, not a subpoena issued to a stranger to the underlying litigation. *See, e.g.*, 805 F.3d at 1327 ("We view the increasing practice of taking opposing counsel's deposition as a

---

[2] In the instant motion to quash, as in the prosecutors' prior motion to quash, Sheriff Leis has indicated that he will ask for the Court's guidance regarding the creation of a privilege log. Nonetheless, the prosecutors have never sought such guidance, choosing instead to file premature appeals before such guidance should be given. In its order denying the instant motion, this Court should provide guidance as to the proper creation of a privilege log.

3

negative development in the area of litigation, and one that should be employed only in limited circumstances.").

Sheriff Leis has failed to cite any case in which *Shelton* was applied to a subpoena or subpoena *duces tecum* issued to a nonparty. In fact, Plaintiffs are unaware of such a case. Further, the interests of Sheriff Leis and Plaintiffs are not adverse. Both remain committed to the prosecution of Albert Schuholz. Plaintiffs have done nothing throughout the litigation to compromise this goal, and the subpoena issued to Sheriff Leis does not threaten to do so, either.

## CONCLUSION

This Court should continue along the path it has already charted. Sheriff Leis's motion to quash should be denied. Mr. Leis should be required to comply with the subpoena, creating a privilege log that describes any documents withheld due their status as privileged or work product. Such an approach balances the legitimate need of the prosecutors to pursue a murder case against Schuholz and the equally legitimate need of Plaintiffs in pursuing this civil action against Defendants who have wrongfully covered up the truth for decades.

Respectfully submitted,

s/ Alphonse A. Gerhardstein
Alphonse A. Gerhardstein # 0032053
Trial Attorney for Plaintiffs
Paul M. Laufman  #0066667
Donald R. Caster #0077413
Attorneys for the Plaintiffs
617 Vine Street, Suite 1409
Cincinnati, Ohio 45202
(513) 621-9100
(513) 345-5543 fax
agerhardstein@laufgerhard.com
plaufman@laufgerhard.com
dcaster@gblfirm.com

4

5

**<u>Certificate of Service</u>**

I hereby certify that on March 11, 2005, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Alphonse A. Gerhardstein
Alphonse A. Gerhardstein
