## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA KAMMEYER, et al.** | : | **CASE NO.: C-1-01-649** |
| **Plaintiffs,** | : | **Judge Spiegel** |
| | | **(Magistrate Black)** |
| **vs.** | : | |
| **CITY OF SHARONVILLE, OHIO, et al.** | : | **MOTION OF DEFENDANT NUSS** |
| | | **TO COMPEL (AFFIDAVIT OF** |
| **Defendants.** | : | **BRIAN E. HURLEY AND EXHIBITS** |
| | | **ATTACHED)** |

Defendant William Nuss (Nuss), by and through counsel and pursuant to Rule 37, Federal Rules of Civil Procedure, hereby moves this Court for an Order compelling Plaintiffs to respond in full to Nuss's Second Set of Interrogatories And Document Requests.

Respectfully submitted,

CRABBE, BROWN & JAMES LLP

s/Brian E. Hurley
Brian E. Hurley (0007827)
Robert J. Gehring (0019329)
30 Garfield Place, Suite 740
Cincinnati, Ohio 45202-4359
(513) 784-1525 - telephone
(513) 784-1250 - facsimile
Bhurley@cbjlawyers.com
Rgehring@cbjlawyers.com

Attorneys For Defendant William Nuss

<u>MEMORANDUM</u>

**I.    <u>STATEMENT OF RELEVANT FACTS/PROCEDURAL POSTURE</u>**

Defendant Nuss has repeatedly attempted to discover the *facts* that Plaintiffs maintain support their allegations against him.  That led him to serve his first written discovery requests on Plaintiffs, and, with respect to those requests, he was forced to file a motion to compel.  That motion was granted, and Plaintiffs' refusal to comply with the Court's order may cause him to file a motion to enforce.[1]

Because of the incomplete and conclusory responses Plaintiffs provided in response to Defendant Nuss's first discovery requests, Defendant Nuss decided to ask 6 new and very specific interrogatories, the first 4 of which are based upon the verbatim answers Plaintiffs had provided in response to the first discovery requests.  (See Exhibit "A.") In the cover letter sent with the second discovery requests, counsel for Defendant Nuss stated in part:

> Enclosed find Defendant Nuss's second written discovery requests directed to each plaintiff.  While the information and documents Defendant Nuss seeks by these requests should have already been provided in response to his first written discovery requests, he is making a separate, formal request that they be produced because they are so important to him.
>
> Please do not state in response to these requests that additional discovery is needed.  First, Plaintiff Wright testified that in 1997 he spent at least 10-12 hours going over every piece of paper in the investigation file.  Second, Plaintiff Wright testified that between March 1997 and the end of 1998 he spent 100's of hours in

---

[1]With the exception of the request for sanctions, Magistrate Black granted the motion to compel in its entirety.  After Plaintiffs' objected to the Magistrate's Order, this Court with one exception affirmed it in its entirety.  That exception was that Plaintiffs were given the right to respond to the "contention" interrogatories after discovery was completed.  Plaintiffs have refused to fully comply with that order, and that refusal will be the subject of a motion to enforce unless Plaintiffs do so.

> discussions with Mr. Dorning about how the murder investigation
> has been conducted.  Third, the entire investigation file has been
> available to Plaintiffs' counsel for over 2 ½ years.  And fourth,
> Plaintiffs have heard approximately 5 hours of Mr. Dorning's
> sworn testimony - testimony that includes a statement by Mr.
> Dorning that he was unaware of any wrongdoing on the part of
> Defendant Nuss.  As such, Plaintiffs are required to provide full
> responses based upon the information and documents already
> available to them.  If there is a need to supplement the responses
> based upon additional information learned by Plaintiffs, they may,
> and indeed are required to, supplement their responses.

(See Hurley letter of 8-30-04, Exhibit "B.")

On September 10, 2004, Plaintiffs served their incomplete and conclusory responses to the second set of interrogatories, and, by doing so, made good on their promise to provide nothing more than a "rehash" of what they had already provided.   Those responses are as follows:

**Interrogatories numbers 1-4 below, are based upon the responses of Plaintiffs Wright and Kammeyer to Nuss's Interrogatory number 17, First Set.**

**1.      State each time (time, date and location) "Cramer kept Nuss advised on the case," and, for each time, state what Cramer "advised" him.**

**2.      With respect to your response to interrogatory number 1, identify the source(s) of the information upon which you base your response to interrogatory number 1.**

**Response:**

> **We assume you seek a supplement to plaintiffs' response to
> interrogatory 16, not 17.  Obviously we expect much more
> from your client on this issue.  As you know, we have already
> learned that defendant Schappa states that Chief Nuss was in
> charge of the Burns-Wright murder investigation.  (Depo 17).
> Defendant Cramer states that he reported directly to Nuss
> while Cramer was serving as detective (Depo 21).  Defendant
> Cramer states that Chief Nuss was coordinating everyone at
> the scene of the crime.  (Depo 98).  We also know that Nuss
> told Dorning that Nuss was "briefed a few times" on the case.
> Sealed docs. Bates 731.**

**3.      With respect to each "obvious" lead to which you refer, state the following:**

**a.      the lead itself;**

**b.      when Nuss was provided with the information relating to the lead that**

he allegedly failed to press Cramer to pursue.

        c.     the identity of the source(s) of information upon which you base your responses to Interrogatory 3(a) and 3(b).

    **Response:**

        Plaintiffs are relying on the information set out on pp 708-732 of Book 4 of the sealed documents and will have to ask defendant Nuss about whether he was informed of all of these facts by Cramer.

    **4.**     With respect to the "other misconduct by Cramer" to which you refer:

        a.     state each instance of misconduct to which you refer, when Nuss learned of the misconduct, and the action that you maintain Nuss should have taken;

        b.     the identity of the source(s) of information upon which you base your response to Interrogatory number 4(b).

    **Response:**

        Plaintiff s refer to the allegations from the coworkers set out in the personnel file.  See Ex 2, Cramer depo.

    **5.**     Have you had any contact, direct or indirect, with Nuss?  If so, for each such contact:

        a.     state the time, date and location of the contact;

        b.     state the substance of what was discussed during the contact.

    **Response:**

        See transcripts of depositions of all clients and attached table.

    **6.**     Do you maintain that Nuss knew and/or was aware of any alleged misconduct by Defendant Cramer with respect to the investigation of the murders of Marie Schuholz and Starla Burns?  If so, for <u>each</u> instance of alleged misconduct you are aware, state:

        a.     the alleged misconduct to which you refer;

        b.     when Nuss became aware/knew of the alleged misconduct;

        c.     the identity of the source of the information upon which you base these responses to Interrogatory Numbers 6(a) and 6(b).

    **Response:**

        Yes.  See answers to #1.  Obviously we need to ask Nuss about his own knowledge.

(See Gerhardstein letter of 9-10-04, Exhibit "C.")

After reviewing Plaintiffs' responses, Defendant Nuss's counsel requested that Plaintiffs provide answers that were fully responsive.

        Before he is deposed, Mr. Nuss has the absolute right to know precisely what Plaintiffs claim he did wrong and the factual basis for the claim.  I have repeatedly requested that you provide this information, and, to date, all I have received in response are

-4-

> general and vague statements that are, in essence, nothing more than re-statements of the general and conclusory allegations of the Complaint. . .
>
> . . . . . . . . . . . . . .
>
> Although I have not had the time to complete my review of your letter of September 10, 2004 and its attachment, I have completed enough of it to be able to state that Plaintiffs have once again failed in many material ways to comply with the Court's discovery orders. Further, Plaintiffs' responses to Mr. Nuss's second set of discovery are not even as complete as the conclusory allegations of the Third Amended Complaint or their prior discovery responses. In short, Plaintiffs have made good on your promise that Defendants would receive a "rehash" (your word) of what had already been produced.

(See Hurley letters of 9-23-04 and 9-27-04, Exhibits "D" and "E.") Plaintiffs completely ignored these requests.

On March 9, 2005, counsel for Defendant Nuss again wrote to Plaintiffs' counsel about their inadequate responses to the second written discovery request, and they included a draft of this motion which set forth in detail how the responses were inadequate. (See Hurley letter of 3-9-05, Exhibit "F.") Other than to seek extensions, Plaintiffs did not respond to this letter. (See Hurley letter of 3-17-05, Exhibit "G" and Gerhardstein letter 3-16-5, Exhibit "H.")

## II.     ARGUMENT

### A.     Rules 26 And 33 And The Scope Of Discovery

#### 1.     Rule 26

The Federal Rules of Civil Procedure permit discovery on any matter that is relevant to a claim or defense of any party in the pending action and is not privileged. *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000). The rules and interpretive case law provide vast leeway to discover nearly everything there is to know about a case. Further, the party who opposes discovery carries a "heavy burden" of showing why discovery should not be allowed.

See *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  In short, the plain meaning of this rule permits a party to obtain from another party all relevant, non-privileged, information merely by asking.

All non-privileged information relevant to the subject matter[2] involved in the pending case is discoverable.  The term "relevant" encompasses any matter "that bears on or that reasonably could lead to the other matter that could bear on any issue that is or may be in the case."  See, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Oil Chemical & Atomic Workers Local Union v. N.L.R.B.*, 711 F.2d 348, 360 (D.C. Cir. 1983).  Requests for discovery are proper if there is any possibility that the information sought may be relevant to any issue (e.g. matters relating to a claim or defense and/or credibility of a witness) in the action, even if it is already known to the discovering party.  See, *Detweiler Brothers v. John Graham & Co.*, 412 F. Supp. 416, 422 (E.D. Wash. 1976), 8 C. Wright & Miller, Federal Practice and Procedure §§ 2008 and 2014 (1970).  Finally, a request seeking any information which provides any sources or leads about potential trial evidence is proper.  See Wright & Miller, Federal Practice and Procedure, §2015, at 113-121 (1970).

2.    **Rule 33**

Rule 33(a) provides in pertinent part:

> Any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served.

Interrogatories may relate to any matter which can be inquired into under Rule 26(b)(2).  (This

---

[2]The term "subject matter" relates to any matter in the case, including the credibility of a witness and the merits and the case.  4 Moore's Federal Practice §26.56[1], at 26-117 (2d Ed. 1988).

Rule must be read in a manner "consistent with the principles of Rule 26(b)(2)." See Rule 33(a).)   In short, Rule 33 *requires* the production of non-privileged information that is discoverable and in the possession of and/or known by the parties and their legal counsel upon whom the request is served.

> Discovery by interrogatory requires candor in responding . . . The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information.

*Dollar v. Long Mfg., N.D., Inc.*, 561 F.2d 613, 616-617 (5th Cir. 1977), cert. denied 435 U.S. 996 (1978). See also *Trane Co. v. Klutznick*, 87 F.R.D. 473, 476-477 (W.D. Wis. 1980); *Dykes v. Morris*, 85 F.R.D. 373, 374-377 (N.D. Ill. 1980).   Rule 33 also provides that "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer."   Indeed, an incomplete answer is treated as a failure to answer, and it can support even the most serious sanctions.  Rule 37(a)(3); *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003.)

Interrogatories are properly used as a means to obtain a more definite explanation of the allegations of pleadings and facts that support the pleadings' assertions.  These questions force the disclosure of all pertinent facts and documents the opposition relies upon to prove their case, as well as those facts and documents that do not support those claims and assertions.  See e.g., *Lincoln Gateway Realty Co. v. Carri-Craft, Inc.*, 53 F.R.D. 303, 308 (W.D. Mos. 1970); *B-H Transp. Co. v. Great Atl. & Pac. Tea Co.*, 44 F.R.D. 436, 438 (N.D. N.Y. 1968); *In re: Anthracite Coal Antitrust Litigation*, 81 F.R.D. 516, 522 (N.D. Pa. 1979).

Finally, attorneys with knowledge of facts not covered by attorney-client privilege or work product protection are subject to discovery. *United Phosphorus Ltd. v. Midland Fumigant,*

*Inc.*, 164 F.R.D. 245 (D.Kan. 1995).  As such, when responding to Nuss's interrogatories Plaintiffs may not limit their responses to *their* knowledge of facts and documents; their responses must include their attorney's knowledge of responsive, non-privileged information. The inclusion of this information is particularly critical in this type of case because it is primarily Plaintiffs' counsel, not Plaintiffs themselves, who are in the position to provide complete responses in the most timely and least expensive manner.

        **B.**       **Plaintiffs' Responses Are Incomplete And Force Defendant Nuss To Guess At The "Facts" That Plaintiffs Maintain Support Their Allegations**.

By their own admissions, Plaintiffs claim that they knew almost 25 years ago that Defendant Cramer was a "dirty cop" and was engaging in a coverup of Albert Schuholz's alleged role in the murders of Marie Schuholz and Starla Burns.  Since at least April, 1999, when they hired Attorney Jay Clark, Plaintiffs have been investigating whether any other employees of the City of Sharonville Police Department (SPD), including Defendant Nuss, participated in the alleged coverup.  Even though both Attorney Clark and Dale Dorning, the SPD police officer who investigated the alleged coverup, concluded that Defendant Nuss had done nothing wrong and no claims could in good faith be brought against him, Plaintiffs, through their current counsel and in this lawsuit, accused Defendant Nuss of conspiring with Defendant Cramer.

This lawsuit was commenced 3 ½ years ago, and, to add to their then almost 20 years of investigation, Plaintiffs have conducted extensive discovery.  That discovery is now complete, and Plaintiffs still have not provided Defendant Nuss with the facts supporting their claims against him.  Rather, they have provided responses that are mere repetitions - or in their counsels' words, "a rehash" - of their conclusory allegations, sprinkled with the theories and speculation of their counsel.  In addition, Plaintiffs once again refer Defendant Nuss to

documents, and tell him to guess at the "facts" to which they refer.

By the six interrogatories in the second set Plaintiffs are asked very specific questions about their allegations relating to Defendant Nuss's alleged conduct.  If there is any basis at all to their claims against Defendant Nuss, Plaintiffs should have at this time no problem providing complete responses to these questions.  Indeed, they are required to do so.  Yet, once again Plaintiffs refuse to do so, and have forced Defendant Nuss to file this motion to compel.

Plaintiffs' responses are inadequate for the following reasons.

### Interrogatory Numbers 1 and 2

By those interrogatories, Plaintiffs are required to state *each* time Defendant "Cramer kept Nuss advised on the case."  It is at best unclear whether, by their answer, Plaintiffs are stating that they are setting forth every time of which they are aware when this happened.  What *is* clear that nowhere in the answer do Plaintiffs provide the time, date and location of the alleged communication or "what Cramer advised [Nuss]."

### Interrogatory Number 3

Plaintiffs have repeatedly alleged that Defendant Nuss was aware of and failed to follow up on "obvious" leads, and just as often Defendant Nuss has asked that he be provided specific information about these "obvious" leads.  Yet, Plaintiffs once again refuse to provide this information, and direct Defendant Nuss to documents from which he is told to guess at what is being alleged.

### Interrogatory Number 4

Plaintiffs allege in a conclusory manner that Defendant Cramer was involved in "other misconduct" and Defendant Nuss was aware of it.  Plaintiffs refuse to provide an answer setting

forth the specifics of the alleged misconduct and Defendant Nuss's alleged knowledge of it. Rather, Plaintiffs direct Defendant Nuss to a document about which each person who has been questioned has stated that the content of the document has absolutely nothing to do with how Defendant Cramer handled the Schuholz/Burns murder investigation.

### Interrogatory Number 6

The crux of Plaintiffs' claims against Defendant Nuss is that he allegedly knew of Defendant Cramer's alleged attempt to coverup Albert Schuholz's involvement in the Schuholz and Burns murders. The information supporting this claim is precisely the information Defendant Nuss has attempted to obtain through this interrogatory. Yet Plaintiffs do not provide any substantive response. They instead direct Defendant Nuss to their answer to Interrogatory Number 1, which does not in any way provide when and how Defendant Nuss is to have allegedly learned of the misconduct.

## III.   CONCLUSION

For the reasons stated above, this second motion to compel of Defendant Nuss must be granted.

Respectfully submitted,

CRABBE, BROWN & JAMES LLP

s/Brian E. Hurley
_____
Brian E. Hurley (0007827)
Robert J. Gehring (0019329)
30 Garfield Place, Suite 740
Cincinnati, Ohio 45202-4359
(513) 784-1525 - telephone
(513) 784-1250 - facsimile
Bhurley@cbjlawyers.com
Rgehring@cbjlawyers.com

Attorneys For Defendant William Nuss

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 17, 2005, a copy of the forgoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties my access this filing through the Court's system.


s/Brian E. Hurley
Brian E. Hurley


\\theserver\firmdocs\NUSS\mtntocompel030805.wpd