## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA KAMMEYER, et al.** | : | **CASE NO.: C-1-01-649** |
| **Plaintiffs,** | : | **Judge Spiegel** |
| | | **Magistrate Hogan** |
| **vs.** | : | |
| **CITY OF SHARONVILLE, OHIO, et al.** | : | **AFFIDAVIT OF BRIAN** |
| | | **E. HURLEY** |
| **Defendants.** | : | |

STATE OF OHIO     )
                     : SS
COUNTY OF HAMILTON  )

Brian E. Hurley, having been duly sworn and based upon his personal knowledge, states:

1.     I am co-counsel for William Nuss, a defendant in the above-captioned case.

2.     I drafted the Motion To Compel (Motion) to which this affidavit is attached. The facts set forth in Section I of the Motion are, to the best of my belief, accurate.

3.     The exhibits attached to the Motion are true and accurate copies of the original documents and letters.

4.     I have attempted to resolve the discovery disputes that are the subject of the Motion, but have not been successful in doing so.

AFFIANT, FURTHER SAYETH NAUGHT.

_____
Brian E. Hurley

Sworn to before me this _17th_ day of March, 2005.

_____
Notary Public

My commission expires _3/6_, 200_6_

MARY LOU PHELPS
Notary Public, State of Ohio
My Commission Expires _3/6/06_

\\theserver\firmdocs\NUSS\AFFIDAVIT030805.BEH.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

PATRICIA KAMMEYER, et al.         :       **CASE NO.: C-1-01-649**

          **Plaintiffs,**          :       **Judge Spiegel**

   **vs.**                      :

                                 **DEFENDANT WILLIAM NUSS'S SECOND**
**CITY OF SHARONVILLE, OHIO, et al.** :   **SET OF INTERROGATORIES AND**
                                 **REQUESTS FOR PRODUCTION OF**
                         :      **DOCUMENTS DIRECTED TO**
          **Defendants.**         **ALL PLAINTIFFS**

The following Interrogatories and Requests for Production of Documents are propounded by Defendant William Nuss in accordance with Rules 33 and 34 of the Federal Rules of Civil Procedure and are to be answered by all Plaintiffs ("Plaintiffs") within 30 days of the date service is made upon them. In accordance with Rule 34(B), the document production will be held at the offices of Crabbe, Brown & James, LLP, 30 Garfield Place, Suite 940, Cincinnati, Ohio 45202, counsel for Defendant William Nuss. These interrogatories and requests for production of documents are continuing and must be supplemented per Federal Civil Rule 26(E).

## DEFINITIONS AND INSTRUCTIONS

1.     As used in these Interrogatories and Document Requests, the term "document" means each and every document (as defined in Federal Rules of Civil Procedure 34) in the possession, custody, or control of Plaintiffs, whether a copy, draft, or original, wherever located with all exhibits, attachments, and schedules, including but not limited to the following: correspondence and drafts of correspondence; income tax returns, forms, schedules or worksheets,; inter- and intra-office memoranda; reports; comments; worksheets; plans; minutes; notes; notices or notifications; findings; memoranda; brochures, circulars, advertisements, or sales literature; notes, records, summaries, or other reports of conferences,



EXHIBIT
A

meetings, visits, surveys, discussions, inspections, examinations, reviews or telephone conversations; purchase orders, quotations, estimates, invoices, bids, receipts, or acknowledgments, including the reverse sides of all such documents with printing, typing or writing on the reverse sides, bills of lading and other shipping documents; credit memoranda; contract or lease offers or proposals; executed or proposed agreements, contracts, franchise agreements, licenses, leases, or options; proposals; diaries, desk calendars, appointment books, or telephone call books, property valuations or appraisals, and their updates; affidavits, statements and depositions, or summaries or excerpts thereof; stenographic notes; books and records including but not limited to journals, ledgers, balance sheets, profit and loss statements, together with all adjustments to the same and all notes and memoranda concerning them; financial data; stock certificates and evidence of stock ownership, newspaper or magazine articles, pamphlets, books, texts, magazines, journals and publications; notepads, tabulations, calculations, or computations; schedules, drafts; charts and maps; forecasts and projections; drawings, designs, plans, specifications, or diagrams; orders; pleadings and court filings; checks and check stubs (front and back); records or transcripts of statements, depositions, conversations, meetings, discussions, conferences, or interviews, whether in person or by telephone or by other means; workpapers; printouts or other stored information from computers or other information retention or processing systems; photographic matter or sound reproduction matter however produced, reproduced or stored; government reports, regulations, filings or orders; any other written, printed, typed, taped, recorded, or graphic matter; any exhibits, attachments, or schedules to or with the foregoing; any drafts of the foregoing; and any copies or duplicates of the foregoing that are different because of marginal or handwritten notations, or because of any markings thereon.

2.      "Identify" when used with respect to a writing means to state the date, the type of writing,

the author(s) or originator(s), each addressee, those persons to whom copies were sent, the identity of its custodian, the physical location of the document, its subject matter and the number of pages. In all instances in which an Interrogatory calls for identification of documents, it shall be sufficient in lieu of such identification to produce copies of such documents attached to the Answer to these Interrogatories; each such document so produced shall be designated with a paragraph and sub-paragraph number of the Interrogatory or Interrogatories requiring its identification. If any document is withheld under claim of privilege or work product, furnish a list identifying each document for which the privilege or work product is claimed, together with the following information for each such document: date, sender, recipient, person to whom copies were furnished, job titles of each of these persons, subject matter of the documents, number of pages, the basis on which the privilege or work product is claimed, the paragraph or paragraphs of these Interrogatories to which the document responds, and whether any matter that is not privileged or not work product is discussed or mentioned in that document.

3.      "Identify" when used in reference to any person means to state his full name and present or last known home and business addresses, his/her occupation, his/her present or last known position, employer, or business affiliation, his/her present or last known business and home telephone numbers, and if such person has ever been employed by Defendant or owned or participated in any way in Defendant's business or activities, so indicate and state the nature and time period of such employment, ownership or participation. When a person has been identified in full in response to an Interrogatory as required by these definitions, it shall be sufficient to identify such person in response to subsequent Interrogatories, to state the full name of such person and refer to the previous Interrogatory where a full identification was given so long as all other information regarding such person required by these definitions remains the same.

4.    "Persons" means natural persons, corporations, partnerships, joint ventures, unincorporated associations, and all other entities.

5.    "Plaintiffs" means all of the named Plaintiffs in this action, Patricia Kammeyer, James Wright, Jan Loraine Miller and Sue Ranielle Baker and their representatives, counsel and all other persons or entities acting or purporting to act under their control or on their behalf.

6.    "Defendant" means the William Nuss,   and his representatives, counsel and all other persons or entities acting or purporting to act under his control or on his behalf.

7.    "Expert" when used in these Interrogatories and Requests means:

(a)    anyone who is an expert within Federal Rules of Evidence, or

(b)    an individual who has acquired through formal or informal education, training or practical experience, special knowledge or skills in some art, science, trade, profession or other human activities, and is thereby competent to deduce correct inferences or conclusions or opinions from real or hypothetically stated facts and give testimony therefrom, which is consistent with said individual's field or area of special knowledge or skill, or

(c)    anyone whom Defendant intends to use as an expert in this action.

8.    "Communications" means any and all of the following:  writings, oral communications, conversations by telephone, meetings, and any contact, oral or written, formal or informal, at any time or place, and under any circumstances whatsoever in which any information of any nature was transmitted or exchanged in any form.

9.    "Relating to" means constituting or evidencing and directly or indirectly mentioning, describing, referring to, pertaining to, being connection with or reflecting upon the stated subject matter.

10.    The words "any" and "all" shall be considered to include "each" and "each and every".

11.     The singular of any word shall include the plural, and the plural of any word shall include the singular.

12.     These are continuing Interrogatories, and if additional information is received prior to the date of trial, Supplemental Answers shall be produced setting forth such additional information as promptly and as long before the trial date as possible.

13.     If you do not clearly understand, or have any questions about, the definitions, instructions, or any request for documents, please contact counsel for Plaintiff promptly for clarification.

## INTERROGATORIES

Interrogatories numbers 1-4 below, are based upon the responses of Plaintiffs Wright and Kammeyer to Nuss's Interrogatory number 17, First Set.

1.     State each time (time, date and location) "Cramer kept Nuss advised on the case," and, for each time, state what Cramer "advised" him.

Answer:

2.     With respect to your response to interrogatory number 1, identify the source(s) of the information upon which you base your response to interrogatory number 1.

Answer:

-5-

3.    With respect to <u>each</u> "obvious" lead to which you refer, state the following:

     a.    the lead itself;

Answer:




     b.    when Nuss was provided with the information relating to the lead that he allegedly failed to press Cramer to pursue.

Answer:




     c.    the identity of the source(s) of information upon which you base your responses to Interrogatory 3(a) and 3(b).

Answer:

4.    With respect to the "other misconduct by Cramer" to which you refer:

      a.    state each instance of misconduct to which you refer, when Nuss learned of the misconduct, and the action that you maintain Nuss should have taken;

    Answer:

      b.    the identity of the source(s) of information upon which you base your response to Interrogatory number 4(b).

    Answer:

5.    Have you had any contact, direct or indirect, with Nuss?  If so, for each such contact:

      a.    state the time, date and location of the contact;

    Answer:

      b.      state the substance of what was discussed during the contact.

Answer:

6.     Do you maintain that Nuss knew and/or was aware of any alleged misconduct by Defendant Cramer with respect to the investigation of the murders of Marie Schuholz and Starla Burns? If so, for each instance of alleged misconduct you are aware, state:

      a.      the alleged misconduct to which you refer;

Answer:

      b.      when Nuss became aware/knew of the alleged misconduct;

Answer:

      c.      the identity of the source of the information upon which you base these responses to Interrogatory Numbers 6(a) and 6(b).

Answer

## DOCUMENT REQUESTS

### DEFINITIONS

See definitions of "document" and "identify", above.

### DIRECTIONS

1.    Please respond to each of these requests separately and in full. More specifically, please designate by reference to each request the documents which are being produced in response to that specific request.

2.    Each and every request for a document or documents to be produced requires production of the original document, in its entirety, without abbreviation or expurgation, and without redacting any portions of it.

3.    More than one paragraph of these Requests may ask for the same document. The presence of such duplication is not to be interpreted to narrow or limit the normal interpretation placed upon each individual request.

4.    If a document has already been included with documents that is responsive to another request it is not necessary that a copy of that document be provided more than once. However, if a copy of a document is not provided for this reason, for each such document request identify each document that is not provided.

5.    If any document requested was, but is no longer, in the possession or subject to control of Plaintiffs, or is no longer in existence, identify the document by author, recipient(s), date, subject matter and length, and state whether it:

-9-

(a)     is missing or lost;

(b)     has been destroyed;

(c)     has been transferred, voluntarily or involuntarily, to others and state the identity of those persons to whom it has been transferred;

(d)     has been otherwise disposed of, and in each such instance explain the circumstances surrounding such disposition, state the date or approximate date thereof, and the identity of the persons with knowledge of such circumstances;

6.     If any document is withheld under claim of privilege or work product, furnish a list identifying each document for which the privilege or work product is claimed, together with the following information for each such document: date, sender, recipient, persons to whom copies were furnished, job titles of each of these persons, subject matter of the documents, number of pages in the document, the bases on which the privilege or work product is claimed, the paragraph or paragraphs of this Request to which the document responds, the subject matter of the document and the person in whose custody the document is presently located, and whether any matter that is not privileged or not work product is discussed or mentioned in that document.

7.     These are continuing Requests, and if additional documents are received prior to the date of trial, Supplemental Production shall be made setting forth such additional documents as promptly and as long before the trial date as possible.

8.     If you do not clearly understand, or have any questions about, the definitions, instructions, or any request for documents, please contact counsel for Defendant promptly for clarification.

-10-

Produce for inspection the following documents:

## DOCUMENT REQUESTS

1.    Produce/identify each document that you maintain supports your responses.


Respectfully submitted,


CRABBE, BROWN & JAMES, LLP


By: Brian E. Hurley (0007827)
Counsel For Defendant Nuss
30 Garfield Place, Suite 940
Cincinnati, Ohio 45202
(513) 784-1525 - Telephone
(513) 784-1250 - Facsimile
bhurley@cbjlawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing has been sent by facsimile and regular mail to

Lawrence E. Barbiere, SCHROEDER, MAUNDRELL, BARBIERE & POWERS 11935 Mason Road,

Suite 110, Cincinnati, Ohio 45249; Randolph H. Freking, FREKING & BETZ, 215 East Ninth Street, 5th

Floor, Cincinnati, Ohio 45202; Thomas T. Keating, 8050 Hosbrook Road, Suite 200, Cincinnati, Ohio

45236 and Alphonse A. Gerhardstein, Trial Attorney for Plaintiffs, 617 Vine Street, Suite 1409,

Cincinnati, Ohio 45202 on this 30t of August, 2004.


Brian E. Hurley

\\theserver\firmdocs\NUSS\int&docreqtoallPl.wpd



LAW OFFICES

# Crabbe, Brown & James LLP

30 GARFIELD PLACE
SUITE 740
CINCINNATI, OHIO 45202

TELEPHONE 513.784.1525
FAX 513.784.1250

Email: Bhurley@cbjlawyers.com

www.CBJLawyers.com

ROBERT J. GEHRING+*
BRIAN E. HURLEY
BETH G. WAYNE

COLUMBUS OFFICE
500 S. FRONT STREET, STE. 1200
COLUMBUS, OHIO 43215
TELEPHONE 614.228.5511
FAX 614.229.4559

+Also Admitted in Kentucky

*Certified Civil Trial Specialist
by National Board of Trial Advocacy

LANCASTER OFFICE
111 S. BROAD STREET, STE. 209
LANCASTER, OHIO 43130
TELEPHONE 740.689.1743
FAX 740.689.1746

URBANA OFFICE
118 SCIOTO STREET
URBANA, OHIO 43078
TELEPHONE 937.652.4000

August 30, 2004

## VIA FACSIMILE AND U.S. MAIL

Alphonse A. Gerhardstein, Esq.
Laufman & Gerhardstein
1409 Enquirer Building
617 Vine Street
Cincinnati, Ohio 45202

Re:    Patricia Kammeyer, et al. v. City of Sharonville, et al.
       U.S. District Court, Southern District of Ohio, Case No. C-1-01-649

Dear Mr. Gerhardstein:

Enclosed find Defendant Nuss's second written discovery requests directed to each plaintiff. While the information and documents Defendant Nuss seeks by these requests should have already been provided in response to his first written discovery requests, he is making a separate, formal request that they be produced because they are so important to him.[1]

Please do not state in response to these requests that additional discovery is needed. First Plaintiff Wright testified that in 1997 he spent at least 10-12 hours going over every piece of paper in the investigation file. Second, Plaintiff Wright testified that between March 1997 and the end of 1998 he spent 100's of hours in discussions with Mr. Dorning about how the murder investigation has been conducted. Third, the entire investigation file has been available to Plaintiffs' counsel for over 2 ½ years. And fourth, Plaintiffs have heard approximately 5 hours of Mr. Dorning's sworn testimony - testimony that includes a statement by Mr. Dorning that he was unaware of any wrongdoing on the part of Defendant Nuss. As such, Plaintiffs are required to provide full responses based upon the information and documents already available to them. If there is a need to supplement the responses based upon additional information learned by Plaintiffs, they may, and indeed are required to, supplement their responses.

---

[1]The other information and documents will be dealt with if and when it is necessary to seek court intervention with respect to them.

EXHIBIT "B"

Alphonse A. Gerhardstein, Esq.
August 30, 2004
Page 2

---

Before his deposition is taken, Defendant Nuss has the right to be fully apprised of the alleged facts that support Plaintiffs' claims against him. That is one of the reasons I litigated so hard in connection with his motion to compel and in opposition to Plaintiffs' motion to quash etc. As such and as I have already informed you, until Plaintiffs fully comply with the Orders of Judge Spiegel and Magistrate Black and provide full responses to these requests, Defendant Nuss will not be made available for deposition. Defendant Nuss will be made available for deposition within 10 days after Plaintiffs have fully complied with the Orders and responded in full to the requests.

I remain

Very truly yours,

Brian E. Hurley

BEH/ll
Enclosure
cc:    Robert J. Gehring, Esq.
       Lawrence E. Barbiere, Esq.
       Thomas T. Keating, Esq.
       Randolph H. Freking, Esq.



# LAUFMAN & GERHARDSTEIN

ATTORNEYS AT LAW

1409 ENQUIRER BUILDING
617 VINE STREET
CINCINNATI, OHIO 45202
(513) 621-9100
FAX (513) 345-5543

ROBERT F. LAUFMAN
ALPHONSE A. GERHARDSTEIN
JENNIFER L. BRANCH
PAUL M. LAUFMAN

September 10, 2004

*Via facsimile to (513) 583-4203*

Lawrence E. Barbiere
Michael Maundrell
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, OH 45249

*Via facsimile to (513) 891-1537*

Thomas T. Keating
Keating, Ritchie & Swick
8050 Hosbrook Road, Suite 200
Cincinnati, OH 45236

*Via facsimile to (513) 784-1250*

Brian E. Hurley
Robert Gehring
Crabbe, Brown & James
30 Garfield Place, Suite 940
Cincinnati, OH 45202

*Via facsimile to (513) 651-2570*

Randolpf H. Freking
Leslie Ghiz
Freking & Betz
215 E. Ninth St.
Cincinnati, OH 45202

Re:    ***Kammeyer, et al. v. Sharonville, et al.***
       **S.D. Ohio Case No. C-1-01-649**

Dear Counsel:

This letter will review the status of discovery issues and respond to Brian's letters of August 26, August 30 and September 8 as well as Leslie's letter of August 30. This letter will also respond to Defendant Nuss' second set of interrogatories and requests to produce directed to all plaintiffs. This letter supplements the responses provided on August 19, 2004 as well as the letters and documents we have sent with information as it has been received.

**Plaintiffs' Discovery Requests**

The City and Cramer are both more than a month overdue on responses to the interrogatories and requests to produce served on July 10, 2004. I trust since the Friday depositions ended early you will make every effort to have full responses by Monday morning, September 13, 2004, before we resume Dale Dorning's deposition on September 14, 2004.

Exhibit C

September 10, 2004
Page 2 of 4

**Defendants Cramer and Nuss Discovery Requests**

First, regarding the contention interrogatories. The Court ordered that they should be answered "after depositions are complete." Doc. 169, p. 6. We will provide answers within two weeks of the completion of depositions.

Second, you now have received all of the supporting material from Dr. Deardorff.

Third, you have now received all of the documents located to date by each plaintiff.

Fourth, medical records you requested of Jim Wright and Patti Kammeyer are being produced as they are received from the providers.

Fifth, defendant Nuss requests that we "organize and categorize the documents they have produced to correspond to specific interrogatories and document requests." We believe that we have sufficiently responded to any need to categorize the documents we have produced. Nonetheless attached is a table we have prepared of every document produced to date with a column in the table listing the interrogatories and requests to produce to for which the documents are relevant.

Sixth, defendant Cramer claims that plaintiffs owe additional information to him. We disagree. The answers that have been provided are sufficient. You provide no explanation of your request for supplementary information. Moreover, you make no reference to the extensive supplements provided to Nuss which are clearly relevant to many of the requests made by Cramer. Finally, all of the interrogatories are contention interrogatories and need not be responded to until after the depositions. We have offered some answers nonetheless. Please refer to this chart to help you identify relevant supplemental responses:

| INTERROGATORY OR REQUEST TO PRODUCE BY CRAMER | COMPARABLE INTERROGATORY OR REQUEST TO PRODUCE BY NUSS |
|---|---|
| 1 | 1 |
| 2 | None but answer is sufficient |
| 3 | 2 |
| 4,5 | 2,3,4 |
| 6 | None but answer is sufficient |
| 7 | 11 |
| 8 | None but answer is sufficient |
| 9 | None, but please review discovery responses from city regarding property status when city provides such responses. |
| 10 | None, but answer is sufficient |
| 11 | 1,2,3,4 |
| Request 12 | See attached table |

September 10, 2004
Page 3 of 4

   Seventh, defendant Nuss has served supplemental interrogatories and requests to produce. This letter will also serve to respond to those.

1 and 2. State each time (time, date, and location) "Cramer kept Nuss advised on the case," and, for each time, state what Cramer "advised" him. Number two seeks the source which is provided.

A: We assume you seek a supplement to plaintiffs' response to interrogatory 16, not 17. Obviously we expect much more from your client on this issue. As you know, we have already learned that defendant Schappa states that Chief Nuss was in charge of the Burns-Wright murder investigation. (Depo 17). Defendant Cramer states that he reported directly to Nuss while Cramer was serving as detective (Depo 21). Defendant Cramer states that Chief Nuss was coordinating everyone at the scene of the crime. (Depo 98). We also know that Nuss told Dorning that Nuss was "briefed a few times" on the case. Sealed docs Bates 731.

3. With respect to each "obvious" lead to which you refer, state the following:
a. the lead itself; b. when Nuss was provided with the information relating to the lead that he allegedly failed to press Cramer to pursue; c. the source of the information.

A: Plaintiffs are relying on the information set out on pp 708 – 732 of Book 4 of the sealed documents and will have to ask defendant Nuss about whether he was informed of all of these facts by Cramer.

4. With respect to "other misconduct by Cramer" to which you refer:
a. state each instance of misconduct to which you refer, when Nuss learned of the misconduct, and the action that you maintain Nuss should have taken; b. the source of the information.

A: Plaintiffs refer to the allegations from the coworkers set out in the personnel file. See Ex 2, Cramer depo.

5. Have you had any contact, direct or indirect, with Nuss?

A: See transcripts of depositions of all clients and attached table.

6. Do you maintain that Nuss knew and/or was aware of any alleged misconduct by Defendant Cramer with respect to the investigation of the murders of Marie Schuholz and Starla Burns?

A: Yes. See answers to #1. Obviously we need to ask Nuss about his own knowledge.

Response to document requests – see answers to interrogatories and attached table.

September 10, 2004
Page 4 of 4

**Depositions**

All depositions at Larry Office starting at 9:00 unless noted.  Let us know if this schedule poses a problem.

September 14  Dorning
September 15  finish Dorning?
September 16  finish Dorning?
September 20  Terry Gaines, John Jay by plaintiffs
September 22  Blasky/Hays by plaintiffs at Police Department
September 23  Deardorff by defts*
October 6 (10:00)  Homer
October 7 (Freking must confirm)  Nuss
October 8  Hodge (stop by 4:00)
October 18 Baysore/Dowlin
October 19  hold
October 20  hold

* If you only need four hours we can add a witness to the 23rd.  We need to accommodate any depositions you still need.  Please make sure we know what those are.  We will have more depositions ourselves and we will add to the list after we review the responses to our interrogatories and requests to produce.

Hodge can be reached at 809A Clement Ave., Bellpre, OH  45714.  We will subpoena him for the 8th at 9:00 a.m.

Sincerely,

Alphonse A. Gerhardstein



LAW OFFICES

# Crabbe, Brown & James LLP

30 GARFIELD PLACE
SUITE 740
CINCINNATI, OHIO 45202

TELEPHONE 513.784.1525
FAX 513.784.1250

Email: Bhurley@cbjlawyers.com

www.CBJLawyers.com

September 23, 2004

ROBERT J. GEHRING+*
BRIAN E. HURLEY
BETH G. WAYNE

COLUMBUS OFFICE
500 S. FRONT STREET, STE. 1200
COLUMBUS, OHIO 43215
TELEPHONE 614.228.5511
FAX 614.229.4559

+Also Admitted in Kentucky

*Certified Civil Trial Specialist
by National Board of Trial Advocacy

LANCASTER OFFICE
111 S. BROAD STREET, STE. 209
LANCASTER, OHIO 43130
TELEPHONE 740.689.1743
FAX 740.689.1746

URBANA OFFICE
118 SCIOTO STREET
URBANA, OHIO 43078
TELEPHONE 937.652.4000

**VIA FACSIMILE**

Alphonse A. Gerhardstein, Esq.
Paul Laufman, Esq.
Laufman & Gerhardstein
1409 Enquirer Building
617 Vine Street
Cincinnati, Ohio 45202

  Re: Patricia Kammeyer, et al. v. City of Sharonville, et al.
     U.S. District Court, Southern District of Ohio, Case No. C-1-01-649

Gentlemen:

  I have this morning learned that the deposition of Dr. Deardorff has been postponed because, contrary to what we had been told by you and your clients (under oath), Dr. Deardorff did tape record his interviews with the Plaintiffs. This is just one more example of your and/or your clients' apparent belief that the discovery rules and orders of the Court apply differently to plaintiffs than they do the defendants.

  Please provide us with a date certain when the tapes will be produced. There is no reason that they should be produced any later than Monday, September 26, 2004.

  Mr. Nuss was forced to seek court intervention to obtain Dr. Deardorff's entire file, and, even after plaintiffs were ordered on August 5, 2004 to produce it and other discovery responses "forthwith," that did not happen. In fact, what was represented to be the balance of Dr. Deardorff's was not produced until September 9, 2004, the day of the depositions of Ms. Miller and Ms. Baker and the day before what was to be the completion of the depositions of Ms. Kammeyer and Mr. Wright. Further, during their respective depositions, each of your clients denied that the interviews had been tape recorded. Now, the day Dr. Deardorff's deposition is to be taken, defendants learn of the tapes.

  Your suggestion that Dr. Deardorff be re-scheduled for October 19 or 20, 2004 is not acceptable. You have for the most part unilaterally taken the dates that had been set aside for

Alphonse A. Gerhardstein, Esq.
Paul Laufman, Esq.
September 23, 2004
Page 2

---

depositions you intend to take, leaving open only those 2 dates. Further, based on the history of this case, it is unlikely that full compliance with the discovery orders will occur and full responses to the outstanding discovery will be made by the end of this month. Finally, I have repeatedly informed you that Mr. Nuss will not be made available for deposition until there is full compliance and full responses are made. For these reasons, Dr. Deardorff should be re-scheduled for October 7, 2004.

Before he is deposed, Mr. Nuss has the absolute right to know precisely what Plaintiffs claim he did wrong and the factual basis for the claim. I have repeatedly requested that you provide this information, and, to date, all I have received in response are general and vague statements that are, in essence, nothing more than re-statements of the general and conclusory allegations of the Complaint. When Plaintiffs meet their obligation to provide this information to Mr. Nuss, he will be made available for his deposition.

I remain

Very truly yours,

Brian E. Hurley

·BEH/ll

cc:    Lawrence E. Barbiere, Esq.
       Thomas T. Keating, Esq.
       Randolph H. Freking, Esq.
       Leslie Ghiz, Esq.



LAW OFFICES

# Crabbe, Brown & James LLP

30 GARFIELD PLACE
SUITE 740
CINCINNATI, OHIO 45202-4359

TELEPHONE 513.784.1525
FAX 513.784.1250

www.CBJLawyers.com

September 27, 2004

BRIAN E. HURLEY
BHurley@CBJLawyers.com

ROBERT J. GEHRING+*
RGehring@CBJLawyers.com

BETH G. WAYNE
BWayne@CBJLawyers.com

**COLUMBUS OFFICE**
500 S. FRONT STREET, STE. 1200
COLUMBUS, OHIO 43215
TELEPHONE 614.228.5511
FAX 614.229.4559

+Also Admitted in Kentucky
*Certified Civil Trial Specialist
by National Board of Trial Advocacy

**CLEVELAND OFFICE**
1280 W. THIRD STREET
CLEVELAND, OHIO 44113
TELEPHONE 216.574.9312
FAX 216.574.9122

**LANCASTER OFFICE**
111 S. BROAD STREET, STE. 209
LANCASTER, OHIO 43130
TELEPHONE 740.689.1743
FAX 740.689.1746

**URBANA OFFICE**
118 SCIOTO STREET
URBANA, OHIO 43078
TELEPHONE 937.652.4000

## VIA FACSIMILE AND U.S. MAIL

Alphonse A. Gerhardstein, Esq.
Laufman & Gerhardstein
1409 Enquirer Building
617 Vine Street
Cincinnati, Ohio 45202

Re:    Patricia Kammeyer, et al. v. City of Sharonville, et al.
       U.S. District Court, Southern District of Ohio, Case No. C-1-01-649

Dear Mr. Gerhardstein:

Although I have not had the time to complete my review of your letter of September 10, 2004 and its attachment, I have completed enough of it to be able to state that Plaintiffs have once again failed in many material ways to comply with the Court's discovery orders. Further, Plaintiffs' responses to Mr. Nuss's second set of discovery are not even as complete as the conclusory allegations of the Third Amended Complaint or their prior discovery responses. In short, Plaintiffs have made good on your promise that Defendants would receive a "rehash" (your word) of what had already been produced.

After all the time spent on these matters, including the successful litigation of them by Defendants, you are fully aware of how the responses are incomplete. As such, I do not intend to waste my client's money by providing a comprehensive response. However, I will provide seven examples, one general and six specific, of how Plaintiffs have yet again failed to comply with the Orders and fully respond to Mr. Nuss's second discovery requests.

1.    Many of the subject interrogatories are not "contention" interrogatories, and Plaintiffs have been ordered to respond to those interrogatories in full. Yet, what Plaintiffs have done is to unilaterally and incorrectly characterize a number of them as "contention" interrogatories, and then refuse to answer them until after the depositions have been completed.

2.    Your statement that Defendants "now have received all supporting material from Dr. Deardorff" was incorrect, and is a good example of Plaintiffs' refusal to perform their discovery

Alphonse A. Gerhardstein, Esq.
September 27, 2004
Page 2

duties in a diligent manner. That has caused the postponement of his deposition, and it is one of the reasons that Plaintiffs' depositions are not completed.

3.     The medical and counseling records from Plaintiffs Kammeyer and Wright should have been produced months ago, and many still have not been produced. That is the other reason their depositions are not completed.

4.     Plaintiffs Kammeyer and Wright still refuse to provide the <u>precise dollar amount</u> of their mother's estate that they claim to have lost and the basis for that figure. The present value figures provided by Plaintiffs' expert are meaningless without this information.

5.     Plaintiffs still refuse to provide the information that relates directly to their equal protection claim.

6.     Plaintiffs still refuse to provide the information that relates directly to their denial of access to the courts claim.

7.     Most important for Mr. Nuss, Plaintiffs still refuse to provide any specifics to support their claim against him. Rather, after more than twenty three years of investigating this matter, Plaintiffs continue to falsely accuse Mr. Nuss of being involved in a conspiracy based upon the following, which establish nothing more than he was doing his job as the Chief of Police:

-     Mr. Nuss was the Sharonville Chief of Police when the murders occurred
-     Mr. Cramer was the Sharonville police detective in charge of the murder
investigation
-     Mr. Nuss is married to Mr. Cramer's sister
-     Mr. Nuss was "briefed a few times" by Mr. Cramer about the investigation

Moreover, Plaintiffs still refuse to provide the facts to support their allegations that Mr. Nuss did not follow up on "obvious leads" and was aware of Mr. Cramer's alleged misconduct. Instead, Plaintiffs refer him to documents. That is neither acceptable nor appropriate because Mr. Nuss is not required to guess at the answers to his inquiries by trying to figure them out by reading those documents. It is also neither acceptable nor appropriate for Mr. Nuss to be subjected to a deposition until Plaintiffs comply with the discovery orders and provide full answers to these interrogatories so that he knows precisely what Plaintiffs claim he has done.

I have chosen not to seek court intervention at this time to give Plaintiffs yet another chance to meet their obligations and avoid wasting more of the Court's time in connection with these

Alphonse A. Gerhardstein, Esq.
September 27, 2004
Page 3

---

matters. However, Mr. Nuss will not be made available for deposition until that happens.[1]  Now that
the Deardorff tapes have finally been produced (late 9-24-04), his deposition should be taken on
October 7, 2004.  I have attached a notice for his deposition on that date.

      I remain

                            Very truly yours,

                            Brian E. Hurley

BEH/ll
cc:     Lawrence E. Barbiere, Esq.
        Thomas T. Keating, Esq.
        Randolph H. Freking, Esq.
        Leslie Ghiz, Esq.

---

[1]This is an academic issue as it relates to October 7, 2004 because Mr. Nuss will be
undergoing surgery in the near future and, for that reason, could not have his deposition taken on that
date.



LAW OFFICES
# Crabbe, Brown & James LLP

30 GARFIELD PLACE
SUITE 740
CINCINNATI, OHIO 45202-4359

TELEPHONE 513.784.1525
FAX 513.784.1250

www.CBJLawyers.com

March 9, 2005

BRIAN E. HURLEY
BHurley@CBJLawyers.com
ROBERT J. GEHRING+*
RGehring@CBJLawyers.com
BETH G. WAYNE
BWayne@CBJLawyers.com
COLUMBUS OFFICE
500 S. FRONT STREET, STE. 1200
COLUMBUS, OHIO 43215
TELEPHONE 614.228.5511
FAX 614.229.4559
+Also Admitted in Kentucky
*Certified Civil Trial Specialist
by National Board of Trial Advocacy

CLEVELAND OFFICE
1280 W. THIRD STREET
CLEVELAND, OHIO 44113
TELEPHONE 216.574.9312
FAX 216.574.9122
LANCASTER OFFICE
111 S. BROAD STREET, STE. 209
LANCASTER, OHIO 43130
TELEPHONE 740.689.1743
FAX 740.689.1746
URBANA OFFICE
118 SCIOTO STREET
URBANA, OHIO 43078
TELEPHONE 937.652.4000

**VIA FACSIMILE**
Paul M. Laufman, Esq.
Gerhardstein Branch & Laufman
1409 Enquirer Building
617 Vine Street
Cincinnati, Ohio 45202

Re:    Patricia Kammeyer, et al. v. City of Sharonville, et al.
       U.S. District Court, Southern District of Ohio, Case No. C-1-01-649

Dear Mr. Laufman:

After receiving Plaintiffs' responses to Mr. Nuss's second set of interrogatories I promptly wrote to Mr. Gerhardstein and stated that they were "not even as complete as the conclusory allegations of the Third Amended Complaint or [Plaintiffs'] prior discovery responses." That letter was completely ignored. In addition, the responses are not verified.

I have enclosed a copy of the motion to compel that will be filed unless Plaintiffs provide full responses to these interrogatories. The motion sets for Mr. Nuss's position with respect to each interrogatory. As such, there is no reason for me to do so in this letter.

I look forward to hearing from you, and remain

Very truly yours,

Brian E. Hurley

BEH/ll
cc:    Lawrence E. Barbiere, Esq.
       Thomas T. Keating, Esq.
       Leslie Ghiz, Esq.
\\theserver\firmdocs\NUSS\laufman030905ltr-LL.wpd



LAW OFFICES
# Crabbe, Brown & James LLP

30 GARFIELD PLACE
SUITE 740
CINCINNATI, OHIO 45202-4359

TELEPHONE 513.784.1525
FAX 513.784.1250

www.CBJLawyers.com

March 17, 2005

BRIAN E. HURLEY
BHurley@CBJLawyers.com

ROBERT J. GEHRING+*
RGehring@CBJLawyers.com

BETH G. WAYNE
BWayne@CBJLawyers.com

**COLUMBUS OFFICE**
500 S. FRONT STREET, STE. 1200
COLUMBUS, OHIO 43215
TELEPHONE 614.228.5511
FAX 614.229.4559

+Also Admitted in Kentucky
*Certified Civil Trial Specialist
by National Board of Trial Advocacy

**CLEVELAND OFFICE**
1280 W. THIRD STREET
CLEVELAND, OHIO 44113
TELEPHONE 216.574.9312
FAX 216.574.9122

**LANCASTER OFFICE**
111 S. BROAD STREET, STE. 209
LANCASTER, OHIO 43130
TELEPHONE 740.689.1743
FAX 740.689.1746

**URBANA OFFICE**
118 SCIOTO STREET
URBANA, OHIO 43078
TELEPHONE 937.652.4000

**VIA FACSIMILE**
Paul M. Laufman, Esq.
Gerhardstein Branch & Laufman
1409 Enquirer Building
617 Vine Street
Cincinnati, Ohio 45202

     Re:    Patricia Kammeyer, et al. v. City of Sharonville, et al.
            U.S. District Court, Southern District of Ohio, Case No. C-1-01-649

Dear Mr. Laufman:

     I am in receipt of Mr. Gerhardstein's facsimile letter of March 16, 2005 sent at 7:31 p.m.

     This letter will serve to memorialize what transpired since my letter of March 9, 2005.

     On March 11, 2005, Mary informed me that you were in Columbus and could not talk to me about the outstanding discovery issues. I agreed to wait until March 14, 2005 to discuss those matters with you.

     On March 14, 2005, you informed me that you were drafting a Sixth Circuit brief that was due that day, and requested that I wait until the next day to discuss the discovery matters. I agreed, and on March 15, 2005, you told me that, because Mr. Gerhardstein was not available, you needed another day extension. I again agreed, and you stated that you would call me by 5:00 p.m. on March 16, 2005.

     You did not call me on March 16, 2005. Instead, I received Mr. Gerhardstein's letter.

I remain

Very truly yours,

Brian E. Hurley

BEH/ll

cc:     Lawrence E. Barbiere, Esq.
        Thomas T. Keating, Esq.
        Leslie Ghiz, Esq.
        \\theserver\firmdocs\NUSS\laufman031705ltr-LL.wpd

EXHIBIT

# GERHARDSTEIN BRANCH & LAUFMAN

### A LEGAL PROFESSIONAL ASSOCIATION

617 VINE STREET, SUITE 1409
CINCINNATI, OHIO 45202-2418

TELEPHONE: (513) 621-9100
FACSIMILE: (513) 345-5543

March 16, 2005

ALPHONSE A. GERHARDSTEIN
JENNIFER L. BRANCH
PAUL M. LAUFMAN
DONALD R. CASTER

*Of Counsel*
ROBERT F. LAUFMAN

*Via facsimile to (513) 784-1230*

Brian E. Hurley
Crabbe, Brown & James
30 Garfield Place, Suite 740
Cincinnati, OH 45202

        Re:     *Kammeyer v. City of Sharonville*
                Case No. 1:01-CV-649

Dear Mr. Hurley:

        I write in response to your March 9, 2005 letters requesting that we supplement our clients' responses to certain interrogatories. I believe that our responses are adequate under the rules.

                                Sincerely,

                                Alphonse A. Gerhardstein

Cc: All counsel (via facsimile)