UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA KAMMEYER, et al.** | : | **CASE NO.: C-1-01-649** |
| Plaintiffs, | : | Judge Spiegel |
| | | (Magistrate Black) |
| vs. | : | |
| **CITY OF SHARONVILLE, OHIO, et al.** | : | **MOTION OF DEFENDANT NUSS TO ENFORCE ORDERS MAY 18, 2004** |
| Defendants. | : | **(DOC. 158) AND AUGUST 5, 2004 (DOC. 169) AND FOR SANCTIONS** |

Defendant Nuss ("Nuss"), by and through counsel, hereby moves this Court to enforce Judge Spiegel's Order of August 5, 2004 (Doc.169) and its Order of May 18, 2004 (Doc. 158). Further, in accordance with this Court's Order of May 18, 2004, Nuss renews his motion for sanctions because Plaintiffs have failed to comply with those orders in several material ways.

Respectfully submitted,

CRABBE, BROWN & JAMES LLP

s/Brian E. Hurley
Brian E. Hurley (0007827)
Robert J. Gehring (0019329)
30 Garfield Place, Suite 740
Cincinnati, Ohio 45202-4359
(513) 784-1525 - telephone
(513) 784-1250 - facsimile
Bhurley@cbjlawyers.com
Rgehring@cbjlawyers.com

Attorneys For Defendant William Nuss

**MEMORANDUM**

A.   **The Orders**

On January 15, 2004, fourteen months ago, Nuss served his first written discovery requests on Plaintiffs. By those requests Nuss sought the most basic of discovery from Plaintiffs, and they in large part consisted of requests that Plaintiffs merely disclose the facts that they maintain support their allegations against him.[1] Plaintiffs' refusal to provide full responses and meet their discovery obligations forced Nuss to file a motion to compel and for sanctions. (Doc. 136.)

On May 18, 2004, this Court granted Nuss's motion to compel in its entirety, and it ordered Plaintiffs to provide full responses to Nuss's interrogatories and document requests. Although Nuss's motion for sanctions was denied, it was denied without prejudice, and this Court stated that, "in the event of a failure on the part of plaintiffs to comply with this Order, the request for sanctions may be renewed." (Doc. 158.)

On May 28, 2004, Plaintiffs filed their Objections to this Court's Order of 5-18-04, and Nuss filed his response to the Objections. (Docs. 161, 162.) With one exception, Judge Spiegel affirmed this Court's Order of May 18, 2004 in its entirety. That exception was that Plaintiffs were not required to respond to the "contention" interrogatories until after depositions had been completed. (Doc. 169.)

---

[1] Certain of those interrogatories are "contention" interrogatories, which Nuss specifically identified. Plaintiffs balked at responding to these interrogatories, asserting that they are improper. Indeed, that was the *sole* basis for Plaintiffs' refusal to answer those interrogatories. However, at no time did Plaintiffs assert, as they do now, that Nuss's "contention" interrogatories are "overly broad and unduly burdensome." As fully discussed below, even if that objection had any merit, Plaintiffs have waived the right to raise it.

B.  **Plaintiffs' Supplemental Responses To The Non-Contention Interrogatories (Ex. 2) Are Grossly Inadequate And In Violation Of This Court's And Judge Spiegel's Orders.**

    1.  **The Responses To The "Non-Contention Interrogatories**

Shortly after Judge Spiegel issued its Order of August 5, 2005, Nuss's counsel wrote the following to Plaintiffs' counsel:

> Judge Spiegel also affirmed the Magistrate Judge's ruling with respect to the disputed interrogatories. (The only modification made by Judge Spiegel relates to the "contention interrogatories," and with respect to these, he directed Plaintiffs to provide full responses after the depositions have been completed.) It is critical to Defendants' ability to complete Plaintiffs' and Mr. Dorning's depositions that full responses to the other interrogatories be provided by no later than August 13, 2004. These include the interrogatories seeking the following:
> 
> 1. the identities of the persons with whom Plaintiffs have communicated about any aspect of their claims and the content of these communications;
> 2. a detailed statement of Plaintiffs' damage calculations;
> 3. the identities of the persons with the Sharonville police department with whom Plaintiffs have had contact and the content of those contacts;
> 4. the specific policies of Sharonville that allegedly caused Plaintiffs' injuries;
> 5. the facts supporting Plaintiffs' claim of denial of access to the courts; and
> 6. the identities of the persons whom Plaintiffs allege received differential treatment and the basis for the allegations.
> 
> Since full responses to these discovery requests should have been made six months ago and you have been ordered to comply with Judge Spiegel's Order forthwith, I assume that there will be no dispute about Plaintiffs meeting the dates I have set forth in this letter.

(See Hurley letter of 8-9-04 to Gerhardstein, Ex. 1.)

On August 19, 2004, Plaintiffs served their Supplemental Responses to Nuss's first written discovery requests. (Ex. 2.) Once again Plaintiffs did not come close to meeting their obligations. First, in response to certain of the non-contention interrogatories (numbers 10, 13 and 14), Plaintiffs' merely mischaracterized them as "contention" interrogatories,[2] and Plaintiffs' counsel was so informed.

> Once again they are grossly incomplete, and are not in compliance with Judge Spiegel's order of August 5, 2004. With respect to many of the interrogatories, you have asserted that they are "contention" interrogatories, and, for that reason, there is no requirement to respond to them at this time. However, many of the disputed interrogatories are not "contention" interrogatories, and Plaintiffs have been explicitly ordered by Judge Spiegel to respond to them.

(See Hurley letter of 8-19-04 to Gerhardstein, Ex. 3.) In addition, Plaintiffs' counsel was informed that the responses to other interrogatories were not even close to being complete. (Ex. 3.) (For example, despite being ordered to identify each "similarly situated" person to which they refer in paragraph 59 of the Third Amended Complaint and state how they have been treated differently, Plaintiffs answered: "Other crime victims and families of other crime victims.") However, probably most troubling about Plaintiffs' refusal to comply with this Courts' orders is their blatant admission that all they intended to do was provide a "rehash" of their previous responses.

> Plaintiffs responses are, to use your own word, nothing more than a "rehash" of the same information previously produced by Plaintiffs that forced Defendant Nuss to file the motion to compel

---

[2] The actual "contention" interrogatories were explicitly identified in Nuss's motion to compel and reply memorandum. Indeed, on page 13 of Nuss's motion to compel they are identified as follows: The "Contention" Interrogatories (Kammeyer and Wright (K&W) Interrogatory Numbers 1-6, 11, 12, 16 and Miller and Baker (M&B) Interrogatory Numbers 1-4, 11, 16.)

in the first place.

(See Hurley letter 8-26-04, Ex. 4.)

Counsel for Nuss informed Plaintiffs' counsel that he did not intend to continue to argue with them about matters that Nuss had been twice forced to litigate.

> I do not intend to continue to argue with you about matters that I have been twice forced to litigate and, with the exception of the dispute relating to the contention interrogatories, have on both occasions won. First, your clients have been ordered to respond in full and "forthwith" to the non-contention interrogatories. They have not done so. (For example, one of those is the interrogatory dealing with the individuals who were allegedly treated differently than Plaintiffs.) They were ordered to respond in full to the disputed document requests. They have not done so. (For example, one of those is the request for the files of Dr. Deardorff.) Third, they have been ordered to organize and categorize the documents they have produced to correspond to specific interrogatories and document requests. They have not done so.

(Ex.4.) Plaintiffs have done nothing to cure the defects in these supplemental responses.[3]

On September 10, 2004, Plaintiffs' counsel stated that Plaintiffs had complied with the Courts' orders and supplemental responses would not be made. In doing so, Plaintiffs' counsel explicitly stated that Plaintiffs would not respond to the interrogatories that they had mischaracterized as "contention" interrogatories until after the completion of depositions.[4] (See

---

[3] Plaintiffs' refusal to comply with the court orders to promptly produce the entire file of one of their experts (Dr. Deardorff) illustrates the lack of seriousness with which Plaintiffs have taken their obligations. Even after having been twice ordered to produce the entire file, Plaintiffs did not produce the taperecordings of Dr. Deardorff's interviews of Plaintiffs. It was not until the day Dr. Deardorff's deposition was to be taken that Plaintiffs finally acknowledged the existence of the tapes. This required Dr. Deardorff's deposition to be cancelled, and it completely disrupted the schedules of counsel for all of the Defendants. (See Hurley letter of 9-23-04, Ex. 6.)

[4] As discussed below, when Plaintiffs finally did provide responses to the "contention" interrogatories, they responded only to those interrogatories that are the actual "contention" interrogatories and ignored those that they had previously mischaracterized as "contention"

Gerhardstein letter of 9-10-04, Ex. 5.)

On September 27, 2004, Nuss's counsel again wrote to Plaintiffs' counsel about the inadequacy of Plaintiffs' responses, and he again set forth in detail why it is so important that full responses be made. In addition, Nuss's counsel gave seven specific examples of how the responses are inadequate. (See Hurley letter of 9-27-04 to Gerhardstein, Ex. 7.) The comments made by Plaintiffs' counsel about one of those examples (i.e. Plaintiffs' mischaracterization of certain interrogatories as "contention" interrogatories) is an excellent example of the games Plaintiffs' counsel have played with respect to their discovery obligations and this Courts' orders. More specifically, even though Nuss had in his motion to compel, reply memorandum and correspondence explicitly identified the actual "contention" interrogatories, Plaintiffs' counsel responded as follows:

> You say that we have improperly classified some of your interrogatories as contention interrogatories. Please tell me which one you are referring to.

(See Gerhardstein letter of 9-27-04 to Hurley, Ex. 8). Despite the disingenuousness of this response, Nuss's counsel again promptly addressed Plaintiffs' statements, including their counsel's statement relating to the "contention" interrogatories. ("The interrogatories that are 'contention' interrogatories are identified in Mr. Nuss's motion to compel, his reply memorandum related to the motion to compel and Defendants' response to the objections filed by Plaintiffs.") (See Hurley letter of 9-28-04, Ex. 9.)

Approximately two weeks later counsel for Nuss again addressed Plaintiffs' failure to

---

interrogatories. As such, Plaintiffs have not even attempted to comply with the Courts' orders as they relate to those interrogatories that they had mischaracterized as "contention" interrogatories.

comply with the Courts' orders. ("Further, based on the history of this case, it is unlikely that full compliance with the discovery orders will occur and full responses to the outstanding discovery will be made by the end of this month.") (See Hurley letter of 10-14-04, Ex. 10.) By that communication Nuss's counsel also reiterated the most basic of reasons why it is so important to Nuss that Plaintiffs fully meet their discovery obligations and comply with the orders.

> Before he is deposed, Mr. Nuss has the absolute right to know precisely what Plaintiffs claim he did wrong and the factual basis for the claim. I have repeatedly requested that you provide this information, and, to date, all I have received in response are general and vague statements that are, in essence, nothing more than re-statements of the general and conclusory allegations of the Complaint.

(Ex. 10.)

### 2. The Inadequacy Of The Responses To The Non-Contention Interrogatories.

Plaintiffs' responses to the non-contention interrogatories fail in six ways. First, as stated above, Plaintiffs mischaracterized Interrogatory Numbers 10, 13 and 14 as "contention" interrogatories, and, after doing so, Plaintiffs did not provide a substantive response to them. Morever, when Plaintiffs finally did provide their responses, albeit incomplete, to the actual "contention" interrogatories (Ex. 11), they provided absolutely no responses to Interrogatory Numbers 10, 13 and 14. By this version of a "bate and switch" technique Plaintiffs have not provided any substantive, supplemental responses to these interrogatories, and, as such, have not even attempted to comply with the Courts' orders as they relate to those interrogatories.

Second, even assuming that this Court does not find Plaintiffs' mischaracterization of Interrogatory Numbers 10, 13 and 14 to be improper, the responses to these Interrogatories are

incomplete. More specifically, both this Court and Judge Spiegel rejected Plaintiffs' objections to the "contention" interrogatories, and Plaintiffs were ordered to respond to those interrogatories *as written*. That means that Plaintiffs were ordered to provide "each and every fact" that they maintain supports their allegations. They were not permitted to merely provide what they characterize as the "principal" facts. By characterizing Interrogatory Numbers 10, 13 and 14 as "contention" interrogatories, Plaintiffs have provided only the "principal facts" in support of their allegations, and that is not in compliance with the orders.[5]

Third, in response to Interrogatory Number 9, Plaintiffs did precisely what they had been ordered *not* to do. They not only provided an incomplete response; the incomplete response was nothing more than a reference to documents, a speculation about another document ("There may have been a report in 1980"), and a comment that Plaintiffs were "[s]till investigating that possibility."

Fourth, by Interrogatory Number 15, Plaintiffs were ordered to set forth the policies, customs and/or practices of the City of Sharonville that they maintain violated their rights. By their answers Plaintiffs provide a statement of law ("Policymaker actions and ongoing practices that are customs bind the city"), and state that "[s]pecific identification of policies and practices must await further discovery." Discovery is now complete, and none of the policies and practices have been identified.

Fifth, by Interrogatory Number 17 and this Courts' orders, as well as to establish their equal protection claim, Plaintiffs are required to specifically identify the other "similarly

---

[5] As discussed below, when Plaintiffs provided their supplemental responses to the actual "contention" interrogatories (Ex. 11), they objected to providing "each and every" fact, and, instead provided what they characterized as the "principal" facts.

situated" persons and state how they were treated differently. In other words, Plaintiffs were ordered to answer the following questions: Who are these people and how were they treated differently? Merely answering "other crime victims and the families of other crime victims" does not come close to being responsive.

Sixth, by Interrogatory Number 18 and the Courts' orders, Plaintiffs are required to state what they have done to recover the alleged lost assets of Marie Schuholz's estate and how Nuss limited Plaintiffs' ability to do so. Plaintiffs' answer is non-responsive in every respect. Merely repeating the allegation that "[f]ailure to investigate and convict Schuholz resulted in lost inheritance" does not in any way state what Plaintiffs have done to recover assets. Further, referring to documents is neither responsive nor appropriate, and the argument that that approach is acceptable has already been made and rejected by this Court and Judge Spiegel. The answer also in no way states what Nuss allegedly did to limit Plaintiffs' ability to recover the assets.

C. **Plaintiffs' Responses To The "Contention" Interrogatories (Ex. 11) Are Grossly Inadequate And In Violation Of The Courts' Orders**.

On March 4, 2005, Plaintiffs served what they state are their supplemental responses to the "contention" interrogatories. (Ex. 11.) Those responses are grossly inadequate in three ways. First, with no explanation at all, Plaintiffs limited their responses to the actual "contention" interrogatories and made absolutely no supplemental responses to those interrogatories (Numbers 10, 13 and 14) that they had previously mischaracterized as "contention" interrogatories. (See pages 7 and 8, above.) In short, by using their version of "bate and switch," Plaintiffs did not provide *any* supplemental responses, let alone complete responses, to Interrogatory Numbers 10, 13 and 14 as they had been ordered to do.

Second, by the "contention" interrogatories Plaintiffs were directed to provide "each and

every fact" that Plaintiffs maintain supports the specific allegations referenced in the interrogatories. Plaintiffs objected to those interrogatories on the basis that "contention" interrogatories are not appropriate, and they twice litigated that issue. They lost both times. As such, Plaintiffs were ordered to respond to these interrogatories *as written*. Plaintiffs now and for the first time raise a new objection - the "contention" interrogatories are "overly broad and unduly burdensome." Based upon this new objection, Plaintiffs refuse to provide "each and every fact" supporting their allegations. Rather, they have unilaterally chosen to provide "the principal facts that support the allegations. . ."

Plaintiffs' limited and incomplete responses to the "contention" interrogatories is a violation of the Courts' orders. Both this Court and Judge Spiegel followed *Starcher v. CMS*, 144 F.3d 418, 421-422 (6th Cir. 1998), and held that the contention interrogatories *as written* are appropriate. These interrogatories require the production of "each and every fact" that Plaintiffs maintain support the specific allegations referred to in the interrogatories, not just the "principal facts." Further, even if an objection could have been made that these interrogatories are "overly broad and unduly burdensome," the time to have raised that objection was when Plaintiffs first responded to the interrogatories. It was not raised at that time, in response to the motion to compel, or in Plaintiffs' Objections. Accordingly, Plaintiffs have waived any right to raise an objection that they might have made but did not make.

Third, responses to Interrogatory Numbers 1-4 and 16 are evasive and lacking in candor.

> Discovery by interrogatory requires candor in responding. . . The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information.

*Dollar v. Long Mfg., N.D., Inc.,* 561 F.2d 613, 616-617 (5th Cir. 1977), *cert. denied* 435 U.S. 996 (1978). See also *Trane Co. v. Klutznick*, 87 F.R.D. 473, 476-477 (W.D. Wis. 1980); *Dykes v.*

*Morris*, 85 F.R.D. 373, 374-377 (N.D. Ill. 1980).  Moreover, answers that are evasive and lack candor are treated the same as a failure to answer.  Rule 37(a)(3); *Dotsun v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003).  Plaintiffs' responses to these interrogatories are not candid, but they certainly are evasive.  Indeed, what Plaintiffs have done is provide large amounts of information that have little and, in some instances, *nothing to do with the question asked in the interrogatory*. These responses are for the most part nothing more than a "cut and paste" job Plaintiffs have done with a chronology Plaintiffs' counsel had previously drafted.  Moreover, the responses to certain of these interrogatories are evasive and non-responsive in that the "when, what, where and how" information relating to *Nuss's* alleged role in the coverup is not provided.  Nuss does not need to know any more about what Plaintiffs claim Defendant Cramer allegedly did and knew.  He needs to know the specifics of what Plaintiffs claim *he* did and knew.  That is hardly too much to ask in that the trial is scheduled in less than two months.  For example, Nuss has repeatedly asked that Plaintiffs identify the "obvious leads" to which Plaintiffs refer in their response to Interrogatory Number 16, First Set, and Interrogatory Number 3, Second Set, and Plaintiffs have yet to identify even one of them, let alone any of the other information related to those leads.

     Plaintiffs have used extensive efforts to *make it appear* that they have attempted to make full responses and comply with the Courts' orders.  However, the length of an answer is meaningless if the substance is incomplete, evasive or unresponsive.  Plaintiffs have once again refused to answer the specific questions asked of them.  Rather, they have provided long responses to camouflage their refusal to answer the questions asked and hide the fact that they have no good faith basis to keep Nuss in the case.  When reduced to its essence, the major problem with the substance of Plaintiffs' responses is that by them Plaintiffs have still not

provided Nuss with all of the facts that Plaintiffs maintain support their claims against him. Nuss has repeatedly asked that those facts be disclosed, and he has twice been forced to successfully litigate these matters. Yet, after three and one-half years of discovery and two Court orders, Plaintiffs still refuse to meet their most basic of discovery obligations and comply with the related Court orders.

**D.    Sanctions Should Be Imposed On Plaintiffs.**

This Court made clear to Plaintiffs that, if they did not fully comply with its Order of May 18, 2004, it would re-visit Nuss's request that sanctions be imposed on them. Plaintiffs have not come close to fully complying with that order. Indeed, by their own admission, Plaintiffs' responses are in large part nothing more than a "re-hash" of the responses this Court had already found unacceptable. Further, Plaintiffs have played games with respect to the "contention" interrogatories, and continue to provide answers that lack candor and are evasive, incomplete and unresponsive to the questions asked. Under these circumstances, the imposition of sanctions is warranted.

**E.    CONCLUSION**

For the reasons stated above, this motion to enforce and for sanctions of Defendant Nuss must be granted.

Respectfully submitted,

CRABBE, BROWN & JAMES LLP

s/Brian E. Hurley
Brian E. Hurley (0007827)
Robert J. Gehring (0019329)
Attorneys For Defendant William Nuss
30 Garfield Place, Suite 740
Cincinnati, Ohio 45202-4359
(513) 784-1525 - telephone
(513) 784-1250 - facsimile
Bhurley@cbjlawyers.com
Rgehring@cbjlawyers.com

-13-

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 18, 2005, a copy of the forgoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties my access this filing through the Court's system.

                                        s/Brian E. Hurley  
                                        Brian E. Hurley

\\theserver\firmdocs\NUSS\mtntoenforce.wpd