EXHIBIT 1

LAW OFFICES
# Crabbe, Brown & James LLP

30 GARFIELD PLACE
SUITE 740
CINCINNATI, OHIO 45202

TELEPHONE 513.784.1525
FAX 513.784.1250

Email: Bhurley@cbjlawyers.com

www.CBJLawyers.com

ROBERT J. GEHRING+*
BRIAN E. HURLEY
BETH G. WAYNE

COLUMBUS OFFICE
500 S. FRONT STREET, STE. 1200
COLUMBUS, OHIO 43215
TELEPHONE 614.228.5511
FAX 614.229.4559

+Also Admitted in Kentucky

*Certified Civil Trial Specialist
by National Board of Trial Advocacy

LANCASTER OFFICE
111 S. BROAD STREET, STE. 209
LANCASTER, OHIO 43130
TELEPHONE 740.689.1743
FAX 740.689.1746

URBANA OFFICE
118 SCIOTO STREET
URBANA, OHIO 43078
TELEPHONE 937.652.4000

August 9, 2004

**VIA FACSIMILE**
Alphonse A. Gerhardstein, Esq.
Paul Laufman, Esq.
Laufman & Gerhardstein
1409 Enquirer Building
617 Vine Street
Cincinnati, Ohio 45202

  Re: Patricia Kammeyer, et al. v. City of Sharonville, et al.
     U.S. District Court, Southern District of Ohio, Case No. C-1-01-649

Gentlemen:

  I would like to pick up or have delivered to my office the following documents by no later than 1:00 p.m. on August 11, 2004:

1. All documents that reflect the finding or findings of Plaintiffs' expert psychologist. ("To be clear, Plaintiffs should, of course, disclose the name of their expert psychologist, and any expert report or medical finding." P. 6 of Order.)
2. Plaintiffs' "private" emails. ("Plaintiffs' private emails are discoverable . . ." P. 6 of Order.)
3. All documents Plaintiffs have obtained from Jay Clark. ("[T]he court denies Plaintiffs' objections and affirms the Magistrate Judge's June 14, 2004 Order" P. 12 of Order.)

  If your staff is too busy to meet this deadline, please have the documents copied by someone outside your firm, and we will pay the cost. (Copies must also be delivered to other counsel.) In addition, Plaintiffs are required to organize the documents previously produced in a manner corresponding with specific discovery requests. It is important that this be done by no later than August 13, 2004.

  Judge Spiegel also affirmed the Magistrate Judge's ruling with respect to the disputed interrogatories. (The only modification made by Judge Spiegel relates to the "contention

Alphonse A. Gerhardstein, Esq.
Paul Laufman, Esq.
August 9, 2004
Page 2

---

interrogatories," and, with respect to these, he directed Plaintiffs to provide full responses after the depositions have been completed.) It is critical to Defendants' ability to complete Plaintiffs' and Mr. Dorning's depositions that full response to the other interrogatories be provided by no later than August 13, 2004. These include the interrogatories seeking the following[1]:

1. the identities of the persons with whom Plaintiffs have communicated about any aspect of their claims and the content of these communications;
2. a detailed statement of Plaintiffs' damage calculations[2];
3. the identities of the persons with the Sharonville police department with whom Plaintiffs have had contact and the content of those contacts;
4. the specific policies of Sharonville that allegedly caused Plaintiffs' injuries;
5. the facts supporting Plaintiffs' claim of denial of access to the courts; and
6. the identities of the persons whom Plaintiffs allege received differential treatment and the basis for the allegations.

Since full responses to these discovery requests should have been made six months ago and you have been ordered to comply with Judge Spiegel's Order forthwith, I assume that there will be no dispute about Plaintiffs meeting the dates I have set forth in this letter.

I remain

Very truly yours,

Brian E. Hurley

BEH/ll
**via facsimile to:**
Lawrence E. Barbiere, Esq.
Thomas T. Keating, Esq.
Randolph H. Freking, Esq.
Leslie Ghiz, Esq.

---

[1] This is not intended to be all inclusive. For a complete statement of the interrogatories for which no or incomplete responses were made, see the motion to compel.

[2] Please do not assert that these have already been provided. They have not. The information previously provided is very incomplete and incapable of being understood. Further, the information that has been provided was one of the subjects of the Magistrate Judge's Order, and both he and Judge Spiegel found it to be incomplete.

EXHIBIT 3

LAW OFFICES
# Crabbe, Brown & James LLP

30 GARFIELD PLACE
SUITE 740
CINCINNATI, OHIO 45202

TELEPHONE 513.784.1525
FAX 513.784.1250

Email: Bhurley@cbjlawyers.com

www.CBJLawyers.com

ROBERT J. GEHRING+*
BRIAN E. HURLEY
BETH G. WAYNE

COLUMBUS OFFICE
500 S. FRONT STREET, STE. 1200
COLUMBUS, OHIO 43215
TELEPHONE 614.228.5511
FAX 614.229.4559

+Also Admitted in Kentucky

*Certified Civil Trial Specialist
by National Board of Trial Advocacy

LANCASTER OFFICE
111 S. BROAD STREET, STE. 209
LANCASTER, OHIO 43130
TELEPHONE 740.689.1743
FAX 740.689.1746

URBANA OFFICE
118 SCIOTO STREET
URBANA, OHIO 43078
TELEPHONE 937.652.4000

August 19, 2004

**VIA FACSIMILE C/O LARRY BARBIERE**
Alphonse A. Gerhardstein, Esq.
Paul Laufman, Esq.
Laufman & Gerhardstein
1409 Enquirer Building
617 Vine Street
Cincinnati, Ohio 45202

Re:   Patricia Kammeyer, et al. v. City of Sharonville, et al.
       U.S. District Court, Southern District of Ohio, Case No. C-1-01-649

Gentlemen:

I am today in receipt of Plaintiffs' Supplemental Responses to my client's first written discovery requests. I have not had a chance to carefully review them, but even a cursory review reveals their inadequacy.

Once again they are grossly incomplete, and are not in compliance with Judge Spiegel's order of August 5, 2004. With respect to many of the interrogatories, you have asserted that they are "contention" interrogatories, and, for that reason, there is no requirement to respond to them at this time. However, many of the disputed interrogatories are not "contention" interrogatories, and Plaintiffs have been explicitly ordered by Judge Spiegel to respond to them. Those are the following: Interrogatory numbers 10, 11, 12, 13 and 14. Moreover, the responses to other interrogatories (5, 6, 15, 17 and 18) are not even close to being complete. Finally, when will Mr. Donaldson's report and file be provided?

The responses to the document requests are also grossly inadequate and not in compliance with Judge Spiegel's Order. First, Plaintiffs have not provided the responses in a manner that correlates with the specific interrogatories and document requests. Second, other than his reports, Dr. Deardorff's file has not been provided. Third, the settlement agreement between the Estate of Marie Schuholz and Albert Schuholz has not been produced. Fourth, the responses to Document Request No. 23 is inaccurate. While the reports of two expert witnesses have been produced, none of the other requested documents have been produced.

Alphonse A. Gerhardstein, Esq.
Paul Laufman, Esq.
August 19, 2004
Page 2

---

      This letter is not a comprehensive analysis of the responses. That will come later. However, I ask that you promptly address the above. I hope that it will not be necessary to once again seek court intervention.

      I remain

                                    Very truly yours,

                                    Brian E. Hurley

BEH/ll
**via facsimile to Larry Barbiere's office:**
Lawrence E. Barbiere, Esq.
Thomas T. Keating, Esq.
Randolph H. Freking, Esq.
Leslie Ghiz, Esq.



LAW OFFICES
# Crabbe, Brown & James LLP

30 GARFIELD PLACE
SUITE 740
CINCINNATI, OHIO 45202

TELEPHONE 513.784.1525
FAX 513.784.1250

Email: Bhurley@cbjlawyers.com

www.CBJLawyers.com

ROBERT J. GEHRING+*
BRIAN E. HURLEY
BETH G. WAYNE

COLUMBUS OFFICE
500 S. FRONT STREET, STE. 1200
COLUMBUS, OHIO 43215
TELEPHONE 614.228.5511
FAX 614.229.4559

+Also Admitted in Kentucky

*Certified Civil Trial Specialist
by National Board of Trial Advocacy

LANCASTER OFFICE
111 S. BROAD STREET, STE. 209
LANCASTER, OHIO 43130
TELEPHONE 740.689.1743
FAX 740.689.1746

URBANA OFFICE
118 SCIOTO STREET
URBANA, OHIO 43078
TELEPHONE 937.652.4000

August 26, 2004

**VIA FACSIMILE**
Alphonse A. Gerhardstein, Esq.
Laufman & Gerhardstein
1409 Enquirer Building
617 Vine Street
Cincinnati, Ohio 45202

Re:   Patricia Kammeyer, et al. v. City of Sharonville, et al.
      U.S. District Court, Southern District of Ohio, Case No. C-1-01-649

Dear Mr. Gerhardstein:

This letter will serve as my response to your letter of August 20, 2004.

I do not intend to continue to argue with you about matters that I have been twice forced to litigate and, with the exception of the dispute relating to the contention interrogatories, have on both occasions won. First, your clients have been ordered to respond in full and "forthwith" to the disputed responses to the non-contention interrogatories. They have not done so.[1] (For example, one of those is the interrogatory dealing with the individuals who were allegedly treated differently than Plaintiffs.) They were ordered to respond in full to the disputed responses to specific document requests. They have not done so. (For example, one of those is the request for the files of Dr. Deardorf.) Third, they have been ordered to organize and categorize the documents they have produced to correspond to specific interrogatories and document requests. They have not done so.

With the exception of those interrogatories which were clearly designated in the Motion To Compel as contention interrogatories, if Plaintiffs do not comply in full with Magistrate Black's Order (doc. 161) by September 13, 2004 Defendant Nuss will file a motion to enforce that order and re-new his motion for sanctions that Magistrate Black dismissed without prejudice. I hope that it is not necessary to take that action.

---

[1] Plaintiffs' responses are, to use your own word, nothing more than a "rehash" of the same information previously produced by Plaintiffs that forced Defendant Nuss to file the motion to compel in the first place.

4

Alphonse A. Gerhardstein, Esq.
August 26, 2004
Page 2

---

    Finally, it is critical that, in order for my client to fully brief and argue the summary judgment positions he will take, Plaintiffs make full responses to the contention interrogatories immediately after the last deposition is taken. If Plaintiffs do not intend to make those full responses no later than <u>seven</u> days after the completion of the depositions, please let me know so that this can be addressed and resolved at this time.

    I remain

Very truly yours,

Brian E. Hurley

BEH/ll
cc:    Robert J. Gehring, Esq.
       Lawrence E. Barbiere, Esq.
       Thomas T. Keating, Esq.
       Randolph H. Freking, Esq.



EXHIBIT 5

# LAUFMAN & GERHARDSTEIN
### ATTORNEYS AT LAW

1409 ENQUIRER BUILDING
617 VINE STREET
CINCINNATI, OHIO 45202
(513) 621-9100
FAX (513) 345-5543

ROBERT F. LAUFMAN
ALPHONSE A. GERHARDSTEIN
JENNIFER L. BRANCH
PAUL M. LAUFMAN

September 10, 2004

*Via facsimile to (513) 583-4203*

Lawrence E. Barbiere
Michael Maundrell
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, OH 45249

*Via facsimile to (513) 784-1250*

Brian E. Hurley
Robert Gehring
Crabbe, Brown & James
30 Garfield Place, Suite 940
Cincinnati, OH 45202

*Via facsimile to (513) 891-1537*

Thomas T. Keating
Keating, Ritchie & Swick
8050 Hosbrook Road, Suite 200
Cincinnati, OH 45236

*Via facsimile to (513) 651-2570*

Randolpf H. Freking
Leslie Ghiz
Freking & Betz
215 E. Ninth St.
Cincinnati, OH 45202

Re:  *Kammeyer, et al. v. Sharonville, et al.*
     S.D. Ohio Case No. C-1-01-649

Dear Counsel:

This letter will review the status of discovery issues and respond to Brian's letters of August 26, August 30 and September 8 as well as Leslie's letter of August 30. This letter will also respond to Defendant Nuss' second set of interrogatories and requests to produce directed to all plaintiffs. This letter supplements the responses provided on August 19, 2004 as well as the letters and documents we have sent with information as it has been received.

**Plaintiffs' Discovery Requests**

The City and Cramer are both more than a month overdue on responses to the interrogatories and requests to produce served on July 10, 2004. I trust since the Friday depositions ended early you will make every effort to have full responses by Monday morning, September 13, 2004, before we resume Dale Dorning's deposition on September 14, 2004.

**Defendants Cramer and Nuss Discovery Requests**

First, regarding the contention interrogatories. The Court ordered that they should be answered "after depositions are complete." Doc. 169, p. 6. We will provide answers within two weeks of the completion of depositions.

Second, you now have received all of the supporting material from Dr. Deardorff.

Third, you have now received all of the documents located to date by each plaintiff.

Fourth, medical records you requested of Jim Wright and Patti Kammeyer are being produced as they are received from the providers.

Fifth, defendant Nuss requests that we "organize and categorize the documents they have produced to correspond to specific interrogatories and document requests." We believe that we have sufficiently responded to any need to categorize the documents we have produced. Nonetheless attached is a table we have prepared of every document produced to date with a column in the table listing the interrogatories and requests to produce to for which the documents are relevant.

Sixth, defendant Cramer claims that plaintiffs owe additional information to him. We disagree. The answers that have been provided are sufficient. You provide no explanation of your request for supplementary information. Moreover, you make no reference to the extensive supplements provided to Nuss which are clearly relevant to many of the requests made by Cramer. Finally, all of the interrogatories are contention interrogatories and need not be responded to until after the depositions. We have offered some answers nonetheless. Please refer to this chart to help you identify relevant supplemental responses:

| INTERROGATORY OR REQUEST TO PRODUCE BY CRAMER | COMPARABLE INTERROGATORY OR REQUEST TO PRODUCE BY NUSS |
|---|---|
| 1 | 1 |
| 2 | None but answer is sufficient |
| 3 | 2 |
| 4,5 | 2,3,4 |
| 6 | None but answer is sufficient |
| 7 | 11 |
| 8 | None but answer is sufficient |
| 9 | None, but please review discovery responses from city regarding property status when city provides such responses. |
| 10 | None, but answer is sufficient |
| 11 | 1,2,3,4 |
| Request 12 | See attached table |

Seventh, defendant Nuss has served supplemental interrogatories and requests to produce. This letter will also serve to respond to those.

1 and 2. State each time (time, date, and location) "Cramer kept Nuss advised on the case," and, for each time, state what Cramer "advised" him. Number two seeks the source which is provided.

A: We assume you seek a supplement to plaintiffs' response to interrogatory 16, not 17. Obviously we expect much more from your client on this issue. As you know, we have already learned that defendant Schappa states that Chief Nuss was in charge of the Burns-Wright murder investigation. (Depo 17). Defendant Cramer states that he reported directly to Nuss while Cramer was serving as detective (Depo 21). Defendant Cramer states that Chief Nuss was coordinating everyone at the scene of the crime. (Depo 98). We also know that Nuss told Dorning that Nuss was "briefed a few times" on the case. Sealed docs Bates 731.

3. With respect to each "obvious" lead to which you refer, state the following:
a. the lead itself; b. when Nuss was provided with the information relating to the lead that he allegedly failed to press Cramer to pursue; c. the source of the information.

A: Plaintiffs are relying on the information set out on pp 708 – 732 of Book 4 of the sealed documents and will have to ask defendant Nuss about whether he was informed of all of these facts by Cramer.

4. With respect to "other misconduct by Cramer" to which you refer:
a. state each instance of misconduct to which you refer, when Nuss learned of the misconduct, and the action that you maintain Nuss should have taken; b. the source of the information.

A: Plaintiffs refer to the allegations from the coworkers set out in the personnel file. See Ex 2, Cramer depo.

5. Have you had any contact, direct or indirect, with Nuss?

A: See transcripts of depositions of all clients and attached table.

6. Do you maintain that Nuss knew and/or was aware of any alleged misconduct by Defendant Cramer with respect to the investigation of the murders of Marie Schuholz and Starla Burns?

A: Yes. See answers to #1. Obviously we need to ask Nuss about his own knowledge.

Response to document requests – see answers to interrogatories and attached table.

September 10, 2004
Page 4 of 4

**Depositions**

All depositions at Larry Office starting at 9:00 unless noted.  Let us know if this schedule poses a problem.

September 14  Dorning
September 15  finish Dorning?
September 16  finish Dorning?
September 20  Terry Gaines, John Jay by plaintiffs
September 22  Blasky/Hays by plaintiffs at Police Department
September 23  Deardorff by defts*
October 6 (10:00)  Homer
October 7 (Freking must confirm)  Nuss
October 8  Hodge (stop by 4:00)
October 18  Baysore/Dowlin
October 19  hold
October 20  hold

* If you only need four hours we can add a witness to the 23rd.  We need to accommodate any depositions you still need.  Please make sure we know what those are.  We will have more depositions ourselves and we will add to the list after we review the responses to our interrogatories and requests to produce.

Hodge can be reached at 809A Clement Ave., Bellpre, OH  45714.  We will subpoena him for the 8th at 9:00 a.m.

Sincerely,

Alphonse A. Gerhardstein