EXHIBIT
6

LAW OFFICES
# Crabbe, Brown & James LLP

30 GARFIELD PLACE
SUITE 740
CINCINNATI, OHIO 45202

TELEPHONE 513.784.1525
FAX 513.784.1250

Email: Bhurley@cbjlawyers.com

www.CBJLawyers.com

September 23, 2004

ROBERT J. GEHRING+*
BRIAN E. HURLEY
BETH G. WAYNE

COLUMBUS OFFICE
500 S. FRONT STREET, STE. 1200
COLUMBUS, OHIO 43215
TELEPHONE 614.228.5511
FAX 614.229.4559

+Also Admitted in Kentucky

*Certified Civil Trial Specialist
by National Board of Trial Advocacy

LANCASTER OFFICE
111 S. BROAD STREET, STE. 209
LANCASTER, OHIO 43130
TELEPHONE 740.689.1743
FAX 740.689.1746

URBANA OFFICE
118 SCIOTO STREET
URBANA, OHIO 43078
TELEPHONE 937.652.4000

**VIA FACSIMILE**
Alphonse A. Gerhardstein, Esq.
Paul Laufman, Esq.
Laufman & Gerhardstein
1409 Enquirer Building
617 Vine Street
Cincinnati, Ohio 45202

Re:   Patricia Kammeyer, et al. v. City of Sharonville, et al.
      U.S. District Court, Southern District of Ohio, Case No. C-1-01-649

Gentlemen:

I have this morning learned that the deposition of Dr. Deardorff has been postponed because, contrary to what we had been told by you and your clients (under oath), Dr. Deardorff did tape record his interviews with the Plaintiffs. This is just one more example of your and/or your clients' apparent belief that the discovery rules and orders of the Court apply differently to plaintiffs than they do the defendants.

Please provide us with a date certain when the tapes will be produced. There is no reason that they should be produced any later than Monday, September 26, 2004.

Mr. Nuss was forced to seek court intervention to obtain Dr. Deardorff's entire file, and, even after plaintiffs were ordered on August 5, 2004 to produce it and other discovery responses "forthwith," that did not happen. In fact, what was represented to be the balance of Dr. Deardorff's was not produced until September 9, 2004, the day of the depositions of Ms. Miller and Ms. Baker and the day before what was to be the completion of the depositions of Ms. Kammeyer and Mr. Wright. Further, during their respective depositions, each of your clients denied that the interviews had been tape recorded. Now, the day Dr. Deardorff's deposition is to be taken, defendants learn of the tapes.

Your suggestion that Dr. Deardorff be re-scheduled for October 19 or 20, 2004 is not acceptable. You have for the most part unilaterally taken the dates that had been set aside for

Alphonse A. Gerhardstein, Esq.
Paul Laufman, Esq.
September 23, 2004
Page 2

---

depositions you intend to take, leaving open only those 2 dates. Further, based on the history of this case, it is unlikely that full compliance with the discovery orders will occur and full responses to the outstanding discovery will be made by the end of this month. Finally, I have repeatedly informed you that Mr. Nuss will not be made available for deposition until there is full compliance and full responses are made. For these reasons, Dr. Deardorff should be re-scheduled for October 7, 2004.

Before he is deposed, Mr. Nuss has the absolute right to know precisely what Plaintiffs claim he did wrong and the factual basis for the claim. I have repeatedly requested that you provide this information, and, to date, all I have received in response are general and vague statements that are, in essence, nothing more than re-statements of the general and conclusory allegations of the Complaint. When Plaintiffs meet their obligation to provide this information to Mr. Nuss, he will be made available for his deposition.

I remain

Very truly yours,

Brian E. Hurley

BEH/ll

cc:     Lawrence E. Barbiere, Esq.
        Thomas T. Keating, Esq.
        Randolph H. Freking, Esq.
        Leslie Ghiz, Esq.



LAW OFFICES

# Crabbe, Brown & James LLP

30 GARFIELD PLACE
SUITE 740
CINCINNATI, OHIO 45202-4359

TELEPHONE 513.784.1525
FAX 513.784.1250

www.CBJLawyers.com

September 27, 2004

BRIAN E. HURLEY
BHurley@CBJLawyers.com

ROBERT J. GEHRING+*
RGehring@CBJLawyers.com

BETH G. WAYNE
BWayne@CBJLawyers.com

COLUMBUS OFFICE
500 S. FRONT STREET, STE. 1200
COLUMBUS, OHIO 43215
TELEPHONE 614.228.5511
FAX 614.229.4559

+Also Admitted in Kentucky
*Certified Civil Trial Specialist
by National Board of Trial Advocacy

CLEVELAND OFFICE
1280 W. THIRD STREET
CLEVELAND, OHIO 44113
TELEPHONE 216.574.9312
FAX 216.574.9122

LANCASTER OFFICE
111 S. BROAD STREET, STE. 209
LANCASTER, OHIO 43130
TELEPHONE 740.689.1743
FAX 740.689.1746

URBANA OFFICE
118 SCIOTO STREET
URBANA, OHIO 43078
TELEPHONE 937.652.4000

**VIA FACSIMILE AND U.S. MAIL**
Alphonse A. Gerhardstein, Esq.
Laufman & Gerhardstein
1409 Enquirer Building
617 Vine Street
Cincinnati, Ohio 45202

Re:    Patricia Kammeyer, et al. v. City of Sharonville, et al.
       U.S. District Court, Southern District of Ohio, Case No. C-1-01-649

Dear Mr. Gerhardstein:

Although I have not had the time to complete my review of your letter of September 10, 2004 and its attachment, I have completed enough of it to be able to state that Plaintiffs have once again failed in many material ways to comply with the Court's discovery orders. Further, Plaintiffs' responses to Mr. Nuss's second set of discovery are not even as complete as the conclusory allegations of the Third Amended Complaint or their prior discovery responses. In short, Plaintiffs have made good on your promise that Defendants would receive a "rehash" (your word) of what had already been produced.

After all the time spent on these matters, including the successful litigation of them by Defendants, you are fully aware of how the responses are incomplete. As such, I do not intend to waste my client's money by providing a comprehensive response. However, I will provide seven examples, one general and six specific, of how Plaintiffs have yet again failed to comply with the Orders and fully respond to Mr. Nuss's second discovery requests.

1.    Many of the subject interrogatories are not "contention" interrogatories, and Plaintiffs have been ordered to respond to those interrogatories in full. Yet, what Plaintiffs have done is to unilaterally and incorrectly characterize a number of them as "contention" interrogatories, and then refuse to answer them until after the depositions have been completed.

2.    Your statement that Defendants "now have received all supporting material from Dr. Deardorff" was incorrect, and is a good example of Plaintiffs' refusal to perform their discovery

Alphonse A. Gerhardstein, Esq.
September 27, 2004
Page 2

---

duties in a diligent manner. That has caused the postponement of his deposition, and it is one of the reasons that Plaintiffs' depositions are not completed.

    3.    The medical and counseling records from Plaintiffs Kammeyer and Wright should have been produced months ago, and many still have not been produced. That is the other reason their depositions are not completed.

    4.    Plaintiffs Kammeyer and Wright still refuse to provide the <u>precise dollar amount</u> of their mother's estate that they claim to have lost and the basis for that figure. The present value figures provided by Plaintiffs' expert are meaningless without this information.

    5.    Plaintiffs still refuse to provide the information that relates directly to their equal protection claim.

    6.    Plaintiffs still refuse to provide the information that relates directly to their denial of access to the courts claim.

    7.    Most important for Mr. Nuss, Plaintiffs still refuse to provide any specifics to support their claim against him. Rather, after more than twenty three years of investigating this matter, Plaintiffs continue to falsely accuse Mr. Nuss of being involved in a conspiracy based upon the following, which establish nothing more than he was doing his job as the Chief of Police:

-     Mr. Nuss was the Sharonville Chief of Police when the murders occurred
-     Mr. Cramer was the Sharonville police detective in charge of the murder investigation
-     Mr. Nuss is married to Mr. Cramer's sister
-     Mr. Nuss was "briefed a few times" by Mr. Cramer about the investigation

Moreover, Plaintiffs still refuse to provide the facts to support their allegations that Mr. Nuss did not follow up on "obvious leads" and was aware of Mr. Cramer's alleged misconduct. Instead, Plaintiffs refer him to documents. That is neither acceptable nor appropriate because Mr. Nuss is not required to guess at the answers to his inquiries by trying to figure them out by reading those documents. It is also neither acceptable nor appropriate for Mr. Nuss to be subjected to a deposition until Plaintiffs comply with the discovery orders and provide full answers to these interrogatories so that he knows precisely what Plaintiffs claim he has done.

    I have chosen not to seek court intervention at this time to give Plaintiffs yet another chance to meet their obligations and avoid wasting more of the Court's time in connection with these

Alphonse A. Gerhardstein, Esq.
September 27, 2004
Page 3

---

matters. However, Mr. Nuss will not be made available for deposition until that happens.[1] Now that the Deardorff tapes have finally been produced (late 9-24-04), his deposition should be taken on October 7, 2004.  I have attached a notice for his deposition on that date.

      I remain

                      Very truly yours,

                      Brian E. Hurley

BEH/ll
cc:    Lawrence E. Barbiere, Esq.
       Thomas T. Keating, Esq.
       Randolph H. Freking, Esq.
       Leslie Ghiz, Esq.

---

[1]This is an academic issue as it relates to October 7, 2004 because Mr. Nuss will be undergoing surgery in the near future and, for that reason, could not have his deposition taken on that date.

EXHIBIT

8

# LAUFMAN & GERHARDSTEIN

### ATTORNEYS AT LAW

1409 ENQUIRER BUILDING
617 VINE STREET
CINCINNATI, OHIO 45202
(513) 621-9100
FAX (513) 345-5543

ROBERT F. LAUFMAN
ALPHONSE A. GERHARDSTEIN
JENNIFER L. BRANCH
PAUL M. LAUFMAN

September 27, 2004

Brian E. Hurley
Robert Gehring
Crabbe, Brown & James
30 Garfield Place, Suite 740
Cincinnati, OH 45202

Re: ***Kammeyer, et al. v. Sharonville, et al.***
**S.D. Ohio Case No. C-1-01-649**

Dear Brian:

Your letters of September 23 and 27 were over the top. Please abide by the Statement on Civility in the Local Rules of the United States District Court for the Southern District of Ohio in future correspondence. Some discovery problems arise because of innocent mistakes. When an error is made it does not necessarily reflect a diabolical plot to deny you full responses to your discovery requests. Such is the case here. We called Larry as soon as we discovered that there were audiotapes of the expert interviews. You received them as soon as we did. The failure to produce them was an oversight in Paul Deardorff's office. It has been corrected. I apologize. We set the date of October 18 with Larry. You were not available when Paul called your office. I am willing to change it and would have been willing to speak to you on the phone to do so. You do not need to write any distorted history of the litigation wrapped in a notice of deposition. You seem committed to claiming that no matter what plaintiffs send you it will not be enough. You seem to think that this lawsuit is about your discovery requests rather than the murder investigations of Marie Wright Schuholz and Starla Burns. I can assure you that we have given defense counsel full access to everything we have and we will continue to cooperate as we want to get to the merits.

Paul Deardorff will be available for deposition October 7. If we can start at 8:30 a.m., I would appreciate it as he is moving other appointments to accomplish this schedule. If not we can start at 9:00 as scheduled. Let me know. I assume we are at Larry's.

In your letter of September 27 you take issue with the discovery responses to date.

1. You say that we have improperly classified some of your interrogatories as contention interrogatories. Please tell me which ones you are referring to. As you know Judge Spiegel held

that "responses to contention interrogatories are not due Defendants until after depositions are complete." (Doc. 169, p. 6). We will honor that ruling.

2. You keep refusing to produce Nuss for deposition until this or that demand is met. Nuss should be ready for deposition. We do not need to answer the contention interrogatories before we depose him. You do not have the right to refuse to cooperate with discovery just because you are dissatisfied with our responses. The court is the place to go for compliance after we all pursue efforts to resolve issues in a civil manner. You cannot simply refuse to make him available and you know that. I expect that we can set Nuss for deposition cooperatively like we have the others but if we have to proceed otherwise we will do so. You mention that Nuss is having surgery. Tell me when it is scheduled and the period during which he will be unavailable so we do not proceed on those dates.

3. You first requested medical and counseling records during the depositions of the clients. We have produced them as they arrive.

4. You seem dissatisfied with the analysis we have done on the value of the estate. We reviewed the probate records and selected those which best capture the information regarding the value of the estate. We attempted to locate records that demonstrate the money Al Schuholz secured improperly from the estate. The expert then calculated the present value of that sum. We have provided you exactly what we provided the expert. You have his report. What exactly do you think we are withholding on the damage calculation? Let us know. You have ample information from which to take his deposition.

5. You were present when we went to City Hall to see the files of other criminal cases. Larry was not prepared to share them with us. This evidence which is relevant to the equal protection claim must be produced by the city. I urge you to send some of your letters to defense counsel so we can gather that material more rapidly.

6. In our last discovery supplement on September 10 we actually separately listed every document we produced and coded each document to one of your requests to produce so you can see how it relates to the case and your discovery requests. The list we produced runs nearly 100 pages and it is comprehensive. This is the second time we have provided you with a way to navigate all of our information. The first effort accomplished months ago was to produce completely searchable disks. That is hardly a document dump as it was all bates numbered and searchable by both bates number and word. Now we have taken the trouble to again provide you with an organized list and coded each page to one of your requests. Many would view our work as literally spoon feeding all of our information to you. I care not as we are truly trying to cooperate and implement the court's order. I just want to get the discovery done. Suffice it to say that you have more information about our claims than defense counsel receive in 99% of civil cases. But if you have specific good faith requests for supplements, please make your requests.

September 27, 2004
Page 3 of 3

We will continue to cooperate in all discovery matters. We will provide medical records for Ms. Kammeyer and Mr. Wright as requested during their depositions as they come in and we will answer the contention interrogatories after we take the depositions as ordered by the court. If we decide to use a testifying police expert we will get you a report as soon as we can. That is part of the reason we are trying to get the depositions completed. We need to complete specific depositions and gain access to the relevant documents so we can determine if we will use him as a testifying expert.

Please advise whether we can start Dr. Deardorff at 8:30 A.M. on October 7, 2004.

Sincerely,

Alphonse A. Gerhardstein

C: Larry Barbiere
   Tom Keating
   Randy Freking



# Crabbe, Brown & James LLP

BRIAN E. HURLEY
BHurley@CBJLawyers.com

ROBERT J. GEHRING+*
RGehring@CBJLawyers.com

BETH G. WAYNE
BWayne@CBJLawyers.com

**COLUMBUS OFFICE**
500 S. FRONT STREET, STE. 1200
COLUMBUS, OHIO 43215
TELEPHONE 614.228.5511
FAX 614.229.4559

+Also Admitted in Kentucky
*Certified Civil Trial Specialist
by National Board of Trial Advocacy

30 GARFIELD PLACE
SUITE 740
CINCINNATI, OHIO 45202-4359

TELEPHONE 513.784.1525
FAX 513.784.1250

www.CBJLawyers.com

September 28, 2004

**CLEVELAND OFFICE**
1280 W. THIRD STREET
CLEVELAND, OHIO 44113
TELEPHONE 216.574.9312
FAX 216.574.9122

**LANCASTER OFFICE**
111 S. BROAD STREET, STE. 209
LANCASTER, OHIO 43130
TELEPHONE 740.689.1743
FAX 740.689.1746

**URBANA OFFICE**
118 SCIOTO STREET
URBANA, OHIO 43078
TELEPHONE 937.652.4000

**VIA FACSIMILE AND U.S. MAIL**
Alphonse A. Gerhardstein, Esq.
Laufman & Gerhardstein
1409 Enquirer Building
617 Vine Street
Cincinnati, Ohio 45202

Re:    Patricia Kammeyer, et al. v. City of Sharonville, et al.
       U.S. District Court, Southern District of Ohio, Case No. C-1-01-649

Dear Mr. Gerhardstein:

I am in receipt of your two letters of September 27, 2004, one addressed to me and the other to all counsel.

I will first address your letter to all counsel.

1.    I am willing to start Dr. Deardorff's deposition at 8:30 a.m. on October 7, 2004. However, Dr. Deardorff's interview of James Wright is not on the tapes you provided.

2.    It is my understanding that Mr. Bayshore is dead.

3.    After you decided to use most of the dates that had been set aside for deposition, I requested that you not schedule any depositions on October 19 or 20, 2004 so that those dates could be used to complete the Plaintiffs' and/or Mr. Dorning's depositions. Further, I informed you that Mr. Nuss will not be available for deposition for the reasons I have communicated on many occasions, and, in any event, I do not know if Mr. Nuss's health will enable him to sit for a deposition at that time. Finally, the legal issues presented by Plaintiffs' attempts to take the depositions of Messrs. Gaines and Leis will not likely be resolved by October 20, 2004. As such, Plaintiffs and/or Mr. Dorning should be scheduled on these dates.

Ex. 9

Alphonse A. Gerhardstein, Esq.
September 28, 2004
Page 2

_____

I will next address your letter to me.

1.    I have found that when counsel must resort to rhetoric such as "over the top" it almost always means that he has done so because he is unable to meaningfully address the issues in a substantive manner. That is the case here.

2.    What is "over the top" is the fact that Plaintiffs have forced Defendants to fight at every step to obtain information and documents that are without question discoverable. That fight continues even after Plaintiffs have forced Mr. Nuss to litigate and win these disputes. Had he not done so, many documents (e.g. the family e-mails and Clark file) extremely damaging, if not fatal, to Plaintiffs' claims would never have been produced.

3.    What is also "over the top" is Plaintiffs' refusal to dismiss Mr. Nuss from this case even though it is clear that there is no evidence to support their claim against him, and, indeed, their star witness, Mr. Dorning, has explicitly stated that Mr. Nuss did nothing wrong.

4.    You are correct that the failure to produce information and tapes in response to discovery requests is often the result of an innocent mistake. That is why I usually give counsel the benefit of the doubt. However, the following is what happened with respect to the Deardorff tapes. First, they were not produced in response to discovery requests. Second, Mr. Nuss was forced to file a motion to compel to obtain them. Third, the motion to compel was granted by the magistrate, and Plaintiffs objected. Fourth, Judge Spiegel affirmed Magistrate Black's Order. Fifth, Plaintiffs produced what was represented to be Dr. Deardorff's entire file, and no tapes were included. Sixth, each Plaintiff denied that his/her interview was not taped. When I consider these facts, and place them in the context of how Plaintiffs have dealt with other discovery matters, I am led to conclude that this may not be one of the usual situations.

5.    This case is definitely not just about the murder investigation, not even to your clients. By making their claims, Plaintiffs have put into issue many other matters. The one most important to Mr. Nuss is the false allegation that he knew about and participated in a cover-up, and he is entitled and intends to conduct full discovery with respect to that claim.

6.    The discovery "history" to which you refer is certainly convoluted due to Plaintiffs' refusal to meet their obligations. However, it is not distorted, but rather accurately reflects the various ways Plaintiffs have not met their obligations.

7.    I do not know if your statement that you have given defense counsel full access to everything you have is accurate. I hope it is, but that is not the point. Plaintiffs have been ordered to answer certain interrogatories in full, and, as the Court and I have stated, it is not sufficient for Plaintiffs to merely direct Mr. Nuss to documents and have him guess what the answers are.

Alphonse A. Gerhardstein, Esq.
September 28, 2004
Page 3

---

8.    The interrogatories that are "contention" interrogatories are identified in Mr. Nuss's motion to compel, his rely memorandum related to the motion to compel, and Defendants' response to the objections filed by Plaintiffs.

9.    Mr. Nuss's deposition is not being held up because I am insisting that Plaintiffs respond to the "contention" interrogatories. It is being held up because Plaintiffs have refused to fully respond to the other discovery requests to which they committed to respond in full and in a timely manner when we first met with Judge Spiegel and to which they were later ordered to respond. Further, the murders took place over 24 years ago, and Mr. Nuss has not been the SPD Chief of Police for 15 years. Under these circumstances, Mr. Nuss does have the right to know all of the facts Plaintiffs state support their claims, not merely the conclusory claims themselves, before he is subject to a deposition.

10.    Mr. Nuss first requested Plaintiffs' medical and counseling records in his first discovery requests of January 15, 2004.

11.    I am dissatisfied with the analysis Plaintiffs have done with the value of the estate because Plaintiffs have been ordered to tell Mr. Nuss the precise number of their loss in this regard and the calculation of how that number was reached. Without that that number and the calculation, Plaintiffs cannot prove this part of their case, and their expert's opinion is meaningless. If you cannot do anything more than what you have, Plaintiffs should dismiss this part of their claim. Otherwise, provide the number and the calculation.

12.    Mr. Nuss and I have no control over any of the City's records. Moreover, if you are not satisfied with the City's responses to Plaintiffs' discovery requests, that is between you, Larry and Tom.

I remain

Very truly yours,

Brian E. Hurley /u

Brian E. Hurley

BEH/ll

cc:    Lawrence E. Barbiere, Esq.
Thomas T. Keating, Esq.
Randolph H. Freking, Esq.
Leslie Ghiz, Esq.



LAW OFFICES

# Crabbe, Brown & James LLP

BRIAN E. HURLEY
BHurley@CBJLawyers.com

ROBERT J. GEHRING+*
RGehring@CBJLawyers.com

BETH G. WAYNE
BWayne@CBJLawyers.com

COLUMBUS OFFICE
500 S. FRONT STREET, STE. 1200
COLUMBUS, OHIO 43215
TELEPHONE 614.228.5511
FAX 614.229.4559

+Also Admitted in Kentucky
*Certified Civil Trial Specialist
by National Board of Trial Advocacy

30 GARFIELD PLACE
SUITE 740
CINCINNATI, OHIO 45202-4359

TELEPHONE 513.784.1525
FAX 513.784.1250

www.CBJLawyers.com

October 14, 2004

CLEVELAND OFFICE
1280 W. THIRD STREET
CLEVELAND, OHIO 44113
TELEPHONE 216.574.9312
FAX 216.574.9122

LANCASTER OFFICE
111 S. BROAD STREET, STE. 209
LANCASTER, OHIO 43130
TELEPHONE 740.689.1743
FAX 740.689.1746

URBANA OFFICE
118 SCIOTO STREET
URBANA, OHIO 43078
TELEPHONE 937.652.4000

**VIA FACSIMILE AND U.S. MAIL**
Alphonse A. Gerhardstein, Esq.
Laufman & Gerhardstein
1409 Enquirer Building
617 Vine Street
Cincinnati, Ohio 45202

  Re: Patricia Kammeyer, et al. v. City of Sharonville, et al.
    U.S. District Court, Southern District of Ohio, Case No. C-1-01-649

Dear Mr. Gerhardstein:

  It is unlikely that a resolution of the disputes relating to Plaintiffs' responses to Mr. Nuss's discovery requests will be reached without further intervention by the Court. However, Mr. Nuss is willing to make himself available for deposition if the following interrogatories are answered in full prior to the deposition.[1]

  1. **Interrogatory Numbers 18 To All Plaintiffs, First Set.**

  These interrogatories are directed to Plaintiffs' claim of denial of access to the Courts. The information sought by Mr. Nuss that is responsive to these interrogatories is readily available to Plaintiffs. In fact, most of it is based on actions and inactions of Plaintiffs. This information was known to Plaintiffs long before this lawsuit was filed.

  2. **Interrogatory Numbers 17 To All Plaintiffs, First Set.**

  In order to establish their claim of unequal/different treatment Plaintiffs must identify individuals who were treated differently than them and state how they were treated differently. Despite being ordered to do so, they have not. Further, during their depositions, none of the

---

  [1]None of these are "contention" interrogatories, as explicitly set forth in the motion to compel. Further, by "answering in full" I do not mean being directed to documents.

Alphonse A. Gerhardstein, Esq.
October 14, 2004
Page 2

---

Plaintiffs could provide the information. If that is still the case, please drop this claim. If it is not, please provide the information.

     **3.**     **Interrogatory Number 16, First Set And Interrogatory Numbers 1-4 And 6, Second Set.**

     Part of Mr. Nuss's discovery, including these interrogatories, is designed to elicit from Plaintiffs the factual basis of the conclusory allegations they have made against him. Thus far Plaintiffs have for the most part responded to these interrogatories by providing other conclusory statements and referring Mr. Nuss to documents.

     Mr. Nuss has the absolute right to know what it is that Plaintiffs allege he did wrong before his deposition is taken. Further, I have no doubt that when his deposition is taken you will be questioning him about the very <u>specific</u> incidents (e.g. the "obvious leads")[2] and facts that Plaintiffs have steadfastly refused to provide. This information should have been provided in January. There is no legitimate basis not to provide that information now.

     I look forward to hearing from you and hopefully resolving at least this part of the dispute. I remain

                     Very truly yours,

                     Brian E. Hurley

BEH/ll
cc:    Lawrence E. Barbiere, Esq.
       Thomas T. Keating, Esq.
       Randolph H. Freking, Esq.
       Leslie Ghiz, Esq.

---

[2]For example, Plaintiffs state that the leads are "obvious." They are anything but obvious to me or Mr. Nuss, and, since they are so obvious to Plaintiffs and you, Plaintiffs are obligated to provide this information.