Nos. 05-3057/3171

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

MAR 2 2 2005

**LEONARD GREEN, Clerk**

| | |
|---|---|
| PATRICIA KAMMEYER, et al., | ) |
| Plaintiffs-Appellees, | ) |
| v. | ) |
| CITY OF SHARONVILLE, et al., | ) |
| Defendants, | ) |
| MICHAEL K. ALLEN; JOHN JAY; TERRY GAINES, | ) |
| Appellants. | ) |
| In re: JOSEPH T. DETERS; JOHN JAY; TERRY GAINES, | ) |
| Petitioners. | ) |

O R D E R   1: 01 cv 649

A TRUE COPY
Attest:
LEONARD GREEN, Clerk
BY _____ Deputy Clerk

Before: NORRIS, BATCHELDER, and COLE, Circuit Judges.

The appellants/petitioners seek review of the denial of their motion to quash by means of an appeal and a petition for a writ of mandamus. They have moved for a stay or injunction pending appeal and pending consideration of their mandamus petition. The plaintiffs oppose the motion for a stay and move to dismiss the appeal for lack of jurisdiction. The appellants oppose the motion to dismiss. The petitioners move to consolidate the mandamus petition with their appeal, which is opposed by the plaintiffs. The appellants/petitioners also move for an expedited ruling by the court; the plaintiffs support that motion. On March 4, 2005, the court issued a temporary stay of

depositions then scheduled for March 8, 2005, in order to permit consideration of the pending

matters by a three-judge panel of the court.

This court has jurisdiction of appeals from final judgments of the district courts. 28 U.S.C.

§ 1291. Discovery orders are not reviewable as final judgments and generally are not reviewable as

collateral orders. *See, e.g., United States v. Ryan*, 402 U.S. 530, 532-33 (1971); *Coleman v.*

*American Red Cross*, 979 F.2d 1135, 1138 (6th Cir. 1992); *FDIC v. Ernst & Whinney*, 921 F.2d 83,

85-86 (6th Cir. 1990). If an immediate appeal of a discovery ruling is sought, the witness should

submit to contempt and then appeal the contempt ruling. *See United States v. James T. Barnes &*

*Co.*, 758 F.2d 146 (6th Cir. 1985) (order); *Dow Chemical Co. v. Taylor*, 519 F.2d 352, 354-55 (6th

Cir.), *cert. denied*, 423 U.S. 1033 (1975); *see also Cunningham v. Hamilton County*, 527 U.S. 198,

204 n.4 (1999) (noting that "a decision does not automatically become final merely because it is

directed at someone other than a plaintiff or defendant" and that "a witness subject to a discovery

order, but not held in contempt, generally may not appeal the order"). The district court order

denying the motion to quash is not an appealable order, and Case No. 05-3057 must be dismissed

for lack of jurisdiction.

Because pretrial discovery orders generally are not immediately appealable, in exceptional

circumstances, this court will review such rulings in mandamus. *See, e.g., In re Perrigo Co.*, 128

F.3d 430 (6th Cir. 1997); *In re Bankers Trust Co.*, 61 F.3d 465 (6th Cir. 1995), *cert. dismissed*, 517

U.S. 1205 (1996). Based on the material now before the court, we cannot conclude that the petition

for a writ of mandamus should be denied. Therefore, an answer to the petition should be filed by

the plaintiffs. *See* Fed. R. App. P. 21(b)(1).

The plaintiffs' motion to dismiss Case No. 05-3057 is **GRANTED**. The plaintiffs are

directed to file a response to the petition for a writ of mandamus within fourteen days of the entry

of this order. All discovery from the petitioners is **STAYED** pending the court's consideration of

the petition for a writ of mandamus. The motion to consolidate and the motion for an expedited

ruling are **DENIED** as moot.

ENTERED BY ORDER OF THE COURT

Leonard Green
Clerk