**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| PATRICIA KAMMEYER, et al. | : | CASE NO. C-1-01-649 |
| | : | |
| Plaintiffs, | : | (SPEIGEL, J.) |
| | : | |
| vs. | : | |
| | : | |
| CITY OF SHARONVILLE, OHIO, et al. | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS CITY OF SHARONVILLE, OHIO AND MICHAEL SCHAPPA'S MEMORANDUM IN OPPOSITION OF MOTION TO INTERVENE

Defendants City of Sharonville, Ohio and Michael Schappa oppose the Motion to Intervene filed by Northeast Insurance Company, Scottsdale Insurance Company, Folksamerica Reinsurance Company, Ohio Government Risk Management Plan and United National Insurance Company because Movants have failed to meet the standard required for intervention as set forth in the following Memorandum.

Respectfully submitted,

KEATING, RITCHIE & SWICK

A Legal Professional Association

___ s/ Thomas T. Keating _____
Thomas T. Keating, 0011359
Attorney for Defendants, City of Sharonville &
Michael Schappa
8050 Hosbrook Road, Suite 200
Cincinnati, Ohio 45236
Phone: (513) 891-1530
Fax: (513) 891-1537
Email: tkeating@krslawyers.com

## MEMORANDUM

While Defendants agree that the standard for intervention is as cited by Movants,[1] Defendants disagree that Movants have met this standard.

An insurance company's right to intervene is not unlimited. For example, in *Schmidlin v. D & V Enterprises*[2] Judge Porter noted, in a dissenting Opinion:

> Many other interesting, perplexing and novel trial issues present themselves. *E.g.,* will the Plaintiff be entitled to call attention to the intervener insurance company's role as a third-party defendant, a role which [the insurance company] voluntarily sought? Will a jury be advised of the intervener's limited role? Will the insurer's counsel be entitled to participate and argue for answers to interrogatories or instructions which limit its coverage. . . ? Will the intervener's counsel be entitled to participate in the charge conference, submit instructions and object to the court's instructions there or at trial? Intervention at this point places the insured's defense counsel in an untenable and compromising conflict situation. Will the insured's defense counsel argue for instructions and factual determinations leading to the greater coverage? Do the best interests of the insured suggest that defense counsel should concede liability on the other negligence counts in favor of the greater coverage? Will the insured be blamed for believing their counsel is wearing two hats regardless of the outcome. . . ?[3]

These are all issues that should be resolved before intervention is permitted.

## 1.  The Motion to Intervene is not timely.

This case has been pending for over three and one-half years. Movants have had knowledge of the case since even before it was filed. To wait until the eleventh hour, after defense counsel have painstakingly developed a theory of their defense, prejudices

---

[1] 1) The Motion must be timely; 2) Movants must have a substantial legal interest in the case; 3) Movants' ability to protect their interests could be impaired if not allowed to intervene; and 4) The existing parties may not adequately represent Movants' interests. *Michigan State AFL – CIO v. Miller*, 103 F. 3d 1240, 1245 (6th Cir. 1997).

[2] (Cuyohoga App., June 1, 2000) No. 76287, 2000 Ohio App. Lexis 2336.

[3] *Id.* At 22 – 23.

Defendants because they must now test that theory in relation to Movant's hypothetical jury instructions, interrogatories and verdict forms.  Before ruling on Movants' Motion, it is not unreasonable to require them to set forth, with specificity, exactly what it is they propose to submit to the jury.

## 2.   Movants have not established that their interests could be impaired.

It appears as though Movants want to "have their cake and eat it too."  They have argued  that  "any determination rendered by the jury in this matter may be considered binding precedent in the state court declaratory judgment lawsuit."[4]  Presumably, Movants will argue in the state court action, that the verdict is binding if it is favorable to their position, but that it is not binding if the verdict is unfavorable.  Indeed, Movants have conveniently allowed themselves an "escape hatch" by reserving their right to contest the applicability of the collateral estoppel doctrine depending on what happens at trial.[5]  Movants cannot have it both ways; they should be required to stipulate that the verdict is binding if they want to intervene.

## 3.   Movants' interests are adequately represented.

Movants have failed to produce any evidence that the Defendants in this lawsuit (whose attorneys are currently being paid by Movants) will not adequately represent Movants' interests.   Indeed, Defendants have the same interest, if not more, in defending the suit.   At this time, there are already at least six lawyers representing Defendants.  The last thing this case needs is more lawyers.

---

[4] Motion to Intervene, pg. 3.
[5] Motion to Intervene, pg. 6, footnote 2.

**4.   Defendants would be prejudiced by intervention.**

It would be extremely prejudicial to the defense if the jury got the impression that insurance coverage was available in this case – and that is very likely to occur if Movants are allowed to submit jury instructions, interrogatories and verdict form that involve issues relating to insurance coverage.  Before intervention is allowed, Movants should be required to submit their proposed jury materials.

## CONCLUSION

Allowing Movants to intervene will create many more problems than it solves and will be highly prejudicial to Defendants. If the Court finds that intervention is appropriate, Defendants request, as a condition precedent to intervention, that Movants be required to state, with specificity 1) the role they intend to have in the case and 2) Movants' position regarding the binding effect of this case on the state court action.


Respectfully submitted,

KEATING, RITCHIE & SWICK
A Legal Professional Association


___ s/ Thomas T. Keating_____
Thomas T. Keating, 0011359
Attorney for Defendants, City of Sharonville &
Michael Schappa
8050 Hosbrook Road, Suite 200
Cincinnati, Ohio 45236
Phone:  (513) 891-1530
Fax:  (513) 891-1537
email:  tkeating@krslawyers.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 28, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECFF system which will send notification to the following: Alphonse A. Gerhardstein, Esq., Paul Laufman, Esq., Randolph H. Freking, Esq., Brian E. Hurley, Esq., Leslie Ghiz, Esq., Robert J. Gehring, Esq., Lawrence E. Barbiere, Esq., Alan H. Abes, Esq., Susan Luken, Esq., Nicholas E. Subashi, Esq., Brian Wildermuth, Esq., Michale Sanderson, Esq., Clifford C. Masch, Esq., Holly M. Wilson, Esq., K. Roger Schoen, Esq., and Kimberly A. Zamary, Esq. and that I have also served this by regular mail on the attorneys listed above:

<u>  s/Thomas T. Keating              </u>
Thomas T. Keating