UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA KAMMEYER, et al.** | : | CASE NO.: C-1-01-649 |
| Plaintiffs, | : | Judge Spiegel |
| | | (Magistrate Black) |
| vs. | : | |
| **CITY OF SHARONVILLE, OHIO, et al.** | : | JOINT MOTION OF DEFENDANTS TO STRIKE DECLARATION OF |
| Defendants. | : | <u>ALPHONSE A. GERHARDSTEIN</u> |

Defendants City of Sharonville, Ohio, Michael Schappa, William Nuss and James Cramer, by and through counsel, hereby move to strike the Declaration of Alphonse A. Gerhardstein Re Memo Opposing Summary Judgment Motions Of Defendants ("Declaration"). The grounds for this motion are that it is deficient under Rule 56 in the following ways.

1.  Alphonse A. Gerhardstein ("Gerhardstein") is not "competent"[1] to testify as to the matters stated in the Declaration.

2.  Gerhardstein does not state in the Declaration that he has personal knowledge of the matters stated in the Declaration, and the Declaration itself makes clear that he does not have personal knowledge of those matters.

3.  The Declaration does not, as required, set forth "specific facts" that are admissible at trial. Indeed, many of the "facts" set forth in the Declaration are inadmissable at trial because they are hearsay for which no exception applies, conclusory allegations, speculations, or settlement communications.

4.  By the Declaration Plaintiffs attempt to introduce a number of documents that Gerhardstein cannot through his personal knowledge identify or authenticate.

For each of these reasons, the Declaration must be stricken.

---

[1] Defendants do not suggest incompetency in the sense of lack of mental capacity. This position is based on Gerhardstein's role as trial counsel for Plaintiffs in this action.

Respectfully submitted,


  s/Brian E. Hurley
Brian E. Hurley (0007827)
Robert J. Gehring (0019329)
Crabbe, Brown & James LLP
Attorneys For Defendant William Nuss
30 Garfield Place, Suite 740
Cincinnati, Ohio 45202-4359
(513) 784-1525 - telephone
(513) 784-1250 - facsimile
Bhurley@cbjlawyers.com
Rgehring@cbjlawyers.com


  s/Randolph H. Freking
Randolph H. Freking, Esq. 0009158
Freking & Betz
Counsel For Defendant Cramer
215 East Ninth Street, 5th Floor
Cincinnati, Ohio 45202
(513) 721-1975 - telephone
(513) 651-2570 - facsimile
email: rfreking@frekingandbetz.com


  s/Lawrence E. Barbiere
Lawrence E. Barbiere, Esq. 0027106
Schroeder, Maundrell, Barbiere & Powers
Counsel For Defendants Schappa and City
 of Sharonville
119 Mason Road, Suite 110
Cincinnati, Ohio 45249-3703
(513) 583-4210 - telephone
(513) 583-4203 - facsimile
email: lbarbiere@schroederlaw.com

    s/Thomas T. Keating
Thomas T. Keating, Esq. (0011359)
Keating, Richie & Swick
Counsel For Defendants Schappa and City
 of Sharonville
8050 Hosbrook, Suite 200
Cincinnati, Ohio 45236
(513) 891-1530 - telephone
(513) 891-1537 - facsimile
tkeating@krslawyers.com

## MEMORANDUM

A. **THE RELEVANT LAW**

Rule 56(e) provides in pertinent part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . . an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. . .

As such, the Rule clearly sets forth the requirements of an affidavit or declaration that must be met before a Court can consider its contents in opposition to a motion for summary judgment.

A declaration must be stricken, in whole or in part, if one or more of the following is present.

1. The declarant is not competent for any reason to testify to the matters stated in the Declaration. One of those reasons exists where the declarant is the attorney for a party to the lawsuit and his testimony relates to contested, substantive matters. D.R. 5-101(B); D.R. 5-102.[2]

2. The declarant does not attest that the facts stated in the Declaration are "made on personal knowledge" and/or it is clear from the Declaration itself that the facts stated in the Declaration are not personally known by the declarant. Rule 56(e).

> . . . Affidavits of attorneys who lack personal knowledge of information related in supporting documentation are not entitled to consideration on a summary judgment motion.

*Foster v. Allied Signal, Inc.*, 98 F.Supp. 2d 1261 (D. Kan. 2000), citing *Sellers v. McFloor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cert. 1988).

> Affidavits by attorneys which do not comply with the personal knowledge requirement [of Rule 56(e)] cannot be used in opposition to a summary judgment motion . . . An affidavit not based on personal knowledge is to be disregarded when considering a summary judgment motion.

*In Re Lake Country Investments v. Esposito*, 255 B.R. 588 (D. Id. 2000), quoting *Grzybowski v.*

---

[2]If an attorney chooses to testify regarding contested, substantive matters, he must withdraw as trial counsel. D.R. 5-102(A) and (B).

1

*Aqaside "N' Dive Corp.*, 85 B.R. 545, 548 (9th Cir. BAP, 1987). Also see, *Sperle v. Michigan Dept. Of Corrections*, 297 F.3d 483, 495 (6th Cir. 2002); *Automatic Radio Mfg. Co. v. Hazeltime Research, Inc.,* 339 U.S. 827, 831 (1950) (Matters that the declarant *believes* are true, but does not *know* are true, are not proper.)

   3. The Declaration does not set forth specific "facts as would be admissible in evidence." Rule 56(e); *Doren v. Battle Creek Health Sys.,* 187 F.3d 595, 598-99 (6th Cir. 1999); *Moore v. J.B. Hunt Transport, Inc.*, 221 F.3d 944 (7th Cir. 2000). As such, the facts cannot be: (a) hearsay to which no exception applies, *Sperle,* supra, at 495; *Sarno v. Douglas Elliman-Gibbons & Inves, Inc.*, 183 F.3d 155 (2d Cir. 1999), *U.S. Structures, Inc. V. J.P. Structures, Inc.*, 130 F.3d 1185, 1189 (6th Cir. 1999); *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639 (1988) ("[A] hearsay affidavit is not a substitute for the personal knowledge of a party"); (b) conclusory allegations, *Doren*, supra; *Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1019 (10th Cir. 2002); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990); (c) speculation or conjecture, *Stagman v. Ryan*, 176 F.3d 986, 985 (7th Cir. 1999), cert. denied, 528 U.S. 986 (1999); or (d) settlement communications. Rule 408, Fed. R. of Evidence.

   4. The declarant does not have the personal knowledge sufficient to identify and authenticate the documents referred to in the Declaration. *Orr v. Bank of America*, NT & SA, 285 F.3d 764, 773-74 (9th Cir. 2002); *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000), *cert. denied* 534 U.S. 955 (2001).

> . . . [U]nauthenticated documents constitute hearsay, and hearsay testimony that would not be admissible at trial and cannot be included in a Rule 56(e) affidavit.

*Thomas v. International Bus. Machs.*, 48 F.3d 478, 485 (10th Cir. 1995). There is a good reason for these requirements: the validity of claims is to be determined by admissible, specific facts, not by inadmissible and conclusory allegations in a memorandum or declaration that merely replace the conclusory allegations in the Complaint. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

**B.** **ARGUMENT**

When he filed his Motion For Summary Judgment Defendant Nuss knew that Plaintiffs would not be able to introduce admissible facts sufficient to defeat his motion or the other motions for summary judgment. It was for that reason he made the following request of this Court:

> . . . Nuss respectfully requests that this Court require Plaintiffs to support their assertions and arguments with *facts* rather than with their speculation and theories, as well as with correct citations to the record that actually support the assertions for which they are cited.

Id., p. 6. Plaintiffs memorandum, and the Declaration in particular, make clear that Plaintiffs have not come close to meeting this requirement. Indeed, the numerous deficiencies in the Declaration clearly show that Plaintiffs *cannot* meet this requirement.

Plaintiffs recognized that the record does not include sufficient, admissible facts to support their claims against Defendants. That is why they attempted to cure this fatal problem with the request for admissions they served on each Defendant. (See Ex. 1.) More specifically, Plaintiffs requested that Defendants admit as true the same "facts" as well as admit to the authenticity of the same documents that are set forth in the Declaration. When Defendants properly denied these requests, Plaintiffs attempted to cure the fatal problem by means of the Declaration.

The affidavits filed by Defendants in support of their motions for summary judgment are examples of affidavits executed in compliance with Rule 56(e). More specifically, in their affidavits, both Defendant Nuss and Defendant Schappa affirmatively state that the matters to which they are attesting are "based on [their] personal knowledge." Further, it is clear that the content of both affidavits is based on their personal knowledge, and neither Nuss nor Schappa attempt to introduce inadmissible facts to support their respective motions.

The Declaration must be stricken for the following reasons:

1.      Gerhardstein has not shown affirmatively, and cannot show affirmatively, that he is competent to testify to the matters stated in the Declaration. Gerhardstein is not competent as that word is used in Rule 56(e) because he is trial counsel for Plaintiffs and the content of his Declaration relates to contested, substantive issues.[3]

---

[3] Defendants point out that Gerhardstein filed a motion to quash the deposition subpoena served on him in this case (Doc. 197) on the grounds that, as Plaintiffs' trial counsel, his deposition could not be taken and he could not be forced to testify. Now he is Plaintiffs' most important witness.

3

    2.    Gerhardstein does not state in the Declaration that he has personal knowledge of the matters stated in the Declaration.  Moreover, the Declaration itself makes clear that Gerhardstein does not have *any* personal knowledge of most, if not all, of those matters.

    3.    By his Declaration Gerhardstein does not set forth "specific facts."  The "Summary Chart Of Evidence Available To Chief Nuss and Schappa" in the Declaration is in reality a summary of Plaintiffs' and their attorneys' speculations, conclusions and opinions.  It is not evidence.

    4.    Many of the "facts" set forth in the Declaration are hearsay or even double and triple hearsay, conclusory allegations, and speculations.  For example, on page four of the Declaration one of the "facts" set forth is that "Al [Schuholz] told Bill Bryant that he had tried to kill Marie [Schuholz] before."  In other words, for the purpose of trying to establish that Albert Schuholz had tried to kill Marie Schuholz prior to May 8, 1981, Plaintiffs attempt to introduce through *Gerhardstein* a statement allegedly made by Mr. *Bryant* to *someone else* that Mr. *Schuholz* had allegedly told *Mr. Bryant* that he *[Schuholz]* had tried to kill Mrs. Schuholz.

    5.    Many of the documents "identified" and relied upon in the Declaration are documents of which Gerhardstein has no personal knowledge.  For example, page seven of the Declaration consists of Gerhardstein's "summary of facts" found in document that Gerhardstein *speculates* is a statement made by Marie Schuholz that he *further speculates* was made to her attorney.  ("Marie Statement [to attorney?].")

    6.    Some of the documents relied on and referred to by Gerhardstein are communications between Plaintiffs' former counsel, Jay Clark, and the city's attorney that are irrelevant and are part of settlement discussions.  For example, Exhibits J and K are letters of July 20, 2000 that not only do not relate to any issue in this case (they relate to the termination of Sharonville police officer Dale Dorning); they are communications in which the possible settlement of Mr. Dorning's alleged claims against Defendant City of Sharonville is the topic.  Those documents are not admissible at trial for several reasons, including the restrictions of Rule 408, Federal Rules of Evidence.

In short, the Declaration is deficient in just about every possible way a declaration can be deficient, and, as such, it must be stricken.

**C.**    **CONCLUSION**

    For the reasons stated above, the Declaration must be stricken.

Respectfully submitted,

s/Brian E. Hurley
Brian E. Hurley (0007827)
Robert J. Gehring (0019329)
Crabbe, Brown & James LLP
Attorneys For Defendant William Nuss
30 Garfield Place, Suite 740
Cincinnati, Ohio 45202-4359
(513) 784-1525 - telephone
(513) 784-1250 - facsimile
Bhurley@cbjlawyers.com
Rgehring@cbjlawyers.com

s/Randolph H. Freking
Randolph H. Freking, Esq. 0009158
Freking & Betz
Counsel For Defendant Cramer
215 East Ninth Street, 5th Floor
Cincinnati, Ohio 45202
(513) 721-1975 - telephone
(513) 651-2570 - facsimile
email: randy@frekingandbetz.com

s/Lawrence E. Barbiere
Lawrence E. Barbiere, Esq. 0027106
Schroeder, Maundrell, Barbiere & Powers
Counsel For Defendants Schappa and City
 of Sharonville
119 Mason Road, Suite 110
Cincinnati, Ohio 45249-3703
(513) 583-4210 - telephone
(513) 583-4203 - facsimile
email: lbarbiere@schroederlaw.com

        s/Thomas T. Keating
        Thomas T. Keating, Esq. (0011359)
        Keating, Richie & Swick
        Counsel For Defendants Schappa and City
         of Sharonville
        8050 Hosbrook, Suite 200
        Cincinnati, Ohio 45236
        (513) 891-1530 - telephone
        (513) 891-1537 - facsimile
        tkeating@krslawyers.com

## CERTIFICATE OF SERVICE

  I hereby certify that on April 1, 2005, a copy of the forgoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties my access this filing through the Court's system.

         s/Brian E. Hurley
        Brian E. Hurley

\\theserver\firmdocs\NUSS\jtmtstrikedec.wpd