UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA KAMMEYER, et al.    :    Case No. 1:01cv00649
                                  (Spiegel, J., Magistrate Hogan)
      Plaintiffs              :

vs.                          :

JAMES CRAMER, et al.         :

      Defendants              :

### DEFENDANT, CITY OF SHARONVILLE'S
### RESPONSES TO REQUEST FOR ADMISSIONS

Comes now defendant, City of Sharonville, by and through counsel, and for its Responses to Request for Admissions, states as follows:

#### Requests for Admissions

1.    Admit that Albert Schuholz caused the murder of Marie Schuholz.

**RESPONSE:** DENIED. The City of Sharonville through its police department has diligently investigated the murder of Marie Schuholz and ultimately obtained an indictment against Albert Schuholz for that murder. However, pursuant to Ohio law, and the United States Constitution, Albert Schuholz is innocent until proven guilty. Since Schuholz has not yet been tried and found guilty, the City of Sharonville must deny this Request for Admission.

2.    Admit that Albert Schuholz caused the murder of Starla Burns.

**RESPONSE:** DENIED. The City of Sharonville through its police department has diligently investigated the murder of Marie Schuholz and ultimately obtained an indictment against Albert Schuholz for that murder. However, pursuant to Ohio law, and the United States Constitution, Albert Schuholz is innocent until proven guilty. Since Schuholz has not yet been tried and found guilty, the City of Sharonville must deny this Request for Admission.

3.    Admit that Albert Schuholz is responsible for the murder of Marie Schuholz.

**RESPONSE:** DENIED. The City of Sharonville through its police department has diligently investigated the murder of Marie Schuholz and ultimately obtained an indictment against Albert Schuholz for that murder. However, pursuant to Ohio law, and

the United States Constitution, Albert Schuholz is innocent until proven guilty. Since Schuholz has not yet been tried and found guilty, the City of Sharonville must deny this Request for Admission.

4. Admit that Albert Schuholz is responsible for the murder of Starla Burns.

**RESPONSE:** DENIED. The City of Sharonville through its police department has diligently investigated the murder of Marie Schuholz and ultimately obtained an indictment against Albert Schuholz for that murder. However, pursuant to Ohio law, and the United States Constitution, Albert Schuholz is innocent until proven guilty. Since Schuholz has not yet been tried and found guilty, the City of Sharonville must deny this Request for Admission.

5. Admit the authenticity of each separate document listed in the summary chart below.

**RESPONSE:** DENIED. This defendant cannot admit the authenticity of each separate document listed in the summary chart below because some documents are mislabeled. This defendant will admit the authenticity of the documents contained within the police files which have been filed with the Court. This defendant does not admit to the truth of any statements contained within the documents and does not admit to their admissibility as evidence.

6. For each separate document dated prior to December 31, 1982 listed in the summary chart below, admit it was available to James Cramer as of December 31, 1982.

**RESPONSE:** DENIED. Defendant City of Sharonville does not know what Plaintiff means by the word "available," and for that reason, does not understand what he is being asked to admit. However, Defendant City of Sharonville admits that, as a detective employed by the City of Sharonville between May 8, 1981 and December 31, 1982, Defendant Cramer had access to each document that was in the City's Schuholz/Burns murder investigation file during that period of time.

7. Admit each separate fact listed in the left column of the chart below.

### OBJECTION NO. 1

Fed.R.Civ.P. 36 (Rule 36) provides in pertinent part that "[e]ach matter of which an admission is requested shall be specifically set forth." Moreover, "[a]ll facts that are part of the request should be set forth in the request - it is improper to incorporate facts by reference to the text." Federal Civil Rule Handbook, 2004, Baicker-McKee, Janssen, Corr, p. 689. Requests for Admission Nos. 7-9 are not in the form required by Rule 36. First, none of the "facts" for which Plaintiffs seek an admission are set forth in the requests. Second, Plaintiffs improperly incorporate those "facts" by reference. Third, those "facts" are, for the most part, not "facts." They appear to be Plaintiffs' summaries and characterizations of parts of documents, many of which are inaccurate, misleading and/or taken out of context.

### OBJECTION NO. 2

As stated above, the "facts" for which Plaintiffs seek an admission appear to be Plaintiffs' summaries and characterizations of parts of documents, many of which are inaccurate, misleading and/or taken out of context. Those documents speak for themselves.

### OBJECTION NO. 3

Defendant City of Sharonville is not able to admit or deny the "facts" Plaintiffs have incorporated in these requests. The most Defendant City of Sharonville can do is state that the "facts" appear to be Plaintiffs' summaries and characterizations of parts of documents, many of which are inaccurate, misleading and/or taken out of context. Rule 36 does not require Defendant City of Sharonville to admit or deny the accuracy of those summaries and characterizations.

### OBJECTION NO. 4

The requests are so vague and ambiguous that they improperly cast upon the Defendant City of Sharonville the burden of determining what it is being asked to admit. In some instances that task is impossible, and in others Defendant City of Sharonville would be forced to guess at what it is being asked to admit.

### OBJECTION NO. 5

Responding to these requests will be unduly burdensome and expensive

**RESPONSE:**     DENIED, for the reasons set forth in the objections.


8.     Admit that each separate factual allegation listed in the left column was known to James Cramer by December 31, 1982.

### OBJECTION NO. 1

Fed.R.Civ.P. 36 (Rule 36) provides in pertinent part that "[e]ach matter of which an admission is requested shall be specifically set forth." Moreover, "[a]ll facts that are part of the request should be set forth in the request - it is improper to incorporate facts by reference to the text." Federal Civil Rule Handbook, 2004, Baicker-McKee, Janssen, Corr, p. 689. Requests for Admission Nos. 7-9 are not in the form required by Rule 36. First, none of the "facts" for which Plaintiffs seek an admission are set forth in the requests. Second, Plaintiffs improperly incorporate those "facts" by reference. Third, those "facts" are, for the most part, not "facts." They appear to be Plaintiffs' summaries and characterizations of parts of documents, many of which are inaccurate, misleading and/or taken out of context.

### OBJECTION NO. 2

As stated above, the "facts" for which Plaintiffs seek an admission appear to be Plaintiffs' summaries and characterizations of parts of documents, many of which are inaccurate, misleading and/or taken out of context. Those documents speak for themselves.

### OBJECTION NO. 3

Defendant City of Sharonville is not able to admit or deny the "facts" Plaintiffs have incorporated in these requests. The most Defendant City of Sharonville can do is state that the "facts" appear to be Plaintiffs' summaries and characterizations of parts of documents, many of which are inaccurate, misleading and/or taken out of context. Rule 36 does not require Defendant City of Sharonville to admit or deny the accuracy of those summaries and characterizations.

### OBJECTION NO. 4

The requests are so vague and ambiguous that they improperly cast upon the Defendant City of Sharonville the burden of determining what it is being asked to admit. In some instances that task is impossible, and in others Defendant City of Sharonville would be forced to guess at what it is being asked to admit.

### OBJECTION NO. 5

Responding to these requests will be unduly burdensome and expensive

**RESPONSE:** DENIED, for the reasons set forth in the objections.


9. Admit that each separate factual allegation listed in the left column was available to James Cramer by December 31, 1982.

### OBJECTION NO. 1

Fed.R.Civ.P. 36 (Rule 36) provides in pertinent part that "[e]ach matter of which an admission is requested shall be specifically set forth." Moreover, "[a]ll facts that are part of the request should be set forth in the request - it is improper to incorporate facts by reference to the text." Federal Civil Rule Handbook, 2004, Baicker-McKee, Janssen, Corr, p. 689. Requests for Admission Nos. 7-9 are not in the form required by Rule 36. First, none of the "facts" for which Plaintiffs seek an admission are set forth in the requests. Second, Plaintiffs improperly incorporate those "facts" by reference. Third, those "facts" are, for the most part, not "facts." They appear to be Plaintiffs' summaries and characterizations of parts of documents, many of which are inaccurate, misleading and/or taken out of context.

## OBJECTION NO. 2

As stated above, the "facts" for which Plaintiffs seek an admission appear to be Plaintiffs' summaries and characterizations of parts of documents, many of which are inaccurate, misleading and/or taken out of context. Those documents speak for themselves.

## OBJECTION NO. 3

Defendant City of Sharonville is not able to admit or deny the "facts" Plaintiffs have incorporated in these requests. The most Defendant City of Sharonville can do is state that the "facts" appear to be Plaintiffs' summaries and characterizations of parts of documents, many of which are inaccurate, misleading and/or taken out of context. Rule 36 does not require Defendant City of Sharonville to admit or deny the accuracy of those summaries and characterizations.

## OBJECTION NO. 4

The requests are so vague and ambiguous that they improperly cast upon the Defendant City of Sharonville the burden of determining what it is being asked to admit. In some instances that task is impossible, and in others Defendant City of Sharonville would be forced to guess at what it is being asked to admit.

## OBJECTION NO. 5

Responding to these requests will be unduly burdensome and expensive

**RESPONSE:**       DENIED, for the reasons set forth in the objections.

Lawrence E. Barbiere (0027106)
*Attorney for Defendants, City of Sharonville, Ohio and Mike Schappa*
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
11935 Mason Road, Suite 110
Cincinnati, OH 45249-3703
(513)583-4200
(513)583-4203[fax]
lbarbiere@smbplaw.com

OF COUNSEL:

Michael E. Maundrell (0027110)
**SCHROEDER, MAUNDRELL, BARBIERE & POWERS**
11935 Mason Road, Suite 110
Cincinnati, OH 45249
(513) 583-4200

Thomas T. Keating, Esq.
Keating, Ritchie & Swick
200 Whitehall Park
8050 Hosbrook Road
Cincinnati, OH 45236
*Attorney for Defendant, City of Sharonville*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this 28th day of February, 2005, upon: Alphonse A. Gerhardstein, Esq., *Attorney for plaintiffs*, Leslie E. Ghiz, Esq., *Attorney for Defendant Cramer*, Brian E. Hurley, Esq., *Attorney for Defendant Nuss*.

_____
Lawrence E. Barbiere