U.S. DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **PATRICIA KAMMEYER, et al.** | : | Case No. C-1-01-649 |
| | : | |
| Plaintiffs, | : | (Judge Speigel) |
| | : | |
| vs. | : | |
| | : | **REPLY IN SUPPORT OF JOINT** |
| **CITY OF SHARONVILLE, OHIO, et al.** | : | **MOTION OF NORTH EAST** |
| | : | **INSURANCE COMPANY,** |
| Defendants. | : | **SCOTTSDALE INSURANCE** |
| | : | **COMPANY, FOLKSAMERICA** |
| | : | **REINSURANCE COMPANY, OHIO** |
| | : | **GOVERNMENT RISK** |
| | : | **MANAGEMENT PLAN AND** |
| | : | **UNITED NATIONAL INSURANCE** |
| | : | **COMPANY TO INTERVENE** |
| | : | |

North East Insurance Company, Scottsdale Insurance Company, Folksamerica Reinsurance Company, Ohio Government Risk Management Plan and United National Insurance Company ("the Insurers") have sought limited intervention under Civil Rule 24 and have set forth in their motion each of the required elements for intervention as a matter of right or, alternatively, for permissive intervention. The objections and concerns raised by other parties to this action are not sufficient to prevent intervention under Civil Rule 24.

### The Motion to Intervene Was Timely Filed

Defendants Sharonville and Schappa argue that the Motion to Intervene is not timely; however, the only case they cite is the dissent *Schmidlin v. D&V Enterprises* (Cuyahoga App., June 1, 2000), Ohio App. LEXIS 2336, where the majority reversed the trial court's denial of the motion to intervene as an abuse of discretion where the motion was filed sixteen days prior to trial. The majority opinion in *D&V* is consistent with the authorities cited in the Insurers' initial motion. *See e.g., Tomcany v. Range Constr.*, 2004-Ohio-5314 (Ohio Ct. App. 11th Dist., 2004)(attached

to Motion as Exhibit B); *Alhamid v. Great Amer. Ins. Co.*, 2003-Ohio-4740 (Ohio Ct. App. 7th Dist., 2003)(attached to Motion as Exhibit C).

The Insurers do not seek intervention for the purposes of conducting discovery, filing dispositive motions, or presenting evidence or arguments at trial. The Insurers merely seek intervention to protect their interests in the event issues pertinent to the pending state court declaratory judgment action are presented to the jury. As such, based on the case law cited by both parties, the Motion to Intervene is timely.

### Potential Impairment of the Insurers' Interests

As set forth more fully in the Motion to Intervene, because the doctrine of collateral estoppel may apply to any issues decided by the jury, it is clear that the Insurers have substantial legal interests in the facts that may be determined by the jury. The Ohio Supreme Court's decision in *Howell v. Richardson*, 45 Ohio St.3d 365, syllabus 1 (1989), confirms that the Insurers have a substantial interest in any decisions reached by the jury that bear upon the factual determinations at issue in the state court declaratory judgment action.[1] *See also, Toledo Area Constr. Workers Health & Welfare Plan v. Lewis*, 1998 U.S. Dist LEXIS 21759 (N.D. Ohio 1998)(attached to Motion as Exhibit D).

Defendants, in their opposition to the motion to intervene, have argued that the Insurers should be required to stipulate in some fashion that all aspects in this litigation have a collateral estoppel effect on the pending coverage litigation in state court. That issue, however, cannot be determined carte blanche before trial, the actual submission of instructions or interrogatories to the jury and jury verdict. Whether there would be any collateral estoppel effect on the state court's coverage litigation will depend upon what specific instructions are given to the jury, what the jury verdict forms

---

[1] The *Howell* Court held that "inasmuch as [the insurer] possessed a contractual relationship with [the insured tortfeasor] and, in any event, could have intervened in the prior proceeding, it is precluded from relitigating the issue of [its insured's] mental state," which was a factual issue relevant to the declaratory judgment action. *Id*. at 367.

2

specifically have the jury determine, and what jury interrogatories are presented which may explain those jury determinations. The parties involved in the coverage litigation can only make this determination in light of what is specifically presented to the jury, and how those issues are answered by the jury. Collateral estoppel could only apply to specific and non-ambiguous findings of the jury on facts relevant to the coverage issues. It is simply premature to make any conclusive determination on the application of collateral estoppel at this time.

### The Insurers' Interests Are Not Adequately Protected By Defense Counsel

Moreover, despite Defendants Sharonville's and Schappa's assertions, Defendants' and the Insurers' interests are not the same. While it is true that the Insurers agree that Defendants are not liable to Plaintiffs, the purpose of the proposed intervention is unrelated to the defense against Plaintiffs' claims. Instead, intervention is sought solely for the purpose of protecting the Insurers' ability to participate in molding jury instructions, jury interrogatories and verdict forms which pertain to the coverage dispute between Defendants and the Insurers. The Insurers do not propose to intervene to present jury instructions, jury interrogatories and verdict forms which are merely duplicative to those which will be submitted by Defendants (or Plaintiffs, for that matter). Defendants' counsel may not be ethically permitted to submit jury instructions, jury interrogatories and verdict forms as desired by the Insurers if such would compromise their clients' positions in the state court declaratory judgment action. Thus, the Insurers' interests in this matter could be substantially impaired if intervention is not allowed and ethical guidelines prevent the existing parties from being able to guarantee that they will adequately represent the Insurers' interests. As such, intervention is proper. *See Linton v. Commissioner of Health and Environment*, 973 F.2d 1311, 1319 (6th Cir. 1992).

## Intervention Would Not Prejudice The Existing Parties

Finally, to deny intervention would unduly prejudice the Insurers, while allowing intervention would not prejudice the existing parties. The Insurers do not want their involvement made known to the jury, and the Insurers agree with Defendants that informing the jury of the Insurers' limited involvement would be prejudicial error. As the Insurers' participation will be limited to the presentation of jury instructions, jury interrogatories and verdict forms, only in pretrial proceedings and the charge conference, there will be no need to inform the jury at any time of the Insurers' limited role.

Additionally, the Insurers will not be seeking to have the jury make any determination that would not be relevant in the claims asserted in the current litigation. No extraneous questions will be asked which would mislead the jury in determining what issues they are deciding. The Insurers envision that any jury instructions or interrogatories which they request will only be to add greater specificity and detail to general findings already being made by the jury in deciding the current litigation between the parties.

With regard to the Defendants' request that the Insurers submit their proposed jury instructions, jury interrogatories and verdict forms now, the Insurers respectfully submit that it is impossible to do so. Until evidence is presented at trial, the issues which will be actually presented to the jury are known and the parties submit their proposed jury instructions, jury interrogatories and verdict forms, the Insurers are unable to determine what, if any, issues will require their input. In fact, prior to filing this motion to intervene, the Insurers asked the Defendants to present to them their own proposed jury instructions, jury interrogatories and verdict forms. Defendants indicated that it would not be possible to do so at this point in the case until

issues are further crystallized in the last few weeks before trial. Furthermore, Defendants have not presented any law that requires a proposed intervenor to do so.

While the Insurers cannot present specific verdict forms, interrogatories or jury instructions at this point, they can explain further to the Court how such determinations may affect coverage. For instance, there are currently several different causes of action in the present case. Because there are different coverage issues related to the different causes of action asserted, the Insurers will request that the jury specifically state which causes of action any award is based upon and the amount of damages awarded for that particular cause of action. Within each of these potential different awards, there are also different coverage issues that may relate to damages being sought. Therefore, the Insurers will need to know for any of the claims upon which a jury verdict is rendered in favor of Plaintiffs what damages are being specifically awarded. For instance, did the jury award damages specifically for a lost inheritance or mental distress and, if so, in what amounts? The Insurers would also would need to have any jury verdict and award of damages specify when Plaintiffs suffered the damages upon which the award is based.

Until the pending summary judgment motions are decided and a determination is made as to what, if any, claims remain and against which parties, and the Insurers see the jury instructions proposed by Plaintiffs and Defendants, the Insurers cannot be more specific as to what in particular they would request.

### The Motion To Intervene Should Be Granted

The Motion to Intervene is timely, the Insurers have substantial legal interests in the subject matter of the case, their ability to protect those interests may be impaired without intervention and their interests may not be adequately represented by the present parties to the action. Moreover, the Insurers may be prohibited from re-litigating any determinations reached

by this jury, and intervention will not unduly delay or prejudice the parties to this matter. Accordingly, North East Insurance Company, Scottsdale Insurance Company, Folksamerica Reinsurance Company, Ohio Government Risk Management Plan and United National Insurance Company respectfully request that this Court allow them to intervene in this matter.

    Respectfully submitted,

/s/ K. Roger Schoeni_____
K. Roger Schoeni (0004812)
Kimberly A. Zamary (0072574)
KOHNEN & PATTON LLP
201 East Fifth Street
PNC Center, Suite 800
Cincinnati, OH 45202
(513) 381-0656 or Fax (513) 381-5823
rschoeni@kohnenpatton.com
kzamary@kohnenpatton.com
Counsel for North East Insurance Co.


/s/ Alan H. Abes_____
Alan H. Abes, Esq. (0062423)
Susan Luken, Esq. (0075267)
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
(513) 977-8200; Fax (513) 977-8141
Attorneys for Folksamerica Reinsurance Company


/s/ Holly M. Wilson_____
Clifford C. Masch, Esq. (0015737)
Holly M. Wilson, Esq. (0074291)
Reminger & Reminger LPA
1400 Midland Building
101 Prospect Avenue West
Cleveland, Ohio  44115-1093
(216) 430-2238; Fax (216) 687-1841
Attorneys for United National Insurance Company

/s/ Brian Wildermuth
Nicholas E. Subashi (0033953)(Counsel of record)
Brian L. Wildermuth  (0066303)
Law Office of Nicholas E. Subashi
The Oakwood Building
2305 Far Hills Avenue
Dayton, Ohio  45419
(937) 534-0500; Fax (937) 534-0505
lawoffices@nesubashi.com
bwildermuth@nesubashi.com
Attorneys Scottsdale Insurance Company


/s/ Michael Sanderson
Michael Sanderson (0008521)
Shumaker, Loop & Kendrick LLP
1000 Jackson Street
Toledo, Ohio  43624
Attorney for Ohio Government
  Risk Management Plan

Case 1:01-cv-00649-SAS    Document 262    Filed 04/06/2005    Page 7 of 8

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing has been served by via electronic mail or regular U.S. mail this 6th day of April, 2005 upon:

Kevin L. Swick, Esq.
Thomas T. Keating, Esq.
Keating, Ritchie & Swick
8050 Hosbrook, Suite 200
Cincinnati, OH 45326
Attorneys for City of Sharonville, Ohio, et al.

Thomas P. Dillon, Esq.
Shumaker, Loop & Kendrick LLP
1000 Jackson Street
Toledo, OH 43624
Attorney for Ohio Government Risk Management Plan

Alan H. Abes, Esq.
Susan Luken, Esq.
Dinsmore & Shohl LLP
255 East Fifth Street
Suite 1900
Cincinnati, OH 45202
Attorneys for Folksamerica Reinsurance Company

Clifford C. Masch, Esq.
Holly M. Wilson, Esq.
Reminger & Reminger LPA
1400 Midland Building
101 Prospect Avenue West
Cleveland, OH 44115-1093
Attorneys for United National Insurance Company

Nicholas E. Subashi, Esq.
Brian Wildermuth, Esq.
Law Office of Nicholas E. Subashi
The Oakwood Building
2305 Far Hills Avenue
Dayton, OH 45419
Attorneys for Scottsdale Insurance Company

Brian E. Hurley, Esq.
Robert J. Gehring, Esq.
Crabbe, Brown & James LLP
30 Garfield Place, Suite 740
Cincinnati, Ohio 45202
Attorneys for Defendant William Nuss

Alphonse A. Gerhardstein, Esq.
Paul Laufman, Esq.
617 Vine Street, Suite 1409
Cincinnati, OH 45202
Attorneys for Plaintiffs

Lawrence E. Barbiere, Esq.
Schroder, Maundrell, Barbiere & Powers
119 Mason Road, Suite 110
Cincinnati, OH 45249-3703
Attorney for Defendants Schappa and City of Sharonville

Randolph H. Freking, Esq.
Freking & Betz
215 E. Ninth Street, 5th Floor
Cincinnati, OH 45202
Attorney for Defendant Cramer

               /s/ K. Roger Schoeni_____
               K. Roger Schoeni

220106.1
04/04/2005