UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA KAMMEYER, et al.** | : | Case No. C-1-01-649 |
| | : | |
| Plaintiffs | : | Spiegel, J. |
| | : | |
| vs. | : | **PLAINTIFFS' MOTION FOR A** |
| | : | **PROTECTIVE ORDER TO** |
| **CITY OF SHARONVILLE, et al.** | : | **EXCLUDE THE PUBLIC FROM** |
| | : | **CERTAIN PORTIONS OF THE** |
| Defendants | : | **TRIAL OF THIS CASE AND** |
| | : | **MEMORANDUM IN SUPPORT** |
| | : | |

## MOTION

Pursuant to Federal Rule of Civil Procedure 26(c) the plaintiffs respectfully request that this Court enter a protective order governing the access of the press and other members of the public to the trial of this case. This motion was circulated to all defendants in an effort to obtain their consent to jointly making this motion. While no opposition has been raised, no defendant has yet consented to joining in this motion. A memorandum in supported is set forth below.

## MEMORANDUM

### I. Introduction

Since the early stages of this litigation, this Court has entered protective orders sealing documents the public disclosure of which might jeopardize the future prosecution of Albert Schuholz. These documents will likely be relied upon by the Court in its adjudicating of pending summary judgment motions. Further, proof of Plaintiffs' claims—and perhaps, Defendants' defenses—will require the testimony of witnesses who will refer to these documents. The Court has remained committed throughout this litigation to protecting the ultimate criminal prosecution of Schuholz for the murders of Marie Wright and Starla Burns. To that end, the plaintiffs request

that the Court enter a protective order permitting counsel for either party to request that the courtroom be closed to the public during the time that information from the sealed documents will be the subject of testimony.[1]

## II. The Law On Access To Civil Trials

The seminal Sixth Circuit case governing the power of a district court to restrict access to civil trials is *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165 (6th Cir. 1983). In that case, while rejecting the parties' efforts to keep certain documents sealed, the court recognized that "[u]nder the common law, certain content-based exceptions to the right of access have been developed to protect competing interests." *Id.* at 1179. Extending the reasoning of *Brown & Williamson*, the Third Circuit has articulated a stringent test for restricting access to portions of a civil trial:

> Although the right of access to civil trials is not absolute, nevertheless, as a First Amendment right it is to be accorded the due process protection that other fundamental rights enjoy. *Accord, Globe Newspaper Co. v. Superior Court,* 457 U.S. at 606, 102 S.Ct. at 2620; *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. at 581, n. 18, 100 S.Ct. at 2830, n. 18; *see also Tavoulareas v. Washington Post Co.,* 724 F.2d 1010, 1017 (D.C.Cir.1984); *Brown & Williamson Tobacco Corp. v. F.T.C.,* 710 F.2d at 1179. Therefore, to limit the public's access to civil trials there must be a showing that the denial serves an important governmental interest and that there is no less restrictive way to serve that governmental interest. *Globe Newspaper Co. v. Superior Court,* 457 U.S. at 606-07, 102 S.Ct. at 2620-21; *Brown & Williamson Tobacco Corp. v. F.T.C.,* 710 F.2d at 1179.
>
> In addition, there are certain exceptions to the presumptive openness of judicial proceedings. *Nixon v. Warner Communications, Inc.,* 435 U.S. at 598, 98 S.Ct. at 1312; *Brown & Williamson Tobacco Corp. v. F.T.C.,* 710 F.2d at 1179. The party seeking the closure of a hearing or the sealing of a transcript bears the burden of showing that the material is the kind of

---

[1] Although the parties may agree that the information contained in the sealed documents should be protected from public disclosure, this Court has a duty to independently examine the justifications for closing portions of the upcoming civil trial to the public and maintaining its orders that these records be sealed. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (criticizing district court for "abdicat[ing] its responsibility . . . to determine whether filings should be made available to the public").

2

> information that courts will protect and that there is good cause for the order
> to issue.

*Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1070-71 (3d Cir. 1984). Unsurprisingly, decisions regarding whether to exclude the public from portions of a civil trial comprise a fairly small body of law. The Sixth Circuit has not adopted a clear standard for deciding whether to grant protective orders such as the one sought in the present case. The Supreme Court has applied strict scrutiny to state court decisions restricting access to criminal trials. *See Press-Enterprise Co. v. Superior Court of Calif.,* 464 U.S. 501, 510 (1984) (in the context of a criminal trial, "[t]he presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered"); *Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596, 606-07 (1982) (criminal trial may only be closed to public where such closure is based on compelling government interest and the closure is narrowly tailored to serve that interest). While the Supreme Court has not examined this issue in the context of civil trials, it has noted the historical presumption of openness attendant to both civil and criminal trials. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980).

If the standard set out for access to criminal trials applies, this Court must determine whether (a) the requested relief is justified by a compelling interest, and (b) the relief granted is narrowly tailored to serve that interest. As set forth within, the plaintiffs' motion satisfies both of these criteria.

**III. Application Of Strict Scrutiny To This Case**

In this case, the sealed documents pertain to the criminal investigation of the deaths of Marie Wright and Starla Burns. The murders took place in 1981 and Albert Schuholz was

indicted for these murders in 1999.  The Hamilton County Prosecutor's Office has placed a "holder" on Mr. Schuholz so that when he has finished serving a federal sentence on an unrelated charge, he will be delivered to the custody of the State of Ohio.  *See, e.g., In re Deters*, COA Case No. 05-3171 (petition for writ of mandamus).  Throughout the course of this litigation, the sealed documents have been produced by Defendants only as a result of this Court's orders.  (*See* Docs. 40, 51, 64, 79, 135.)  Each of these orders has carefully kept these documents from becoming public records, and has placed stringent restrictions on counsel's and the parties' access to them.

As the Fourth Circuit has recently noted, "the integrity of an ongoing law enforcement investigation" is a compelling government interest.  *Virginia Dep't of State Police v. The Washington Post*, 386 F.3d 567, 579 (4th Cir. 2004) (holding that protecting law enforcement investigatory records is a compelling interest, but finding that under the facts of the case, the disputed documents had previously been disclosed to the public and therefore did not implicate that interest).  This conclusion is in accord with Ohio state law on documents pertaining to ongoing investigatory proceedings.  Absent a waiver, such documents are, for instance, exempt from disclosure under Ohio's Public Records Act.  Ohio Rev. Code § 149.43(h).  Through its earlier protective orders limiting access to the sealed documents, this Court has implicitly recognized that public dissemination of these documents could jeopardize the State of Ohio's ability to successfully prosecute Mr. Schuholz.  This Court should now explicitly find that public access to these documents could also disrupt the prosecution of Mr. Schuholz.  Guarding against such a harm—the possibility that a double murderer would go unpunished for his crime—is clearly a compelling interest.

4

Upon a finding that prohibiting the public from being present during testimony and argument pertaining to the sealed records, this Court must also craft a remedy that is narrowly tailored. Therefore, the plaintiffs do not request that the Court bar the public from the entire trial. Instead, as explained in Part IV, *infra*, this Court should make a witness-by-witness determination. Other than barring the public from certain portions of the trial, no other means exists to prevent the public dissemination of the information in the sealed records.

## IV. The Procedure For Closing The Courtroom

The Sixth Circuit has established the procedure to be followed when restricting the public's access to judicial proceedings and documents:

> In order to protect this right to be heard, the most reasonable approach would be to require that motions to seal be docketed with the clerk of the district court. The records maintained by the clerk are public records. If a party moves to seal a document, or the entire court record, such a motion should be made sufficiently in advance of any hearing on or disposition of the [motion to seal] to afford interested members of the public an opportunity to intervene and present their views to the court. The district court should then allow interested members of the public a reasonable opportunity to present their claims, without causing unnecessary or material delay in the underlying proceeding.

*In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 475-76 (6th Cir. 1983). The instant motion and memorandum is being filed 33 days prior to trial, and is instantly docketed by the court's electronic case-filing system. This is sufficient notice to permit members of the media or the public to file objections to the requested protective order.[2]

The plaintiffs propose that in its order granting a protective order, the Court order that the following procedure be followed in maintaining the confidentiality of the sealed documents:

---

[2] The Sixth Circuit has explicitly rejected the suggestion that a district court has an obligation to specifically notify members of the press prior to entertaining motions to close the proceedings to the public. *United States v. Criden*, 675 F.2d 550, 560 (6th Cir. 1982) ("We believe that such a procedure, whereby the district court personnel act as 'stringers' for the press, is unworkable. Nor are we convinced that publication in an appropriate legal publication would serve as better notice than a docket entry.").

5

1. Before asking a witness a question or series of questions that is reasonably likely to calculate a response that will reference information in the sealed documents, counsel shall request a sidebar conference.

2. At the sidebar conference, counsel shall inform the Court that he or she is about to engage in an examination or cross-examination of the witness that will require disclosure of information in the sealed documents, or introduction of those documents into evidence. Counsel will briefly describe to the Court, at sidebar on the record, the nature of the disclosure that may result from his or her questions.

3. On the record, the Court will make a determination as to whether the questions are likely to yield responses that would disclose information in the sealed records. The Court will announce this finding to all those present in the courtroom.

4. If the Court finds that the questions are likely to yield responses that disclose information in the sealed documents, the Court will instruct the US Marshals to clear and close the courtroom of all spectators.

5. The Court will instruct the court reporter that the ensuing testimony is to be provisionally sealed.[3]

6. Once counsel has completed his or her question or series of questions that implicate material from the sealed documents, he or she will so inform the Court. The Court will then instruct the US Marshals to again allow the public to enter the courtroom.

7. If upon the conclusion of the witness's testimony it is immediately apparent to the Court that the witness did not reference materials in the sealed documents, the Court will immediately instruct the court reporter that the testimony that had been provisionally

---

[3] *See In re Reporters Committee for Freedom of the Press*, 773 F.2d 1325, 1339 (D.C. Cir. 1985) (stating that "courts have uniformly approved the practice of provisionally sealing documents pending assessment of justification for a request to seal").

6

sealed is not to be sealed. At the end of trial, the Court shall review the transcript and lift the provisional seal from any other testimony it finds does not reference information in the sealed documents. Before doing so, however, the Court will inform the parties of its intentions and give them opportunity to object to the proposed unsealing of any portion of the record.

8. The parties will also have to be vigilant regarding their opening and closing statements. A process will have to be set up for that, as well.

The procedure described above for protecting the confidentiality of the investigatory records are the least restrictive means of securing the compelling interest in protecting the State of Ohio's ability to prosecute Mr. Schuholz. It permits the Court to make a witness-by-witness determination of whether testimony will reveal sealed documents. It permits the public to view as much of the trial as does not implicate the sealed documents. There is no other means for the trial of Plaintiffs' claims to go forward while simultaneously ensuring that the prosecution of the murderer of Marie Wright and Starla Burns is not compromised.

## V. Conclusion

This Court has consistently acknowledged the State of Ohio's interest in bringing Albert Schuholz to trial and has continued to take all necessary steps to assure that his criminal prosecution is not harmed by this action. Entry of a protective order limiting the access of the public to this civil trial will protect not just the plaintiffs' interests, but the public interest as well, as the public is best served by the successful prosecution of a dangerous double-murderer. Accordingly, the plaintiffs' respectfully request that the Court enter a protective order establishing procedures for protecting the confidentiality of the sealed records.

          **Respectfully submitted,**

s/ Alphonse A. Gerhardstein
Alphonse A. Gerhardstein # 0032053
Trial Attorney for Plaintiffs
Paul Laufman  #0066667
Donald R. Caster #0077413
Attorneys for the Plaintiffs
GERHARDSTEIN BRANCH & LAUFMAN CO., LPA
617 Vine Street, Suite 1409
Cincinnati, Ohio 45202
(513) 621-9100
(513) 345-5543 fax
agerhardstein@gblfirm.com
plaufman@gblfirm.com
dcaster@gblfirm.com

## Certificate of Service

I here by certify that on April 7, 2005, the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

          s/ Alphonse A. Gerhardstein
          Alphonse A. Gerhardstein