UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA KAMMEYER, *et al.*,　　　　　　　Case No.  1:01-cv-649

　　　Plaintiffs,　　　　　　　　　　　　　Spiegel, J.
　　　　　　　　　　　　　　　　　　　　　Black, M.J.
vs.

CITY OF SHARONVILLE, *et al.*,

　　　Defendants.


**ORDER: THAT NONPARTY DALE DORNING'S MOTION FOR A PROTECTIVE ORDER (Doc. 223) IS GRANTED IN PART AND DENIED IN PART**

This matter is before the Court on a motion by a nonparty, Dale Dorning, for a protective order (doc. 223).

Mr. Dorning, by counsel, has filed a motion pursuant to Fed. R. Civ. P. 26(b)(2) and 30(d)(2) to prohibit the parties from conducting any further depositions of him.  He states that he has already submitted to more than twenty hours of depositions.[1]

Defendants City of Sharonville, Ohio, Mike Schappa, and William Nuss oppose the motion because they have not yet had an opportunity to depose Mr. Dorning.  (*See* doc. 227).  They ask that they be allowed to take his deposition and agree to limit the deposition to two hours.  (*Id.*)

Plaintiffs oppose the motion for a protective order for the same reason, i.e., that

---

[1] These depositions have been conducted by the attorneys for only one party.

plaintiffs have not yet had a chance to depose Mr. Dorning, and plaintiffs propose that if they are allowed to depose Mr. Dorning, that plaintiffs will limit their portion of the additional deposition to ninety minutes.  (*See* doc. 246).

The parties maintain that Mr. Dorning is a very important fact witness with detailed information that is relevant to this case.  According to the motion for a protective order, Mr. Dorning has been deposed only by counsel for defendant James Cramer.

The procedural rule governing depositions, Fed. R. Civ. P. 30, states in pertinent part that "a deposition is limited to one day of seven hours" but that a court must allow additional time for discovery of relevant evidence and  "for fair examination of the deponent." Fed. R. Civ. P. 30(d)(2); *Condit v. Dunne,* 225 F.R.D. 100, 112 (S.D.N.Y. 2004).  Further, the 2000 Advisory Committee notes to Rule 30(d) clearly state that for good cause shown, the court should enlarge the time limit.  *See Condit,* 225 F.R.D. at 112; *see also* Fed. R. Civ. P. 26(b)(2) (authorizing the Court to alter the limits on the length of depositions under Rule 30).

Insofar as neither the plaintiffs nor defendants City of Sharonville, Ohio, Mike Schappa, and William Nuss have yet had an opportunity to depose Mr. Dorning, and in the absence of any reply from the Mr. Dorning (or his counsel) opposing their requests for additional time in which to depose him, and for good cause shown,

**IT IS HEREIN ORDERED THAT:**

The motion by Dale Dorning for a protective order (doc. 223) is **GRANTED IN**

**PART AND DENIED IN PART**, as follows:

1. Defendants City of Sharonville, Ohio, Mike Schappa, and William Nuss may depose Mr. Dorning, but such deposition **SHALL NOT EXCEED TWO (2) HOURS** in duration.

2. Plaintiffs may depose Mr. Dorning, but such deposition **SHALL NOT EXCEED NINETY (90) MINUTES** in duration.

3. Mr. Dorning is not required to submit to further deposition by any other party in this case.[2]

**IT IS SO ORDERED.**


Date: 4/11/05                                                             s/Timothy S. Black
                                                                          Timothy S. Black
                                                                          United States Magistrate Judge

---

[2] The undersigned is appalled that Mr. Dorning has been subjected to fifteen hours or more of depositions on three separate dates by counsel for one party only (when the Rules provide that a deposition shall not exceed seven hours), and the undersigned is further distressed that Mr. Dorning was apparently promised by the deposing attorney(s) that the final day of deposition would be the last (when such promise was beyond the scope of the promisor's authority). While the undersigned would be inclined to summarily deny further inconveniencing of Mr. Dorning, denying the other parties an opportunity to depose a key witness would appear to be unfair to the parties who have not yet been able to depose Mr. Dorning. Accordingly, given the undersigned's dismay, it is hereby further ORDERED that counsel for Mr. Cramer shall show cause in a writing of five pages or less filed within seven days of entry of this Order why they should not be sanctioned for what appears to be their inappropriate promise and abusive conduct (in derogation, *inter alia*, of the seven hour limit on depositions).