UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA KAMMEYER, *et al.*,       Case No. 1:01-cv-649

    Plaintiffs,      Spiegel, J.
         Black, M.J.
vs.

CITY OF SHARONVILLE, *et al.*,

    Defendants.

**ORDER: (1) THAT DEFENDANT NUSS'S SECOND MOTION TO COMPEL DISCOVERY (Doc. 247) IS GRANTED; AND
(2) THAT DEFENDANT NUSS'S MOTION TO ENFORCE AND FOR SANCTIONS (Doc. 248) IS DENIED**

This matter is before the Court on two motions by defendant Nuss, his second motion to compel discovery (doc. 247) and a motion to enforce prior orders of this Court and for sanctions (doc. 248; *see* docs. 158, 169).

**Background**

On May 11, 2004, the undersigned magistrate judge issued an order granting in part and denying in part defendant Nuss's motion to compel discovery and for sanctions (doc. 136), granting in part and denying in part defendant Cramer's motion to compel discovery (doc. 137), and ordering that certain exhibits be sealed. (*See* doc. 158). That is, plaintiffs were directed to respond to contention interrogatories propounded by defendant Nuss and to respond to defendant Cramer's discovery requests; the requests for sanctions were denied. (*Id.*)

On August 5, 2004, United States District Judge S. Arthur Spiegel issued an order addressing, *inter alia,* the parties' objections to the May 11, 2004 order. (Doc. 169). Judge Spiegel ruled in pertinent part that plaintiffs would not be required to respond to contention interrogatories until the close of discovery. (*See id.* at 12). In all other respects, the magistrate judge's order was affirmed. (*Id.* at 13).

Asserting that plaintiffs have not complied with the Court's orders, defendant Nuss, by counsel, has filed a second motion (doc. 247) to compel plaintiffs to provide more "complete" responses to his second set of interrogatories and document requests, as well as a motion to enforce the prior orders (doc. 248; *see* docs. 158, 169). He also seeks sanctions against plaintiffs for their failure to comply with the Court's orders. (Doc. 248).

**A.     Motion to Compel**

In support of his second motion to compel, Nuss alleges that he sent a second set of six interrogatories to plaintiffs in an attempt to obtain specific information about plaintiffs' claims against him. (*See* doc. 247, pp. 3-4). Nuss contends that the information sought is relevant and non-privileged, and thus discoverable under Fed. R. Civ. P. 26. He alleges that the requests extend to knowledge within the possession of and/or known by the parties or their legal counsel. *See* Fed. R. Civ. P. 33. Although plaintiffs did in fact respond to the six interrogatories, Nuss complains that their answers are deficient.

Through his second set of interrogatories, Nuss sought specific and detailed

information relating to plaintiffs' claims, including times, dates, and locations. In answer, plaintiffs referred Nuss to other documents, for example deposition transcripts, or attempted to turn the questions around to suggest that Nuss himself was able to provide the information.

Plaintiffs did not make any specific objections to the interrogatories except to suggest that plaintiffs did not have the information requested.

Rule 37 of the Federal Rules of Civil Procedure permits a party to seek an order compelling a response to discovery requests where none has been made or where the response is so inadequate that it is tantamount to no response at all. *See* Fed. R. Civ. P. 37(a)(3) ("an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer or respond"). While the proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant, *see Alexander v. Federal Bureau of Investigation,* 186 F.R.D. 154, 159 (D.D.C. 1999), the burden is on the objecting party to show why an interrogatory is improper. *Williams v. Sprint/United Mgmt. Co.,* No. 03-2200-JWL, 2005 WL 731070, at *3 (D. Kan. Mar. 30, 2005) (citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2173, at 291-93 (2d ed. 1994)).

Plaintiffs have not stated any objections to the six interrogatories, nor have they filed a memorandum in opposition to the motion to compel.

Accordingly, and for good cause shown, defendant Nuss's second motion to

compel (doc. 247) is **GRANTED.**

B.   **Motion to Enforce and for Sanctions (doc. 248)**

In the motion to enforce and for sanctions, Nuss contends that plaintiffs have failed to comply with the orders of May 11, 2004 and August 5, 2004 (*see* docs. 158, 169). Specifically, Nuss has identified seven interrogatories (Interrogatories 9, 10, 13, 14, 15, 17, and 18) to which plaintiffs have failed to provide "complete" responses despite having been ordered to do so. Nuss further alleges that answers to additional interrogatories (Interrogatories 1-4 and 16) are evasive and lacking in candor.

The undersigned has examined plaintiffs' supplemental responses to defendant Nuss's interrogatories (*see* doc. 248, ex. 2) and finds, contrary to Nuss's assertions, that the responses are not "grossly inadequate" nor so evasive or incomplete as to be treated as a failure to disclose, answer or respond. *See* Fed. R. Civ. P. 37(a)(3). While the answers may not be what Nuss was hoping for or even expecting, the undersigned finds that plaintiffs' responses do not rise to a level of a failure to respond and, further, that imposition of sanctions under Fed. R. Civ. P. 37(b)(2) is not warranted.

Accordingly, the motion to enforce and for sanctions (doc. 248) is **DENIED**.

   **IT IS SO ORDERED.**

Date: 4/11/05                                    s/Timothy S. Black
                                                 Timothy S. Black
                                                 United States Magistrate Judge