UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA KAMMEYER, et al. | : | Case No. C-1-01-649 |
| Plaintiffs | : | Spiegel, J. |
| vs. | : | |
| CITY OF SHARONVILLE, et al. | : | **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION OF DEFENDANTS TO STRIKE AFFIDAVIT OF ALPHONSE A. GERHARDSTEIN** |
| Defendants | : | |
| | : | |

Defendants have jointly filed a motion to strike the declaration of Alphonse A. Gerhardstein. The plaintiffs oppose the motion. Fed. R. Civ. P 12(f) provides that a court may only strike from any pleading "redundant, immaterial, impertinent or scandalous matter." But a motion to strike is "neither an authorized nor a proper way...to strike affidavits." Wright & Miller, Fed. Prac. & Proc., § 1380; *Bovee v. Coopers & Lybrand*, 216 F.R.D. 596 (S.D.Ohio, 2003). Motions to strike an affidavit are inappropriate because "the rule relates only to pleadings and is inapplicable to other filings." *Dawson v. City of Kent*, 682 F.Supp.682 920 (N.D. Ohio 1988), *affirmed*, 865 F.2d 257 (6th Cir. 1988). These cases emphasize that if the evidence is significantly inadmissible, the court should merely disregard, not strike, that evidence from the record. *Lombard v. MCI Telecommunications Corp.*, 13 F.Supp.2d 621, 625 (N.D. Ohio 1998) (citing *State Mut. Life Assur. Co. of America v. Deer Creek Park*, 612 F.2d 259, 264 (6th Cir. 1979)).

Here, Gerhardstein's declaration contains admissible evidence. It should not be stricken or disregarded but instead afforded substantial weight. Gerhardstein does not propose to testify at trial and would not be an appropriate witness. Indeed the entire declaration merely lists and collects otherwise admissible evidence for the ease of the court in ruling on the pending summary judgment motion. "Thus ex parte affidavits, which are not admissible at trial are appropriate on a summary judgment hearing to the extent they contain admissible information." Wright, Miller & Kane, Federal Practice and Procedure § 2738, p. 330.

The major objection appears to be the table contained in the declaration summarizing the evidence available to Lead Detective Cramer, Chief Nuss and Det. Schappa beginning in 1981. This table is based entirely on the materials in the sealed investigation documents produced by the City of Sharonville. That material was produced by the City in response to discovery requests propounded in this case and is appropriate for this court to rely on in addressing summary judgment. See Rule 56(c). It is not offered as proof that Schuholz murdered the plaintiffs' mothers. Rather, the table demonstrates the notice of and knowledge of facts available to the defendants.[1] The defendants were on notice of overwhelming evidence implicating Schuholz and their contact with and statements to the prosecutor should be evaluated in light of the evidence of which they were on notice. The facts gathered and summarized in this table supported Cramer's goal of charging Schuholz with the murders.

14   A.   I would have liked nothing better than to

---

[1] Plaintiffs recognize that the table itself is not "evidence." Plaintiffs could have chosen to merely insert the chart into their memorandum opposing summary judgment, but instead submitted it as part of the Gerhardstein declaration for ease of use. The left hand column of the chart contains facts. The right hand column of the chart contains the documents (the evidence) that support these facts. Defendants have failed to articulate why any one of those documents is inadmissible.

> 15   personally sign the charges against Albert Schuholz
>
> 16   for homicide, but the prosecutor's office did not feel
>
> 17   we had sufficient evidence to go forward.

Cramer depo at 196. The question that must be answered in this case is why Cramer and the other defendants waited 18 years to act on this evidence and actually charge Schuholz? What did Cramer and the defendants actually share with the prosecutor when they were allegedly told that they did not have "sufficient evidence to go forward." Thus, the sealed investigative material is admissible to show what evidence defendants had notice of 18 years before Schuholz was actually charged.

Defendants have not objected to the admission or consideration of any particular document that is summarized in the chart. However, Plaintiffs note that many of the documents—for instance the report prepared by Detective Dale Dorning—are admissible under Federal Rule of Evidence 803(8)(c), which permits the evidentiary admission of investigatory reports, even when the reports are based on or contain hearsay, if the reports demonstrates indicia of trustworthiness. *See, e.g., Combs v. Wilkinson*, 315 F.3d 548, 554-56 (6th Cir. 2002) (department of corrections use of force report admissible in civil case); *United States v. Midwest Fireworks Mfg. Co.*, 248 F.3d 563, 566-67 (6th Cir. 2001) (noting that admitting reports "under the 803(8) exception is a practical necessity that must be afforded to government officers 'who have made in the course of their duties thousands of similar written hearsay statements concerning events coming within their jurisdictions'"); *United States v. Atlas Lederer Co.*, 282 F. Supp. 2d 687, 710 n.26 (S.D. Ohio 2001) (relying on investigative report prepared by environmental protection agency). Additionally, as noted earlier, the documents are not offered to prove the matter

asserted within them (that Schuholz is a double-murderer). Instead, the documents are offered to show that Defendant Cramer had knowledge of enough information to seek an indictment against Schuholz. Thus, this information is not hearsay at all, as it is offered to show the effect of the information on the listener. *See, e.g., United States v. Wright*, 783 F.2d 1091, 1098 (D.C. Cir. 1986) (content of phone call should have been admitted where it demonstrated effect of call on listener rather than truth of matters asserted during call); *United States v. Freeman*, 639 F.2d 1112, 1121 (5th Cir. 1980) (in mail fraud prosecution, district court properly admitted letters from unhappy investors because they were admitted to show existence of investors' complaints rather than truth of statements within the letters); *Hanley v. Siemens Med. Solutions Health Servs. Corp.*, 2003 WL 1119845, at *1 (E.D. Mich. Feb. 6, 2003) (in employment discrimination case, out-of-court statement regarding employee's performance admitted where it showed effect on supervisor's decision to terminate employment). Thus, the factual assertions gleaned from the documents listed in the table in the Gerhardstein declaration should be properly considered by the Court. Either they are not hearsay as they are not offered for the truth of the matter asserted, or they are admissible under an exception to the hearsay rule. Defendants' motion to strike should be denied.

The other documents attached to the declaration were presented in that manner as a convenience and they all have an independent basis for admissibility. Some duplicate deposition exhibits and are properly considered as part of the depositions pursuant to Rule 56 (c). See Doc F, Clark depo exhibit 1, Bates 290014. Similarly, Doc H, the answers of defendants to interrogatories are typical material relied on when deciding summary judgment. *See* Rule 56(c). Doc. G, police department policies, was produced

by defendants in response to discovery requests and has the same character as Doc. H.. Doc J and K were letters from the Dorning personnel file produced by defendants as part of their response to discovery requests. Doc. A (Marie Schuholz transcript), C (will), D (Marie letter), and E (divorce pleading) are all part of the probate estate files of Marie Schuholz which were produced to defendants in response to discovery requests long ago. Doc B, a police report is also in the sealed documents at B. 1 P. 0060-61. Doc L and M reflect the expert report of Harvey Rosen and his supporting material. The better practice would be to present these materials on a declaration of the expert, but there is no question regarding the authenticity of this report and the defendants have had access to it for more than a year. Doc. I consists of materials from the Schuholz criminal case and are federal court case records of which this court can take judicial notice.

In sum, the motion to strike should be denied as it is not authorized under the rules and this court should determine summary judgment giving appropriate reliance to these exhibits as they have an independent basis for admissibility.

Respectfully submitted,

_s/ Alphonse A. Gerhardstein_____
Alphonse A. Gerhardstein # 0032053
Trial Attorney for Plaintiffs
Paul M. Laufman  #0066667
Donald R. Caster #0077413
Attorneys for the Plaintiffs
617 Vine Street, Suite 1409
Cincinnati, Ohio 45202
(513) 621-9100
(513) 345-5543 fax
agerhardstein@gblfirm.com
plaufman@gblfirm.com
dcaster@gblfirm.com

**Certificate of Service**

I here by certify that on April 12, 2005 a notice of the filing under seal of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                s/ Alphonse A. Gerhardstein
                                                Alphonse A. Gerhardstein