UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA KAMMEYER, et al.** | : | Case No. C-1-01-649 |
| | : | |
| Plaintiffs | : | Spiegel, J. |
| | : | |
| vs. | : | **PLAINTIFFS' MOTION FOR** |
| | : | **RECONSIDERATION OF ORDER** |
| **CITY OF SHARONVILLE, et al.** | : | **(DOC. 268) GRANTING** |
| | : | **DEFENDANT NUSS'S SECOND** |
| Defendants | : | **MOTION TO COMPEL AND** |
| | : | **MEMORANDUM IN SUPPORT** |
| | : | |

## MOTION

Plaintiffs respectfully request that this Court reconsider its Order of April 11, 2005 (Doc. 268), granting Defendant Nuss's motion to compel discovery (Doc 247) on the grounds that Plaintiffs were not given the opportunity to present a memorandum opposing Defendant's motion.

## MEMORANDUM

On Thursday, March 17, 2005, Defendant William Nuss filed a motion to compel discovery (Doc 247). Pursuant to Southern District of Ohio Local Rule 7.2(a)(2), Plaintiffs had 21 days to file a memorandum in opposition to the motion. Because the motion was filed electronically, Plaintiffs had an additional three days to respond. S.D. Ohio Electronic Filing Policies & Procedures Manual, § II(B)(4); Fed. R. Civ. P. 6(e). The conclusion of Plaintiffs' total of twenty-four days to respond to the motion was therefore Sunday, April 10, 2005.[1]

---

[1] Various courts have come to differing conclusions as to whether the additional three days provided in Rule 6(e) are added at the end or the beginning of the prescribed time to respond. In this instance, it makes no difference: either way, Plaintiffs' response period concluded on April 10, 2005.

Plaintiffs' response was therefore due on Monday, April 11, 2005.[2]  See Fed. R. Civ. P. 6(a) ("The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . in which event the period runs until the end of the next day which is not one of the aforementioned days.").

Plaintiffs filed their memorandum opposing the motion to compel on Monday, April 11, 2005.  Because the memorandum was filed under seal, it was filed manually, although a "notice of manual filing" was filed electronically.  While the memorandum itself has not yet been entered into the Court's electronic docketing system by the Clerk of Courts, the notice of manual filing appears at docket number 264.  Plaintiffs have attached to the instant memorandum the first page of the memorandum opposing the motion to compel, which was stamped by a deputy clerk as filed on April 11, 2005.

Accordingly, Plaintiffs respectfully request that the Court reconsider its order granting Defendant Nuss' motion to compel in light of the legal argument presented in Plaintiffs' timely-filed memorandum.

**Respectfully submitted,**

s/ Alphonse A. Gerhardstein
Alphonse A. Gerhardstein # 0032053
Trial Attorney for Plaintiffs
Paul Laufman  #0066667
Donald R. Caster #0077413
Attorneys for the Plaintiffs
GERHARDSTEIN BRANCH & LAUFMAN CO., LPA
617 Vine Street, Suite 1409
Cincinnati, Ohio 45202
(513) 621-9100
(513) 345-5543 fax
agerhardstein@gblfirm.com
plaufman@gblfirm.com
dcaster@gblfirm.com

---

[2] Although counsel for Defendant Nuss submitted a letter to the Court requesting an expediting ruling, this Court never set an expedited briefing schedule.

2

**Certificate of Service**

I here by certify that on April 12, 2005, the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Alphonse A. Gerhardstein
Alphonse A. Gerhardstein
