UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA KAMMEYER, et al. | : | CASE NO.: C-1-01-649 |
| Plaintiffs, | : | Judge Spiegel |
| | | (Magistrate Black) |
| vs. | : | |
| CITY OF SHARONVILLE, OHIO, et al. | : | |
| | | JOINT REPLY OF DEFENDANTS TO |
| Defendants. | : | PLAINTIFFS' MEMORANDUM IN |
| | | OPPOSITION TO MOTION TO |
| | : | STRIKE DECLARATION OF |
| | | ALPHONSE A. GERHARDSTEIN |

I.    **INTRODUCTION**

Defendants have set forth in their Motion to Strike why the Declaration of Alphonse A. Gerhardstein ("Declaration") should be granted, and, for that reason, will not here repeat each of those reasons. However, some of the arguments made by Plaintiffs in opposition to the motion require a response.

II.    **THE DOCUMENTS AT ISSUE**

A.    **The Police Reports To Which Attorney Gerhardstein Refers In The Declaration**

As this Court is aware, reports have been developed by the City of Sharonville Police Department (SPD) in connection with the murders of Marie Schuholz and Starla Burns. One of those reports is the report that deals with the investigation by the SPD of the murders themselves, and the other deals with how the murder investigation was conducted. (Parts of these reports are identified in paragraph 4 of the Declaration, pages 2-13.) In addition, the SPD prepared a report in connection with an incident that occurred on January 27, 1981. (This is identified as "B" under paragraph 2 of the Declaration.) For the purposes of this Reply, these documents will be collectively referred to the "SPD Police Reports."

Virtually the entire content of the SPD Police Reports is comprised of statements and other forms of communications made by third parties to a SPD police officer. In short, the SPD Police Reports consist for the most part of hearsay and double hearsay statements about matters the SPD police officers, including Defendant Cramer and Dale Dorning, who obtained the statements have absolutely no personal knowledge.

### B.    The Other Documents

In addition to the SPD Police Reports, certain other documents referred to in the Declaration are not properly before this Court because they have not been authenticated, contain hearsay, and/or Attorney Gerhardstein has no personal knowledge of the matters stated in the documents. These are the documents listed as A, D, E. F, and I of paragraph 2 of the Declaration.

### III.    THE MOTION TO STRIKE IS PROPER, AND THE FAILURE TO HAVE FILED IT WOULD HAVE RESULTED IN A WAIVER ON THE PART OF THE DEFENDANTS TO CHALLENGE THE DEFECTS IN THE DECLARATION.

Plaintiffs argue that the Motion to Strike is not the proper means to challenge the content of the Declaration. They are wrong. "A party may move to strike a Rule 56 affidavit . . . Moreover, if a party fails to move to strike an improper affidavit or improper portions thereof, the objection is waived." *Federal Civil Rules Handbook*, 2004, Baicker-McKee, Janssen, Corr, p. 882; *Ruby v. Springfield R-12 Pub. Sch. Dist.*, 76 F.3d 909, 912, n.8 (8th Cir. 1996), (Absent a motion to strike, the district judge may consider a document which fails to conform to Rule 56(e)'s formal requirements); *In re Unisys Sav. Plan. Litig.,* 74 F.3d 420, 437, n.12 (3rd Cir. 1996), cert. denied, 519 U.S. 810 (1996), (A party waives its objection to the form of an affidavit by failing to move to strike); *Humane Soc'y. of United States*, 46 F.3d 93, 96, n.5 (D.C. Cir. 1995), (Rule 56(e) defects are deemed waived if motion to strike not filed). Accordingly, it was necessary for Defendants to challenge the deficiencies in the Declaration at this time, and the Motion to Strike is properly before

this Court.

**IV.    PLAINTIFFS' MEMORANDUM REAFFIRMS WHAT DEFENDANTS MAINTAIN: ATTORNEY GERHARDSTEIN IS NOT COMPETENT TO TESTIFY AS TO THE MATTERS STATED IN THE DECLARATION.**

On page 2 of the Memorandum Plaintiffs state that "Gerhardstein does not propose to testify at trial and would not be an appropriate witness." Yet, in the two sentences before that statement Plaintiffs make clear that, through the Declaration, Attorney Gerhardstein is indeed testifying. In those two sentences Plaintiffs state that the "Declaration contains admissible evidence" which should be "afforded substantial weight." Further, a careful review of the Declaration itself also makes clear that Attorney Gerhardstein is testifying about a number of substantive matters, and not "merely list[ing] otherwise admissible evidence." If that were the case, in their Memorandum Plaintiffs would have used the correct procedure of citing *directly* to the evidence, whether that evidence is found in a document, deposition transcript or some other source. However, Plaintiffs do not use that approach. Rather, they repeatedly cite to the Declaration by which Attorney Gerhardstein provides his *theories* and *versions* of the facts, and it is those *theories* and *versions* of the facts that Plaintiffs use as support for many of their arguments.

Much of the Declaration is, in fact, testimony by Attorney Gerhardstein on many substantive factual and legal issues. For that reason and because he is trial counsel for Plaintiffs, Attorney Gerhardstein is not competent to testify as to many of the matters stated in the Declaration.

**V.    THE DECLARATION IS DEFICIENT IN THAT IT DOES NOT MEET THE SPECIFIC REQUIREMENT UNDER RULE 56(e) THAT THE DECLARANT STATE AND ESTABLISH THAT HE HAS PERSONAL KNOWLEDGE OF THE MATTERS STATED IN THE DECLARATION.**

Rule 56(e) explicitly requires that declarations "shall be made on personal knowledge . . ." Yet, nowhere in Plaintiffs' Memorandum is this deficiency in the Declaration even mentioned, let

alone addressed.  The reason for this is the Declaration itself makes clear that Attorney Gerharstein

does not have personal knowledge of *any* of the "facts" set forth in the Declaration, and he has

personal knowledge of only one of the documents identified in the Declaration.  This deficiency in

the Declaration requires that it be striken.

## V.     PLAINTIFFS ATTEMPT TO USE THE SPD POLICE REPORTS DEVELOPED IN CONNECTION WITH INVESTIGATIONS OF THE MURDERS AND HOW THE MURDER INVESTIGATION WAS CONDUCTED FOR INADMISSIBLE PURPOSES.

### A.     <u>Plaintiffs' Argument That The Content Of The Files Is Not Hearsay Is Meritless</u>.

Like most parties who attempt to improperly use hearsay statements, Plaintiffs argue that they

are not using the statements in the SPD Police Reports for the purpose of establishing the truth of the

matters that are the subject of those statements.  Unfortunately for Plaintiffs, while some of the SPD

Police Reports are not hearsay for *certain* purposes, they *are* hearsay for the purposes Plaintiffs have

used them in their attempt to defeat Defendants' summary judgment motions.

Plaintiffs state that they are using the SPD Police Reports *solely* for the purpose of

establishing what information about the murders Defendants had available to them in the early

1980's.[1]  If that statement was true and the reports were used only for that purpose, Defendants would

not be making these objections.  However, it is not true, and Plaintiffs have indeed used the SPD

Police Reports for impermissible purposes in an attempt to defeat Defendants' motions for summary

judgment.  For example, to defeat Defendants' Motions for Summary Judgment Plaintiffs must prove

a number of matters, including, that: (1) Defendant Cramer had a personal and business relationship

---

[1] For example, on pages 3 and 4 of their Memorandum, Plaintiffs state that, "[a]s noted earlier, the documents are not offered to prove the matter asserted within them (that Schuholz is a double-murderer).  Instead, the documents are offered to show that Defendant Cramer had enough information to seek an indictment against Schuholz.  Thus, this information is not hearsay at all . . ."

with Albert Schuholz prior to the murders; (2) Albert Schuholz tried to hire individuals to kill Marie Schuholz; and (3) Albert Schuholz did, in fact, kill or hire someone to kill Marie Schuholz. None of the evidence on which Plaintiffs rely to establish these matters is admissible.[2] Plaintiffs instead rely entirely on the SPD Police Reports to prove them.

Defendants do not dispute that *part* of the SPD Police Reports can be introduced at trial for *certain, limited* purposes. However, Plaintiffs cannot, as they have attempted to do through the Declaration, use the reports for clearly improper purposes under the pretense of using them for proper purposes.

**B.    The SPD Police Reports Are Not Admissible Under Federal Rule of Evidence 803(8)(c).**

Fed. R. Evid. 803(8)(c) allows for admission of certain types of reports in civil actions when the reports are a result of "an investigation made pursuant to authority granted by law, unless the sources of the information or other circumstances indicate lack of trustworthiness." The explicit terms of the rule and interpretive case law make clear that this exception to the hearsay rule is very limited because few public agencies are directed by statute to investigate and make "factual findings." As discussed below, most of the content of the SPD Police Reports does not meet the requirements of this rule because:

1.    The SPD is not directed by statute to make "factual findings" about crimes it investigates or render opinions about who committed those crimes.

2.    The reports incorporate information that is not personally known by the SPD police

---

[2] That admissible evidence cannot be found in the SPD Police Reports. Rather it must be found in the sworn testimony of third parties. However, Plaintiffs have not introduced any of that testimony, either through affidavits or depositions, but instead exclusively rely on the hearsay and double hearsay statements found in the SPD Police Reports.

officers who drafted the reports.

3.      The reports contain hearsay and double hearsay statements.

4.      Plaintiffs have not even identified, let alone qualified, Dorning as an expert witness.

5.      Even if the SPD is a public agency within the meaning of the rule, the rule is not applicable here because it extends only to opinions of the agency itself, not to those of its individual members contained within the reports. Here, Plaintiffs attempt to use the opinion of one member of the SPD, Dorning, and not the opinion of the SPD itself.

Some public agencies are specifically directed by statute to make "factual findings" in connection with their investigations and in their reports.[3] Indeed, one of the cases cited by Plaintiffs provides an excellent example of such an agency and why its report is admissible under FRE 803(8)(c). In *Combs v. Wilkinson*, 315 F.3d 548 (6th Cir. 2002), the Ohio Department of Rehabilitation and Corrections (ODRC) was explicitly directed pursuant to the Ohio Administrative Code (§5120-9-02(D)) to make "factual findings, conclusions and recommendations regarding the use of force" by correctional officers. The Code also sets forth the procedure to be used by the ODRC to make those determinations, and that procedure includes conducting interviews. For these reasons, the Sixth Circuit held that the use of force report issued by the ODRC pursuant to §5120-9-02(D) was admissible under FRE 803(8)(c).

Under Ohio law, police departments, including the SPD, do not issue reports that are admissible in their entirety under FRE 803(8)(c). More specifically, while police departments *do*

---

[3] The National Transportation Safety Board (NTSB) and the Equal Employment Opportunity Commission (EEOC) are two such agencies. The NTSB is statutorily charged with determining the cause of airplane accident, so an NTSB report that concludes that a crash was caused by pilot error is admissible under the rule. Likewise, the EEOC is charged with determining if employees have been wrongfully terminated because of race, sex or age, and, as such, an EEOC determination letter is admissible under the rule.

have the authority to *investigate* crimes, including murders, they are not statutorily directed to make "factual findings" about crimes that are admissible at trial. Those determinations are made by the fact-finder (either the jury or the judge) at the trial. *Miller v. Field,* 35 F.3d 1088 (6th Cir. 1994); *Phillips v. Northwest Airlines*, 88 Fed. Appx. 862, 2004 WL 259209 (6th Cir. 2004); *Dallas & Mavis Forwarding Co., Inc. V. Stegall*, 659 F.2d 721, 722 (6th Cir. 1981); *Parsons v. Honeywell, Inc.*, 929 F.2d 901 (6th Cir. 1991).

A discussion of a hypothetical investigation by a police officer of a crime illustrates what a police officer may and may not testify to at trial. The officer goes to the scene of the crime, where he personally sees a weapon and the physical condition of the victims. He also interviews eye-witnesses, and then drafts a report in which he sets forth what he had observed and what he had been told by the witnesses. In addition, the officer states in the report his opinion of who committed the crime. Under these circumstances, the report is a business record, and *it can be admitted in evidence to establish what the officer had personally observed*. However, the witnesses' statements are hearsay, and possibly double hearsay, and must be redacted from the report. Further, unless the officer can be independently qualified as an expert who can render an opinion about who committed the crime and he otherwise meets the requirements relating to expert testimony, his opinion must also be redacted.[4]

In *Miller*, supra, the district court permitted the plaintiff to use a number of police reports in precisely the same manner that Plaintiffs in this case have used the SPD Police Reports. However, The Sixth Circuit reversed that decision, holding that "[t]he reports did not fit within the hearsay exception under Rule 803(8)(c)" because "much of the police reports admitted into evidence at the

---

[4] Plaintiffs cannot use Dorning as an expert witness because they never identified him as one, and they have not qualified him to render the opinions they expect to elicit from him.

trial of this matter was not based upon . . . firsthand knowledge or observation." Id., pp. 1088, 1091.

In reaching that decision, the Sixth Circuit relied upon the Second Circuit's decision in *Parsons*,

where that court held at page 907 that "[a statement of a third party] is plainly not admissible merely

because contained in a police report. It is well established that entries in a police report which

resulted from the officer's own observations and knowledge may be admitted but that statements

made by third persons under no business duty to report may not." The Sixth Circuit provided the

rationale for its ruling on page 1091.

> Such a result appears eminently reasonable in light of the stated
> justification for the Rule 803(8)(c) exception to the general prohibition
> on receipt of hearsay evidence. While a court may presume that a
> preparer of a report, under a duty to relate information, will perform
> the task required and formulate justified conclusions and reasonable
> opinions based on evidence actually observed by the preparer, no such
> presumption arises when the preparer relies on potentially
> untrustworthy hearsay evidence from another individual under no duty
> to provide unbiased information.

Further, the Sixth Circuit rejected the plaintiff's attempt to assert that they used the police reports,

not to establish the truth of the hearsay evidence, "but to establish the effect of the reports on the

prison officials." Id, at 1092.[5]

The Sixth Circuit's decision in *Miller* is consistent with the clear intent of the drafters of the

rule. (The Advisory Committee Notes and comments to Rule 803 provide that "police reports have

generally been excluded except to the extent to which they incorporate firsthand observations of the

officer.") Moreover, this principle of law was explicitly affirmed by the Sixth Circuit just last year

---

[5] This is precisely what Plaintiffs have attempted to do here. "Thus, this information is not hearsay at all, as it is offered to show the effect of the information on the listener." Plaintiffs' Memorandum, p. 4.) Despite their protests to the contrary, the hearsay statements in the SPD Police Reports *have* been used to prove the truthfulness of those statements, not to show the mental state of Defendants.

in 2004 in *Phillips*.  Finally, the Sixth Circuit has made clear that FRE 803(8)(c) extends only to opinions of the agency or public office itself, not to the individual members contained in the records. *United States v. Midwest Fireworks Mfg. Co., Inc.*, 248 F.3d 563, 566 (6th Cir. 2001).

Most of the content of the SPD Police Reports is not admissible under FRE 803(8)(c) for the purposes Plaintiffs have used, and intend to use, it because:

1.    The SPD is not directed by statute to make "factual findings" about crimes it investigates or render opinions about who committed those crimes.

2.    The reports incorporate information that is not personally known by the SPD police officers who drafted the reports.

3.    The reports contain hearsay and double hearsay statements.

4.    Plaintiffs have not even identified, let alone qualified, Dorning as an expert witness.

5.    Even if the SPD is a public agency within the meaning of the rule, the rule is not applicable here because it extends only to opinions of the agency itself, not to those of its individual members contained within the reports.  Here, Plaintiffs attempt to use the opinion of one member of the SPD, Dorning, and not the opinion of the SPD itself.

## VII.    THE OTHER DOCUMENTS CITED IN THE DECLARATION ARE NOT ADMISSIBLE AND CANNOT BE USED TO DEFEAT DEFENDANTS' SUMMARY JUDGMENT MOTIONS.

Plaintiffs through the Declaration also rely on several other documents in their attempt to defeat Defendants' summary judgment motions.  In addition to the fact that Attorney Gerhardstein has no personal knowledge of the content of those documents, they cannot be considered by this Court for the following reasons:

1.    Deposition transcript of Marie Schuholz (Par. 2A of the Declaration) - This unverified document purports to be a copy of a deposition transcript in a case in which none of the Defendants

was a party.

2.      Marie Schuholz's letter (Par. 2D of the Declaration) - This unverified document purports to be a copy of a letter written by Marie Schuholz.

3.      A 1981 divorce pleading and excerpts from the criminal action against Albert Schuholz (Par. 2E and I) - These uncertified and unverified documents purport to be copies of filings etc. in one case in which none of the Defendants was a party and another case in which none of the parties to this action was a party.

4.      A November 12, 1999 press release (Par. 2F of the Declaration) - This unverified document purports to be a copy of a press release issued by a person who is not a party to this action.

## VIII.   CONCLUSION

For the reasons stated in the Joint Motion To Strike and this Reply Memorandum, the motion must be granted.

Respectfully submitted,

 s/Brian E. Hurley
Brian E. Hurley (0007827)
Robert J. Gehring (0019329)
Crabbe, Brown & James LLP
Attorneys For Defendant William Nuss
30 Garfield Place, Suite 740
Cincinnati, Ohio 45202-4359
(513) 784-1525 - telephone
(513) 784-1250 - facsimile
Bhurley@cbjlawyers.com
Rgehring@cbjlawyers.com

s/Randolph H. Freking
Randolph H. Freking, Esq. 0009158
Freking & Betz
Counsel For Defendant Cramer
215 East Ninth Street, 5th Floor
Cincinnati, Ohio 45202
(513) 721-1975 - telephone
(513) 651-2570 - facsimile
email: randy@frekingandbetz.com


s/Lawrence E. Barbiere
Lawrence E. Barbiere, Esq. 0027106
Schroeder, Maundrell, Barbiere & Powers
Counsel For Defendants Schappa and City
  of Sharonville
119 Mason Road, Suite 110
Cincinnati, Ohio 45249-3703
(513) 583-4210 - telephone
(513) 583-4203 - facsimile
email: lbarbiere@schroederlaw.com


s/Thomas T. Keating
Thomas T. Keating, Esq. (0011359)
Keating, Richie & Swick
Counsel For Defendants Schappa and City
  of Sharonville
8050 Hosbrook, Suite 200
Cincinnati, Ohio 45236
(513) 891-1530 - telephone
(513) 891-1537 - facsimile
tkeating@krslawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2005, a copy of the forgoing was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties my access this filing through the Court's system.


s/Brian E. Hurley
Brian E. Hurley

\\theserver\firmdocs\NUSS\jtrepltmtstrikdec.wpd

-11-