UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA KAMMEYER, et al., | : | Case No. C-1-01-649 |
| | : | J. Spiegel |
| Plaintiffs, | : | (Magistrate Black) |
| | : | |
| v. | : | |
| | : | |
| CITY OF SHARONVILLE, OHIO, et al., | : | **DEFENDANT JAMES CRAMER'S** |
| | : | **MEMORANDUM IN RESPONSE TO** |
| | : | **ORDER TO SHOW CAUSE** |
| Defendants. | : | |
| | : | |

**Introduction - Short Answer**

Counsel for Defendant Cramer is well aware of the seven hour limitation on depositions. Local practice, however, has been to allow depositions to exceed seven hours without seeking court approval so long as all parties and the witness are in agreement. In this case, all parties, all counsel (including Mr. Dorning's) and Mr. Dorning were in agreement that the deposition would exceed seven hours' duration. Thus, counsel for Mr. Cramer did not believe it was necessary to seek Court intervention. It was only after the third day[1] of deposition that Mr. Dorning sought Court protection.

**Background**

Defendant James Cramer is one of four defendants in this case. Counsel for Mr. Dorning sought a non-party protective order because of the length of Mr. Dorning's deposition. Mr. Dorning argued that his deposition had taken over 15 hours and that Counsel for Defendant Cramer had promised the final day of Mr. Dorning's deposition would be the

---

[1] As explained below, the three days were necessary to accommodate the busy schedules of Mr. Dorning and his counsel. The first day ended at 2:00 p.m. because of Mr. Dorning's schedule, and the third day started late in the day to accommodate his counsel. The second day was short because Mr. Dorning needed a further opportunity to review documents.

last.  Both arguments are factually false, no party has ever objected to the length of the deposition, and Mr. Dorning never previously objected.

In 1997, Mr. Dorning was a detective with the Sharonville Police Department ("SPD").  At that time, he wrote a "report" regarding his alleged investigation of a murder investigation that took place in 1981. The murders of Marie Schuholz ("M. Schuholz") and Starla Burns ("Burns") occurred in 1981 and have never been solved.  Mr. Dorning's investigation was into the murders of Schuholz and Burns, but later turned into an investigation of the 1981 murder investigation, headed by then Sharonville Police Detective, Defendant Cramer.

Mr. Dorning's 1997 report falsely implicated Defendant Cramer in some form of a "cover-up" by the Sharonville Police Department, that is the subject of this action by the Plaintiffs.  Mr. Dorning's incredible theory was that Defendant Cramer and the other defendants in this case somehow covered up evidence to protect Albert Schuholz ("A. Schuholz"), the estranged husband of M. Schuholz, and then allowed Plaintiffs and Dorning full access to the file.[2]

Based on after acquired evidence in the late 1990s, A. Schuholz was indicted for the 1981 murders.  However, he was also declared incompetent by a federal court, and is not able to stand trial at the moment.  As a result of the pending indictment, all documents related to the criminal investigation of A. Schuholz are under seal by the court.  No copies have been made, and the originals remain at the office of Defendant City of Sharonville's defense counsel.

---

[2]     Such access was unprecedented and would be inconsistent with a motive to "cover up" anything.

Naturally, Mr. Dorning was going to be deposed by all defendants and plaintiffs. His report is central to the plaintiffs' case.

**Mr. Dorning's Deposition – Day 1**

Mr. Dorning's deposition was scheduled to be taken, first by counsel for Defendant Cramer, on August 18, 2004.[3] This deposition was taken by counsel for Defendant Cramer and lasted approximately four hours, and was <u>continued in progress because Mr. Dorning had a scheduling conflict and had to leave by 2:00pm. All parties, including counsel for Mr. Dorning, agreed to continue the deposition in progress</u>.

**Mr. Dorning's Deposition – Day 2**

The second part of Mr. Dorning's deposition occurred on September 14, 2004, and lasted approximately 3 hours because Mr. Dorning had not reviewed the documents in question and had to repeatedly stop to review documents in order to answer questions. <u>All counsel, including counsel for Mr. Dorning, agreed to continue the deposition in progress, in order to give Mr. Dorning a chance to review the documents under seal</u>.

**Mr. Dorning's Deposition – Day 3**

The third part of Mr. Dorning's deposition occurred on January 31, 2005 and began late in the afternoon because of a conflict in the schedule of Mr. Dorning's counsel. All parties agreed to continue the deposition in progress.

Contrary to the suggestion by Mr. Dorning's counsel, the deposition did not last more than 15 hours.[4] The total time between the start of the deposition and the end of the deposition on the three days was a total of 14.5 hours, including all breaks requested by Mr. Dorning and

---

[3] All counsel for Defendants agreed in advance that counsel for Cramer would take the lead in questioning Mr. Dorning, and that further depositions would be limited.

[4] Unfortunately, the court reporter did not record the length of breaks and caucasus. Counsel for Mr. Cramer believes the breaks, cumulatively, were two to four hours.

other lengthy breaks to resolve document issues.  Likewise, counsel for Defendant Cramer did not state or promise that the final day of deposition would be the last.  Estimates were made by all parties involved as to how much time it may take and how much time each party would need to depose Mr. Dorning, but they were only estimates.  Additionally, given the importance of Mr. Dorning's testimony to this case, it was understood by all parties that his deposition would be long, and he would be deposed by every party.

    This case is extremely complex, involving thousands of pages of documents not conveniently available for review by Mr. Dorning.  The volume of documents and the absolute importance of Mr. Dorning's recollection of events, coupled with the fact that the documents in this case are under seal, have made his deposition not only crucial to the defense but very difficult to conduct.  Given the parties involved in this case (at least a dozen people are present at each deposition) and the amount of breaks, scheduling conflicts, and document reviews, counsel believes the deposition has been conducted as efficiently as possible.

    For the foregoing reasons, counsel for Defendant Cramer respectfully requests that this Court not impose sanctions against any party or counsel because of the length of Mr. Dorning's deposition.

    Respectfully submitted,

  /s/ Randolph H. Freking
Randolph H. Freking (0009158)
Leslie E. Ghiz (0063781)
Trial Attorneys for Defendant
FREKING & BETZ
215 East Ninth Street, Fifth Floor
Cincinnati, OH  45202
Phone:  (513) 721-1975
Fax:  (513) 651-2570
randy@frekingandbetz.com
lghiz@frekingandbetz.com

## CERTIFICATE OF SERVICE

      I hereby certify that on April 20, 2005, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

                                          /s/ Randolph H. Freking