```
               UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
```

PATRICIA KAMMEYER, et al.,     :
                               :    NO. 1:01-CV-00649
        Plaintiffs,            :
                               :
                               :    **ORDER**
   v.                          :
                               :
                               :
CITY OF SHARONVILLE, et al.,   :
                               :
        Defendants.            :

This matter is before the Court on the Joint Motion of Defendants to Strike Declaration of Alphonse A. Gehardstein (doc. 257). The Defendants, City of Sharonville, Ohio, Mike Schapp, William Nuss, and James Cramer (hereinafter "Defendants"), move this Court to strike Alphonse A. Gehardstein's (hereinafter "Gehardstein"), counsel for Plaintiffs, Declaration Re Memorandum Opposing Summary Judgment Motions of Defendants (hereinafter "Declaration") (Id.). Defendants state the ground for their Motion is that the Declaration is deficient under Rule 56 in several ways (Id.).

Defendants quote the following portion of Rule 56(e) of the Federal Rules of Civil Procedure:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein . . . an adverse party may not rest upon the mere allegations or denials of the

>           adverse party's pleading, but the adverse
>           party's response, by affidavits or as
>           otherwise provided in this rule, must set
>           forth facts showing that there is a genuine
>           issue for trial . . .

Fed. R. Civ. P. 56(e).  These, aptly note Defendants, are the requirements that an affidavit or declaration must meet before a Court can consider its contents in opposition to a motion for summary judgment.  A declaration, maintain Defendants, must be stricken, in whole or in part, if one or more of the following is present.

  1.  The declarant is not competent for any reason to testify to the matters stated in the Declaration.  One of those reasons exists where the declarant is an attorney for a party to the lawsuit and his testimony relates to contested, substantive matters.  Ohio Code of Prof'l Responsibility DR 5-101(B); Ohio Code of Prof'l Responsibility DR 5-102.

  2.  The declarant does not attest that the facts stated in the Declaration are "made on personal knowledge" and/or it is clear from the Declaration itself that the facts stated in the Declaration are not personally known by the declarant.

In support of number two, immediately above, Defendants cite two cases, <u>Foster v. Allied Signal, Inc.</u>, 98 F.Supp.2d 1261 (D. Kan. 2000) and <u>In Re Lake Country Inv. v. Esposito</u>, 255 B.R. 588 (D. Id. 2000).  Both of these cases state that an affidavit by an attorney must be based on personal knowledge to be used in opposition to a summary judgment motion.  <u>Foster</u> at 1265; <u>Esposito</u> at 954.

  3.  The declaration does not set forth

>   specific "facts as would be admissible in evidence." Fed. R. Civ. P. 56(e). So, facts cannot be (a) hearsay to which no exception applies, <u>Sperle v. Michigan Dep't of Corr.</u>, 297 F.3d 483, 495 (6th Cir. 2002); (b) conclusory allegations, <u>Lantec, Inc. v. Novell, Inc.</u>, 306 F.3d 1003, 1009 (10th Cir. 2002); (c) speculation or conjecture, <u>Stagman v. Ryan</u>, 176 F.3d 986, 995 (7th Cir. 1999), <u>cert</u> <u>denied</u>, 528 U.S. 986 (1999); or (d) settlement communications, Fed. R. Evid. 408.
>
> 4.  The declarant does not have personal knowledge sufficient to identify and authenticate the documents referred to in the Declaration. <u>Orr v. Bank of America</u>, 285 F.3d 767, 773-74 (9th Cir. 2002).

Defendants maintain that Plaintiffs have failed to support their assertions and arguments with facts (doc. 257). Rather, Defendants assert that Plaintiffs have merely provided speculation and theories without correct citations to the record supporting their assertions (<u>Id</u>.). Gehardstein's Declaration, aver Defendants, is the Plaintiffs' attempt to cure this problem (<u>Id</u>.). As such Defendants move the Court to strike Gehardstein's Declaration.

The Court finds that the Declaration of Gehardstein should not be stricken. In fact, the Court views Gehardstein's Declaration as inappropriately labeled. It is not a declaration; but, rather, it is a listing of documents and a compilation of those documents which are being used to oppose Defendants' various Motions for Summary Judgment. Specifically,

the Declaration, as it is labeled, consists of a chart detailing asserted facts and where in the record those asserted facts can be located, a list of attachments, and the attachments themselves. The documents attached are appropriate to consider at the summary judgment stage as the information contained therein would arguably be admissible at trial. The compilation chart contained in the Declaration is as Plaintiffs' describe it - specifically, a tool "to list . . . and collect . . . evidence for the ease of the [C]ourt in ruling on the pending summary judgment motion[s]" (doc. 269). This chart is functionally similar to the detailed, colored chart that Defendants provided to the Court outlining their statute of limitations defense.

        Accordingly, Defendants' Joint Motion to Srike Declaration of Alphonse A. Gehardstein is DENIED (doc. 257).

        SO ORDERED.

Dated: April 27, 2005        s/S. Arthur Spiegel

                                        S. Arthur Spiegel
                                        United States Senior District Judge