UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA KAMMEYER, et al.** | : | CASE NO.: C-1-01-649 |
| Plaintiffs, | : | Judge Spiegel (Magistrate Black) |
| vs. | : | |
| **CITY OF SHARONVILLE, OHIO, et al.** | : | SUPPLEMENTAL CITATION OF DEFENDANTS IN SUPPORT OF DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND MOTION TO STRIKE |
| Defendants. | : | |

Defendants have recently learned of a late 2004 decision of the Tenth Circuit Court of Appeals that addresses many of the issues raised by Defendants in their joint motion for summary judgment relating to the statutes of limitation (Doc. 187), their separate motions for summary judgment relating to the substantive claims (Docs.233, 235 and 236), and the joint motion to strike (Doc. 257). *Donohue v. City of Montrose*, 109 Fed. Appx. 340, 2004 U.S. App. LEXIS 19594. More specifically, in that case the Tenth Circuit addressed the claims made by the plaintiffs about the alleged shortcomings and misconduct in the investigation of the murder of the plaintiffs' daughter,[1] and rejected them by holding that:

    1.    Certain of the "evidence" plaintiffs cited in support of their claims was clearly hearsay, and it could not be considered by the Court;

    2.    The plaintiffs' §1983 claims, which were governed by a two year statute of limitations, were time barred because the plaintiffs "had cause to know of [the injury that is the basis of the action] more than two years before they filed the complaint."

    3.    Even if the §1983 denial of access to the courts claim was not time barred, it had been properly dismissed "because there is no evidence that the defendants *intentionally* destroyed evidence . . ."

---

[1] These included allegations of lying to the plaintiffs, destroying evidence, and even falsely arresting the plaintiffs.

      4.    Despite allegations about how the defendants conducted the murder investigation that are nearly identical to, and in some instances more serious than, those made in this lawsuit, the Court found that the "claims do not amount to outrageous conduct."

In sum, the relevant analysis and conclusions of the Tenth Circuit in *Donohue* are precisely the same as those the Defendants in this action have presented in connection with the above-mentioned motions.

      Respectfully submitted,

      s/Brian E. Hurley
      Brian E. Hurley (0007827)
      Robert J. Gehring (0019329)
      Crabbe, Brown & James LLP
      Attorneys For Defendant William Nuss
      30 Garfield Place, Suite 740
      Cincinnati, Ohio 45202-4359
      (513) 784-1525 - telephone
      (513) 784-1250 - facsimile
      Bhurley@cbjlawyers.com
      Rgehring@cbjlawyers.com


      s/Randolph H. Freking
      Randolph H. Freking, Esq. 0009158
      Freking & Betz
      Counsel For Defendant Cramer
      215 East Ninth Street, 5th Floor
      Cincinnati, Ohio 45202
      (513) 721-1975 - telephone
      (513) 651-2570 - facsimile
      email: randy@frekingandbetz.com

    s/Lawrence E. Barbiere
Lawrence E. Barbiere, Esq. 0027106
Schroeder, Maundrell, Barbiere & Powers
Counsel For Defendants Schappa and City
 of Sharonville
119 Mason Road, Suite 110
Cincinnati, Ohio 45249-3703
(513) 583-4210 - telephone
(513) 583-4203 - facsimile
email: lbarbiere@schroederlaw.com


  s/Thomas T. Keating
Thomas T. Keating, Esq. (0011359)
Keating, Richie & Swick
Counsel For Defendants Schappa and City
 of Sharonville
8050 Hosbrook, Suite 200
Cincinnati, Ohio 45236
(513) 891-1530 - telephone
(513) 891-1537 - facsimile
tkeating@krslawyers.com

## CERTIFICATE OF SERVICE

    I hereby certify that on April 29, 2005, a copy of the Supplemental Citation Of Defendants In Support Of Defendants' Motions For Summary Judgment And Motion To Strike was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties my access this filing through the Court's system.


  s/Brian E. Hurley
Brian E. Hurley


\\theserver\firmdocs\NUSS\supp citation.wpd