**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **PATRICIA KAMMEYER, et al.** | : | **CASE NO.: C-1-01-649** |
| **Plaintiffs,** | : | **Judge Spiegel** |
| | | **(Magistrate Black)** |
| **vs.** | : | |
| **CITY OF SHARONVILLE, OHIO, et al.** | : | |
| **Defendants.** | : | |

**REPLY MEMORANDUM OF DEFENDANT NUSS TO**
**PLAINTIFFS' MEMORANDUM IN OPPOSITION**
**TO SECOND MOTION TO COMPEL**

Throughout this litigation Plaintiffs have attempted to establish liability on the part of Defendant Nuss by connecting him to the alleged misconduct of Defendant Cramer. Plaintiffs have done this by repeatedly making allegations against Defendants as a group, while at the same time refusing to provide the *specifics* that they claim tie the alleged misconduct of Defendant Cramer to the other Defendants. That is what this discovery dispute is about - Plaintiffs' refusal to provide the alleged, *specific* facts that support their *specific* claims against Defendant Nuss.

One of the reasons it is so important that Defendant Nuss receive specific and detailed responses to these interrogatories is that the conduct in which he has been accused of engaging occurred somewhere between 15 and 24 years ago. Under these circumstances, fairness dictates that at the very least he be fully apprised of what he is alleged to have done.

This is not a situation where Defendant Nuss is simply unhappy with the responses made by Plaintiffs because the responses are not what he expected to receive. It is a situation where Plaintiffs have refused to provide the *specific* facts that allegedly support their *specific* claims

against him, which the Sixth Circuit in *Starcher v. CMS,* 144 F.3d 418, 421-22 (6th Cir. 1998) has held that they must do.

## RESPONSES TO INTERROGATORIES NOS. 1 AND 2

Plaintiffs have made the unambiguous allegation that "Cramer kept Nuss advised on the case." Defendant Nuss has the right to know the specific facts supporting this allegation, and he has not been provided those facts despite having requested them during Plaintiffs' depositions and in response to written discovery.

In response to these interrogatories, which require the production of specific information about each of the times Defendant Cramer allegedly advised Defendant Nuss, Plaintiffs provided the following general, conclusory statements:

1.    Defendant Schappa states that Defendant Nuss was in charge of the Burns-Wright murder investigation.
2.    Defendant Cramer states that he reported directly to Defendant Nuss while Cramer was serving as a detective.
3.    Defendant Cramer states that Defendant Nuss was coordinating everyone at the scene of the crime.
4.    Defendant Nuss told former Sharonville Police Officer Dale Dorning that he had been "briefed a few times" on the murder investigation.

Numbers 1-3 are simply non-responsive. They at most indirectly relate to the advice Defendant Cramer allegedly gave Defendant Nuss, and provide no specifics. Further, while number 4 does relate to that advice, the response that Defendant Nuss was "briefed a few times" is nothing more than a restatement of the general allegation. It provides none of the specific facts that Plaintiffs maintain support the allegation.

Defendant Nuss acknowledges that Plaintiffs may not be aware of any specific facts to support this allegation. If that is the case, that is response that should be made. Indeed, the confirmation that Plaintiffs lack knowledge of any such facts is, in and or itself, important to

Defendant Nuss's defense.  However, if Plaintiffs are aware of specific facts, they must be provided.

## RESPONSE TO INTERROGATORY NO. 3

Plaintiffs have repeatedly stated that certain "obvious" (their word) leads were not followed.  However, those leads are not "obvious" to Defendant Nuss, and he merely asks Plaintiffs to identify the leads that they themselves have characterized as "obvious".  Likewise, since knowledge of an "obvious" lead is a predicate to any duty on the part of Defendant Nuss to act on the lead, it is also necessary for Defendant Nuss to learn from Plaintiffs when they allege he became aware of each "obvious" lead.

Referring Defendant Nuss to documents and directing him to guess at which of those leads is "obvious" is not a proper response to the request that each of the leads be identified.  Moreover, it is totally unresponsive to the request that Plaintiffs disclose the facts about when Defendant Nuss allegedly learned of the "obvious" leads.  In short, to meet their obligations with respect to this interrogatory, Plaintiffs must identify and state each "obvious" lead, and, for each such lead, state when Defendant Nuss learned of it.  They have not done so.

## RESPONSE TO INTERROGATORY NOS. 4 AND 6

Once again, Plaintiffs miss or ignore the significance of these interrogatories as it relates to Defendant Nuss.  While Plaintiffs have provided a great deal of information about *Defendant Cramer's* alleged misconduct, they have completely ignored the other information Defendant Nuss seeks with respect to that alleged misconduct - i.e. when *Defendant Nuss* learned of it and the action Plaintiffs maintain Defendant Nuss should have taken in response to it.

## RESPONSE TO INTERROGATORY NO. 5

During their depositions certain Plaintiffs qualified their responses to questions about their contacts with Defendant Nuss by stating that there may have been other contacts, but they could not remember them at the time. This interrogatory was merely Defendant Nuss's means of being certain that Plaintiffs have not remembered any other contacts. If by their response Plaintiffs are confirming that no other contacts took place, the response is acceptable.

For the reasons stated in his Motion and above, the Motion should be granted.

Respectfully submitted,

CRABBE, BROWN & JAMES LLP

s/Brian E. Hurley
Brian E. Hurley (0007827)
Robert J. Gehring (0019329)
30 Garfield Place, Suite 740
Cincinnati, Ohio 45202-4359
(513) 784-1525 - telephone
(513) 784-1250 - facsimile
Bhurley@cbjlawyers.com
Rgehring@cbjlawyers.com

Attorneys For Defendant William Nuss

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2005, a copy of the forgoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties my access this filing through the Court's system.

s/Brian E. Hurley
Brian E. Hurley

\\theserver\firmdocs\NUSS\replymt2mtc.wpd

-4-