UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA KAMMEYER, *et al.*,　　　　　　　Case No. 1:01-cv-649

　　Plaintiffs,　　　　　　　　　　　　　　Spiegel, J.
　　　　　　　　　　　　　　　　　　　　　Black, M.J.
vs.

CITY OF SHARONVILLE, *et al.*,

　　Defendants.　　　　　　　　　　　　　**ORDER**


This matter is before the Court for reconsideration of defendant Nuss's second motion to compel discovery. (*See* docs. 247, 272).[1]

Defendant Nuss, by counsel, seeks an order compelling plaintiffs to provide more "complete" responses to his second set of interrogatories and document requests. He alleges that he sent a second set of six interrogatories to plaintiffs in an attempt to obtain specific information about plaintiffs' claims against him. (*See* doc. 247, pp. 3-4). He maintains that the information sought is relevant and non-privileged, and thus discoverable under Fed. R. Civ. P. 26. He alleges further that the requests extend to knowledge within the possession of and/or known by the parties or their legal counsel. *See* Fed. R. Civ. P. 33. Although plaintiffs did in fact respond to the six interrogatories, Nuss complains that their answers are deficient.

---

[1] The Court's prior Order (doc. 268) granting defendant Nuss's second motion to compel was entered without benefit of a review by the Court of plaintiffs' timely filed memorandum in opposition (*see* doc. 264), and, accordingly, that portion of the Order granting Nuss's second motion to compel has been vacated. Doc. 285.

Plaintiffs answered the six interrogatories and did not make any specific objections to the interrogatories except to suggest that plaintiffs did not have the information requested. Moreover, in October 2004, plaintiffs apparently "made clear that they believed the responses were complete and that no further responses would be forthcoming." ("Plaintiffs' Memorandum in Opposition to Defendant Nuss' Motion to Compel (Filed Under Seal)" at 2).

In opposition to the pending motion to compel, plaintiffs argue, first, that Nuss waived his right to file a motion to compel because the discovery period has closed and, second, that their responses to the interrogatories are adequate.

## DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure permits a party to seek an order compelling a response to discovery requests where none has been made or where the response is so inadequate that it is tantamount to no response at all. *See* Fed. R. Civ. P. 37(a)(3) ("an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer or respond"). While the proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant, *see Alexander v. Federal Bureau of Investigation,* 186 F.R.D. 154, 159 (D.D.C. 1999), the burden is on the objecting party to show why an interrogatory is improper. *Williams v. Sprint/United Mgmt. Co.,* No. 03-2200-JWL, 2005 WL 731070, at *3 (D. Kan. Mar. 30, 2005) (citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2173, at 291-93 (2d ed. 1994)).

Plaintiffs' first argument, that Nuss has waived his right to file a motion to compel, is not persuasive. Although other courts have found that the denial of a motion to compel because the motion was filed after the close of discovery is not an abuse of discretion,[2] in this Court, local practice and pretrial procedures specifically provide that "[m]otions to compel discovery responses due before the deadline *will* be entertained by the court after the deadline has lapsed." *See* http://www.ohsd.uscourts.gov/fpblack.htm, "Pretrial and Trial Procedures" (emphasis added).

Plaintiffs' second argument, that their responses are sufficient, is more persuasive. The Court's prior Order granting the motion to compel was, of course, entered without benefit of plaintiffs' memorandum *contra*, and the Order cites this absence of a memo *contra* as a basis for granting the motion to compel. Today, upon review of the parties' now-complete submissions, the undersigned is satisfied that plaintiffs have met their burden of showing why they should not be required to supplement their responses.

Plaintiffs' answers are not so inadequate that they are tantamount to no response at all. Plaintiffs state that they have answered the interrogatories to the best of their knowledge; for better or for worse. Nuss's objections appear to be not so much to do with the responses themselves but with whether the facts provided in the responses are sufficient to establish liability against Nuss. That question is, of course, reserved.

---

[2] *See Suntrust Bank v. Blue Water Fiber, L.P.,* 210 F.R.D. 196, 199 (E.D. Mich. 2002) (citing *Ginett v. Federal Express Corp.,* 166 F.3d 1213 (6th Cir. 1998); *Willis v. New World Van Lines, Inc.,* 123 F. Supp. 2d 380, 401 (E.D. Mich. 2000)).

Accordingly, defendant Nuss's second motion to compel (doc. 247) is **DENIED.**

Each party will bear its own expenses.

    **IT IS SO ORDERED.**


Date:   5/25/05                        s/Timothy S. Black
                                                          Timothy S. Black
                                                          United States Magistrate Judge