UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA KAMMEYER, et al.** | : | Case No. C-1-01-649 |
| Plaintiffs | : | Spiegel, J. |
| vs. | : | |
| | | PLAINTIFFS' RESPONSE TO |
| **CITY OF SHARONVILLE, et al.** | : | DEFENDANTS' SUPPLEMENTAL CITATION |
| Defendants | : | REGARDING MOTION FOR SUMMARY JUDGMENT |
| | : | |

This memorandum is submitted in response to the "supplemental authority" provided by Defendants (Doc. 283).

## ARGUMENT

In support of their motion for summary judgment, Defendants cite the unpublished decision of the Tenth Circuit Court of Appeals in *Donohue v. Hoey*, 109 Fed. Appx. 340 (10th Cir. 2004). That case, however, is factually distinct from the case at bar. In *Donohue*, the court summarized the plaintiffs' claims by stating, "The Rices' biggest complaint about the [murder] investigation is that the police missed the most obvious suspects . . ." *Id.* at 344. Like the district court, the Tenth Circuit held that the plaintiffs had failed to adduce evidence that the defendants' conduct in conducting the investigation rose above mere negligence. Under such circumstances, the court ruled that the plaintiffs could not maintain an access to courts claim.

Defendants' citation to *Donohue* reveals that they continue to misconstrue the nature of Plaintiffs' claims. In the instant case, the evidence establishes more than a merely negligent investigation. Instead, in points to an intentional cover-up of evidence that would have led to the successful prosecution of the murderer of Marie Wright and Starla Burns, Albert Schuholz; this

evidence also would have permitted Plaintiffs to pursue a wrongful death claim against the murderer and prevent Schuholz from inheriting through Marie. In the case relied upon by Defendants, the Tenth Circuit recognized that the intentional destruction of evidence could give rise to a claim under § 1983. *Id.* at 357 (citing *Wilson v. Meeks*, 52 F.3d 1547 (10th Cir. 1995)). Plaintiffs have offered considerable evidence to show that the defendants engaged in just that conduct.

Defendants' reliance on *Donohue* to bolster their statute of limitations argument is similarly misplaced. Of course, this Court has already denied their motion for summary judgment on that grounds. *Donohue* involved only an application of the discovery rule. The Court has correctly rejected the rigid application of that rule in this case. Instead, the doctrines of continuing violation, fraudulent concealment, and equitable tolling all support Plaintiffs' arguments that their claims were timely filed.

Finally, Defendants argue that *Donohue* supports their conclusory assertions that some of the evidence in this case is inadmissible. But—as they did through the summary judgment briefings—Defendants have failed to make specific arguments regarding particular pieces of evidence. Under such circumstances, the admissibility of evidence is hardly ripe for adjudication. Nonetheless, it is important to note that the evidence excluded in *Donohue* is wholly different than that which the Defendants would like to ignore in this case. The evidence in this case includes investigatory police reports, which are admissible even when they contain hearsay. See Federal Rule of Evidence 808(8)(c); *Combs v. Wilkinson*, 315 F.3d 548, 554-56 (6th Cir. 2002) (department of corrections use of force report admissible in civil case); *United States v. Midwest Fireworks Mfg. Co.*, 248 F.3d 563, 566-67 (6th Cir. 2001) (noting that admitting reports "under the 803(8) exception is a practical necessity that must be afforded to

government officers 'who have made in the course of their duties thousands of similar written hearsay statements concerning events coming within their jurisdictions'"); *United States v. Atlas Lederer Co.*, 282 F. Supp. 2d 687, 710 n.26 (S.D. Ohio 2001) (relying on investigative report prepared by environmental protection agency).

## CONCLUSION

The Tenth Circuit's decision stands for the unremarkable proposition that a plaintiff may not recover for a state actor's negligence under 42 U.S.C. § 1983. Here, however, Defendants intentionally covered up evidence that would have led to the conviction of Albert Schuholz, and in doing so, violated Plaintiffs' constitutional rights. This Court should deny Defendants' motions for summary judgment.

                                                  Respectfully submitted,

                                                  s/Alphonse A. Gerhardstein
                                                  Alphonse A. Gerhardstein # 0032053
                                                  Trial Attorney for Plaintiffs
                                                  Paul Laufman  #0066667
                                                  Donald R. Caster #0077413
                                                  Attorneys for the Plaintiffs
                                                  617 Vine Street, Suite 1409
                                                  Cincinnati, Ohio 45202
                                                  (513) 621-9100
                                                  (513) 345-5543 fax
                                                  agerhardstein@gblfirm.com
                                                  plaufman@gblfirm.com
                                                  dcaster@gblfirm.com

**Certificate of Service**

I here by certify that on May 31, 2005, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/<u>Alphonse A. Gerhardstein</u>