UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA KAMMEYER, et al. | : | Case No. C-1-01-649 |
| | : | |
| Plaintiffs | : | Spiegel, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | **PLAINTIFFS' RESPONSE TO** |
| CITY OF SHARONVILLE, et al. | : | **DEFENDANTS' CITATION OF** |
| | : | **SUPPLEMENTAL AUTHORITY** |
| Defendants | : | **(DOC. 291)** |

## MEMORANDUM

Defendants' have filed supplemental authority purportedly buttressing their argument that Ohio Revised Code Chapter 2744 is not unconstitutional. Nothing in the opinion cited, however, provides grounds for this Court to depart from its prior rulings that application of Chapter 2744 would violate Plaintiffs' rights to trial by jury and to remedy as secured by the Ohio constitution.

Eighteen months ago, this Court agreed with Plaintiffs' assertion that Ohio's statutory sovereign immunity scheme is violative of the Ohio Constitution. In its well-reasoned opinion, the Court wrote:

> Having reviewed this matter, the Court finds that the Ohio Supreme Court has provided more than adequate direction for the Court to conclude that the invocation of sovereign immunity by the City and the individual Defendants violates the Plaintiffs' rights to trial by jury and to remedy under the Ohio Constitution. The Court finds it unimaginable that the Constitution would permit Ohio law to allow municipalities to cloak themselves against liability for a murder cover-up. As such, the Court will not dismiss Plaintiffs' claims for conspiracy, spoliation of evidence, and intentional infliction of emotional distress based on Ohio Revised Code § 2744, which the Court holds violates Section 5, Article I and Section 16, Article I of the Ohio Constitution.

*Kammeyer v. City of Sharonville*, 311 F.Supp.2d 653, 662 (S.D. Ohio 2003). This Court's ruling was based on the Ohio Supreme Court's decision in *Butler v. Jordan*, 92 Ohio St.3d 354 (2001) (plurality). In that case, a plurality of the Ohio Supreme Court noted that, although the issue was

not properly before them, the doctrine of sovereign immunity embodied in Chapter 2744 is "faulty when the Ohio Constitution (the law) is examined." *Id.* at 370. While the majority held that the state had waived sovereign immunity with respect to the defendant in that case, the plurality stated unequivocally, "Butler had a constitutionally protected right to trial by jury against [the defendant], and, accordingly, R.C. 2744.02(B)(5) should not be applied to negate any negligence of [the defendant], since doing so would violate Section 5, Article I of the Ohio Constitution." *Id.* at 373. The *Butler* plurality concluded its exhaustive analysis of the constitutionality of sovereign immunity by pointing out that "applying such broad immunity to government wrongdoers gives no encouragement to do right, and no liability or penalty for doing wrong. When there is no accountability for failure, failure is sure to follow." *Id.*

The case now cited by the defendants in the instant case, *Copeland v. Cincinnati*, 159 Ohio App.3d 833 (Ohio App. 1st Dist. 2005), provides no grounds for departing from this Court's prior holding that Chapter 2744 is contrary to the jury trial and remedy guarantees of the Ohio constitution. In *Copeland*, the First District Court of Appeals upheld the constitutionality of Chapter 2744 in one paragraph without analysis. *Id.* at ¶ 4. The court did not discuss at all the contrary conclusion reached by a plurality of the Supreme Court in *Butler*. Moreover, the language regarding the constitutionality of Chapter 2744 is entirely unnecessary to the resolution in *Copeland*, as the court determined that the sovereign immunity statute did not even apply to the case before it. *Id.* at ¶ 12.

Both the *Butler* plurality and this Court were correct regarding the constitutionality and effects of Ohio's sovereign immunity statutes. It is, as this Court noted, "unimaginable" that the defendants can escape liability for their participation in the cover-up of the identity of a murderer. *Kammeyer*, 311 F. Supp. 2d at 662. For such conduct, there must be accountability

2

because without such accountability, further "failure is sure to follow." *Butler*, 92 Ohio St.3d at 373. If Chapter 2744 of the Ohio Revised Code were applied to this case, the plaintiffs would be denied their rights to remedy and trial by jury as guaranteed by the Ohio constitution. Accordingly, this Court should not depart from its prior opinion holding the sovereign immunity statute unconstitutional.

        Respectfully submitted,

        /s/ Alphonse A. Gerhardstein_____
        Alphonse A. Gerhardstein # 0032053
        Trial Attorney for Plaintiffs
        Paul Laufman  #0066667
        Donald R. Caster #0077413
        Attorneys for the Plaintiffs
        GERHARDSTEIN BRANCH & LAUFMAN CO., LPA
        617 Vine Street, Suite 1409
        Cincinnati, Ohio 45202
        (513) 621-9100
        (513) 345-5543 fax
        agerhardstein@gblfirm.com
        plaufman@gblfirm.com
        dcaster@gblfirm.com

## Certificate of Service

    I here by certify that on June 20, 2005, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        /s/Alphonse A. Gerhardstein