```
```

Case 1:01-cv-00649-SAS    Document 295    Filed 07/12/2005    Page 1 of 3

<br/>

<br/>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA KAMMEYER, et al. | : | Case No. C-1-01-649 |
| Plaintiffs | : | Spiegel, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | **PLAINTIFFS' RESPONSE TO DEFENDANTS' CITATION OF SUPPLEMENTAL AUTHORITY (DOC. 294)** |
| CITY OF SHARONVILLE, et al. | : | |
| Defendants | : | |

**MEMORANDUM**

In support of their motion for summary judgment (Doc. 233), Defendants City of Sharonville and Michael Schappa cite the Supreme Court's recent decision in *Castle Rock v. Gonzales*, --- S. Ct. ---, 2005 WL 1499788 (June 27, 2005). Despite Defendants' claim that "the *Castle Rock* case is directly on point," that case, in fact, touches on none of the issues raised in the instant case. The Supreme Court's holding in *Castle Rock* does not support Defendants' motion for summary judgment.

Castle Rock decided only a very narrow question of law. Justice Scalia, writing for the Court, described this question in his opening sentence:

> We decide in this case whether an individual who has obtained a state-law restraining order has a constitutionally protected property interest in having the police enforce the restraining order when they have probable cause to believe it has been violated.

*Id*. Gonzales sued officials of Castle Rock, Colorado, claiming that their failure to enforce a state court-issued restraining order deprived her of procedural due process. In examining her case, the Supreme Court held that Colorado law did not give Gonzales a protected entitlement to enforcement of a restraining order. Because no such entitlement existed, no process was due prior to the officials' decision not to enforce the restraining order.

Defendants recite the final paragraph of the *Castle Rock* decision, which references the Court's decision in *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989). While some of Plaintiffs' federal claims arise from the substantive due process protections provided by the Fourteenth Amendment, those claims are not "*DeShaney*-style claims"—that is, Plaintiffs do no allege that Defendants created or enhanced a particular danger, resulting in injury. A review of Plaintiffs memoranda opposing Defendants' motions for summary judgment reveals that the word "*DeShaney*" is absent from those filings. This case is also not about the failure of a police officer or department to arrest someone for a crime or to investigate that crime. Instead, Plaintiffs' claims arise from Defendants' cover-up of evidence that should have revealed the identity of the murderer of Plaintiffs' mothers.

The Supreme Court's decision in *Castle Rock* was not unexpected. Gonzales was proffering a novel claim, the purpose of which was clearly to avoid the harsh rule of *Deshaney*.[1] Neither the facts of the case nor its legal conclusions shed any light on the proper resolution of Plaintiffs' claims in the instant case. Because Plaintiffs have articulated claims under both the substantive due process and equal protection clauses of the Fourteenth Amendment, Defendants' motion for summary judgment should be denied.

**Respectfully submitted,**

/s/ Alphonse A. Gerhardstein
Alphonse A. Gerhardstein # 0032053
Trial Attorney for Plaintiffs
Paul Laufman  #0066667
Donald R. Caster #0077413
Attorneys for the Plaintiffs
GERHARDSTEIN BRANCH & LAUFMAN CO., LPA

---

[1] *See Deshaney*, 489 U.S. at 213 (Blackmun, J., dissenting) ("It is a sad commentary upon American life, and constitutional principles--so full of late of patriotic fervor and proud proclamations about 'liberty and justice for all'--that this child, Joshua DeShaney, now is assigned to live out the remainder of his life profoundly retarded. Joshua and his mother, as petitioners here, deserve--but now are denied by this Court--the opportunity to have the facts of their case considered in the light of the constitutional protection that 42 U.S.C. § 1983 is meant to provide.").

2

617 Vine Street, Suite 1409<br>
Cincinnati, Ohio 45202<br>
(513) 621-9100<br>
(513) 345-5543 fax<br>
agerhardstein@gblfirm.com<br>
plaufman@gblfirm.com<br>
dcaster@gblfirm.com

## Certificate of Service

I here by certify that on July 12, 2005, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Alphonse A. Gerhardstein