UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA KAMMEYER, et al.** | : | Case No. C-1-01-649 |
| | : | |
| Plaintiffs | : | Spiegel, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | **PLAINTIFFS' MEMORANDUM IN** |
| **CITY OF SHARONVILLE, et al.** | : | **OPPOSITION TO DEFENDANTS'** |
| | : | **MOTION TO CERTIFY QUESTION** |
| Defendants | : | **OF STATE LAW TO OHIO** |
| | : | **SUPREME COURT** |

**MEMORANDUM**

Plaintiffs oppose Defendants' request that the Court certify the question of the constitutionality of Ohio Revised Code § 2744 to the Ohio Supreme Court (Doc. 293). This Court held in December 2003 that Ohio's sovereign immunity statute is unconstitutional. *Kammeyer v. City of Sharonville*, 311 F. Supp. 2d 653, 662 (S.D. Ohio 2003). Defendants have waited twenty months to request certification of this question. Because the rules of the Supreme Court of Ohio make such certification inappropriate, the Court should deny the motion.

Ohio Supreme Court Practice Rule XVIII governs the certification of questions of law from federal courts. It provides that in order for the Supreme Court to accept certification, the certifying court must first find that the question being certified "may be determinative of the proceeding." S. Ct. Prac. R. XVIII(1). In this case—as Defendants acknowledge (Doc. 293 at n.2)—even if the state law claims are barred by statutory sovereign immunity, federal claims against the City of Sharonville would remain.[1] The Sixth Circuit has recently refused to certify

---

[1] Federal claims would also remain against Defendants Nuss, Cramer, and Schappa in their official capacities. Further, contrary to Defendants' unsupported contention (Doc. 293 at n.3), Plaintiffs have never "admitted" that a finding that § 2744 is constitutional would require dismissal of all claims other than the federal claim against the City of Sharonville. Obviously, even if the Court departed from its prior rulings, both in this case and others, and upheld the statute against constitutional challenge, the Court would then have to determine whether the statute

the question of the constitutionality of § 2744 on the grounds that federal claims would remain despite the resolution of that issue, thereby making certification improper. *Owensby v. City of Cincinnati*, --- F.3d ---, 2005 WL 1579700, at *7 (6th Cir. July 7, 2005).

When confronted with a question of state law, this Court's task is to predict the outcome that would be reached by the state's highest court, were it confronted with the same question. In its well-reasoned opinion in December 2003, the Court has done so. The constitutionality of Ohio's statutory sovereign immunity scheme is not outcome determinative. Therefore, this Court should deny Defendants' motion.

**Respectfully submitted,**

/s/ Alphonse A. Gerhardstein
Alphonse A. Gerhardstein # 0032053
Trial Attorney for Plaintiffs
Paul Laufman  #0066667
Donald R. Caster #0077413
Attorneys for the Plaintiffs
GERHARDSTEIN BRANCH & LAUFMAN CO., LPA
617 Vine Street, Suite 1409
Cincinnati, Ohio 45202
(513) 621-9100
(513) 345-5543 fax
agerhardstein@gblfirm.com
plaufman@gblfirm.com
dcaster@gblfirm.com

**Certificate of Service**

I here by certify that on July 12, 2005, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an

---

barred liability in the instant case. And regardless of its constitutionality, the state's sovereign immunity statute cannot vitiate any defendant's liability on any federal claim. *Howlett v. Rose*, 496 U.S. 356, 375 (1990) ("The elements of, and the defenses to, a federal cause of action are defined by federal law.").

2

appearance by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/Alphonse A. Gerhardstein