UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA KAMMEYER, et al.** | : | CASE NO.: C-1-01-649 |
| Plaintiffs, | : | Judge Spiegel<br>(Magistrate Black) |
| vs. | : | |
| **CITY OF SHARONVILLE, OHIO, et al.** | : | DEFENDANTS' JOINT REPLY IN RESPONSE TO PLAINTIFFS' |
| Defendants. | : | MEMORANDUM IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO |
| | : | CERTIFY QUESTION OF STATE LAW TO OHIO SUPREME COURT |

**I.   PLAINTIFFS COMPLETELY IGNORE THE FACT THAT THE OHIO SUPREME COURT AND EVERY OHIO COURT OF APPEALS THAT HAS RULED ON THE ISSUE OF THE CONSTITUTIONALITY OF R.C. §2744 HAS FOUND THAT IT IS CONSTITUTIONAL.**

The Ohio Supreme Court has explicitly held "that R.C. §2744.02(B)(4) does not violate Section 16, Article 1 of the Constitution of Ohio." *Fabrey v. McDonald Village Police Dept.*, 70 Ohio St.3d 351 at 355. Further, *every* Ohio Court of Appeals that has ruled on this issue has found that R.C. §2744 is constitutional. Yet, other than stating that this Court's opinion in December, 2003 is "well reasoned," Plaintiffs choose to completely ignore that the law of Ohio, including precedent of the Ohio Supreme Court, establishes that R.C. §2744 is constitutional.

After Defendants filed their Joint Motion To Certify another Ohio court of appeals, the Fourth Appellate District, followed the lead of the Supreme Court and every other Ohio court of appeals and found R.C. §2744 to be constitutional. *Nagel v. Horner, et al.*, 2005 Ohio App., LEXIS 3291, Court of Appeals of Ohio, Fourth Appellate District. Moreover, in *Nagel* the Court explicitly rejected that plaintiff's reliance on this Court's opinion of December, 2003 and the dicta of two former Ohio Supreme Court justices in *Butler v. Jordon* (2001), 92 Ohio St.3d 354.

> We choose not to follow *Kammeyer* because it is not controlling authority . . . Not being bound by federal district court

> pronouncement on federal law, we leave the interpretation of state constitutional law to our state's highest court. Moreover, *Kammeyer* does not apply the syllabus law of *Butler*, but instead expands the plurality's dicta. See *Thompson v. Bagley*, Paulding App. No. 11-04-12, 2005-Ohio-1921, at ¶19 (stating that court will not declare a statute unconstitutional based upon the legal reasoning of a plurality of the Supreme Court that was stated in dicta).

*Nagel*, p. 7, a copy of which is attached hereto. Defendants submit that the Court's analysis and decision in *Nagel* is 100% correct.

## II.     PLAINTIFFS' RELIANCE ON *OWENSBY* IS MISPLACED.

Plaintiffs rely on the recent decision of the Sixth Circuit in *Owensby v. City of Cincinnati*, _____ F.3d \_\_\_\_, 2005 U.S. App. LEXIS 13444 (6th Cir. July 7, 2005) to support their argument that Defendants' request for certification should be denied. That reliance is misplaced. In *Owensby* Plaintiffs brought both federal and state claims against the individual defendants in their individual capacities, and the Sixth Circuit upheld the District Court's decision that the federal claims brought against those defendants were not barred by the qualified immunity defense.[1] Under those circumstances, the resolution of the claims made under Ohio law against the individual defendants in *Owensby* would not have been determinative of the proceedings as it related to those defendants. That is not the case here. The *only* claims pending in this case against the individual defendants in their individual capacities are brought under Ohio law.[2] Accordingly, a ruling that R.C. §2744 is

---

[1] Federal claims had also been brought in this case against the individual defendants in their individual capacities. In fact, the question of the validity of the federal claims was pending before the Sixth Circuit when Plaintiffs decided to dismiss those claims. Thus, unlike the individual defendants in *Owensby*, these individual Defendants were not able to fully exercise their qualified immunity rights, including their right to be free from suit.

[2] Plaintiffs' argument that federal claims are pending against the individual defendants because they have also been sued in their official capacities is specious. It is undisputed and black letter law that "official capacity" claims are the same as claims against the governmental entity, and it is redundant to bring those claims when the governmental entity is also a defendant in the action. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985) ("As long as the government entity receives notice

2

constitutional could and, as discussed below, probably will be determinative of the entire proceeding as it relates the claims made against the individual defendants in this action.

As part of their argument that this Court should find R.C. §2744 unconstitutional Plaintiffs stated that a finding to the contrary "would den[y] their rights to remedy . . ." (See Doc. 291, p. 3.) The only *reasonable* conclusion one can reach from that statement is that: (1) a finding that the statute is constitutional will result in Plaintiffs having no remedy for their claims against the individual defendants; and (2) that result (i.e. no remedy) could only happen if R.C. §2744 requires the dismissal of those claims. As such, Plaintiffs have indeed admitted, albeit inadvertently, that a finding that R.C. §2744 is constitutional will result in a dismissal of their claims against the individual defendants.

### III.   CONCLUSION

For the reasons stated in their Motion and above, Defendants' Joint Motion To Certify should be granted.

Respectfully submitted,

  s/Brian E. Hurley  
Brian E. Hurley (0007827)  
Robert J. Gehring (0019329)  
Crabbe, Brown & James LLP  
Attorneys For Defendant William Nuss  
30 Garfield Place, Suite 740  
Cincinnati, Ohio 45202-4359  
(513) 784-1525 - telephone  
(513) 784-1250 - facsimile  
Bhurley@cbjlawyers.com  
Rgehring@cbjlawyers.com  

---

and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. . ." As such, it has been absolutely clear since at least 1985 that there is "no longer a need to bring official capacity actions against local government officials . . ."

  s/Randolph H. Freking
Randolph H. Freking, Esq. 0009158
Freking & Betz
Counsel For Defendant Cramer
215 East Ninth Street, 5th Floor
Cincinnati, Ohio 45202
(513) 721-1975 - telephone
(513) 651-2570 - facsimile
email: rfreking@frekingandbetz.com


  s/Lawrence E. Barbiere
Lawrence E. Barbiere, Esq. 0027106
Schroeder, Maundrell, Barbiere & Powers
Counsel For Defendants Schappa and City
 of Sharonville
119 Mason Road, Suite 110
Cincinnati, Ohio 45249-3703
(513) 583-4210 - telephone
(513) 583-4203 - facsimile
email: lbarbiere@schroederlaw.com


  s/Thomas T. Keating
Thomas T. Keating, Esq. (0011359)
Keating, Richie & Swick
Counsel For Defendants Schappa and City
 of Sharonville
8050 Hosbrook, Suite 200
Cincinnati, Ohio 45236
(513) 891-1530 - telephone
(513) 891-1537 - facsimile
tkeating@krslawyers.com

### CERTIFICATE OF SERVICE

    I hereby certify that on July 19, 2005, a copy of the forgoing was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties my access this filing through the Court's system.

  s/Brian E. Hurley

\\theserver\firmdocs\NUSS\jtmtncertify reply.wpd