UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA KAMMEYER, et al. | : | Case No. C-1-01-649 |
| Plaintiffs | : | Spiegel, J. |
| vs. | : | |
| CITY OF SHARONVILLE, et al. | : | PLAINTIFFS' EMERGENCY MOTION TO DISMISS STATE LAW CLAIMS AGAINST DEFENDANTS ONLY TO EXTENT SUCH CLAIMS ACCRUED ON OR AFTER APRIL 9, 2003 AND MEMORANDUM IN SUPPORT |
| Defendants | : | |

## MOTION

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiffs move for an order dismissing the state law claims against defendants Nuss, Schappa, and Cramer for intentional and negligent infliction of emotional distress, spoliation of evidence, and conspiracy only to the extent such claims accrued on or after April 9, 2003. Plaintiffs also move to dismiss the state law claim for negligent infliction of emotional distress against defendant City of Sharonville only to the extent such claims accrued on or after April 9, 2003. Plaintiffs do not dismiss and will go forward on the state law claims accruing before April 9, 2003. ***Plaintiffs respectfully request that the Court rule on this motion prior to issuing its opinion resolving the pending motions for summary judgment.***

1

**MEMORANDUM IN SUPPORT**

Some of the acts by defendants that caused injury to plaintiffs in this case occurred on or after April 9, 2003.  This motion seeks to dismiss the state law claims but only to the extent they accrued on or after April 9, 2003, and preserve and go forward on the state law claims accruing before that date.

In other litigation involving some of the attorneys who represent defendants in this case, defense counsel have filed appeals under O.R.C. §2744.02(C) following the denial of summary judgment in order to assert state law immunity as a defense to state law claims for relief.  *See Chesher v. Neyer*, USDC, SD OH No C-1-01-566 (see, e.g., Docs. 386, 387, 391, 393, 392).  In that case defendants assert that claims based on conduct that starts before but continues after the effective date of amended § 2744.02(C) permit defendants to invoke the right to an interlocutory appeal when a claim of immunity is denied.  The effective date of the amended statute is April 9, 2003.  The issue of immunity on claims that span the effective date is hotly contested in *Chesher* as plaintiffs in that case disagree that any appeal may be taken on such facts.  Nonetheless, having learned of the issue in *Chesher*, plaintiffs in this case seek to clarify and narrow their claims so as to avoid a similar attempt to appeal the order denying summary judgment in this case.[1]

Effective April 9, 2003, O.R.C. §2744.02(C) was amended as follows:

An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order.

---

[1] At the most recent status conference, this Court has indicated that it will at least partially deny the pending summary judgment motions in this case.  At this point, however, no written decision has been issued.

2

As a "final order," defendants will claim the order denying summary judgment on the claim of immunity is an appealable order. At issue in cases such as the one at bar is the proper way to address claims involving conduct that continued before and after the effective date of the immunity act. In the uncodified portion of S.B. 106 amending the act, Section 3, the General Assembly specifically stated that O. R.C. §2744.02 and other statutes, "as amended by this act, apply only to causes of action that accrue on or after the effective date of this act. Any cause of action that accrues prior to the effective date of this act is governed by the law in effect when the cause of action occurred." Before the effective date, April 9, 2003, denials of immunity were not appealable before final judgment; after that date defendants will claim that denials of immunity are appealable. Plaintiffs in this case simply want to avoid the problem. This lawsuit was filed in September 2001 and alleges twenty years of misconduct. To allow acts taken two years after the lawsuit was filed to control the direction of the case would be to let the tail wag the dog.

The simplest solution is to dismiss any state law claims for damages only to the extent they accrued on or after the effective date of the act.[2] Such conduct is a very minor portion of the overall misconduct in this case and by dismissing the claims to the extent they accrued after the effective date the plaintiffs will insure that the core case can proceed to a timely trial.

---

[2] This motion does not involve the civil rights claim, nor does it involve any determination of the evidence that may be admissible to prove the remaining claims. Instead, the effect of the instant motion is to limit the damages for state-law claims available to Plaintiffs to those flowing from the defendants' actions prior to April 9, 2003. Plaintiffs have previously argued in the alternative that the state law claims had not yet accrued. This theory was advanced in response to motions for summary judgment based upon statute of limitations. This court overruled the motion for summary judgment relying on the continuing violation and estoppel theories and has not addressed the accrual theory. See Order, April 27, 2005. Doc. 282. Thus said theory has no effect on these proceedings.

Whether to grant dismissal pursuant to Rule 41(a)(2) is within the sound discretion of a district court. *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). A court granting such a motion abuses its discretion only if the defendants will "suffer plain legal prejudice as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* Further, "it is not a bar to a court-granted dismissal under Rule 41(a)(2) that the plaintiff may obtain some tactical advantage thereby." Wright & Miller, 9 *Federal Practice & Procedure* § 2364. In the present case, defendants would not even face the prospect of a successive lawsuit if this Court grants Plaintiffs' motion: this case will proceed to a jury trial as scheduled and be finally concluded. Defendants simply are not harmed by this motion. Indeed, they are helped to the extent the claims have been narrowed.

Plaintiffs respectfully request that this court grant the motion to dismiss the state law claims against defendants only to extent such state law claims have accrued on or after April 9, 2003; and that the state law claims accruing before April 9, 2003 be allowed to proceed to trial.

Respectfully submitted,

 s/ Alphonse A. Gerhardstein
Alphonse A. Gerhardstein # 0032053
Trial Attorney for Plaintiffs
Paul M. Laufman  #0066667
Donald R. Caster #0077413
Attorneys for the Plaintiffs
617 Vine Street, Suite 1409
Cincinnati, Ohio 45202
(513) 621-9100
(513) 345-5543 fax
agerhardstein@gblfirm.com
plaufman@gblfirm.com
dcaster@gblfirm.com

4

## Certificate of Service

I here by certify that on November 19, 2005, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      _s/ Alphonse A. Gerhardstein_____
      Alphonse A. Gerhardstein