UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA KAMMEYER, et al.,** | : | CASE NO. 1:01cv00649 |
| | : | Judge Spiegel |
| Plaintiffs, | : | Magistrate Hogan |
| | : | |
| vs. | : | |
| | : | |
| **CITY OF SHARONVILLE, OHIO, et al.,** | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF DEFENDANTS
IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION
TO DISMISS STATE LAW CLAIMS ONLY TO EXTENT
SUCH CLAIMS ACCRUED ON OR AFTER APRIL 9, 2003**

Plaintiffs have filed a Motion pursuant to Federal Rule of Civil Procedure 41(a)(2) for an order dismissing the state law claims in this action to the extent that such claims accrued on or after April 9, 2003. FRCP 41(a)(2) does not provide for such a dismissal, and plaintiffs' Motion should be denied.

Rule 41(a) of the Federal Rules of Civil Procedure provides for the dismissal of **actions by plaintiff.** FRCP 41(a)(1) provides that plaintiff may dismiss an action by filing a Notice of Dismissal before service of an Answer or a Motion for Summary Judgment or by filing a Stipulation of Dismissal signed by all parties who have made an appearance. FRCP 41(a)(2) provides for the dismissal of an action by order of the court upon motion in cases such as this one where responsive pleadings have been filed.

As the Court stated in **D.C. Electronics v. Nartron Corp., 511 F.2d 294 (6th Cir. 1975):**

> Courts and commentators alike have apprehended that the purpose of the rule [41(a)] is to limit the right of dismissal to an early stage of the proceedings. (citations omitted).

In this case, plaintiffs have already dismissed certain of their claims in response to an appeal. Now, plaintiffs attempt to dismiss parts of claims in order to once again deprive defendants of their statutory right to appeal. This attempt is of no avail because plaintiffs do not have the right pursuant to the rules to a partial dismissal of claims.

In **Carey Manufacturing Co. v. Taylor, 286 F.2d 782 (6th Cir.), cert. denied, 366 U.S. 948, 81 S.Ct. 1903, 6 L.Ed.2d 1242 (1961),** the Court stated:

> Rule 41(a)(1) provides for the voluntary dismissal of an "action" not a "claim"; the word "action" as used in the rules denotes the entire controversy, whereas "claim" refers to what has traditionally been termed "cause of action."

In **Letherer v. Alger Group, L.L.C., 328 F.3d 262 (6th Cir. 2003)**, the United States Court of Appeals for the Sixth Circuit cited the above language but noted that the majority view taken by the First, Third, Fifth, Eighth and Ninth Circuits is that Rule 41(a) refers to the dismissal of all claims against a single defendant rather than the entire controversy against all defendants as set forth in **Carey Manufacturing, supra**.

Plaintiffs Motion to Dismiss should be denied under either view. Plaintiffs do not seek to dismiss an "action" and neither do they seek to dismiss all claims against a single defendant. Plaintiffs seek to dismiss parts of some of the claims to the extent they accrued after April 9, 2002. Plaintiffs attempt to do that in spite of the fact that in opposition to the Motions for Summary Judgment they argued that their claims had not yet accrued and that the alleged violations were continuing to the present time, and in spite of the fact that the alleged continuing conspiracy claim was the basis for the Court's denial of summary judgment on the statute of limitations issue.

F.R.C.P. 41(a) was not drafted so that plaintiffs could dismiss bits and pieces of certain claims in their Complaint so as to avoid summary judgment or the right by defendants to appeal.

On the contrary, the rule provides for the dismissal of the entire controversy or, at least, all claims against a defendant. As a result, plaintiffs' Motion should be denied.

Based on the foregoing, defendants, City of Sharonville, Ohio, Mike Schappa, James I. Cramer and William Nuss, respectfully request that the Court deny Plaintiffs' Emergency Motion to Dismiss State Law Claims against Defendants only to the Extent Such Claims Accrued on or After April 9, 2003.

    s/Lawrence E. Barbiere
Lawrence E. Barbiere (0027106)
Attorney for Defendants, City of Sharonville, Ohio and Mike Schappa
**SCHROEDER, MAUNDRELL, BARBIERE & POWERS**
11935 Mason Road, Suite 110
Cincinnati, OH  45249-3703
(513)583-4200
(513)583-4203[fax]
lbarbiere@smbplaw.com

OF COUNSEL:

Michael E. Maundrell (0027110)
**SCHROEDER, MAUNDRELL, BARBIERE & POWERS**
11935 Mason Road, Suite 110
Cincinnati, OH  45249
(513) 583-4200

    s/Brian E. Hurley
Brian E. Hurley (0007827)
Robert J. Gehring (0019329)
*Attorneys for Defendant William Nuss*
Crabbe, Brown & James, LLP
30 Garfield Place, Suite 740
Cincinnati, OH   45202-4359
(513) 784-1525
(513) 784-1250 (fax)
Bhurley@cbjlawyers.com
Rgehring@cbjlawyers.com

   s/Randolph H. Freking
Randolph H. Freking (0009158)
Freking & Betz
***Attorney for Defendant Cramer***
215 East Ninth Street, 5th Floor
Cincinnati, OH 45202
(513) 721-1975
(513) 651-2570 (fax)
email: rfreking@frekingandbetz.com

   s/Thomas T. Keating
Thomas T. Keating (0011359)
**KEATING, RITCHIE & SWICK**
200 Whitehall Park
8050 Hosbrook Road
Cincinnati, OH 45236
***Attorney for Defendant, City of Sharonville***
(513) 891-1530
(513) 891-1537 (fax)
tkeating@krslawyers.com

## CERTIFICATE OF SERVICE

   I hereby certify that on **December   19th, 2005,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following: Alphonse A. Gerhardstein, Esq. and Jennifer L. Branch, Esq., ***Attorneys for plaintiffs***.

   s/ Lawrence E. Barbiere
Lawrence E. Barbiere
Ohio Bar Number: 0027106

-4-