UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA KAMMEYER, et al. | : | Case No. C-1-01-649 |
| Plaintiffs | : | Spiegel, J. |
| vs. | : | |
| CITY OF SHARONVILLE, et al. | : | PLAINTIFF'S REPLY TO MEMORANDUM OF DEFENDANTS IN OPPOSITION |
| Defendants | : | TO PLAINTIFFS' EMERGENCY MOTION TO DISMISS STATE |
| | : | LAW CLAIMS AGAINST DEFENDANTS ONLY TO |
| | : | EXTENT SUCH CLAIMS ACCRUED ON OR AFTER |
| | : | APRIL 9, 2003 |
| | : | |

**MEMORANDUM IN REPLY**

A.      Introduction

        Plaintiffs have filed a motion asking the Court to dismiss various state law

claims against defendants Nuss, Schappa, Cramer, and the City of Sharonville to the

extent such claims may have accrued on or after April 9, 2003.  (Doc. 301).  Plaintiffs

filed their motion to clarify and narrow their claims to allow this matter to proceed on its

merits without the undue burden of yet another interlocutory appeal by defendants.

Defendants have made clear their true intentions to delay this case in any way possible

by opposing plaintiffs' motion.  (Doc. 304).  Plaintiffs' motion is an appropriate use of

Civil Rule 41(a)(2) and does not prejudice the defendants.  Plaintiffs' motion should be

granted for the reasons stated below and in plaintiffs' original pleading.

1

B.    Argument

The defendants allege that Civil Rule 41(a)(2) does not permit for dismissal of a claim such as requested by plaintiffs.  Defendants are wrong.  The Sixth Circuit has stated that "a plaintiff has an absolute right to discontinue his action up to the time of trial, this rule is subject to the exception that the plaintiff may not, by so doing, subject the defendant to some plain legal prejudice other than the mere prospect of a second litigation upon the same subject-matter."  *Olsen v. Meskegon Piston Ring Co.* 117 F.2d 163, 165 (6th Cir 1941).  Whether to grant a dismissal under Rule 41(a)(2) is within the sound discretion of the trial court subject only to review for abuse of discretion.  *Gover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir. 1994), *Manshack v. South*western Elec. Power Co., 915 F.2d 172 (5th Cir. 1990).

Defendants specifically claim that Rule 41(a)(2) provides only for "the dismissal of the entire controversy or, at least, all claims against a defendant." (Defendants' Memorandum in Opposition at p. 3).  That is not the case.  A party may dismiss any claim or cause of action it wishes subject only to the provisions of Rule 41(a)(2).  This procedure has often been noted with approval by the Sixth Circuit. *See, e.g., Management Investors v. United Mine Workers of America*, 610 F.2d 384, 388 (6th Cir. 1979) (party utilized Rule 41(a)(2) to dismiss only federal claims plead against a defendant).

The cases cited by defendants for their opposition to plaintiffs' motion are misplaced.  All three cases cited by defendants address the interpretation of Rule 41(a)(1), which is not the rule at issue in the present matter.  *D.C. Electronics v. Nartron Corp.,* 511 F.2d 294 (6th Cir. 1975), addresses whether a court has judicial discretion to

set aside a Rule 41(a)(1)(i) voluntary dismissal.  Similarly, *Carey Manufacturing Co. v. Taylor,* 286 F.2d 782 (6th Cir. 1961), is a case regarding venue.  Rule 41(a)(2) is not an issue in the decision, and the portion of the opinion the Defendants rely upon is a quote from a disfavored Second Circuit case regarding dismissal.[1]  The Sixth Circuit has not adopted the Second Circuit's view on dismissal.  *Id.*  In contrast, *Letherer v. Alger Group, L.L.C.* 328 F.3d 262 (6th Cir. 2003), which the defendant also relies upon, clearly states that "[t]he Sixth Circuit's interpretation of Rule 41 is unclear. . ."  *Id.* at 267.  Plaintiffs filed their Motion to Dismiss under Rule 41(a)(2).  The cases cited by defendants are inapplicable.

Then-judge Blackmun set forth a helpful discussion of the Rule 41(a)(2) in *Johnston v. Cartwright*, 355 F.2d 32, 39 (8th Cir. 1966).  Blackmun analyzed the two possible interpretations of Rule 41(a)(2).  The first approach, espoused by the defendants herein, would limit Rule 41(a)(2) to permit only the dismissal of an "action" as discussed *Harvey Aluminum,* supra at fn. 1.  The second approach permits the dismissal of a "claim or of a cause of action" as sought by plaintiffs herein.  The *Johnston* court held, "We would be inclined to favor, however, the liberality of the contrary view espoused in other cases and typified by Professor Moore as 'the better view." *Johnston*, 355 F.2d at 39 (citations omitted).  Further explaining the preferred liberality of permitting claim dismissal, the court also noted that it is likely immaterial whether a court chooses to act under Rule 41(a) regarding dismissals, Rule 21 regarding the

---

[1] Defendants quote from *Harvey Aluminum, Inc. et al. v. American Cyanamid Co. et al.*, 203 F.2d 105 (2d Cir. 1953).  "Although the decision in the Harvey Aluminum case was reasonable, it was supported by very little precedent.  Furthermore, although federal courts in subsequent cases have paid lip service to its principle that dismissal by notice is improper after the merits of the controversy have been reached, it has very few progeny.  Even the Second Circuit has limited it to its facts."  Wright & Miller, 9 *Federal Practice & Procedure* § 2363.

misjoinder of parties, or Rule 15(a) regarding amendments to pleadings.  The end result

is the same:  subject only to a determination regarding legal prejudice to the defendants,

plaintiffs should be permitted to craft their specifics clams as they deem appropriate.

Finally, it should be noted that defendants' opposition to the instant motion is

premised on their desire to file yet another interlocutory appeal   This would be

defendants' *fifth* such interlocutory appeal in this matter.  (Sixth Circuit cases 02-4127,

03-3141, 03-3291, 03-3415).  Interlocutory appeals such as this are strongly disfavored.

Interlocutory appeals are intended "to carve out only a limited exception to the final-

judgment rule." *Carson v. American Brands, Inc.,* 450 U.S. 79, 84 (1981).  The general

congressional policy against piecemeal review bars interlocutory appeal.  *Id.*

C.      Conclusion

Plaintiffs respectfully request that this Court grant the motion to dismiss the state

law claims against defendants only to the extent such state law claims have accrued on

or after April 9, 2003; and that the state law claims accruing before April 9, 2003 be

allowed to proceed to trial.

Respectfully submitted,


  s/ Alphonse A. Gerhardstein
Alphonse A. Gerhardstein # 0032053
Trial Attorney for Plaintiffs
Paul M. Laufman  #0066667
Donald R. Caster #0077413
Attorneys for the Plaintiffs
617 Vine Street, Suite 1409
Cincinnati, Ohio 45202
(513) 621-9100
(513) 345-5543 fax
agerhardstein@gblfirm.com
plaufman@gblfirm.com
dcaster@gblfirm.com

**<u>Certificate of Service</u>**

I here by certify that on January 3, 2006, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

_s/ Alphonse A. Gerhardstein_____
Alphonse A. Gerhardstein