UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA KAMMEYER, *et al.* | : | Case No. 1:01-cv-00649 |
| | : | |
| Plaintiffs, | : | Senior District Judge S. Arthur Spiegel |
| | : | Magistrate Judge Timothy S. Black |
| v. | : | |
| | : | **JOINT MOTION TO STAY** |
| CITY OF SHARONVILLE, *et al.* | : | |
| | : | |
| Defendants. | : | |

Pursuant to F.R.A.P. 8(a)(1)(A), Proposed Intervenors North East Insurance Company, Scottsdale Insurance Company, Folksamerica Reinsurance Company, Ohio Government Risk Management Plan, and United National Insurance Company ("Proposed Intervenors") move this Court for an Order staying the trial of this action until resolution of their appeal to the United States Court of Appeals for the Sixth Circuit from this Court's April 27, 2006 Order denying their Motion to Intervene. The reasons for this Motion are more fully set forth in the accompanying Memorandum in Support.

Respectfully submitted,

/s/ Kimberly A. Zamary_____
K. Roger Schoeni (0004812)
Kimberly A. Zamary (0072574)
KOHNEN & PATTON LLP
201 East Fifth Street
PNC Center, Suite 800
Cincinnati, OH 45202
(513) 381-0656 or Fax (513) 381-5823
e-mail: rschoeni@kplaw.com
e-mail: kzamary@kplaw.com
*Counsel for North East Insurance Co*

/s/ Alan H. Abes_____
Alan H. Abes, Esq. (0062423)
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
(513) 977-8200; Fax (513) 977-8141
*Attorney for Folksamerica Reinsurance Company*


/s/ Holly M. Wilson_____
Clifford C. Masch, Esq. (0015737)
Holly M. Wilson, Esq. (0074291)
Reminger & Reminger LPA
1400 Midland Building
101 Prospect Avenue West
Cleveland, Ohio  44115-1093
(216) 430-2238; Fax (216) 687-1841
*Attorneys for United National Insurance Company*


/s/ Brian Wildermuth_____
Nicholas E. Subashi (0033953)(Counsel of record)
Brian L. Wildermuth  (0066303)
Law Office of Nicholas E. Subashi
The Oakwood Building
2305 Far Hills Avenue
Dayton, Ohio  45419
(937) 534-0500; Fax (937) 534-0505
lawoffices@nesubashi.com
bwildermuth@nesubashi.com
*Attorneys Scottsdale Insurance Company*


/s/ Michael Sanderson_____
Michael Sanderson (0008521)
Shumaker, Loop & Kendrick LLP
1000 Jackson Street
Toledo, Ohio  43624
*Attorney for Ohio Government
  Risk Management Plan*

**MEMORANDUM IN SUPPORT**

**I. BACKGROUND**

Proposed Intervenors previously moved this Court to intervene in this action as a matter of right pursuant to F.R.C.P. 24(a) or, in the alternative, permissively under F.R.C.P. 24(b). (Doc. 242.) As more fully set forth in the Motion to Intervene, Proposed Intervenors sought to intervene for the limited purpose of submitting jury instructions, jury interrogatories, and verdict forms. *Id.* Therefore, Proposed Intervenors sought to intervene for no other purpose than to participate as necessary in the trial of this action. Proposed Intervenors will not repeat their Motion to Intervene here, but incorporate it by reference simply as further background.

On April 27, 2006, the Court issued an Order denying Proposed Intervenors' Motion to Intervene. (Doc. 307.) Accordingly, Proposed Intervenors are not parties to the case, and are not currently permitted to participate at trial for the purposes set forth above.

Each of the Proposed Intervenors have timely appealed the Court's April 27, 2006 Order. (Docs. 313, 314, 315, 316, 317.) The appeals are therefore pending in the United States Court of Appeals for the Sixth Circuit. No schedule of any kind has been set in the Sixth Circuit.

The Court has set this action for trial on September 12, 2006, approximately three and a half months from now. It is highly unlikely that the Sixth Circuit will resolve the appeal before the scheduled trial in this action.

If trial proceeds on September 12, 2006, while the Proposed Intervenors' appeal to the Sixth Circuit is still pending, then Proposed Intervenors will be irreparably deprived of the relief they seek without the Sixth Circuit first having had an opportunity to decide the merits of the appeal. The purpose of the proposed intervention is to allow the Proposed Intervenors to submit jury instructions, interrogatories and verdict forms, if necessary, in order to avoid the application of collateral estoppel

in the pending state court declaratory judgment action between the Proposed Intervenors and Defendants.

If the trial has already taken place, then any relief the Sixth Circuit could afford to Proposed Intervenors would be moot. The whole purpose of the Motion to Intervene is for the Proposed Intervenors to participate as necessary in the trial. Obviously, if the trial has taken place without the Proposed Intervenors having an opportunity to participate, then they will be forever deprived of that opportunity, even if the Sixth Circuit would have otherwise held in their favor and reversed this Court's April 27, 2006 Order. This risk of harm greatly outweighs any potential of harm to the existing parties or to the general public interest in this matter. Under those circumstances, this Court should stay the trial of this action until resolution of Proposed Intervenors' appeal to the Sixth Circuit.

## II. ARGUMENT

A motion for stay is properly directed first to the District Court. F.R.A.P. 8(a)(1)(A). If the District Court denies the motion or fails to act on the motion, then the parties seeking a stay may move the Court of Appeals directly for the same relief. F.R.A.P. 8(a)(2)(A)(ii). In accordance with the rule, Proposed Intervenors move this Court for a stay before making any such motion to the Sixth Circuit.

The factors a court considers in determining whether to grant a Motion for Stay pursuant to Rule 8(a) are the same factors considered in addressing a motion for preliminary injunction. *SeeHilton v. New Jersey State Prison*, 481 U.S. 770, 776 (1987)(holding that the same factors apply to both Civil Rule 8(a) and 62(c)); *see also Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). These factors are: 1) the likelihood of prevailing

on the merits; 2) the likelihood of irreparable harm absent a stay; 3) the prospect that others will suffer harm if a stay is granted; and 4) the public interest in granting the stay. *See id*.

With regard to the first factor, a movant is not required to establish a high probability of success on the merits when there is a high likelihood of irreparable harm to the movant if the stay is not granted. *See id*. The Sixth Circuit stated that "the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. . . . Simply stated, more of one excuses less of the other." *Id*. Thus, when the risk of irreparable injury "decidedly outweighs" any potential prospect of harm to others, the movant need only show "serious questions going to the merits" of the decision from which an appealed is taken. *Id*.

As set forth in the Motion to Intervene, the Proposed Intervenors' appeal is being taken to protect their rights in the coverage action pending in the state courts of Ohio. The Ohio Supreme Court recently held that Proposed Intervenors have a duty to defend the City of Sharonville. *City of Sharonville v. American Employers Ins. Co. et al.* (2006), 109 Ohio St.3d 186, 2006-Ohio-2180, __ N.E.2d __. The question of whether Proposed Intervenors have a duty to indemnify the City of Sharonville for any judgment taken in the action before this Court is pending in the state courts of Ohio. Indemnification will be determined as necessary following the trial of this action. The facts found in this Court bear on the question of indemnification.

As the Proposed Intervenors further explained in their Motion to Intervene, the City of Sharonville may argue that facts found at the trial of this action, or Proposed Intervenors' failure to intervene, will collaterally estop Proposed Intervenors from introducing new or different facts as to indemnification in the coverage action. Proposed Intervenors seek to intervene in this action to avoid the harsh effects of collateral estoppel. They must have an opportunity as necessary to

5

participate in the determination of relevant facts. Those facts will help determine whether and to what extent any or all of the Proposed Intervenors have a duty to contribute to any judgment obtained against the City of Sharonville. Accordingly, the first factor of the *Griepentrog* test is satisfied here.

Having unsuccessfully moved this Court to intervene, Proposed Intervenors submit that they cannot be collaterally estopped from introducing such facts as they deem necessary in any state court action to determine indemnification. *See e.g. Gehm v. Timberline Post & Frame,* No. 22479, 2005-Ohio-5222, 2005 WL 2401906 (Ohio Ct. App. Sept. 30, 2005). However, the Ohio Supreme Court is currently reviewing the *Gehm* case. *Gehm v. Timberline Post & Frame* (2006), 108 Ohio St.3d 1434, 842 N.E.2d 61. The Ohio Supreme Court's decision in *Gehm* may determine whether it is sufficient to avoid collateral estoppel in these circumstances by moving to intervene without further appeal if the trial court denies the motion. Proposed Intervenors cannot fail to appeal to the Sixth Circuit and then run the risk of an adverse decision in *Gehm*.

Therefore, to make sure that Proposed Intervenors protect all of their rights to participate in the determination of facts pertinent to the indemnification question, Proposed Intervenors have appealed this Court's April 27, 2006 Order. Proposed Intervenors must have the opportunity to participate at trial in the requested limited fashion and/or otherwise be assured that they are not subject to collateral estoppel in the state court coverage action. The pending appeal is intended to make sure that Proposed Intervenors have an opportunity to protect their interests under the insurance policies at issue.

If trial proceeds before the Sixth Circuit has an opportunity to rule on the merits of the appeal, Proposed Intervenors will be irreparably deprived of the opportunity to participate at trial, and the appeal will have been prematurely mooted. Clearly, such a result would be a substantial

injury to the rights of the Proposed Intervenors. *See Griepentrog, supra* at 154. Moreover, the likelihood of the trial taking place prior to the Sixth Circuit ruling on the Proposed Intervenors' appeals is high, due to the time necessary to brief and argue the issues and allow the Court to consider the arguments, as well as due to heavy caseload faced by the Court. *See id*. Therefore, in order to avoid irreparable harm to the rights of the Proposed Intervenors, if this Court is not going to allow Proposed Intervenors to participate at trial, it should at least stay the trial long enough to provide the Sixth Circuit with adequate time to review this Court's decision.

It should be noted that Proposed Intervenors only seek a stay of the trial, and do not seek to stay other proceedings in the case which do not bear on the Proposed Intervenors' ability to participate in the limited fashion they seek. There is no reason why discovery and other preliminary matters may not proceed as long as Proposed Intervenors are not precluded from submitting jury instructions, jury interrogatories, and verdict forms at trial. Accordingly, the risk of harm to others, namely the existing parties, is slight and greatly outweighed by the other factors of the *Greipentrog* test.

Finally, the public interest factor is negligible, as a short stay of the trial of this matter to allow the Sixth Circuit to rule on the Proposed Intervenors' appeal will not impinge on any over-arching public interest. Moreover, the risk of the collateral estoppel effect on the Proposed Intervenors' state court coverage dispute with Defendants outweighs any competing interest in this matter occasioned by a short postponement of the trial.

### III. CONCLUSION

For the reasons set forth above, this Court should stay the trial of this action until resolution of Proposed Intervenors' appeal to the United States Court of Appeals for the Sixth Circuit from this Court's April 27, 2006 Order denying their Motion to Intervene.

Respectfully submitted,


/s/ Kimberly A. Zamary_____
K. Roger Schoeni (0004812)
Kimberly A. Zamary (0072574)
KOHNEN & PATTON LLP
201 East Fifth Street
PNC Center, Suite 800
Cincinnati, OH 45202
(513) 381-0656 or Fax (513) 381-5823
e-mail: rschoeni@kplaw.com
e-mail: kzamary@kplaw.com
*Counsel for North East Insurance Co*

/s/ Alan H. Abes_____
Alan H. Abes, Esq. (0062423)
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
(513) 977-8200; Fax (513) 977-8141
e-mail: alan.abes@dinslaw.com
*Attorney for Folksamerica Reinsurance Company*

/s/ Holly M. Wilson_____
Clifford C. Masch, Esq. (0015737)
Holly M. Wilson, Esq. (0074291)
Reminger & Reminger LPA
1400 Midland Building
101 Prospect Avenue West
Cleveland, Ohio  44115-1093
(216) 430-2238; Fax (216) 687-1841
e-mail: cmasch@reminger.com
e-mail: hwilson@reminger.com
*Attorneys for United National Insurance Company*

/s/ Brian Wildermuth
Nicholas E. Subashi (0033953)(Counsel of record)
Brian L. Wildermuth (0066303)
Law Office of Nicholas E. Subashi
The Oakwood Building
2305 Far Hills Avenue
Dayton, Ohio 45419
(937) 534-0500; Fax (937) 534-0505
e-mail: lawoffices@nesubashi.com
e-mail: bwildermuth@nesubashi.com
*Attorneys Scottsdale Insurance Company*

/s/ Michael Sanderson
Michael Sanderson (0008521)
Shumaker, Loop & Kendrick LLP
1000 Jackson Street
Toledo, Ohio 43624
e-mail: msanderson@slk-law.com
*Attorney for Ohio Government
   Risk Management Plan*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Joint Motion to Stay was served on all counsel of record via the Court's electronic filing system this 30th day of May, 2006.

/s/ Kimberly A. Zamary