# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA  KAMMEYER, et al. | : | **Case No. C-1-01-649** |
| **Plaintiffs** | : | **Spiegel, J.** |
| | | **Black, Magistrate** |
| **vs.** | : | |
| | | **FINAL PRETRIAL ORDER** |
| CITY OF SHARONVILLE, et al. | : | |
| **Defendants** | : | |
| | : | |

## FINAL PRETRIAL ORDER

This action came before the Court at a Final Pretrial Conference held at 9:00 A.M. on the

31st day of May, 2006, pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**I.     APPEARANCES:**

For Plaintiffs Patricia Kammeyer, James Wright, Jan Lorraine Miller, and Sue Rainelle
Baker:

> Alphonse A. Gerhardstein
> Paul F. Laufman

For Defendants City of Sharonville
> Lawrence E. Barbiere
> Thomas T. Keating
> Brian E. Hurley
> Randolph H. Freking

For Defendant Michael Schappa in his official capacity:
> Lawrence E. Barbiere
> Thomas T. Keating
> Brian E. Hurley

**II.     NATURE OF ACTION AND JURISDICTION**

A.  This is a civil rights action for damages against the City of Sharonville, Ohio under
42 U.S.C. §1983.

B. The jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§1343(3) and (4).

C. The jurisdiction of the Court is not disputed.

III.    **TRIAL INFORMATION**

A. The estimated length of trial is ten days.

B. Trial to a jury has been set for September 12, 2006.

**AGREED STATEMENT AND LISTS**

A. General Nature of the Claims of the Parties

(1) PLAINTIFFS CLAIMS:

This case is about a police cover up of facts and evidence that has helped a murderer avoid prosecution. Plaintiffs Wright and Kammeyer are the children on Marie Wright (Schuholz). Plaintiffs Miller and Baker are the children of Starla Burns. Marie Wright and Starla Burns were murdered in Marie's Sharonville apartment on May 8, 1981. The murder was committed by or at the direction of Albert Schuholz who was at that time divorcing Marie.

The original Sharonville lead detective on the case was James Cramer. He was employed by Sharonville until 1989. The Chief of Police from the time of the murders until 1990 was detective Cramer's brother in law, William Nuss. The current chief, Michael Schappa, was a Sharonville police officer at the time of the murders and took office as Chief in 1990.

At the time of the murders defendant Cramer had a personal financial relationship with Albert Schuholz, the prime suspect, and failed to disclose his conflict of interest when he commenced work as Lead Detective in the investigation of the Marie Wright/Starla Burns murders. Over the years Cramer and the other defendants lost evidence, lied to the Hamilton County Prosecutor, and lied to the plaintiffs, all delaying and possibly making futile any criminal or civil prosecution of Schuholz.

Schuholz was eventually indicted for the murders in 1999 on substantially the same evidence that was available within weeks of the murders in 1981. Schuholz, who is now 74 years old, has not yet been tried for the murders as he has been deemed mentally incompetent. No one knows if Schuholz will be restored to competency and tried for these murders.

Plaintiffs claim violations of their right to equal protection under the law; access to courts and due process. Plaintiffs claim that the conduct of defendants shocks the conscience.

(2)  DEFENDANT'S CLAIM:

**Defendant's Claim**:

The City of Sharonville denies it has any liability to the Plaintiffs because the City investigated the murders in good faith and made the evidence in the City's investigative files available to Hamilton County Prosecutors and to the Plaintiffs. The City was fully committed to finding the truth and was able to secure an indictment against Schuholz in April, 1999.

No evidence exists that Detective Cramer had a financial relationship with Albert Schuholz or that he lied to the Hamilton County Prosecutor. Detective Cramer and his supervisor, Chief Nuss, retired from the City of Sharonville Police Department in 1990. In 1996, Detective Dorning resumed the investigation, uncovered additional evidence, and was told to investigate each and every lead. Detective Dorning worked closely with the plaintiffs and eventually Albert Schuholz was indicted on April 30, 1999. The City of Sharonville did not deny plaintiffs any constitutional rights and plaintiffs claims are barred by the two year statute of limitations. In fact, plaintiffs retained an attorney in early 1999 to pursue claims against the City of Sharonville more than two years before the Complaint was filed.

**B.      Uncontroverted Facts**

The following facts are established by admissions in the pleadings or stipulations of counsel.

The claim pending against Mike Schappa in his official capacity is the same as the claim against the entity and Mr. Schappa will not be referred to during the trial as a separate defendant.

**C.      Issues of Fact and Law**

**(1) CONTESTED ISSUES OF FACT:**

**The contested issues of fact remaining for decision and identified by Defendant City of Sharonville:**

Whether Defendant Sharonville ever participated in a conspiracy to "cover up" the

3

identity of the murderer of Starla Burns and Marie Schuholz.

Whether any policy-maker from the City of Sharonville ever participated in a conspiracy to "cover up" the identity of the murderer of Starla Burns and Marie Schuholz.

Whether the City of Sharonville intentionally singled out the plaintiffs for discriminatory treatment without a rational basis.

Whether the City of Sharonville had a policy to "cover up" the identity of murderers.

Whether James Cramer "covered up" the identity of the murderer of Marie Schuholz and Starla Burns.

Whether additional evidence with reference to the murder was available in 1999 when Schuholz was indicted.

Whether plaintiff retained a lawyer to investigate suing the City of Sharonville prior to September, 1999.

Whether any policymaker of the City of Sharonville intentionally destroyed or lost material evidence related to the murder investigation.

Whether plaintiffs were denied access to the courts so as to render it impossible for them to present their claims in state court.

Whether plaintiffs had knowledge of their potential claims against the City of Sharonville prior to September 25, 1999.

Whether the City of Sharonville violated any of Plaintiffs' constitutional rights.

Whether plaintiffs Kammeyer and Wright fully and finally settled their and Al Schuholz' inheritance rights by virtue of the probate court settlement.

**(2) CONTESTED ISSUES OF LAW:**

The contested issues of law in addition to those implicit in the foregoing issues of fact, are:

**Defendant, City of Sharonville states:**

(a)    The contested issues of law in addition to those implicit in the foregoing issues of fact are set forth in the motions for summary judgment of the parties and in Plaintiffs' opposing memoranda and below:

4

(b)    Plaintiffs' burden of proof as to whether Albert J. Schuholz committed the act of murder as alleged by Plaintiffs must be proven beyond a reasonable doubt.

(c)    Plaintiffs' claims are barred by the applicable statute of limitations;

(d)    There is a complete lack of evidence to support any of the claims asserted against Defendants;

(e)    Plaintiffs have no constitutional right to the criminal prosecution of Albert J. Schuholz;

(f)    A municipality cannot be held liable under Section 1983 on a respondeat superior theory. There is no evidence that any official policy-maker of the City of Sharonville was aware of or participated in a policy of cover-up. To the contrary, as found by Plaintiffs' former attorney, the City and Schappa were fully committed to finding the truth. There is no evidence that any policy-maker of the City of Sharonville was aware of any improper conduct;

(g)    Regarding Plaintiffs' equal protection claim based upon a "class of one", there is no evidence to support such a claim, and the claim may be sustained only if the Plaintiffs show that they were intentionally treated differently and that there was no rational basis for the difference in his treatment;

(h)    There is no evidence that Plaintiffs have been denied access to the Courts and in fact, Plaintiffs commenced numerous lawsuits on their own behalf. There is no evidence sufficient to establish the Plaintiffs' inability to access the state courts as the undisputed evidence is to the contrary;

(i)    Regarding Plaintiffs' substantive due process claim, Plaintiffs have no fundamental or explicit right under the Constitution to know the identity of their mother's murderer or to his criminal prosecution. The City committed no act that shocks the conscience;

(j)    Plaintiffs' claim for punitive damages is not available under either Ohio or federal law against a municipality;

(k)    Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel;

    (l)    James Cramer was not a policymaker for the City of Sharonville;

    (m)   To the extent not specifically enumerated above, the Defendants incorporate the affirmative defenses set forth in their Answer and the defenses set forth in their Motions for Summary Judgment.

    (n)    Plaintiffs' claims are barred by the public duty doctrine.

    (o)    The City of Sharonville owed no duty to plaintiffs and did not violate plaintiffs' constitutional rights and cannot be liable under 42 U.S.C. §1983.

    (p)    As a matter of law, a police chief of an Ohio statutory city cannot delegate policy making authority to a lieutenant.

## E.  Expert Witnesses

    Plaintiffs:
    Dr. Paul Deardorff
    Dr. Harvey Rosen

    Defendant:
    David Pfeiffer

## F.  Exhibits

    The parties will physically furnish to each other all exhibits by September 4, 2006.

    The parties will offer as exhibits those items listed herein as follows:

    (1) Joint Exhibits – none
    (2) Plaintiffs' Exhibits – Appendix C (use Arabic numerals)
    (3) Defendants' Exhibits – Appendix D (use letters)

INSTRUCTIONS:
The above exhibits will be deposited with the Clerk of the Court at least ten (10) days prior to trial.  Exhibit markers obtainable from Kevin Moser, Courtroom Deputy Clerk, should be affixed to the upper right corner.

See Section II (A) of instructions entitled "Trial Practices: Preparation of Exhibits."

**G. Discovery**

Plaintiffs seek to complete the depositions of Hayes and Homer regarding contacts with the prosecutor office
Plaintiffs seek to take the depositions and secure documents from John Jay, Terry Gaines and Simon Leis
Plaintiffs seek to take the deposition of Nuss
Plaintiffs seek to take the deposition of David Pfeiffer
Defendants oppose all discovery from plaintiffs

**H. Pending Motions**

Parties anticipate numerous motions in limine
Plaintiffs will file a memo in support of jurisdiction pending the appeals by the insurance companies.

**I. Miscellaneous Orders**
None.

**IV.      MODIFICATION**

This final pretrial order may be modified at the trial of this action, or prior thereto, to prevent manifest injustice. Such modification may be made by application of counsel, or on motion of the Court.

**V.      SETTLEMENT EFFORTS**

The parties attended two settlement conferences at the court but did not resolve the case.

**VI.      TRIAL TO A JURY**

The parties will submit proposed Jury Instructions at least three days prior to trial.

**IT IS SO ORDERED**.

_____
UNITED STATES JUDGE
S. ARTHUR SPIEGEL

7

Respectfully Submitted,

  s/ Alphonse A. Gerhardstein
Alphonse A. Gerhardstein
Ohio Bar Number: 0032053
Trial Attorney for Plaintiffs
Paul F. Laufman
Ohio Bar Number: 0066667
Attorney for Plaintiffs


s/  Thomas T. Keating
Thomas T. Keating
Ohio Bar Number: 0011359
Attorney for Defendant City of Sharonville, Ohio
and Defendant Michael Schappa in his Official Capacity


s/Brian E. Hurley
Brian E. Hurley
Ohio Bar Number:  0007827
Attorney for Defendant City of Sharonville, Ohio
and Defendant Michael Schappa in his Official Capacity

s/Lawrence E. Barbiere
Lawrence E. Barbiere
Ohio Bar Number: 0027106
Attorney for Defendant, City of Sharonville
and Defendant Michael Schappa in his Official Capacity


s/  Randolph K. Freking
Randolph K. Freking
Ohio Bar Number: 0009158
Attorney for Defendant City of Sharonville, Ohio

## APPENDIX A

### PLAINTIFF'S WITNESS LIST

| Witness | Address and phone | Expected testimony |
|---|---|---|
| Patti Kammeyer | | Actions by Schuholz, Interaction with Sharonville, impact of cover up |
| James Wright | | Actions by Schuholz, Interaction with Sharonville, impact of cover up |
| James Cramer | | Conduct and facts uncovered during murder investigation |
| Dale Dorning | | Conduct and facts uncovered during murder investigation |
| Clarence Hodge | | Conduct and facts uncovered during murder investigation |
| John Jay | | Conduct and facts uncovered during murder investigation |
| Terry Gaines | | Consults with Sharonville Police |
| Simon Leis | | Consults with Sharonville Police |
| Aaron Blasky | | Status of Investigative file |
| William Nuss | | Conduct and facts uncovered during murder investigation |
| Mike Schappa | | Conduct and facts uncovered during murder investigation |
| Alan Hayes | | Conduct and facts uncovered during murder investigation |
| Richard Gibson | | Status of criminal prosecution of Al Schuholz |
| Jan Lorraine Miller | | Contact with Sharonville Police, impact of cover up |

9

| Witness | Address and phone | Expected testimony |
|---|---|---|
| Sue Ranielle Baker | | Contact with Sharonville Police, impact of cover up |
| Dr. Harvey Rosen | | Loss of inheritance to Patti Kammeyer and James Wright |
| Paul Deardorff | | Evaluation of plaintiffs |
| All witnesses listed by other parties | | |

## APPENDIX B

## DEFENDANT, CITY OF SHARONVILLE, OHIO, WITNESSES

NAME                    ADDRESS                    SYNOPSIS OF
                                                   TESTIMONY

Patricia Kammeyer                                       Plaintiff
                                           As on cross examination
                                           regarding Plaintiffs' claims.

Sue Ranielle Baker

                                               Plaintiff

                                                   As       on     cross-
                                           examination         regarding
                                           Plaintiffs' claims.

Jan Loraine Miller

                                               Plaintiff

                                                   As       on     cross-
                                           examination         regarding
                                           Plaintiffs' claims.

James Wright

                                               Plaintiff

|  |  |  |
|---|---|---|
|  |  | As on cross-examination regarding Plaintiffs' claims. |
| James Cramer |  |  |
|  |  | Will testify as to his activities as the detective responsible for the investigation. His deposition has been taken and it is anticipated he will testify regarding those matters contained within the deposition. |
| Mike Schappa |  |  |
|  |  | Sharonville Police Chief |
|  |  | Will testify regarding his knowledge of the events surrounding the murders and his activities since becoming Chief of Police of Sharonville in 1990. His deposition has been taken and it is anticipated he will testify regarding those matters contained within the deposition. |
| Dale Dorning | 5577 Choctaw Lane Indian Springs, OH | Will testify regarding his review of the investigation conducted by James Cramer and his investigation of the murders of Schuholz and Burns. His deposition has been taken and it is anticipated he will testify |

|  |  | regarding those matters contained within the deposition. |
|---|---|---|
| Gregory Homer | 687 Natalie Lane<br>Lebanon, OH 45036 | Mr. Homer is a former Sharonville police office and he will testify regarding his knowledge of events surrounding the investigation of Schuholz/Burns murders. His deposition has been taken and it is anticipated he will testify regarding those matters contained within the deposition. |
| Alan Hayes | 6338 Vantaggio Drive<br>Loveland, OH 45140 | Mr. Hayes is a former Sharonville police office and he will testify regarding his knowledge of events surrounding the investigation of Schuholz/Burns murders. His deposition has been taken and it is anticipated he will testify regarding those matters contained within the deposition. |
| Clarence Hodge | 809A Clement Avenue.<br><br>Belpre, OH 45714 | His deposition has been taken and it is anticipated he will testify regarding those matters contained within the deposition. |
| Ravert Clark |  | Mr. Clark is Plaintiffs' former counsel who spent nearly two |

|  |  |  |
|---|---|---|
|  |  | years investigating this matter. His deposition has been taken and it is anticipated he will testify regarding those matters contained within the deposition including issues related to the statute of limitations. |
| David W. Pfeiffer, Esq. | 2645 Erie Avenue, Suite 41 Cincinnati, OH 45208 | Mr. Pfeiffer is a long-time magistrate in the Hamilton County Probate Court. He will testify as an expert regarding the various proceedings that were commenced in that court related to the Schuholz estate and plaintiffs' lack of monetary damages. He has submitted a report. |
| Virgil Lovitt (Mayor of the City of Sharonville) | 10900 Reading Road Sharonville, OH 45241 | Will testify regarding discussions with Plaintiffs' counsel Ravert Clark. |
| Brian Phillips | 10900 Reading Road Sharonville, OH 45241 | Will testify concerning the events regarding the investigation conducted by Dale Dorning. |
| Aaron Blasky |  | Sharonville Police Officer Will testify regarding those matters set forth in his affidavit filed in support of Defendants' Motion for Summary Judgment. It is further anticipated that he will testify regarding the current status of the investigation into the murders of Starla Burns and Marie Schuholz and the current location of evidence and investigative materials. |

13

Rick Gibson

Hamilton County Prosecutor will testify that Schuholz has been indicted and Hamilton County intends to prosecute him. Will further identify his letter requesting the investigation materials be kept confidential.

William Nuss

Former Police Chief City of Sharonville will testify Regarding his knowledge of The investigation, his duties as Police chief and that Cramer Was not a policy maker.

These defendants reserve the right to call all witnesses listed by any party. Additionally, Defendants reserve the right to call additional and/or supplemental witnesses depending upon the Court's ruling on evidentiary/exhibit issues subject to motions in limine.

14

## APPENDIX C

## PLAINTIFF'S EXHIBITS

| Number | Description | Offered | Admitted | Proffered |
|---|---|---|---|---|
| 1 | Sealed Investigation Records | | | |
| 2 | Letter Jim Wright to Cramer 3/6/82 (Bates 300018-300020) | | | |
| 3 | Memo re Cramer 11/21/88 (Bates 110010-110013 | | | |
| 4 | Letter Command staff to Nuss 9/26/88 (Bates 110002-110002) | | | |
| 5 | Memo Nuss to Baysore 12/4/88 (Bates 110005 – 110009) | | | |
| 6 | Notarized Memo to file by Patricia Kammeyer, 4/10/00 (Bates 300001-300002) | | | |
| 7 | Letter Jim Wright to Lt. Alan Hayes (Bates 300005-300006) | | | |
| 8 | "James Cramer" timeline of activities related to murder case (City Bates 0738-0743) | | | |
| 9 | Notes Schappa meeting with Prosecutor 12/7/98 | | | |
| 10 | Taped Conversation Alan Hayes and Kammeyer 10/26/00, tape and transcript | | | |
| 11 | Taped Conversation Mike Schappa and Kammeyer, late October 2000, tape and transcript | | | |
| 12 | Taped Conversation Mike Schappa and Kammeyer, undated, tape and transcript | | | |
| 13 | Press Statement by Mike Allen on Indictment of Schuholz, Bates 0000071-0000072 | | | |
| 14 | Will dated March 23, 1981 (Bates 200001 -200003 | | | |
| 14 | Expert Report of Paul Deardorff, Phd. and supporting material | | | |
| 15 | Expert Report of Harvey Rosen, Phd. and supporting material attached to Gerhardstein letter to Rosen, 7/23/04 | | | |
| 16 | Sharonville Police Department Policies and Procedures | | | |
| 17 | Discovery Responses of Defendants | | | |
| 18 | Records from *USA v. Albert Schuholz*, USDC, | | | |

| Number | Description | Offered | Admitted | Proffered |
|--------|-------------|---------|----------|-----------|
|        | ED KY, Case No. 2:98-68 (Bates 150025-31, 150032, 150052-53) | | | |
| 19 | Letter Clark to Keating 7/14/00 (Bates 240570) | | | |
| 20 | Letter Keating to Clark, 7/14/00 (Bates 240572-240573) | | | |
| 21 | Photos of Marie Schuholz | | | |
| 22 | Photos of Starla Burns | | | |
| 23 | Police Report (Bates 800002) | | | |
| 24 | Letter of Marie Schuholz (Bates 260335-336) | | | |
| 25 | Probate Pleading (Bates 400036-43) | | | |
| 26 | Employment records of all defendants | | | |

16

# APPENDIX D

## EXHIBITS OF DEFENDANT

**NUMBER**            **DESCRIPTIONS**

A.    11/8/98 email from Patti Kammeyer to Dale Dorning.  (Bates # 300013 - 300017)

B.    11/23/81 letter from Edward J. Utz to James R. Wright and Patti Kammeyer re:  petition ancillary administration in Florida, sale of property; status cases against Schuholz. (Bates # 260289 - 260291)

C.    September 7-16, 1981 calendar.  (Bates # 280063, 280065)

D.    8/22/98 email from Patti Kammeyer to Jim.  (Bates # 300138 - 300143)

E.    11/29/98 fax from Patti Kammeyer to Dale Dorning.  (No Bates #)

F.    3/23/99 letter from Ravert J. Clark, Esq., to Jim Wright signed by Wright and Kammeyer.  (Bates # 180007 - 180008, 290051)

G.    8/16/04 fax from Laufman & Gerhardstein - hand written note.  (Bates # 300154)

H.    8/16/04 fax from Laufman & Gerhardstein - typed history from (Patti Kammeyer).(Bates # 300148 - 300153)

I.    4/11/00 email from Soccer 8456@aol.com (Jim Wright) to Kammeyer (Bates # 300161) and phone call message with handwritten notes.  (Bates # 180016)

J.    4/12/99 letter from Jim Wright to Ravert J. Clark, Esq.  (Bates # 290051)

K.    3/24/97 letter from James R. Wright to Lt. Alan A. Hayes.  (Bates # 300005 - 30006)

L.    2 Handwritten notes -  Rob Andrews and Sargent Dorning.  (No Bates #)

M.    11//19/99 fax from Dale Dorning to Lori Miller – Enquirer stories.  (No Bates #)

N.    3/23/99 letter from Ravert J. Clark, Esq. to Lori Miller - representation and fee agreement signed by Miller and Baker (Bates #180009-180010)

O.    Personal Telephone Directory.  (No Bates #)

P.    Memorial Starla A. Burns.  (No Bates #)

Q.   Typed message that "Dorning called for Patti - Cecil spoke with him. ..."  (Bates # 300146)

R.   2 handwritten notes of telephone calls to Deeters, Jennifer Day, Mark Piepmeier, Steve
     Griffith.  (Bates # 300168 - 300170)

S.   5/18/81 handwritten letter from Patsy to Jim.  (Bates # 300175 - 300179)

T.   5/19/81 handwritten letter from Patsy to Jim.  (Bates # 300180 - 300184)

U.   4/29/83 letter from Edward J. Utz to Cecil Hurd - enclosing Supplemental Memorandum of
     Albert Schuholz.  (Bates # 300237)

V.   8/8/83 letter from Edward J. Utz to Cecil Hurd -  photo of deed executed 1/30/80 to be
     provided to Schuholz.  (Bates # 300238)

W.   8/8/83 letter from Edward J. Utz to Cecil Hurd - Schuholz MSJ still pending, divorce action
     pending.  (Bates # 300239)

X.   8/9/83 letter from Edward J. Utz to Cecil Hurd - investigation incomplete, defendant
     discovery complete, will be filing MSJ.  (Bates # 300240)

Y.   7/25/84 letter from Edward J. Utz to Cecil Hurd - no decision on Schuholz MSJ.  (Bates #
     300244)

Z.   8/7/84 letter from Edward J. Utz to Cecil Hurd - amended inventory, Southern Ohio Bank
     account hearing.  (Bates # 300245)

AA.  8/29/84 letter from Edward J. Utz to James B. McGrath, Jr. - response MSJ.  (Bates #
     300246)

BB.  8/19/98 email from Patti Kammeyer to Soccer8456@aol.com (Jim Wright).  (Bates #
     300265 - 300266)

CC.  Hand written notes.  (Bates # 300171)

DD.  8/1/04 report from Paul A. Deardorff, Ph.D. - Psychological Evaluation - Patricia
     Kammeyer, James Wright, Jan Loraine Miller, Sue Rainelle Baker (No Bates #) including
     undated version.

EE.  8/7/04 letter from Paul Deardorff, Ph.D. to Alphonse A. Gerhardstein - statement for
     services, email from albike@aol.com to psychedorff@aol.com.  (No Bates #)

FF.  3/19/04 Deardorff Clinical Interview notes of Kammeyer, Wright, Miller and Baker.

GG.  Tape Recordings of Deardorff interviews of plaintiffs.

18

HH.    10/8/04 letter from A. Gerhardstein to B. Hurley & R. Gehring.

II.    Plaintiff's Fee Agreement with A. Gerhardstein.

KK.    Notes by Jay Clark re: representation of Jim Wright and Sharon Kammeyer and things to do.

LL.    3/8/01 letter to Jim Wright from Jay Clark;

MM.    Notes by Jay Clark of South Carolina meeting;

NN    7/14/99 notes by Jay Clark;

OO.    7/20/99 letter from Jay Clark to Cecil Hurd;

PP.    Documents from file of Jay Clark identified as Exhibit 14 in his deposition beginning with Bates #180001 and ending with Bates #290086;

QQ.    Certain of the admissible portions of the investigative files which have been Bate stamped and filed with the Court.

RR.    Grand Jury Indictment of Robert J. Schuholz by the Hamilton County Court of Common Pleas dated April 30, 1999;

SS.    Final Fiduciary Account re: the Estate of Marie Schuholz Bates #180048 through #180053 stamped received August 7, 1989;

TT.    Declaration of Jay Clark dated 11/15/04 and draft of declaration.

UU.    Plaintiff Wright's responses to Defendants' request for admissions;  (No Bates #)

VV.    Summary of location of evidence in criminal case (prepared by Aaron Blasky); (No Bates #)

WW.    1/2/02 letter from Prosecutor Rick Gibson to L. Barbiere re: intention to prosecute Schuholz and confidentiality of criminal investigative file.

XX.    Documents from the divorce file of Marie and Al Schuholz.

YY.    Videotape of Mike Allen press conference announcing Schuholz indictment in November, 1999, and press release.

ZZ.    Timeline of Important Events.

These defendants reserve the right to identify or use all exhibits listed by any party.  These defendants reserve the right to use additional and/or supplemental exhibits depending upon the Court's ruling on evidence/exhibits as the result of motions in limine.