UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA KAMMEYER, *et al.* | : | Case No. 1:01-cv-00649 |
| | : | |
| Plaintiffs, | : | Senior District Judge S. Arthur Spiegel |
| | : | Magistrate Judge Timothy S. Black |
| v. | : | |
| | : | **REPLY IN SUPPORT OF** |
| | : | **JOINT MOTION TO STAY** |
| CITY OF SHARONVILLE, *et al.* | : | |
| | : | |
| Defendants. | : | |

If the trial of this action is not stayed pending the Sixth Circuit's consideration of this Court's denial of the Proposed Intervenor's Motion to Intervene, then any appellate decision will be moot, and Proposed Intervenors will be irreparably deprived of their right to participate at trial even if successful on appeal. Therefore, Proposed Intervenors, North East Insurance Company, Scottsdale Insurance Company, Folksamerica Reinsurance Company, Ohio Government Risk Management Plan, and United National Insurance Company, again urge this Court to grant their Motion to Stay the trial of this action until resolution of their appeal to the United States Court of Appeals for the Sixth Circuit from this Court's April 27, 2006 Order denying their Motion to Intervene.

In their Memorandum in Opposition to the Motion to Stay, the Kammeyer Plaintiffs state that the Proposed Intervenors have denied coverage to the City of Sharonville for the allegations asserted against it and that Proposed Intervenors want to delay this trial "while they continue their coverage dispute in the state courts of Ohio." (See Memorandum in Opposition, p. 1). Both these statements are wrong. Even before the Ohio Supreme Court's recent decision as to the duty to defend, the Proposed Intervenors were providing a defense to Sharonville and the officers under a reservation of rights. Moreover, the Proposed Intervenors seek to stay the trial in this matter only until the Sixth Circuit has an opportunity to rule upon their appeal of this Court's denial of their Motion to

Intervene – not until the state court rules upon the indemnification issue which remains pending in the coverage dispute.

In fact, as set forth more fully in the briefing of the Motion to Intervene and in the Motion for Stay, the indemnification question still pending in the state court coverage action will likely be determined after the resolution of the action before this Court. This is the very reason why it is crucial that the Proposed Intervenors participate as necessary in the crafting of jury instructions, jury interrogatories and verdict forms.

Moreover, the Proposed Intervenors have satisfied the requirements for obtaining a stay of the trial of this matter pending the Sixth Circuit's ruling on this Court's decision denying the Motion to Intervene. First, the Proposed Intervenors have demonstrated that they are likely to succeed in their appeal. The test for intervention as of right under Civil Rule 24(a) requires that the motion to intervene be timely, that the Proposed Intervenors have a substantial legal interest, that their ability to protect that interest could be impaired if not allowed to intervene, and that the existing parties to the action may not adequately represent their interests. *See Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). As set forth in the briefing of the Motion to Intervene, these factors are satisfied here.[1]

Additionally, even if the Sixth Circuit holds that the Proposed Intervenors are not entitled to intervention as of right, there is a high likelihood that the Court will hold that the Proposed

---

[1] The Kammeyer Plaintiffs state that the request to intervene was untimely because the Proposed Intervenors "waited until the eve of the scheduled trial." (See Memorandum in Opposition, p.7). However, the Motion to Intervene was filed in February 2005, over a year and a half before the currently scheduled trial date.

Moreover, Plaintiffs and Sharonville argue that the Proposed Intervenors have not submitted proposed jury instructions and jury interrogatories. Defense counsel will have the primary obligation to submit the proposed material to the Court. Proposed Intervenors will not be able to make a determination on what may be required in addition, what objections they may have or any suggested modifications until defense counsel have provided the proposed material. While the Proposed Intervenors are aligned with Sharonville's position that there is no liability in this case, they have potentially divergent interests on what issues should be decided by the jury and how those issues should be presented to the jury. They cannot rely upon defense counsel to protect these independent interests.

Intervenors should be permitted to participate in the trial of this matter under Civil Rule 24(b), permissive intervention, due to the common questions of fact at issue in this action and in the state court coverage action. Thus, the first requirement for a stay is satisfied.

The second requirement, irreparable injury, is also satisfied. If this Court proceeds with the trial while the Proposed Intervenors' appeal is pending before the Sixth Circuit, they will be forever injured because they will have been denied the opportunity to present jury instructions, jury interrogatories and verdict forms even if the Sixth Circuit later rules that they are permitted to do so. Finally, neither the parties' nor the public's interest will be harmed by the granting of a stay of the trial. While the Kammeyer Plaintiffs argue that they have waited over twenty years for this trial to proceed, they do not present any specific manner in which such harm would manifest itself by virtue of a short stay and merely argue that "collateral coverage disputes" should not "drive the calendar." These amorphous assertions of potential harm are outweighed by the harm to the Proposed Intervenors should this Court conduct the trial before the Sixth Circuit rules on appropriateness of their intervention.

Again, the Proposed Intervenors do not seek to stay other proceedings in the case which do not bear on their ability to participate in the limited fashion they seek. The Proposed Intervenors do not seek a stay of discovery and other preliminary matters – they merely seek a stay of the trial so that they may submit jury instructions, jury interrogatories, and verdict forms at trial.

For the reasons set forth above, this Court should stay the trial of this action until resolution of Proposed Intervenors' appeal to the United States Court of Appeals for the Sixth Circuit from this Court's April 27, 2006 Order denying their Motion to Intervene.

Respectfully submitted,


/s/ Kimberly A. Zamary
K. Roger Schoeni (0004812)
Kimberly A. Zamary (0072574)
KOHNEN & PATTON LLP
201 East Fifth Street
PNC Center, Suite 800
Cincinnati, OH 45202
(513) 381-0656 or Fax (513) 381-5823
e-mail: rschoeni@kplaw.com
e-mail: kzamary@kplaw.com
*Counsel for North East Insurance Co*

/s/ Alan H. Abes
Alan H. Abes, Esq. (0062423)
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
(513) 977-8200; Fax (513) 977-8141
e-mail: alan.abes@dinslaw.com
*Attorney for Folksamerica Reinsurance Company*

/s/ Holly M. Wilson
Clifford C. Masch, Esq. (0015737)
Holly M. Wilson, Esq. (0074291)
Reminger & Reminger LPA
1400 Midland Building
101 Prospect Avenue West
Cleveland, Ohio 44115-1093
(216) 430-2238; Fax (216) 687-1841
e-mail: cmasch@reminger.com
e-mail: hwilson@reminger.com
*Attorneys for United National Insurance Company*

/s/ Brian Wildermuth
Nicholas E. Subashi (0033953)(Counsel of record)
Brian L. Wildermuth  (0066303)
Law Office of Nicholas E. Subashi
The Oakwood Building
2305 Far Hills Avenue
Dayton, Ohio  45419
(937) 534-0500; Fax (937) 534-0505
e-mail: lawoffices@nesubashi.com
e-mail: bwildermuth@nesubashi.com
*Attorneys Scottsdale Insurance Company*

/s/ Michael Sanderson
Michael Sanderson (0008521)
Shumaker, Loop & Kendrick LLP
1000 Jackson Street
Toledo, Ohio  43624
e-mail: msanderson@slk-law.com
*Attorney for Ohio Government
   Risk Management Plan*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Reply in Support of Joint Motion to Stay was served on all counsel of record via the Court's electronic filing system this 12th day of June, 2006.

/s/ Kimberly A. Zamary

263178.1:NO017.SH001
06/11/2006