UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA KAMMEYER, et al.,          :
                                    :   NO. 1:01-CV-00649
          Plaintiffs,               :
                                    :   **OPINION AND ORDER**
                                    :
    v.                              :
                                    :
                                    :
CITY OF SHARONVILLE, OHIO, et       :
al.,                                :
                                    :
          Defendants.               :

This matter is before the Court on the Proposed Intervenors' Joint Motion to Stay (doc. 318), the Plaintiffs' Memorandum in Opposition (doc. 325), the Memorandum of Defendant City of Sharonville (doc. 326), and the Proposed Intervenors' Reply in Support (doc. 328). The Court notes initially that Defendant City of Sharonville takes no position on the Proposed Intervenors' Motion (doc. 326). For the following reasons the Court denies Proposed Intervenors' Motion.

The facts in this case, as alleged, are especially egregious. The Court in numerous previous orders has outlined these facts and will not again repeat them. However, the Court does note that this matter has been pending on the Court's docket since September 2001, nearly five years. Furthermore, the alleged facts center around the murder of Plaintiffs' mothers and the

cover-up perpetuated by the City of Sharonville Police Department. A review of the docket sheet in this matter highlights the long and arduous journey that has occurred subsequent to the now firmly set trial date of September 12, 2006.

**LAW AND DISCUSSION**

Proposed Intervenors identify the four factors the Court must consider in determining whether to grant their Motion to Stay (doc. 318).  Those four factors are: 1) the likelihood that the Proposed Intervenors will prevail on the merits; 2) the likelihood of irreparable harm to the Proposed Intervenors absent a stay; 3) the prospect that others will suffer harm if a stay is granted; and 4) the public interest in granting the stay.  Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir 1991).  As noted, the Defendant City of Sharonville takes no position on this matter (doc. 326).

The Plaintiffs spend considerable time in their Memorandum in Opposition outlining why the Court retains jurisdiction in this matter, despite the Proposed Intervenors' pending appeal before the Sixth Circuit (doc. 325).  The Court agrees with the analysis of Plaintiffs in which they conclude that the Court retains jurisdiction over this matter because the Proposed Intervenors' appeal is of a collateral order (Id. citing

-2-

U.S. v. Bastanipour, 697 F.2d 170, 173 (7th Cir. 1982)). In any event, the Proposed Intervenors do not challenge this Court's continuing jurisdiction in either their Motion to Stay or Reply in Support (docs. 318, 328). In fact, they make no mention whatsoever of the issue. As Proposed Intervenors' clearly do not dispute the Court's jurisdiction, the Court finds no reason to discuss this matter further.

Proposed Intervenors argue that they are not required to establish a high probability of success on the merits when there is a high likelihood of irreparable harm. Griepentrog, 945 F.2d at 153. Yet, they do not attempt to argue that there is any possibility that they may be successful at trial on the merits of the case (doc. 318). Proposed Intervenors seek to satisfy this factor of the test simply by showing a high likelihood of irreparable harm (Id.).

While Proposed Intervenors accurately cite the aforementioned caselaw requiring less proof of success on the merits if irreparable harm may occur, they oversimplify the law. As Plaintiffs highlight, Griepentrog requires less proof if irreparable harm may occur, but a movant is always required to demonstrate more than the mere possibility of success on the merits. Griepentrog, 945 F.2d at 154. Proposed Intervenors fail to present more than a mere possibility of success on the merits.

-3-

Rather, they argue only that irreparable harm will occur (doc. 318). But, Griepentrog requires that the movant show at a minimum "serious questions going to the merits." Griepentrog, 945 F.2d at 154. (internal citations omitted). Proposed Intervenors have failed to demonstrate any possibility of prevailing on the merits of the case.

Next, Proposed Intervenors argue that they will suffer irreparable harm if their motion is denied because they will be collateral estopped from introducing new or different facts as to indemnification in the coverage action ongoing in the Ohio courts (doc. 318). Proposed Intervenors have a pending appeal before the Sixth Circuit to determine their right to intervene (Id.) They argue that if their Motion to Stay is denied and the trial proceeds before the appeal is heard, their appeal will become moot (Id.)

The Proposed Intervenors concede that under current law, as prescribed by Gehm v. Timberline Post & Frame, No.22479, 2005-Ohio-5222, 2005 WL 2401906 (Ohio Ct. App. 2005), they will not be estopped from introducing such facts as they deem necessary in any state court action to determine indemnification (doc. 318). However, Proposed Intervenors argue that Gehm is currently under review by the Ohio Supreme Court and if reversed, they will suffer irreparable harm (Id.). Therefore, Proposed Intervenors seek to avoid such irreparable harm by staying the trial at least until the

Sixth Circuit hears their appeal (<u>Id</u>.).

In evaluating irreparable harm the court considers three factors: the 1) substantiality of the injury; 2) likelihood that it will occur; and 3) adequacy of the proof provided. <u>Griepentrog</u>, 945 F.2d at 154. A movant must provide evidence that injury has occurred in the past and is likely to occur again. <u>Id</u>. Harm must be certain and immediate, rather than speculative or theoretical <u>Id</u>. Proposed Intervenors concede that under current law, they will not suffer irreparable harm if the Motion to Stay is denied (doc. 318). Additionally, if Defendants win at trial, Proposed Intervenors will suffer no harm (doc. 325). Proposed Intervenors' harm is much too speculative to justify granting a motion to stay. Proposed Intervenors have not provided sufficient evidence to show that it is likely that the harm will occur. Also, they will not be collaterally estopped from disputing indemnification in a subsequent action.

Proposed Intervenors also argue that little harm will be done to the parties because all other proceedings in the case, such as discovery, can continue as long as they are not precluded from submitting jury instructions, jury interrogatories, and verdict forms at trial (doc. 325). Additionally, Proposed Intervenors argue that the harm to the parties is greatly outweighed by the other factors prescribed by <u>Griepentrog</u> (<u>Id</u>.).

-5-

The Proposed Intervenors fail to address the substantial harm to Plaintiffs.  This action was filed in 2001, nearly five years ago (doc. 325).  The events from which the action arises occurred twenty-five years ago (Id.).  Witnesses, parties, and individuals involved are aging - memories potentially failing or at least fading.  Plaintiffs have waited long enough for an outcome (Id.).  For these reasons, further delay because of a collateral matter would cause Plaintiffs significant harm.

Finally, Proposed Intervenors argue that the public interest favors preventing collateral estoppel so a stay is justified (doc. 325).  The Court disagrees.  Plaintiffs have waited nearly five years for this case to go to trial.  Public interest encourages efficiency.  In this case, Plaintiffs allege that their mothers' murders were covered-up by the City of Sharonville Police Department.  The public has a substantial interest in determining whether a police department is engaged in criminal activity.  Additionally, such an interest clearly outweighs the public's interest in ensuring that an insurance company receives adequate opportunity to litigate indemnity.  In this case, public interest does not favor granting the Motion to Stay and further delaying the trial.  The substance of this case demands a trial without further delay. Additionally, as Plaintiffs point out, public interest is best served by evaluating cases on their merits and not by allowing

collateral disputes to delay trial (doc. 325).

**CONCLUSION**

Proposed Intervenors have not sufficiently shown a likelihood that they may prevail on the merits or that irreparable harm will occur.  Furthermore, Plaintiffs will suffer harm if the stay is granted and the public has a substantial interest in having the case go to trial without further delay.  The Court, therefore, DENIES Proposed Intervenors' Motion to Stay (doc. 318).


SO ORDERED.


Dated: July 20, 2006          s/S. Arthur Spiegel_____

                              S. Arthur Spiegel
                              United States Senior District Judge