UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA KAMMEYER, et al. | : | Case No. C-1-01-649 |
| Plaintiffs | : | Spiegel, J. |
| vs. | : | |
| CITY OF SHARONVILLE, et al. | : | **MOTION IN LIMINE TO ADMIT TESTIMONY OF SIMON LEIS ON ROUTINE BUSINESS PRACTICE PER FED. R. EVID. 406** |
| Defendants | : | |

Plaintiffs' will subpoena former prosecutor Simon Leis Jr. to testify at trial regarding the routine and practice of his office pursuant to Fed. R. Evid. 406. Plaintiffs respectfully request that such testimony be admitted.

## I. MEMORANDUM

The Sixth Circuit has ruled that Simon Leis cannot be compelled to testify about his actions and mental processes in the Wright/Burns murder investigation (doc. 287). Plaintiffs will not ask any question that violates the Sixth Circuit order. Rather, former Hamilton County Prosecutor Simon Leis' will testify about the policies and practices of the Hamilton County Prosecutor's Office during Leis' tenure. Specifically, Plaintiffs seek to establish the routine followed by Mr. Leis regarding his consultation with local law enforcement agencies on investigations prior to indictment and the general nature of the advice he gave to law enforcement officers investigating recurring factual situations. Such evidence should be admitted.

## II  ARGUMENT

Evidence of an organization's routine business practices is admissible to prove action in conformity therewith, as long as the proponent lays the proper foundation.  Fed. R. Evid. 406. The Sixth Circuit in has established a three factor test to determine if the foundation has been laid to properly admit evidence of an organization's routine business practice: (1) "the conduct is of such a nature that it is unlikely that the individual instance can be recalled or the person who performed it can be located," (2) "the conduct must be specific conduct that is engaged in frequently by the organization"; and (3) "the number of instances of such behavior must be large enough that doubt about a single instance does not destroy the inference that the practice existed." *See Martin v. Thrifty Rent A Car,* 145 F.3d 1332, 1998 WL 211786, *4 (6th Cir. April 23, 1998).

In *Bowman v. CCA,* 350 F.3d 537 (6th Cir. 2003) the court relied on R. 406 to hold that a warden could properly testify that if he got a call reporting inadequate medical care he had an informal system for dealing with phone calls from "outside sources" that he routinely followed. *See also Cash v. Hamilton County Dep't of Adult Prob.*, 2006 WL 314491 (S.D. Ohio February 8, 2006) (holding that because state law requires a police department to give notice by publication before disposing of property in its possession, it can be inferred that the police department gave notice by publication in the case in question).  Other circuits have held identically.  *See e.g. United States v. Santa*, 180 F.3d 20, 29 (2nd Cir. 1999) (police practice of dealing with misdirected messages treated as routine practice per Rule 406).

Plaintiffs seek analogous testimony in this case.  Plaintiffs request Simon Leis' testimony not to recount the Wright/Burns murder investigation, not to justify the steps taken or not taken to prosecute Albert Schuholz for these murders, but rather, for the limited purpose of testifying

about the routine practice of the Hamilton County Prosecutor's Office during his tenure as County Prosecutor.

### III. CONCLUSION

The motion in limine to admit the evidence of office practice and routine by Simon Leis should be granted.

**Respectfully submitted,**

/s/ Alphonse A. Gerhardstein
Alphonse A. Gerhardstein (0032053)
Trial Attorney for Plaintiffs
GERHARDSTEIN, BRANCH & LAUFMAN, CO. LPA
617 Vine Street, Suite 1409
Cincinnati, Ohio 45202
(513) 621-9100
(513) 345-5543 fax
agerhardstein@gbfirm.com


/s/ Paul M. Laufman
Paul M. Laufman (0066667)
Attorney for Plaintiffs
LAUFMAN, JENSEN & NAPOLITANO, LLC
30 Garfield Place, Suite 750
Cincinnati, Ohio 45202
(513) 621-4556
(513) 621-5563 (fax)
plaufman@ljnlawfirm.com

## Certificate of Service

I hereby certify that on the <u>5th</u><sup>th</sup> day of <u>September,</u> 2006 the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>/s/ Paul M. Laufman</u><br>
Paul M. Laufman

4