No. 05-3171

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

F I L E D

MAY 1 2 2005

LEONARD GREEN, Clerk

In re: JOSEPH T. DETERS; JOHN JAY; TERRY  )
GAINES,                                    )
                                           )      O R D E R
       Petitioners.                        )
                                           )
                                           )

Before: NORRIS, BATCHELDER, and COLE, Circuit Judges.

The petitioners seek a writ of mandamus directing the district court to grant their motion to quash. The district judge has submitted a letter in response to the petition. The court directed a response to the petition, and on April 5, 2005, the plaintiffs filed their response in opposition. The petitioners filed a reply in support of the petition on April 15, 2005.

A district court's discovery order is reviewed for an abuse of discretion. *See Toledo Edison Co. v. GA Technologies, Inc.*, 847 F.2d 335, 341 (6th Cir. 1988). In exceptional circumstances, the court will review in mandamus a discovery order that requires the production of material claimed to be privileged. *See, e.g., In re Perrigo Co.*, 128 F.3d 430, 436 (6th Cir. 1997). The court balances the following factors in considering a petition for a writ of mandamus:

   1. whether the petitioners have any other adequate means of seeking the relief desired;

   2. whether the petitioners will be damaged in a way not correctable on appeal;

   3. whether the district court's ruling is clearly erroneous as a matter of law;

   4. whether the ruling is an oft-repeated error, or manifests a persistent disregard of the federal rules; and

   5. whether the ruling raises new and important problems or issues of first impression.



*In re Perrigo* Co., 128 F.3d at 435; *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1078 (6th Cir. 1996).

On December 20, 2004, the district court denied the petitioners' motion to quash. The district court ordered that "Hamilton County prosecutors, past and present, as well as investigators may be deposed concerning dealings they had with individuals from the City of Sharonville Police Department and any other City of Sharonville authority which led the Hamilton County Prosecutor's Office not to press charges against Albert Schuholz." The court also directed the petitioners to "produce any documentary evidence available that shows what evidence, if any, was available in the 1980s that also led to the Hamilton County Prosecutor's decision not to pursue criminal charges against Albert Schuholz." The December 20 order provides that the petitioners are not required to disclose privileged attorney records or work product, but requires the petitioners to provide to the plaintiffs "a privilege log of all material withheld as attorney mental impressions, conclusions, opinions, or legal theories." The materials are to be produced under seal.

Albert Schuholz was indicted for the May 8, 1981, murders of Marie Schuholz and Starla Burns in 1999. The criminal prosecution remains pending because Schuholz has been found incompetent to stand trial in another proceeding. The petitioners assert that the discovery required by the December 20 order, including the creation and disclosure of a privilege log, interferes with the ongoing criminal prosecution and requires the disclosure of attorney work product by revealing the prosecutor's mental impressions, conclusions, opinions, and legal theories. Fed. R. Civ. P. 45(c)(3)(A)(iii) requires the district court to quash a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies." A claim of privilege must "be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim." Fed. R. Civ. P. 45(d)(2).

The December 20 order directs the petitioners to give testimony about their dealings with the defendants and produce the evidence that was available in the 1980s that led to the decision not to pursue criminal charges against Albert Schuholz, and to create and produce a privilege log detailing the evidence in their criminal investigation file. They have demonstrated that compliance with the order requires the disclosure of privileged and protected matters. We conclude, therefore, that the district court abused its discretion in denying the petitioners' motion to quash the subpoenas.

The petition for a writ of mandamus is **GRANTED**. The December 20, 2004, order of the district court is **VACATED**, and the district court is directed to grant the petitioners' motion to quash.

ENTERED BY ORDER OF THE COURT

_____
Clerk