UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA KAMMEYER, et al. | : | NO. 1:01-CV-649 |
| Plaintiff | : | (Judge Spiegel) |
| vs. | : | |
| CITY OF SHARONVILLE, et al. | : | **AFFIDAVIT OF RICHARD J. GIBSON, ASSISTANT PROSECUTING ATTORNEY** |
| Defendants | : | |

STATE OF OHIO      )
                  )SS:
COUNTY OF HAMILTON )

Now comes the undersigned, Richard Gibson, Hamilton County Assistant Prosecuting Attorney and after being first duly cautioned and sworn deposes as follows:

1. That he is currently an attorney-at-law licensed to practice in the State of Ohio and is employed by the Hamilton County Prosecutor's Office and is an Assistant Prosecuting Attorney. He has held that position since 1983.

2. That in 1998 he was assigned as the trial prosecutor on the case of *State of Ohio v. Albert Schuholz*, Case No. B-9805045 Hamilton County Common Pleas Court.

3. The aforesaid case involves a pending indictment against Albert Schuholz for (4) four counts of Aggravated Murder. In the pending murder case in Hamilton County there has been no written request made upon Hamilton County by Albert Schuholz or his counsel pursuant to Ohio Criminal Rule 16.

4. Currently the Defendant Albert Schuholz is incarcerated in federal custody in the Federal Medical Center, in Springfield, Missouri awaiting sentencing on an attempted murder charge of which he was convicted in the federal jurisdiction in the State of Kentucky. He has been declared



incompetent in the federal case and will be sentenced upon his restoration to competency and returned to Hamilton County for prosecution in the aforesaid indictment.

5. Hamilton County has a holder on Albert Schuholz and upon his restoration to competency and sentencing on the federal charge he will be immediately transferred to Hamilton County and tried for the aforesaid murder indictment pursuant to the aforesaid holder.

6. That there is maintained in the Office of the Hamilton County Prosecutor a file relating to the prosecution of Albert Schuholz on the aforesaid indictment on (4) four counts of Aggravated Murder.

7. Contained in that file are information and materials that relate to the investigation that resulted in the murder indictment and prosecution of Albert Schuholz which has been collected by myself and my predecessors in the Hamilton County Prosecutor's Office.

8. All of the information and materials in that file relate to how to successfully prosecute the aforesaid case against Albert Schuholz and said information and materials were considered by me in forming my decision about the theory of the case and my judgment on what steps to take in successfully prosecuting the case.

9. All of my knowledge of the murder case against Albert Schuholz is based upon the information and materials in that file.

10. All the materials and information was prepared and/or compiled either by me or for me in anticipation of preparing for and then successfully prosecuting the aforesaid murder case against Albert Schuholz and comprise my work product and are protected from disclosure by both the work-product privilege and the attorney-client privilege.

11. All of the information and materials in the file were considered and/or relied upon

2

by me in forming the decisions about the strategy I would employ to successfully prosecute the case.

12. All of the information and materials in the file have been acquired and maintained in the file based on my judgment that such are relevant and necessary to the successful prosecution of the case.

13. Testimony in a civil trial about the pending murder case by Sheriff Simon L. Leis, Jr. (former Hamilton County, Ohio Prosecutor), John Jay (Investigator), Terry Gaines (former Assistant Prosecuting Attorney) and Richard Gibson (Assistant Prosecuting Attorney)(hereinafter referred to as "County prosecutor witnesses") would greatly jeopardize the successful prosecution of the criminal murder case against Albert Schuholz and others that might be determined to be involved because:

    a. it would expose the aforesaid County prosecutor officials to being subpoenaed and being called as witnesses and cross examined in the criminal case;

    b. it would necessarily result in the premature disclosure of the prosecutor's theories of the case;

    c. it would result in the premature disclosure of discovery in the Criminal case and disturb the balance in the Criminal Rule 16 of the Ohio Rules of Criminal Procedure which requires the disclosure by the defense of certain evidence if similar evidence is requested from the prosecution.

14. That any discussion or description of the routine practices and procedures of the Hamilton County Prosecutor's Office relating to the investigation, analysis, and evaluation of matters brought to the attention of the Prosecutor's Office for potential criminal prosecution would reveal the thought processes, judgments, mental impressions, conclusions, opinions and/or legal theories

3

of the prosecutor, assistant prosecutors, and other office personnel.

15. That any discussion or description of the routine practices and procedures of the Hamilton County Prosecutor's Office relating to the routine procedures in effect during a specific time-frame when a particular investigation was ongoing, herein the Schuholz case, would reveal the processes, judgments, mental impressions, conclusions, opinions and/or legal theories of the prosecutor, assistant prosecutors, and other office personnel about that particular case and would greatly compromise our ability to successfully prosecute the Schuholz murder case.

16. If Simon Leis, Jr., John Jay, Terrence Gaines and myself are compelled to testify in this civil case about our involvement in the pending Albert Schuholz murder case that would reveal judgments, mental impressions, conclusions, opinions, and/or legal theories of the prosecutor, assistant prosecutors, and other office personnel about the case which are protected by work product and it will greatly affect our ability to prosecute the case and also would subject us to be subpoenaed and cross-examined in the trial of the murder case.

17. Further if Simon L. Leis, Jr., (former Hamilton County, Ohio Prosecutor), John Jay (Investigator), Terry Gaines (former Assistant Prosecuting Attorney) and Richard Gibson (Assistant Prosecuting Attorney)(hereinafter referred to as "County prosecutor witnesses") are compelled to testify in this case about our involvement in the pending Albert Schuholz murder case, our work product and attorney-client privilege would be compromised and we could be compelled to testify in the murder case.

FURTHER AFFIANT SAYETH NAUGHT.   _____
Richard C. Gibson
Assistant Prosecuting Attorney

4

Sworn to and subscribed before me a Notary Public this 20th day of September 2006.

_____
Notary Public

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served by upon each party or attorney of record in the proceedings by ordinary U.S. mail or electronically on this 21st day of September, 2006.

/s/Mark C.Vollman
Assistant Prosecuting Attorney