UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Patricia Kammeyer, et al. | ) Case No. C-1-01-649 |
| | ) |
| Plaintiffs, | ) Spiegel, J. |
| | ) Black, M.J. |
| -vs- | ) |
| | ) ORDER OF DISMISSAL |
| City of Sharonville, et al. | ) |
| | ) |
| Defendants. | ) |

For the reasons contained in the Settlement Agreement and General Release ("Liability Settlement Agreement") between the parties, which is incorporated herein, the Plaintiffs dismiss, with prejudice, their claims asserted in this action against the defendant City of Sharonville and James Cramer, William Nuss and Michael Schappa, including those claims previously dismissed without prejudice as to each of these parties.

The Court will retain jurisdiction over the Liability Settlement Agreement for purposes of enforcing the defendant's obligations agreed to therein. Jurisdiction will be consistent with *Kokonen v. Guardian Life Insurance of America*, 511 U.S. 375, 114 S.Ct. 1673 (1994), and *Caudill v. North American Media Corp.*, 200 F.3d 914 (6th Cir. 2000).

As otherwise set forth by this Court in the Order establishing Qualified Settlement Fund, the Fund Administrator shall settle all claims of Plaintiffs, the Plaintiffs having not yet received final allocation among themselves as to their respective shares of compensation referred to in the Liability Settlement Agreement and as to the form of distribution of each Plaintiff's share of said amount.

The Court further finds that the defendant and its insurers have held the agreed upon settlement funds in such fashion that no Plaintiff has any right, title or interest in said fund, no such person being in actual or constructive receipt of the settlement proceeds in whole or in part. The Court further finds that the proceeds have been held by defendant or its insurers for the purpose of funding an account, which shall be the Fund's account, to enable the Fund to meet the payment obligation to be created under the Qualified Settlement Fund Agreement between the Fund and the Plaintiffs.

Neither defendant nor any of its insurers have the right to demand any refund of the settlement proceeds deposited with the Fund.

The defendant and each of its insurers who contributed to the Fund shall provide the Fund Administrator's statement required under Treas. Reg. § 1.468(B-3)(e)(2), stating the amount transferred to the Fund, including the identifying information of the transferor and the Fund (name, address and taxpayer identification number), the date of transfer, and the amount transferred. Said statement shall be provided by February 15 of the year following the date of this Order.

**IT IS SO ORDERED.**

_____
S. ARTHUR SPIEGEL
United States District Court Judge

Dated: 11/5/06

**STIPULATED AND APPROVED BY:**

/s/ Lawrence E. Barbiere

Lawrence E. Barbiere (0027106)
Trial Attorney for Defendant City of Sharonville
Schroeder, Maundell, Barbiere & Powers
Governor's Knoll Suite 110
11935 Mason Road
Cincinnati, OH 45249
(513) 583-4200


/s/ Alphonse A. Gerhardstein

Alphonse A. Gerhardstein (0032053)
Trial Attorney for Plaintiffs
Gerhardstein & Branch, LPA
617 Vine Street Suite 1409
Cincinnati, OH 45202
(513) 621-9100