UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Patricia Kammeyer, et al. | ) | Case No. C-1-01-649 |
| | ) | |
| Plaintiffs, | ) | Spiegel, J. |
| | ) | Black, M.J. |
| -vs- | ) | |
| | ) | **SETTLEMENT AGREEMENT** |
| City of Sharonville, et al. | ) | **AND GENERAL RELEASE** |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

This Settlement Agreement and General Release ("Liability Settlement Agreement") is entered into by and between Patricia Kammeyer, James Wright, Jan Lorraine Miller and Sue Ranielle Baker (collectively "Kammeyer Plaintiffs") and the City of Sharonville ("Sharonville"), which may all collectively be referred to as the "Parties."

The Kammeyer Plaintiffs brought an action in the U.S. District Court of the Southern District of Ohio, Western Division, entitled *Patricia Kammeyer, et al. v. City of Sharonville, et al.*, Case No. C-1-01-649 (the "Kammeyer Litigation") which initially asserted claims against the City of Sharonville and its current Chief, Michael Schappa, its former Chief, William Nuss, and its former Detective, James Cramer ("Employee Defendants"), asserting various claims under 42 U.S.C. § 1983 and under Ohio State law arising out of the death of Marie Wright, the mother of James Wright and Patricia Kammeyer, and Starla Burns, the mother of Jan Lorraine Miller and Sue Ranielle Baker, occurring on or about May 8, 1981, which deaths were alleged to have been a result of the tortious actions of Albert Schuholz, the former spouse

of Marie Wright. The Kammeyer Plaintiffs asserted in their claims that the City of Sharonville by and through its officers, Schappa, Cramer and Nuss, intentionally covered up the alleged murder and destroyed or concealed evidence giving rise to federal and state law claims. All state law claims were dismissed without prejudice by the trial court and the Kammeyer Plaintiffs voluntarily dismissed the Employee Defendants. The Parties then entered into a settlement agreement through mediation on or about September 26, 2006, agreeing to resolve all claims related to the Kammeyer Litigation. In consideration of the mutual promises of the Parties set forth below, the Parties agree as follows:

## JURISDICTION

This Court shall retain jurisdiction over this Liability Settlement Agreement as outlined in the Order of Dismissal attached hereto as Exhibit A. Jurisdiction will be consistent with *Kokkonen v. Guardian Life Insurance of America*, 511 U.S. 375, 114 S. Ct. 1673 (1994) and *Caudill v. North America Media Corp.*, 200 F.3d 914 (6th Cir. 2000).

The effective date of this Liability Settlement Agreement shall be that day on which the resolution of the City of Sharonville approving this Liability Settlement Agreement becomes finalized as a matter of law or the date of the last signature to this Liability Settlement Agreement, whichever is later ("Effective Date").

## OBLIGATIONS OF SHARONVILLE

Sharonville shall cause to be paid to the Kammeyer Qualified Settlement Fund the sum of $1.5 million dollars by November 6, 2006.

**RELEASE**

In exchange for the promises contained herein, Patricia Kammeyer, James Wright, Jan Lorraine Miller, and Sue Ranielle Baker, individually, and on behalf of their respective heirs, successors and assigns, do hereby release and forever discharge the City of Sharonville, its successors and assigns, and all of its present and former officers, officials, employees, agents or contractors including, but not limited to, James Cramer, William Nuss and Michael Schappa, and their respective heirs, successors and assigns, as well as the insurers of Sharonville from 1981 through the date of this release and their respective predecessors or successors in interest, affiliates, officers, employees and agents, of and from any and all claims, actions, causes of action, demands, costs, loss of services, expenses, attorneys' fees, rights, liens, injuries, losses, suits, judgments, contracts, covenants, orders, liabilities and damages of any type, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, open or hidden, which have existed, presently exist or may exist in the future arising out of or in any way related to any act, omission, transaction or occurrence prior to the Effective Date of this Liability Settlement Agreement which the Kammeyer Plaintiffs or their successors in interest may have or claim to have, except for such actions that may be necessary for the enforcement of this Liability Settlement Agreement or as specifically reserved herein.

**RESERVED CLAIM/HOLD HARMLESS**

It is expressly understood and agreed between the Parties that the Kammeyer Plaintiffs expressly reserve all rights against Albert Schuholz including, but not limited to, claims for the wrongful death of their mothers, and that this release in no way is intended to waive, bar or relinquish those claims.

3

It is further expressly agreed that the Kammeyer Plaintiffs shall indemnify and hold harmless Sharonville, its officers, directors, employees and agents including, but not limited to, officers Cramer, Nuss and Schappa, of and from any and all claims arising out of the claims filed by the Kammeyer Plaintiffs and asserted by Albert Schuholz in any subsequent action brought by the Kammeyer Plaintiffs related to the death of Marie Wright or Starla Burns including, but not limited to, any and all costs, expenses or attorneys' fees incurred by Sharonville or any of its officers, employees and agents as a result of any subsequent actions taken by the Kammeyer Plaintiffs against Albert Schuholz arising out of the death of Marie Wright and/or Starla Burns. The Kammeyer Plaintiffs are not through this agreement or otherwise indemnifying Sharonville or any of its officers, employees and agents for any civil rights, tort or other claims that Albert Schuholz may have against Sharonville or any of its officers, employees and agents independent of any claims filed by the Kammeyer Plaintiffs.

## **FURTHER REPRESENTATIONS AND TERMS**

The parties executing this Liability Settlement Agreement represent and warrant that they have fully read and understood this Liability Settlement Agreement and have had counsel of their choice advising them regarding the terms, conditions and risks in entering this Liability Settlement Agreement, and that they are authorized and competent to execute this Liability Settlement Agreement and have done so voluntarily.

Patricia Kammeyer, James Wright, Jan Lorraine Miller and Sue Ranielle Baker further represent and warrant that they each individually and/or collectively have not assigned any of their rights in the Kammeyer Litigation to any third party and that there are no known parties claiming a right of subrogation or reimbursement through the rights of Patricia Kammeyer, James Wright, Jan Lorraine Miller and Sue Ranielle Baker.

The parties acknowledge that by entering into the Liability Settlement Agreement, Sharonville does not admit liability as to any claims made and that the payments are being made as a compromise and settlement of disputed claims and that the entering of this Liability Settlement Agreement shall never be construed or interpreted as an admission of liability.

The obligations contained in this Agreement are contingent upon the Court granting an order to establish a Qualified Settlement Fund and approving the Order of Dismissal attached as Exhibit A.

This Liability Settlement Agreement can be executed on separate signature pages all of which may then be appended to form an original signed Agreement which is fully enforceable against each signing party.

_____
PATRICIA KAMMEYER

STATE OF OHIO          )
                       )SS:
COUNTY OF _____  )

Sworn to before me and subscribed in my presence this ___ day of October, 2006.

_____
Notary Public

_____
JAMES WRIGHT

STATE OF INDIANA       )
                       )SS:
COUNTY OF Marion       )

Sworn to before me and subscribed in my presence this 31 day of October, 2006.

_____
Notary Public

*Patricia Kammeyer*
**PATRICIA KAMMEYER**

STATE OF OHIO      )
                   )SS:
COUNTY OF Paulding )

Sworn to before me and subscribed in my presence this 31 day of October, 2006.

*Peggy A. Savage*
Notary Public   7/8/2009

---

**JAMES WRIGHT**

STATE OF OHIO      )
                   )SS:
COUNTY OF _____   )

Sworn to before me and subscribed in my presence this ___ day of October, 2006.

_____
Notary Public

**JAN LORRAINE MILLER**

STATE OF OHIO    )
                 )SS:    *Jan Lorraine Miller*
COUNTY OF _____ )

Sworn to before me and subscribed in my presence this 31 day of October, 2006.

Notary Public
*Deborah A. Miller*
9-3-2011

**SUE RANIELLE BAKER**

STATE OF OHIO    )
                 )SS:
COUNTY OF _____ )

Sworn to before me and subscribed in my presence this ___ day of October, 2006.

Notary Public

_____
**JAN LORRAINE MILLER**

STATE OF OHIO          )
                       )SS:
COUNTY OF _____  )

Sworn to before me and subscribed in my presence this ___ day of October, 2006.

_____
Notary Public

*Sue Rainelle Baker*
**SUE RANIELLE BAKER**

STATE OF ~~OHIO~~ Kentucky  )
                            )SS:
COUNTY OF Madison           )

Sworn to before me and subscribed in my presence this 2nd day of ~~October~~ November, 2006.

*Amy A. Calhoun*
Notary Public

**CITY OF SHARONVILLE**

By: *[signature]*
Title: SAFETY SERVICE DIRECTOR

STATE OF OHIO            )
                         )SS:
COUNTY OF Hamilton       )

Sworn to before me and subscribed in my presence this 18th day of October, 2006.

*[signature]* Christina M. Pennington
Notary Public

**CHRISTINA M. PENNINGTON**
Notary Public, State of Ohio
My Commission Expires
October 15, 2007

SLK_TOL: #1131773v1                    7